GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone:   702.362.6666
Facsimile:   702.362.2203
Email: gschnitzer@ksjattorneys.com
*Attorney for Defendants*
*Cole Information Services, Inc. a/d/b/a Cole Realty Resource*
*and Jim Eggleston a/k/a James Eggleston*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL D.S. EDWARDS,<br><br>            Plaintiff,<br><br>     v.<br><br>JUAN MARTINEZ, INC., d/b/a CENTURY 21 AMERICANA, f/d/b/a CENTURY 21 MARTINEZ & ASSOCIATES, and REDX, LLC, a/d/b/a/ REAL ESTATE DATA X-CHANGE, INC., and COLE INFORMATION SERVICES, INC., a/d/b/a COLE REALTY RESOURCE, and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ, and MARK HARRIS LECK, a/k/a MARK H. LECK, a/k/a MARK H. LEC, a/k/a M. L. ECK, and JIM EGGLESTON, a/k/a JAMES EGGLESTON, and DOES I-X, and ROE CORPORATIONS XI-XX, et al.,<br><br>            Defendants. | Case No.<br><br>**DEFENDANTS COLE INFORMATION SERVICES, INC. a/d/b/a COLE REALTY RESOURCES AND JIM EGGLESTON a/k/a JAMES EGGLESTON'S NOTICE OF REMOVAL** |

//

//

//

//

//

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Cole Information Services, Inc. a/d/b/a Cole Realty Resource and Jim Eggleston a/k/a James Eggleston ("Defendants") hereby remove this action from the District Court of Nevada, Clark County to the United States District Court for the District of Nevada. Removal is proper because this Court has subject matter jurisdiction over the action under federal question jurisdiction. *See* 28 U.S.C § 1331. Accordingly, Defendants remove this action to this Court, and in support thereof, states the following:

## I. Background

1. On February 20, 2020, Plaintiff Paul D.S. Edwards ("Plaintiff") filed an Amended Complaint (the "Complaint") against Defendants in the District Court of Nevada, Clark County, Case No. A-19-793329-C. Copies of all pleadings and filings are attached hereto as **Exhibit A, Exhibit B, Exhibit C, and Exhibit D**.

2. The Complaint involves claims stemming from calls allegedly placed by co-defendants to Plaintiff's cellular telephone.

3. Defendants first received a copy of Plaintiff's summons and Complaint on or after March 2, 2020.

4. This Notice of Removal is being filed within one year of the date of the commencement of the action. Accordingly, the action is timely removed pursuant to 28 U.S.C. § 1446(c)(1).

5. This Notice of Removal is being filed within thirty days of service of the Complaint on Defendant. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

6. In the Complaint, Plaintiff alleges that Defendants are "vicariously liable" for alleged violations of the Telephone Consumer Protection Act ("TCPA") by co-defendants (Compl. ¶¶ 47-50). Plaintiff also alleges state law claims under the "Nevada Revised Statutes ('NRS'), including, but not limited to, 597.812-597.818, 598.0903-598.0999 (including, but not limited to 598.091505), 598.0916, 598.0918, 598.092, and 598.0923(3)), 598.0977, 599B.080-599B.145,

599B.270-599B.300 and 707.910(2)-707.92" (Compl. ¶ 100), and a common law claim of invasion of privacy (Compl. ¶¶ 107-112).

7.  Defendants deny the allegations in the Complaint, deny that Plaintiff has stated a claim for which relief may be granted, and deny that Plaintiff has been damaged by Defendants in any manner.  Nevertheless, assuming that Plaintiff's claims are valid for jurisdictional purposes only, Plaintiff could have originally filed his Complaint in this Court under federal question jurisdiction.  Removal of this entire case is therefore proper under 28 U.S.C. §§ 1331 and 1441.

## II.  Federal Question Jurisdiction

8.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

9.  Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. In his Complaint, Plaintiff alleges that Defendants vicariously violated the TCPA by providing co-defendants with Plaintiff's contact number (Compl. pp. 40-42, ¶¶ 20-37).

11. Federal question jurisdiction exists over this action because the claims asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law.  This case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under and requires a ruling on the TCPA. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 387, 132 S. Ct. 740, 753, 181 L. Ed. 2d 881 (2012) (confirming that federal courts have § 1331 jurisdiction over claims that arise under federal law, including TCPA claims); *Kristensen v. Credit Payment Servs. Inc.*, No. 2:12-CV-00528-KJD, 2013 WL 686492, at *1 (D. Nev. Feb. 22, 2013) (confirming the same).

12. Plaintiff's claims purporting to arise under Nevada law are so related to Plaintiff's federal claims, which are within the original jurisdiction of this Court, that they form part of the

same case or controversy. "Under the doctrine of supplemental jurisdiction, a federal court may hear state claims that are part of the 'same case or controversy' as a claim arising under federal law. *Thompson v. Univ. Med. Ctr.*, No. 2:07-CV-1378-RLH-PAL, 2009 WL 424167, at *6 (D. Nev. Feb. 18, 2009) (citing 28 U.S.C. § 1367(a)). This court has supplemental jurisdiction over Plaintiff's state law claims because they arise from the same "nucleus of operative fact"—namely, telephone calls placed to Plaintiff—as his valid federal claims. *Id.* (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

### III.     Venue

13.     Venue is proper in this Court because this district and division encompass the District Court of Nevada, Clark County, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

### IV.     Notice

14.     Concurrent with the filing of this Notice, Defendants will file a Notice of Filing of Notice of Removal with the Clerk of the District Court of Nevada, Clark County, a copy of which is attached hereto as **Exhibit E**.

### V.     Consent of Co-Defendants

15.     Co-Defendants JUAN MARTINEZ, INC., d/b/a CENTURY 21 AMERICANA, f/d/b/a CENTURY 21 MARTINEZ & ASSOCIATES, and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ have consented to this removal as indicated by the signature of their counsel below.

16.     Co-defendants REDX, LLC, a/d/b/a/ REAL ESTATE DATA X-CHANGE, INC. and MARK HARRIS LECK, a/k/a MARK H. LECK, a/k/a MARK H. LEC, a/k/a M. L. ECK have also consented to removal as indicated by the signature of their counsel below.

17.     Upon information and belief, the contents of **Exhibit A**, **Exhibit B, Exhibit C, Exhibit D, and Exhibit E** constitute the entire file of the action pending in the state court.

WHEREFORE, Defendants Cole Information Services, Inc. a/d/b/a Cole Realty Resource and Jim Eggleston a/k/a James Eggleston hereby remove this action to this Court.

Dated March 23, 2020:                KRAVITZ, SCHNITZER & JOHNSON, CHTD.

By: */s/ Gary Schnitzer, Esq.*
Gary E. Schnitzer, Esq.,
Nevada Bar No.395
8985 S. Eastern Ave., Suite 200
Las Vegas, NV 89123
*Attorneys for Defendants Cole Information Services, Inc. a/d/b/a Cole Realty Resource and Jim Eggleston a/k/a James Eggleston*

Consented to by:
Dated March 23, 2020:                KEAMPFER CROWELL

By: */s/ Robert McCoy*
Robert McCoy, Esq.
Briana Martinez
1980 Festival Plaza Dr. #650
Las Vegas, NV 89135
*Attorneys for Defendants Juan Martinez, Inc. d/b/a Century 21 Americana, f/k/a Century 21; Martinez & Associates; Juan Martinez; Elizabeth Martinez, and Sergio Tamez*

Dated March 23, 2020:                CLARK MCCOURT, LLC

By: */s/ Brian Clark*
Brian Clark, Esq.
7371 Prairie Falcon Rd. #120
Las Vegas, NV 89128
*Attorneys for Defendants RedX, LLC, a/d/b/a/ Real Estate Data X-Change, Inc. and Mark Harris Leck, a/k/a Mark H. Leck, a/k/a Mark H. Lec, a/k/a M. L. Eck*

- 4 -

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of March, 2020, a true and correct copy of the foregoing **DEFENDANTS COLE INFORMATION SERVICES, INC. a/d/b/a COLE REALTY RESOURCES AND JIM EGGLESTON a/k/a JAMES EGGLESTON'S NOTICE OF REMOVAL** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's CM/ECF filing system, and parties may access this filing through the Court's CM/ECF system. A copy of the same was placed in the U.S. Mail to:

KEAMPFER CROWELL
Robert McCoy, Esq.
Briana Martinez, Esq.
1980 Festival Plaza Dr. #650
Las Vegas, NV 89135
Attorneys for Defendants Juan Martinez, Inc. d/b/a Century 21 Americana, f/k/a Century 21; Martinez & Associates; Juan Martinez; Elizabeth Martinez, and Sergio Tamez

CLARK MCCOURT, LLC
Brian Clark, Esq.
7371 Prairie Falcon Rd. #120
Las Vegas, NV 89128
Attorneys for Defendants RedX, LLC, a/d/b/a/ Real Estate Data X-Change, Inc. and Mark Harris Leck, a/k/a Mark H. Leck, a/k/a Mark H. Lec, a/k/a M. L. Eck

Paul D.S. Edwards
713 Wheat Ridge Lane, Unit 203
Las Vegas, NV 89145

/s/ Chris Drelich
Chris Drelich
An Employee of
KRAVITZ, SCHNITZER & JOHNSON, CHTD.