# EXHIBIT A

## -all Pleadings and Filings
## District Court
## Clark County, Nevada
## Case No: A-19-793329-C

Electronically Filed
4/22/2019 8:39 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
PAUL D.S. EDWARDS,
713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
Landline Telephone:   702.341.1776
Cellular Telephone:    702.893.1776
Email: pauldse@pauldsedwards.com
Plaintiff *pro se*

CASE NO: A-19-793329-C
Department 11

# DISTRICT COURT,

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PAUL D.S. EDWARDS, | **CASE NO.:** |
| **Plaintiff,** | **DEPT. NO.:** |
| *vs.* | |
| JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ, and DOES I-X, and ROE CORPORATIONS XI-XX, et al. | **(ACTION IN EQUITY) STATUTORY INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. 227(c)(5)** |
| **Defendants.** | |

# COMPLAINT FOR DAMAGES, STATUTORY INJUNCTIVE RELIEF, AND DEMAND FOR TRIAL BY JURY

## ARBITRATION EXEMPTION CLAIMED

# I.

# INTRODUCTION

**1.** This is an action for statutory damages, punitive damages, exemplary damages and injunctive relief[1] brought by an individual consumer for Defendants' violations of the—

**(i)** Telephone Consumer Protection Act of 1991, Public Law 102-243, December 20, 1991, which amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq., by adding a new section, 47 U.S.C. § 227 (**"TCPA"**); Title 47-Telecommunication Chapter I-Federal Communications Commission Part 64 - Miscellaneous Rules Relating to Common Carriers-Subpart L-Restrictions on Telephone Solicitation Sec. 64.1200, Delivery Restrictions (**"Delivery Restrictions"**); The Communications Act of 1934, 47 U.S.C. § 151, et seq. (**"TCA"**), as amended; and the Telephone Sales Rule, 16 C.F.R. Part 301 (**"TSR"**) as amended;

**(ii)** Nevada Revised Statutes (**"NRS"**), including, but not limited to, 41.600(e), 42.005, 201.255(2), 228.540-228.620, 597.812-597.818, 598.0903-598.0999 (including, but not limited to 598.0915(15), 598.0916, 598.0918, 598.092, and 598.0923(3)), 598.0977, 599B.080-599B.145, 599B.270-599B.300 and 707.910(2)-707.920, as amended; and,

**(iii)** Defendants intentional invasion into Plaintiff's expectation of privacy and intrusion into the solitude and seclusion expected by Plaintiff in his home.

**2.** Plaintiff alleges that the above violations were perpetrated (either individually or in concert with others, and either directly or indirectly) by Defendants JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ, and DOES I-X, and ROE CORPORATIONS XI-XX, et al. (**collectively "Defendants"**)— with total disregard for the rights of the Plaintiff by ignoring several of Nevada's state laws; a number of federal laws; and the intentional invasion into Plaintiff's expectation of privacy and intrusion into the solitude and seclusion expected by Plaintiff in his home.

**3.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants (either individually or in concert with others, and either directly or indirectly) knowingly, willfully, and willingly collaborated, participated in, and was complicit in each and every *illegal act* complained of herein.

---

[1] *See* 47 USC 227(b)(3)(A), that (statutorily) provides for injunctive relief.

**4.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly)— **were the direct causation** of each *illegal, unauthorized, deceptive, and unsolicited telemarketing and solicitation telephone calls* to Plaintiff's residential and wireless telephone numbers (702.341.1776 / 702.893.1776, respectively)— totally disregarding the rights and privacy of the Plaintiff, and [by] ignoring numerous federal and state laws and regulations.

**5.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that the Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) knowingly, willfully and willingly *invaded Plaintiff's expectation of privacy and intruded into the solitude and seclusion expected by Plaintiff* in his home by **directly causing** each of the *illegal, unauthorized, deceptive, and unsolicited telemarketing and solicitation telephone calls* to Plaintiff's residential and wireless telephone numbers as complained of herein.

## II.

## JURISDICTION AND VENUE

**6.**     Jurisdiction of this Court is attained pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 as amended, and the FCC's implementing rules[2] that explicitly provides for a private right of action in state courts[3] for violations of the TCPA and for violations of the regulations promulgated pursuant to the TCPA. Jurisdiction is proper in Nevada state courts.

**7.**     Venue is proper in the above titled court because Defendants, and each of them, at all times relevant and material herein, transacted, and continues to transact business within the city of Las Vegas, the county of Clark, and the state of Nevada, and the conduct complained of herein occurred within one (1) or more of those venues.

---

[2] 47 C.F.R. Part 64 Subpart 1200 and Part 68 Subpart 318.

[3] Plaintiff is authorized, pursuant to 47 U.S.C. § 227(b)(3), to file actions in states' courts to enjoin violations and enforce compliance with the TCPA and the regulations issued pursuant to the TCPA, and to obtain actual damages or damages of **$500 for each violation**, whichever is greater, and up to treble that amount for each violation committed "willfully" or "knowingly." *See Edwards v. Direct Access, LLC*, 124 P.3d 1158 (Nev. 12/29/2005).

**-3-**

### III.

### PARTIES

### PLAINTIFF:

Plaintiff repeats, realleges, and incorporates by reference paragraphs one through seven as aforementioned.

**8.** That at all times relevant and material herein, Plaintiff PAUL D.S. EDWARDS was and continues to be a natural person who resides in Las Vegas, Clark County, Nevada.

**9.** That at all times relevant and material herein, Plaintiff PAUL D.S. EDWARDS was and continues to be a natural person who resides in Las Vegas, Clark County, Nevada, and is a "person" within the meaning of 18 U.S.C. § 1961(3), and TCA, 47 U.S.C. § 153(32).

**10.** That at all times relevant and material herein, Plaintiff PAUL D.S. EDWARDS is a "person" pursuant to the TCA, Title I, Sec. 3(i).

### DEFENDANTS:

### (1)

### DEFENDANT JUAN MARTINEZ, INC.,
### d/b/a CENTURY 21, MARTINEZ & ASSOCIATES

Plaintiff repeats, realleges, and incorporates by reference paragraphs one through ten as aforementioned.

**11.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES was incorporated under the laws of the state of Nevada.

**12.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES **("CENTURY 21")** maintains that its corporate office is located at 4040 South Eastern Avenue, Suite 100, Las Vegas, Nevada 89119.

**13.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant CENTURY 21 holds itself out as having its principal place of business and mailing address located at 4040 South Eastern Avenue, Suite 100, Las Vegas, Nevada 89119.

**14.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that, pursuant to Clark County Business License Services, Defendant JUAN MARTINEZ, INC., on June 11, 2008, was issued a business license under the business name of Century 21 Americana, with a business address of 4040 South Eastern Avenue, Suite 100, Las Vegas, Nevada 89119.

**15.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that, pursuant to Clark County Business License Services, Defendant JUAN MARTINEZ, INC. is licensed as a Real Estate Broker.[4]

**16.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21 is in the [*primary*] business of marketing its products and services consisting of, but not limited to, selling, buying, and leasing various real estate properties throughout Clark County, Nevada.

**17.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant CENTURY 21, with the assistance of its owners, officers, directors, managers, employees, representatives and agents, utilizes various practices, techniques and methods to contact homeowners, renters, and [potential] buyers, for the sole purpose of inducing them (the homeowners, renters, and [potential] buyers) to sell, purchase, or lease real estate property located within Clark County, Nevada.

. . .

. . .

---

[4]Defendants JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, also conduct an additional business, at 4040 South Eastern Avenue, Suite 100, Las Vegas, Nevada 89119, under the business name Century 21 Real Estate School, which is a d/b/a for AMERICANA REAL ESTATE LLC.

-5-

**18.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21 utilized, and continues to utilize its owners, officers, directors, managers, employees, representatives, agents, and third-party marketing entity(ies) **("Staff")**— to entice its prospective buyers, sellers, renters and lessees to retain its Staff **through the utilization of *unsolicited*[5] *telemarketing*[6] *and solicitation*[7] *telephone calls* to residential and wireless telephone subscribers**, such as Plaintiff, **_without first obtaining the prior express consent_** from said telephone subscribers to receive any calls from Defendants, such as alleged herein.

**19.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21 by, through, with, and at the direction of (and with the assistance and approval of) its Staff placed, or caused to be placed ***multiple unsolicited telemarketing and solicitation telephone calls*** to Plaintiff's residential and wireless telephone numbers (702.341.1776 / 702.893.1776 respectively), **subsequent** to Plaintiff placing his telephone numbers on the National DO-NOT-CALL Registry on June 2003.

---

[5] 47 C.F.R. § 64.1200(15) The term unsolicited advertisement means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise. Also see NRS 228.530— "Unsolicited telephone call for the sale of goods or services" means an unsolicited telephone call, other than a telephone call on behalf of a charitable organization, religious organization or political organization, to: (a) Rent, lease, sell, exchange, promote or gift any good or service; (b) Solicit any act described in paragraph (a). Also see 47 U.S.C. § 227(a)(5).

[6] The FCC's rules define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." The rules define "advertisement" as "any material advertising the commercial availability or quality of any property, goods or services." All calls (and text messages) subject to the prohibition that meet these definitions will be subject to the new "prior express written consent" requirement.

[7] The term "telephone solicitation" means the initiation of a telephone call or message for the purpose of encouraging the purchase...of...goods, or services, which is transmitted to any person...47 C.F.R. 64.1200(c).

20.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21, by, through, with, and at the direction of (and with the assistance and approval of) its Staff— placed, or caused to be placed *multiple unsolicited, illegal telemarketing and solicitation telephone calls* to Plaintiff's landline **("landline" or "residential")** and wireless **("wireless" or "cellular")** telephone numbers (residential: 702.341.1776 & wireless: 702.893.1776) without first obtaining Plaintiff's *prior express consent*[8] to call Plaintiff.

21.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21 by, through, with, and at the direction of (and with the assistance and approval of) its Staff placed, or caused to be placed *multiple unsolicited telemarketing and solicitation telephone calls* to Plaintiff's residential and wireless telephone numbers (702.341.1776 / 702.893.1776 respectively), subsequent to Plaintiff demanding the telemarketer[9] (caller) not call him again.

---

[8]**The written agreement shall include** a clear and conspicuous disclosure informing the person signing that: (i) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (ii) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods or services. Finally, the definition notes that "the term 'signature' shall include an electronic or digital form of signature, to the extent that such form of signature is recognized as a valid signature under applicable federal law or state contract law. See, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Report and Order, CG Docket No. 02-278, ¶ 68 (Feb. 15, 2012) ("2012 Report and Order")("Once our written consent rules become effective, however, an entity will no longer be able to rely on non-written forms of express consent to make autodialed or prerecorded voice telemarketing calls, and thus could be liable for making such calls absent prior written consent.").

[9]Calls by a person(s) who solicit consumers, often on behalf of third party sellers. It also includes sellers who provide, offer to provide, or arrange to provide goods or services to consumers in return for some type of payment as part of a telemarketing transaction. A Seller also may be a Telemarketer, if it is calling on its own behalf, or if it retains one or more Telemarketers to place calls for it. See Telemarketing Sales Rule, 16 C.F.R. 310. Also see NRS 228.520— "Telephone solicitor" means a person who makes or causes another person or a machine to make an unsolicited telephone call for the sale of goods or services.
Telemarketers are salespeople who are employed by a company to telephone people in order to persuade them to buy the company's products or services. Collins English Dictionary, 13th Ed.

22.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21, with the assistance, authorization and at the direction of its owners, officers, directors, managers, *employees, representatives, agents, contractors, subsidiaries, divisions, departments, and affiliates— **conducted, authorized, and directed the multiple illegal** unsolicited telephonic telemarketing and solicitation activities, practices and techniques* within Clark County, Nevada.

23.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21 in complicity, collaboration, and with the assistance, and at the direction of its officers, directors and managers— Defendants JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ— conducted, authorized, directed, and engaged in the ***multiple illegal unsolicited telephonic telemarketing and solicitation activities, practices and techniques*** placed, or caused to be placed to Plaintiff, **without first obtaining Plaintiff's expressed consent** to receive any type of *telemarketing and solicitation telephone calls (legal or illegal)*, and as complained of herein.

24.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21, with the assistance of, and in complicity and collaboration with each Defendant herein named, including, but not limited to Defendants JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ— earned, and continues to earn hundreds-of-thousands of dollars by engaging in, or causing the engaging in *illegal unsolicited telemarketing and solicitation telephone calls* to landline and wireless telephone numbers (that were placed on the National DO-NOT-CALL Registry), such as Plaintiff's telephone numbers, without [first] obtaining the **mandated written/oral consent from**

-8-

**the called party(ies)**, authorizing Defendant CENTURY 21 to cause such *illegal telemarketing and solicitation telephone calls* as those placed to Plaintiff and as complained of herein.

25. That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21, by and through its owners, officers, directors, managers, agents, contractors, subsidiaries, divisions, departments and affiliates, including, but not limited to Defendants JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ— authorized, directed, engaged in, or caused to be engaged in *multiple illegal unsolicited telemarketing and solicitations telephone calls* to Plaintiff's residential and wireless telephone numbers (702.341.1776 / 702.893.1776, respectively), albeit each of Plaintiff's telephone numbers had been on the National Do-Not-Call Registry[10] established and maintained by the Federal Trade Commission under 16 C.F.R. § 310.

26. That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21, its owners, officers, directors, managers, agents, contractors, subsidiaries, divisions, departments and affiliates, including, but not limited to Defendants JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ— was complicit in, directed, authorized, sanctioned, and engaged in each of the *illegal acts* complained of herein, including, but not limited to the transmitting[11] of *illegal, unsolicited telemarketing and*

_____

[10]Plaintiff's telephone numbers (702.341.1776 and 702.893.1776) has been on the National Do-Not-Call Registry since its inception in 2003.

[11]**"TRANSMIT," "TRANSMITTED, or "TRANSMISSION,"** as used herein, shall each mean any act leading to the eventual causing, placing, generating, disseminating, promulgating, broadcasting, propagating, telephoning or distribution of an artificial or human voice, or pre-recorded message, or a text message to a landline (hard-wired) or wireless telephone user. Each shall also mean the dispatching, for reception elsewhere, of a signal, message, text, or other form of

(continued...)

*solicitation telephone calls* to Plaintiff's residential and wireless telephone numbers (702.341.1776 / 702.893.1776, respectively), as complained of herein.

27. That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21— with the assistance, and at the direction of its Staff, including, but not limited to Defendants JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ— were complicit in, directed, authorized, sanctioned, and engaged in each of the *illegal acts* complained of herein, including, but not limited to NRS 598.0918, that states, in pertinent part:

> A person engages in a "deceptive trade practice" if, during a solicitation by telephone or sales presentation, he or she:
>
> \*       \*       \*
>
> 2.      Repeatedly or continuously conducts the solicitation or presentation in a manner that is considered by a reasonable person to be annoying, abusive or harassing;

28. That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21— and with the assistance, and at the direction of its with the assistance, and at the direction of its Staff, including, but not limited to Defendants JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ— were complicit in, directed, authorized, sanctioned, and engaged in each of the *illegal acts* complained of herein, including, but not limited to NRS 598.0923, that states, in pertinent part:

> A person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she knowingly:

---

[11](...continued)
information. **"TRANSMIT" "TRANSMITTED," or "TRANSMISSION,"** as used herein, shall not be limited to the final act prior to reception by a landline (hard-wired) or cellular telephone user, but shall include all acts materially advancing the causing, placing, generating, disseminating, promulgating, broadcasting, telephoning or distribution of an artificial or human voice, or pre-recorded message, or text message to a landline (hard-wired) or cellular telephone user.

\*          \*          \*

    3.      Violates a state or federal statute or regulation relating to the sale or lease of goods or services.

**29.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21— and with the assistance, and at the direction of its with the assistance, and at the direction of its Staff, including, but not limited to Defendants JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ— were complicit in, directed, authorized, sanctioned, and engaged in each of the *illegal acts* complained of herein, including, but not limited to NRS 707.910(2)-707.920, that states, in pertinent part:

    Any person who:

\*          \*          \*

    2.      Willfully interferes with the use of any telephone line, or obstructs or postpones the transmission of any message over the line;

    NRS 707.920 Civil liability for violation of NRS 707.910. Any person found to be in violation of the provisions of NRS 707.910 is, in addition to the penalties therein prescribed, liable to the person damaged in a civil suit for all damages occasioned thereby.

**30.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendant CENTURY 21— and with the assistance, and at the direction of its with the assistance, and at the direction of its Staff, including, but not limited to Defendants JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ— were complicit in, directed, authorized, sanctioned, and engaged in each of the *illegal acts* complained of herein, including, but not limited to 228.540-228.620, that states, in pertinent part:

    ...a telephone solicitor shall not intentionally make an unsolicited telephone call for the sale of goods or services to a telephone number in the currently effective version of the list of telephone numbers in the registry. NRS 228.590(1).

**-11-**

**31.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly) Defendant CENTURY 21, with the assistance of its owners, officers, directors, managers, employees, representatives and agents, utilizes various practices, techniques, and methods, including utilizing the telephone for its *unsolicited, illegal telemarketing and solicitation activities*, for the sole purpose to induce Plaintiff [and others] into purchasing Defendants' products and services.

**32.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly) Defendant CENTURY 21, by, through and with the assistance and collaboration of its owners, officers, directors, managers, members, employees, representatives and agents [now] earns, has previously earned, and continues to earn tens-of-thousands of dollars *by engaging in illegal and unauthorized telemarketing and solicitation telephone calls* within Clark County, Nevada, without [first] obtaining the mandated written consent[12] of the called party[ies]— such as Plaintiff.

**(2)**

**DEFENDANT JUAN MARTINEZ,**

**a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN,**

**33.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN (**"J. MARTINEZ"**), a natural person, holds himself out as the Owner, President, Secretary, Treasurer and Director of, by, and for Defendant CENTURY 21.

**34.**     That at all times relevant and material herein, Defendant J. MARTINEZ, in his capacity as Owner, President, Secretary, Treasurer and Director of Defendant CENTURY 21, oversees and provides leadership, direction and guidance for all the daily business activities of, by, for and on behalf of Defendant CENTURY 21, *including, but not limited to,* Defendant CENTURY 21's daily business and marketing strategies, schemes, and campaigns.

---

[12]*See n.8, supra.*

**-12-**

**35.**     That at all times relevant and material herein, Defendant J. MARTINEZ, in his capacity as Owner, President, Secretary, Treasurer and Director of Defendant CENTURY 21, formulates, directs, controls, has the authority to control and participates in the everyday business acts, practices and activities of, by, and for Defendant CENTURY 21— including authorizing, condoning,  collaborating, and directing the utilization of each *illegal, unauthorized and deceptive telemarketing and solicitation telephone call* complained of herein.

**36.**     That at all times relevant and material herein, Defendant J. MARTINEZ, in his capacity as Owner, President, Secretary, Treasurer and Director of Defendant CENTURY 21, directed, managed, instructed, controlled, collaborated, and engaged in direct participation with the placing of each *illegal, unauthorized and deceptive telemarketing and solicitation telephone call* complained of herein— including, but not limited to the preparation, approval and collaboration of *all written material* utilized by each telemarketer for each *illegal, unauthorized and deceptive telemarketing and solicitation telephone call* complained of herein.

**37.**     That at all times relevant and material herein, Defendant J. MARTINEZ, in his capacity as Owner, President, Secretary, Treasurer and Director of Defendant CENTURY 21, oversees and provides leadership, direction and guidance for all the daily business activities of, by, for and on behalf of Defendant CENTURY 21, *including, but not limited to,* Defendant CENTURY 21's daily business and marketing strategies, schemes, and campaigns— that includes the policy(ies) and procedure(s) of engaging in a campaign of ***unsolicited, illegal telemarketing and solicitation activities*** for the sole purpose to induce consumers, such as Plaintiff, into purchasing Defendants' products and services.

**38.**     That at all times relevant and material herein, Defendant J. MARTINEZ, in his capacity as Owner, President, Secretary, Treasurer and Director of Defendant CENTURY 21, oversees and provides leadership, direction and guidance for all the daily business activities of, by, for and on behalf of Defendant CENTURY 21, *including, but not limited to,* requiring Defendants' officers, directors, managers, members, employees, representatives and agents to place, or cause to be placed, ***unsolicited, illegal telemarketing and solicitation telephone calls*** for the sole purpose to induce consumers, such as Plaintiff, into purchasing Defendants' products and services.

-13-

**39.** That at all times relevant and material herein, Defendant J. MARTINEZ, in his capacity as Owner, President, Secretary, Treasurer and Director of Defendant CENTURY 21, oversees and provides leadership, direction and guidance for all the daily business activities of, by, for and on behalf of Defendant CENTURY 21, *including, but not limited to,* the purchasing or leasing of telephone lists, from third-party, outside venders, that contain thousands of telephone numbers currently [listed] on the National DO-NOT-CALL Registry(ies).

**40.** That at all times relevant and material herein, Defendant J. MARTINEZ, Owner, President, Secretary, Treasurer and Director of Defendant CENTURY 21, purchase' or lease' telephone lists, from [a] third-party(ies) (outside venders) that contain thousands of telephone numbers currently [listed] on the National DO-NOT-CALL Registry(s) that do not comply with the Federal Trade Commission (**"FTC"**)Telemarketing Sales Rule, 16 C.F.R. 310 et seq.

**41.** That at all times relevant and material herein, Defendant J. MARTINEZ, as the Owner, President, Secretary, Treasurer and Director of Defendant CENTURY 21, **completely failed to comply with** the Federal Trade Commission's (**"FTC"**)Telemarketing Sales Rule (**"TSR"**), 16 C.F.R. 310.4(b), that states, in pertinent part—

> ...It is an abusive telemarketing act or practice and a violation of this Rule for any seller or telemarketer to engage in the following conduct:
>
> (iii) **Initiating any outbound telephone call to a person when**:
>
>> (A) That person previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered or made on behalf of the charitable organization for which a charitable contribution is being solicited; or
>>
>> (B) That person's telephone number is on the "do-not-call" registry, maintained by the Commission, of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services unless the seller or telemarketer:
>>
>>> (1) Can demonstrate that the seller has obtained the express agreement, in writing, of such person to place calls to that person...;
>>>
>>> \*       \*       \*

(2) Can demonstrate that the seller has
an established business relationship
with such person...;

(iv) **Abandoning any outbound telephone call**. An outbound telephone call is "abandoned" under this section if a person answers it and the telemarketer does not connect the call to a sales representative within two (2) seconds of the person's completed greeting.

**42.**     That at all times relevant and material herein, Defendant J. MARTINEZ, in his capacity as Owner, President, Secretary, Treasurer and Director of Defendant CENTURY 21, in conjunction with Defendant CENTURY 21's officers, directors, managers, members, employees, representatives and agents **totally failed to comply with** the FTC's TSR, 16 C.F.R. 310.4(b). Id.

**43.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant J. MARTINEZ, in his capacity as Owner, President, Secretary, Treasurer and Director of Defendant CENTURY 21, earns, has previously earned, and continues to earn tens-of-thousands of dollars by engaging in *illegal and unauthorized telemarketing and solicitation telephone calls* (within Clark County, Nevada), without [first] obtaining the mandated written consent of the called party[ies]. *See n.8, id.*

**(3)**

**DEFENDANT ELIZABETH MARTINEZ,**

**a/k/a ELIZABETH A. MARTINEZ**

**44.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ (**"E. MARTINEZ"**), a natural person, holds herself out as the Co-Owner and Operations Director of, by, and for Defendant JUAN MARTINEZ, INC. (d/b/a CENTURY 21, MARTINEZ & ASSOCIATES) (**"CENTURY 21"**).

**45.**     That at all times relevant and material herein, Defendant E. MARTINEZ, in her capacity as Co-Owner and Operations Director of, by, and for Defendant CENTURY 21, and in complicity with Defendant J. MARTINEZ, oversees and provides leadership, direction and guidance for all the business activities of, by, for and on behalf of Defendant CENTURY 21, including Defendants' *illegal telemarketing and solicitation telephone calls* complained of herein.

46.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant E. MARTINEZ, in her capacity as Co-Owner and Operations Director of, by, and for Defendant CENTURY 21, and in collusion with Defendant J. MARTINEZ, formulates, directs, controls, has the authority to control and participates in the everyday business acts, practices, and activities of Defendant CENTURY 21, including, but not limited to the authorizing, directing, and condoning of Defendants' *telemarketing and solicitation telephone calls* complained of herein.

47.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant E. MARTINEZ, in her capacity as Co-Owner and Operations Director of, by, and for CENTURY 21, acted in conjunction with Defendant J. MARTINEZ to place and transmit, or cause to be placed and transmitted the *illegal and unauthorized telemarketing and solicitation telephone calls* to Plaintiff, as complained of herein.

48.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant E. MARTINEZ, in her capacity as Co-Owner and Operations Director of, by, and for Defendant CENTURY 21, has the capacity to direct, manage, instruct, control, collaborate, and engage in direct participation with the placing of each *illegal, unauthorized and deceptive telemarketing and solicitation telephone call* complained of herein— including, but not limited to the preparation, approval and collaboration of *all written material* utilized by each telemarketer for each *illegal, unauthorized and deceptive telemarketing and solicitation telephone call* complained of herein.

49.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant E. MARTINEZ, in her capacity as Co-Owner and Operations Director of, by, and for Defendant CENTURY 21, and in conjunction with Defendant J. MARTINEZ, [also] oversees and provides leadership, direction and guidance for all the daily business activities of, by, for and on behalf of Defendant CENTURY 21, *including, but not limited to,* Defendant CENTURY 21's daily business and marketing strategies, schemes, and campaigns— that includes the policy(ies) and procedure(s) of engaging in a campaign of ***unsolicited, illegal telemarketing and solicitation activities*** for the sole purpose to induce consumers, such as Plaintiff, into purchasing Defendants' products and services.

**50.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant E. MARTINEZ, in her capacity as Co-Owner and Operations Director of, by, and for Defendant CENTURY 21, [also] oversees and provides leadership, direction and guidance for all the daily business activities of, by, for and on behalf of Defendant CENTURY 21, *including, but not limited to,* the purchasing or leasing of telephone lists, from third-party (outside venders), that contain thousands of telephone numbers currently [listed] on the National DO-NOT-CALL Registry(ies).

**51.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant E. MARTINEZ, in her capacity as Co-Owner and Operations Director of, by, and for Defendant CENTURY 21, and in joint-management with Defendant J. MARTINEZ, oversees and provides leadership, direction and guidance for all the daily business activities of, by, for and on behalf of Defendant CENTURY 21, *including, but not limited to,* requiring Defendants' officers, directors, managers, members, employees, representatives and agents to place, or cause to be placed, ***unsolicited, illegal telemarketing and solicitation telephone calls*** for the sole purpose to induce consumers, such as Plaintiff, into purchasing Defendants' products and services.

**52.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant E. MARTINEZ, in her capacity as Co-Owner and Operations Director of, by, and for Defendant CENTURY 21, is also responsible for the purchase or leasing of telephone lists from [a] third-party(ies) (outside venders) that contain thousands of telephone numbers currently [listed] on the National DO-NOT-CALL Registry(s), and that do not comply with the Federal Trade Commission's **("FTC")**Telemarketing Sales Rule, 16 C.F.R. 310 et seq.

**53.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant E. MARTINEZ, in her capacity as Co-Owner and Operations Director of, by, and for Defendant CENTURY 21, **completely failed to comply with** the Federal Trade Commission's **("FTC")**Telemarketing Sales Rule **("TSR")**, 16 C.F.R. 310.4(b)

. . .

. . .

**54.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant E. MARTINEZ, in her capacity as Co-Owner and Operations Director of, by, and for Defendant CENTURY 21, and in conjunction with Defendant CENTURY 21's owners, officers, directors, managers, members, employees, representatives and agents, **totally failed to comply with** the FTC's TSR, 16 C.F.R. 310.4(b). Id.

**55.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant E. MARTINEZ, in her capacity as Co-Owner and Operations Director of, by, and for Defendant CENTURY 21, earns, has previously earned, and continues to earn tens-of-thousands of dollars by engaging in *illegal and unauthorized telemarketing and solicitation telephone calls* (within Clark County, Nevada), without [first] obtaining the mandated written consent of the called party[ies]. *See n.8, id.*

**(4)**

**DEFENDANT SERGIO BRANDON TAMEZ,**

**a/k/a SERGIO TAMEZ**

**56.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ **("TAMEZ")**, a natural person, holds himself out as a licensed real estate agent, associate, employee, and representative of, by and for Defendant CENTURY 21, MARTINEZ & ASSOCIATES (a d/b/a for JUAN MARTINEZ, INC.).

**57.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant TAMEZ, a natural person, holds himself out as a licensed real estate agent, associate, employee, and representative of, by and for Defendants JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ.

**58.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant TAMEZ (in pertinent part) earns his income through the buying, selling, and/or leasing of residential and commercial real estate property.

**59.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant TAMEZ, as a pertinent part of his employment requirement. obligation, and activity, for and on behalf of Defendants CENTURY 21, J. HERNANDEZ and E. HERNANDEZ, Defendant TAMEZ places *telemarketing and solicitation telephone calls* for the sole purpose to induce consumers, such as Plaintiff, into purchasing Defendants' products and services.

**60.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that, to fulfill his employers obligation and requirement of placing *telemarketing and solicitation telephone calls*, Defendants CENTURY 21, J. HERNANDEZ and E. HERNANDEZ provide Defendant TAMEZ with a list of names (with telephone numbers), that was purchased from a third-party (outside source), as an [essential] element to place Defendant TAMEZ' *telemarketing and solicitation telephone calls*.

**61.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that the list of names (with telephone numbers), that was purchased from a third-party (outside source) contained hundreds, possibly thousands of names (with associated telephone number) that included telephone numbers which had been placed on the National DO-NOT-CALL Registry.

**62.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that the list of names (with telephone numbers), that was purchased from a third-party (outside source) contained hundreds, possibly thousands of names (with associated telephone number) that included Plaintiff's name and telephone numbers which had been placed on the National DO-NOT-CALL Registry during June 2003.

**63.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendant TAMEZ, at four (4) separate times (10:44 a.m., 10:45 a.m., 10:46 a.m., and 10:47 a.m.) on January 17, 2019, placed, to Plaintiff's residential and/or wireless telephone numbers (702.341.1776 / 702.893.1776, respectively) *unsolicited, illegal telemarketing and solicitation telephone calls*.

. . .

. . .

**64.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that each of Defendant TAMEZ' four (4) *unsolicited, illegal telemarketing and solicitation telephone calls* were placed by Defendant TAMEZ, at the direction of Defendant J. HERNANDEZ and Defendants E. HERNANDEZ, for the sole purpose to induce Plaintiff into purchasing the products and services offered by, for, and on behalf of Defendant CENTURY 21, Defendant J. HERNANDEZ, and Defendants E. HERNANDEZ.

**65.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that two (2) of the *unsolicited, illegal telemarketing and solicitation telephone calls* placed by Defendant TAMEZ, to Plaintiff's telephone number(s), were placed subsequent to Plaintiff telling Defendant TAMEZ not to call Plaintiff again. *Infra*.

**66.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that (either individually, or in concert with others, and either directly, or indirectly), Defendants, and each of them, colluded, conspired and acted in unison to place and transmit, or cause to be placed and transmitted, each of the *illegal and unauthorized telemarketing and solicitation telephone calls* complained of herein.

**67.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Plaintiff is unaware of the true names and legal capacities whether individual, corporate, associate, or otherwise of Defendants DOES I-X, and ROE CORPORATIONS XI-XX sued herein inclusive, and therefore sues those Defendants and any Co-Defendants by such fictitious names.

**68.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Plaintiff is informed and believes, and thereon alleges that each of the Defendants, herein named, or any Co-Defendants designated herein DOES I-X, and ROE CORPORATIONS XI-XX, are in some way legally responsible and liable for the events referred to hereinafter, and proximately caused the damages alleged herein.

**69**.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) in doing the acts and omissions alleged herein, acted individually or through their

owners, co-owners, officers, partners, directors, associates, agents, employees and co-conspirators, including, but not limited to the fictitious Defendants and any Co-Defendants named herein as DOES I-X and ROE CORPORATIONS XI-XX, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other Defendants.

70.     That Plaintiff pray leave to insert said  DOES I-X, and ROE CORPORATIONS XI-XX DOES' true names and legal capacities when ascertained.

**IV.**

**FACTUAL ALLEGATIONS**
**(First Set)**

1.     **First *Illegal and Unauthorized* Telemarketing and Solicitation Telephone Call to Plaintiff Without First Obtaining Plaintiff's (*Written or Oral*) Consent to Receive any Calls From Defendants or Defendants' Owners, Co-Owners, Officers, Directors, Managers, Members, Employees, Representatives and Agents:**

Plaintiff repeats, realleges, and incorporates by reference paragraphs one through seventy as aforementioned.

71.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that on January 17, 2019, at [approximately] 10:44 a.m., Defendant TAMEZ, with the approval, at the direction of, and in accordance with Defendant J. MARTINEZ and Defendant E. MARTINEZ (owner and co-owner respectively of Defendant CENTURY 21) did (either individually or in concert with others, and either directly or indirectly) place, or cause to be placed an ***illegal and unauthorized telemarketing and solicitation telephone call to*** **Plaintiff's** *residential telephone numbe*r (702.341.1776), without first obtaining Plaintiff's (*written or oral*) consent to receive any calls by, for, from, or on behalf of Defendants, or Defendants' officers, directors, managers, members, employees, representatives and agents. *See n.8, supra.*

. . .

. . .

. . .

-21-

**72.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that the January 17, 2019 (10:44 a.m.) ***illegal and unauthorized telemarketing and solicitation telephone call to* Plaintiff's *residential telephone number*** (702.341.1776), was displayed on Plaintiff's (residential) Caller ID **("CID")** as originating from [Defendant] "SERGIO TAMEZ," and from the telephone number of 1.702.541.1216.**[13]**

**73.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that when Plaintiff answered the January 17, 2019 (10:44 a.m.) incoming call from 1.702.541.1216, and said "Hello," there was no response for fifteen (15) seconds, other than "Dead Air."**[14]**

Plaintiff terminated the transmitted [dead air] call .

**2.     Second *Illegal and Unauthorized* Telemarketing and Solicitation Telephone Call to Plaintiff Without First Obtaining Plaintiff's (*Written or Oral*) Consent to Receive any Calls From Defendants or Defendants' Owners, Co-Owners, Officers, Directors, Managers, Members, Employees, Representatives and Agents:**

Plaintiff repeats, realleges, and incorporates by reference paragraphs one through seventy-three as aforementioned.

**74.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that within one (1) minute of terminating the First *Illegal and Unauthorized* Telemarketing and Solicitation Telephone Call..., *supra*, Plaintiff received a second (2nd) *illegal and unauthorized* telemarketing and solicitation telephone call from the same caller.

---

**[13]**The telephone number 1.702.541.1216, is associated with Defendants' real estate business.

**[14]**Plaintiff alleges that the dead air time indicate that the call may have been caused by Defendants utilization of a Automatic Telephone Dialing System **("ATDS")**. See, e.g., *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129–30 (W.D. Wash. 2012) ("[C]ourts have noted 'the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery' and found that courts can rely on details about the call to infer the use of an ATDS." (quoting *Knutson v. Reply, Inc*., No. 10CV1267, 2011 WL 1447756, at *1 (S.D. Cal. Apr. 13, 2011))). Also see, *Wilson v. Quest Diagnostics Inc. et al*., Case No. 2:18-cv-11960, in the U.S. District Court for the District of New Jersey ("Dead air after answering the phone is indicative that the caller used a predictive dialer"). Nevertheless, because this matter is brought as a consequence of Defendants' violations of the TCPA, 47 U.S.C. 227(c)(5), any use of an ATDS is not of crucial relevance.

-22-

75.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that on January 17, 2019, at [approximately] 10:45 a.m., Defendant TAMEZ, with the approval, at the direction of, and conjointly with Defendant J. MARTINEZ and/or Defendant E. MARTINEZ (owner and co-owner of Defendant CENTURY 21) did (either individually or in concert with others, and either directly or indirectly) initiate and place **a second (2nd)** *unsolicited, illegal and unauthorized telemarketing and solicitation telephone call* to Plaintiff' residential **("landline")** telephone number (702.341.1776) without first obtaining Plaintiff's (*written or oral*) consent to receive any calls by, for, from, or on behalf of Defendants, or Defendants' owners, officers, directors, managers, members, employees, representatives and agents.

76.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that the January 17, 2019 (10:45 a.m.) *unsolicited, illegal and unauthorized telemarketing and solicitation telephone call* to Plaintiff' landline telephone number (702.341.1776), was displayed on Plaintiff's Caller CID as originating from [Defendant] "SERGIO TAMEZ" and from the telephone number of 1.702.541.1216— the identical CID information as the First (1st) *unsolicited, illegal and unauthorized telemarketing and solicitation telephone call...* . See No's. 71-73, *supra*.

77.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that on January 17, 2019@10:45 a.m., Defendants, and each of them (either individually or in concert with others, and either directly or indirectly), were the causation of **a second (2nd) *unsolicited*, *illegal, unauthorized, and deceptive telemarketing and solicitation telephone call* to Plaintiff's landline telephone** number (702.341.1776) in a period of less than one (1) year,**[15]** for the sole purpose of encouraging Plaintiff to purchase or invest in Defendants' goods and/or services.

---

[15]See 47 U.S.C. § 227 (c)(5)—
>       Private right of action— A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>>              (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>>              (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>>              (C) both such actions.

**78.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that when Plaintiff answered the January 17, 2019 (10:45 a.m.) incoming telephone call, the following conversation ensued:

| | |
|---|---|
| **Plaintiff:** | Hello. |
| **Defendant TAMEZ:** | Hello. Hi. This is Sergio with Century 21, and I just sold a home in your neighborhood over on Dockside Court. It's a 4 bedroom home, with 3 baths, and it just sold for $315,000. And we know when one home sells that usually 2 more sell right-away. So I was curious, when do you plan on moving? |
| **Plaintiff:** | Alright, Sergio, I'm going to say this as nice as I can. As far as I know there is not a condo in this development that would sell for over $300,000 dollars. Number 2. **Please put me on your companies Do-Not-Call list**. **(emphasis added)**. |
| **Defendant TAMEZ:** | Oh. OK. Of course. Before I let you go, would you happen to know of anyone that would be looking to buy or sell... |

Plaintiff terminated the call.

**3.** **Third *Illegal and Unauthorized* Telemarketing and Solicitation Telephone Call to Plaintiff Without First Obtaining Plaintiff's (*Written or Oral*) Consent to Receive any Calls From Defendants or Defendants' Owners, Co-Owners, Officers, Directors, Managers, Members, Employees, Representatives and Agents:**

Plaintiff repeats, realleges, and incorporates by reference paragraphs one through seventy-eight as aforementioned.

**79.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that within one (1) minute of terminating the Second (2nd) unsolicited, *Illegal and Unauthorized* Telemarketing and Solicitation Telephone Call..., *supra*; and after Plaintiff told the caller not to call Plaintiff again, **Plaintiff received a third (3rd)** *unsolicited, illegal and unauthorized telemarketing and solicitation telephone call* from Defendant TAMEZ, the same caller as two (2) previous *unsolicited, illegal and unauthorized telemarketing and solicitation telephone calls* from Defendant TAMEZ— that Plaintiff told, a minute earlier, not to call Plaintiff again.

. . .

. . .

. . .

-24-

80.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that on January 17, 2019, at [approximately] 10:46 a.m., Defendant TAMEZ, with the approval; at the direction of; and conjointly with Defendant J. MARTINEZ and/or Defendant E. MARTINEZ (owner and co-owner, respectively, of Defendant CENTURY 21) did (either individually or in concert with others, and either directly or indirectly) initiate and place **a third (3rd)** *unsolicited, illegal and unauthorized telemarketing and solicitation telephone call* **to Plaintiff's** [this time] wireless **("wireless" or "cellular")** telephone number (702.893.1776), **[again]** **without first obtaining Plaintiff's (*written or oral*) consent** to receive any calls by, for, from, or on behalf of Defendants, or Defendants' owners, co-owners, officers, directors, managers, members, employees, representatives and agents.

81.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that the January 17, 2019 (10:46 a.m.) *unsolicited, illegal and unauthorized telemarketing and solicitation telephone call* to Plaintiff was displayed on Plaintiff's (residential)[16] CID as originating from [Defendant] "SERGIO TAMEZ," and from the telephone number of 1.702.541.1216— the identical CID information as the First and Second *Illegal and Unauthorized Telemarketing and Solicitation Telephone Calls..., supra.*

82.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that on January 17, 2019@10:45 a.m., Defendants, and each of them (either individually or in concert with others, and either directly or indirectly), were **the causation of a third (3rd)** *illegal, unauthorized, and deceptive telemarketing and solicitation telephone call* **to Plaintiff**, for the sole purpose of encouraging Plaintiff to purchase or invest in Defendants' goods or services.

. . .

. . .

---

[16]When Plaintiff is in his residence, his cellular telephone is [always] "call-forwarded" to his residential telephone number, so [that] any incoming calls to Plaintiff's wireless telephone number is received on Plaintiff' residential telephone, and the calling name & number is displayed on the residential CID device.

**83.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that when Plaintiff answered the January 17, 2019 (10:45 a.m.) incoming telephone call, and said Hello (four (4) times), there was no response for fifteen (15) seconds other than "Dead Air." Plaintiff terminated the incoming call.

**4.  Fourth *Illegal and Unauthorized* Telemarketing and Solicitation Telephone Call to Plaintiff Without First Obtaining Plaintiff's (*Written or Oral*) Consent to Receive any Calls From Defendants or Defendants' Owners, Co-Owners, Officers, Directors, Managers, Members, Employees, Representatives and Agents:**

Plaintiff repeats, realleges, and incorporates by reference paragraphs one through eighty-three as aforementioned.

**84.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that **within one (1) minute of terminating the third (3rd)** *unsolicited*, *illegal and unauthorized* telemarketing and solicitation telephone call..., *supra*, **Plaintiff received a fourth (4th)** *unsolicited, illegal and unauthorized telemarketing and solicitation telephone call* **from the same caller**.

**85.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that on January 17, 2019, at [approximately] 10:47 a.m., Defendant TAMEZ, with the approval of; at the direction of; and in conjunction with Defendant J. MARTINEZ and/or Defendant E. MARTINEZ (owner and co-owner, respectively, of Defendant CENTURY 21), did (either individually or in concert with others, and either directly or indirectly), **initiate and place a fourth (4th)** *unsolicited, illegal and unauthorized telemarketing and solicitation telephone call* to Plaintiff, **[again] without first obtaining** Plaintiff's (*written or oral*) consent to receive any calls by, for, from, or on behalf of Defendants, or Defendants' owners, co-owners, officers, directors, managers, members, employees, representatives and agents.

**86.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that the January 17, 2019 (10:47 a.m.) *unsolicited, illegal and unauthorized telemarketing and solicitation telephone call* to Plaintiff, was displayed on Plaintiff's CID as originating from [Defendant] "SERGIO TAMEZ," and from the telephone number of 1.702.541.1216— the identical CID information as the First (1st), Second (2nd) & Third (3rd) [previous] *unauthorized, illegal and unauthorized* telemarketing and solicitation telephone calls..., *supra*.

87.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that on January 17, 2019@10:47 a.m., Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) were the causation of a **fourth (4th)** *unsolicited, illegal, unauthorized, and deceptive telemarketing and solicitation telephone call* to Plaintiff, after Defendant TAMEZ was told (a second time), by Plaintiff, to not call Plaintiff again.

88.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that when Plaintiff answered the January 17, 2019 (10:47 a.m.) incoming telephone call, the following conversation took-place:

| | |
|---|---|
| **Plaintiff:** | Hello. |
| **Defendant TAMEZ:** | Hello. Hi. This is Sergio with Century 21 real estate, and I just sold a home in your neighborhood over on Dockside Court. It's a 4 bedroom home, with 3 baths, and it just sold for $315,000.[17] |
| **Plaintiff:** | Sergio. Where's your office located? |
| **Defendant SERGIO:** | It's in 4040 South Eastern Avenue sir. |
| **Plaintiff:** | Ok. **This is now the 4th phone call to my number. I told you 2 calls ago not to call me**— that I'm not interested. **(emphasis added)**. |
| **Defendant SERGIO:** | Sir, the only reason I called again... |

Plaintiff terminated the call.

. . .

. . .

. . .

---

[17]This is the exact [opening] statement that Defendant TAMEZ said to Plaintiff at the beginning of the second (2nd) *unsolicited, illegal, unauthorized, and deceptive telemarketing and solicitation telephone call* to Plaintiff. See #78, *supra*.

## V.

## FACTUAL ALLEGATIONS
### (Second Set)

Plaintiff repeats, realleges, and incorporates by reference paragraphs one through eighty-eight as aforementioned.

89.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) colluded, concerted, and conspired with each other, to initiate and place, or cause the initiation and placement of each of the *unsolicited, illegal and unauthorized telemarketing and solicitation telephone calls* to Plaintiff' residential and wireless telephone numbers (702.341.1776 / 702.893.1776, respectively), without first obtaining Plaintiff's prior (*written or oral*) consent to receive any calls by, for, from, or on behalf of Defendants, or Defendants' owner(s), co-owner(s), officers, directors, managers, members, employees, representatives and agents.

90.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) colluded, contrived, and conspired with each other to initiate and place, or cause to be initiated and placed each *unsolicited, illegal and unauthorized telemarketing and solicitation telephone calls* to Plaintiff' residential and wireless telephone numbers (702.341.1776 / 702.893.1776), subsequent to the stated telephone numbers having been placed on the National Do-Not-Call Registry.

91.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that **no relation existed**, business or otherwise between Plaintiff or any Defendants named herein; nor had Plaintiff **ever request** any type of information regarding Defendants' products and services; nor had Plaintiff **ever contacted** Defendants, or Defendants' owners, co-owners, officers, directors, managers, members, employees, representatives and agents regarding Defendants' products and/or services.

92.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Plaintiff landline telephone number (702.341.1776) and Plaintiff's wireless telephone number (702.893.1776) has been registered with the National Do-Not-Call Registry beginning 2003.

93.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Plaintiff landline telephone number (702.341.1776) and Plaintiff's wireless telephone number (702.893.1776) continues indefinitely on the National Do-Not-Call Registry.

94.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that the National Do-Not-Call Registry prohibits calling a telephone subscriber who has registered his or her phone number on the National Do-Not-Call Registry. 47 C.F.R. § 64.1200(c)(2).

95.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants, and each of them, ***have completely failed*** to provide Plaintiff with Defendants' Do-Not-Call policy. 47 C.F.R. 64.1200(d)(1).

96.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) were, and continue to be aware that *unsolicited telemarketing and solicitation telephone calls are illegal* and violative of the TCPA, **unless the caller first obtains** *written (or oral)* [prior express] consent from the called party.[18]

97.     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Section 227 (of the TCPA) [also] provides for a separate private right of action under subsection (c)(5), which **deals with live telephone calls, not with pre-recorded or artificial messages**.

. . .

. . .

. . .

---

[18]See, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Report and Order, CG Docket No. 02-278, ¶ 68 (Feb. 15, 2012) **("2012 Report and Order")**("Once our written consent rules become effective, however, an entity will no longer be able to rely on non-written forms of express consent to make telemarketing calls, and thus could be liable for making such calls absent prior written consent."). Also see *n.8, supra*.

**98.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that under subsection (c), of the TCPA, in order to have a private right of action, the recipient must receive **more than one phone call in a 12-month period**— such as Plaintiff had received from the Defendants in this action.[19]

**99.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) collaborated and worked in concert with each other to initiate, cause, and transmit each of Defendants' *unsolicited, illegal and unauthorized telemarketing and solicitation telephone calls* to Plaintiff's residential telephone number (702.341.1776), and wireless telephone number (702.893.1776)— ***without first obtaining the written consent of the Plaintiff*** to receive any [type of] calls from Defendants.

**100.**     That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants, and each of them did (either individually or in concert with others, and either directly or indirectly) violate several sections of Nevada's Revised Statutes (unless the context otherwise indicates); the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq*. (unless the context otherwise indicates); the Rules and Regulations Implementing the TCPA, 47 C.F.R. § 64.1200 *et seq*. (unless the context otherwise indicates); and the Telephone Sales Rule, 16 C.F.R. Part 301 as amended (unless the context otherwise indicates)— by causing the "*willful*"[20] or

---

[19]See *In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 FCC LEXIS 3673, at ¶ 205 (July 3, 2003) (**recognizing that Section 227 contains two different private rights of action**: one for automated or pre-recorded messages and fax transmissions in subsection (b)(3) **and one for live telephone calls in (c)(5)**). *Reichenbach v. Chung Holdings, LLC*, 823 N.E.2d 29, 159 Ohio App.3d 79 (Ohio App. Dist.6 11/05/2004). **(emphasis added)**.

[20]Albeit the TCPA does not define the term "willfully," in the "willfully or knowingly" standard set forth in Section 227(b)(3)(C)— Section 312, Title 47, of the U.S.C. defines "willful." There, "willful" is defined as the "conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter or any rule or regulation of the Commission authorized by this chapter, or by a treaty ratified by the United States." Section 312(f)(1). Title 47, U.S.C. Also see the Communications Act of 1934, Section 151 et seq., Title 47, U.S.C., which is the

(continued...)

"*knowing*" transmissions of *multiple unsolicited, illegal and unauthorized telemarketing and solicitation telephone calls* to Plaintiff's landline telephone number (702.341.1776) and Plaintiff's wireless telephone number (702.893.1776) number ***without first obtaining the written consent from the Plaintiff*** to receive [any] such calls.

101.    That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that each of the [*multiple*] *unsolicited, illegal and unauthorized telemarketing and solicitation telephone calls* complained of herein, were initiated for the sole purpose to urge Plaintiff into utilizing Defendants' products and/or services.

102.    That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly), **failed to take appropriate measures** to prevent violations as those complained of herein.

. . .

. . .

---

[20](...continued)
Act the TCPA derived from. Hence, to establish a "willful" violation under the TCPA, for the award of treble damages, Plaintiff need not prove that Defendants knew it violated the law when it placed, or caused to be placed autodialed or pre-recorded calls to Plaintiff's wireless telephone— only that Defendants knew the calls were being placed - - and Defendants have admitted that they "knew the calls were being placed."
In *Bryan v. United States* (1998), 524 U.S. 184, 118 S.Ct. 1939, 141 L.Ed.2d 197, the United States Supreme Court explained that "'knowingly' does not necessarily have any reference to a culpable state of mind or to knowledge of the law. As Justice Jackson correctly observed, 'the knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law.' [*Boyce Motor Lines, Inc. v. United States* (1952), 342 U.S. 337, 345, 72 S.Ct. 329, 96 L.Ed. 367.] * * * Thus, unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." (Footnote omitted.) Id. at 193, 118 S.Ct. 1939, 141 L.Ed.2d 197.  Also see *United States v. Cohen* (C.A.2, 2001), 260 F.3d 68, 76 (it matters only that defendant knowingly committed the deeds forbidden by statute, not that he intended to violate the statute). Accordingly, for an award of treble damages under the TCPA, the term "knowingly" requires that liability be imposed even without Defendants' knowledge that the conduct violated the statute. To establish a "knowing" violation of the TCPA, for an award of treble damages, Plaintiff must prove only that the Defendants knew of the facts that constituted the offense. Such knowledge of the "facts that constitute the offense" does not mean that Defendants must know that certain conduct actually violates a law.

# VI.

## FACTUAL ALLEGATIONS
### (Second Set)

Plaintiff repeats, realleges, and incorporates by reference paragraphs one through one hundred and two as aforementioned.

103.   That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN; and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, are (either individually or in concert with others, and either directly or indirectly) *vicariously liable* for the *illegal and deceptive acts and practices* of their employee(s), agent(s) and representative(s), because Defendants JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ both authorized, directed, ratified, benefitted, and had actual knowledge of each and every *unsolicited, illegal and unauthorized telemarketing and solicitation telephone call* to Plaintiff's landline and wireless telephone numbers that was initiated and placed, or caused to be initiated and placed by their employee Defendant TAMEZ.[21]

. . .

. . .

_____

[21]*See Meyer v. Holley,* 537 U.S. 280, 285, 123 S.Ct. 824, 154 L.Ed.2d 753 (2003) ("It is well established that traditional *vicarious liability* rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment."); Restatement (Second) of Agency § 219(1) "(1957). *Also see Lary v. Tom Taylor Agency*, 878 So.2d 1165, 1167 (Ala.Civ.App.2003); *LLC v. Verizon Wireless Personal Communications, L.P.*, 329 F.Supp.2d 789, 806 (M.D.La.2004); *Bridgeview Health Care v. Jerry Clark, D/B/A Affordable Digital Hearing*, No. 09-CV-05601 (N.D.Ill. 09/30/2011). *Also see Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459 (6th Cir. 2010); *United States v. DISH Network, L.L.C.*, 2011 WL 475067 (C.D. Ill. Feb. 4, 2011); FCC Declaratory Ruling (May 9, 2013). See *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6587 (2013). *Also see Palm Beach Golf Center-Boca, Inc. v. Sarris*, No. 13-14013 (11th Cir.); *Charvat v. Echostar and United States v. Dish Network* matters (FCC-13-54A1 (Dec. Ruling)); *United States v. Dish Network LLC*, 667 F. Supp. 2d 952, 956 (C.D. Ill. 2009).

**104.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) *are vicariously liable* for each telemarketing act complained of herein, because *Defendants ratified the illegal telemarketing acts*.

**105.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) *are vicariously liable* for each *illegal telemarketing act* complained of herein, because a *agency relationship existed* between each Defendant and the telemarketer(s).

**106.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) *are vicariously liable* for each *illegal telemarketing act* complained of herein, because *Defendants had actual knowledge, approved, and engaged in each the illegal act* and *unlawful telemarketing* practices complained of herein.

**107.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) are *vicariously liable* for each *illegal telemarketing act* complained of herein, because Defendants [at a minimum] had knowledge of fact(s) that Defendant TAMEZ was initiating, and was the causation of each *unsolicited, illegal and unauthorized telemarketing and solicitation telephone call* complained of herein— which would have led a reasonable person to investigate further.

## VII.

### FACTUAL ALLEGATIONS
### (Third Set)

Plaintiff repeats, realleges, and incorporates by reference paragraphs one through one hundred and seven as aforementioned.

**108.** That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Plaintiff owned, operated and controlled a residential telephone with the assigned telephone number of 702.341.1776.

-33-

**109.**   That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Plaintiff owned, operated and controlled a cellular telephone with the assigned telephone number of 702.893.1776.

**110.**   That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) owned, operated, or controlled "customer premises equipment" as defined by the TCA, 47 U.S.C. § 153(16).

**111.**   That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) engaged in "interstate communications" as defined by the TCA, 47 U.S.C. § 153(28)."[22]

**112.**   That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) engaged in, or caused to be engaged in "[tele]communications" as defined by the TCA, 47 U.S.C. § 153(50). *Also see Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 06/19/2009).

**113.**   That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) **were in violation of the regulations prescribed**, and **altogether failed to establish and implement reasonable practices and procedures** to effectively prevent Defendants' *illegal and unauthorized telemarketing and solicitation telephone calls* to Plaintiff's residential and wireless telephone numbers.

. . .

. . .

. . .

_____

[22]Communications Act of 1934, Public Law No. 416, June 19, 1934 (Title I, Sec. 3(e)).

-34-

114.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants' *illegal, unauthorized, and deceptive telemarketing and solicitation telephone calls* to Plaintiff's residential and wireless telephone numbers constituted a "communication" as defined by 47 U.S.C. § 227(b)(1)(A) of the TCPA.[23]

115.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that each and every act and omission of the Defendants named herein were *undertaken wantonly, willfully, negligently, maliciously, intentionally, with malice and oppression*, and gross and reckless disregard of the rights of the Plaintiff, and all applicable state and federal laws and regulations.

116.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that— as a result of the acts and omissions of each Defendant herein named, and in order to punish each of those Defendants for their *malicious and illegal conduct*, as well as to deter each Defendant named herein from committing similar acts in the future, Plaintiff is entitled to recover any statutory damages, actual damages, punitive damages and exemplary damages for Defendants' NRS, 47 C.F.R. § 64.1200 et seq., TCA and TCPA violations - in amounts to be determined at trial.

117.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly), neither maintained, nor maintains procedures designed to comply with the Nevada Revised Statutes, as amended; Title 47-Telecommunication Chapter I-Federal Communications Commission Part 64-Miscellaneous Rules Relating to Common Carriers-Subpart L-Restrictions on Telephone Solicitation Sec. 64.1200, Delivery Restrictions, as amended; and the Telephone Consumer Protection Act of 1991, Public Law 102-243, which amended the Communications Act of 1934 by adding a new section 47 U.S.C. § 227 *et seq.,* as amended.

. . .

. . .

---

[23]The FCC's interpretation of 47 U.S.C. § 227(b)(1)(A) is consistent with the dictionary's definition of call in that it is defined as "to communicate with or try to get into communication with a person by telephone." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 06/19/2009).

118.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly), neither maintained nor maintains procedures designed to comply with the Telephone Sales Rule, 16 C.F.R. Part 301 et seq., as amended.

119.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that each and every act and omission of each Defendant herein named, were undertaken *wantonly, willfully, negligently, maliciously, intentionally, with malice and oppression*, and gross and reckless disregard of the rights of the Plaintiff.

## VIII.

## FIRST CLAIM FOR RELIEF

### (Defendants Violations of the Delivery Restrictions, TCA and TCPA)

Plaintiff repeats, realleges, and incorporates by reference paragraphs one hundred and nineteen as aforementioned.

120.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) are violative of federal acts, including, but not limited to the—

(i)     Telephone Consumer Protection Act of 1991, Public Law 102-243, December 20, 1991, which amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq., by adding a new section, 47 U.S.C. § 227;

(ii)    Title 47 - Telecommunication Chapter I - Federal Communications Commission Part 64¡ Miscellaneous Rules Relating to Common Carriers -Subpart L-Restrictions on Telephone Solicitation Sec. 64.1200, Delivery Restrictions;

(iii)   The Communications Act of 1934, 47 U.S.C. § 151, et seq.; and,

(iv)    Telemarketing Sales Rule, 16 C.F.R. 310 et seq.

121.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them did (either individually or in concert with others, and either directly or indirectly), *wantonly, willfully, negligently, maliciously, and intentionally fail to comply*

with the requirements of Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq.; the Rules and Regulations Implementing the TCPA, 47 C.F.R. 64.1200 et seq.; The Communications Act of 1934, 47 U.S.C. § 151, et seq.; and the Telephone Sales Rule, 16 C.F.R. Part 301, as amended.

122.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) initiated and placed, or caused initiation and transmission of multiple *unsolicited, illegal telemarketing and solicitation telephone calls in a period of less than one (1) year and on behalf of the same entity* in violation of 47 U.S.C. § 227(c)(5)[24] as amended; 47 C.F.R. 64.1200 et seq. as amended; 47 U.S.C. § 151, et seq. a amended; and 16 C.F.R. Part 301, as amended.

123.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that each *unsolicited, illegal and deceptive telemarketing and solicitation telephone call* to Plaintiff's telephone numbers was made in a period of less than twelve (12) months and on behalf of the same entity[ies].

124.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that **not one** of the *unsolicited, illegal and deceptive telemarketing and solicitation telephone calls* to Plaintiff telephone numbers, and complained of herein, was not made or initiated for an emergency purpose, or was exempted by rule or order by the Commission under paragraph. 47 U.S.C. § 227(b).

---

[24]Section 227 (of the TCPA) also provides for a separate private right of action under subsection (c)(5), which **deals with live telephone calls, not with pre-recorded or artificial messages**. Under subsection (c), in order to have a private right of action, the recipient must receive more than one phone call in a 12-month period. See *In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 FCC LEXIS 3673, at ¶ 205 (July 3, 2003) (**recognizing that Section 227 contains two different private rights of action**: one for automated or pre-recorded messages and fax transmissions in subsection (b)(3) **and one for live telephone calls in (c)(5)**). *Reichenbach v. Chung Holdings, LLC*, 823 N.E.2d 29, 159 Ohio App.3d 79 (Ohio App. Dist.6 11/05/2004).

125.     That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that, under the FCC's amended regulations, *effective October 16, 2013*, the prior express written consent of the called party must [first] be obtained. See, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Report and Order, CG Docket No. 02-278, ¶ 68 (Feb. 15, 2012) **("2012 Report and Order")**("Once our written consent rules become effective, however, an entity will no longer be able to rely on non-written forms of express consent to make...telemarketing calls, and thus could be liable for making such calls absent prior written consent.").

126.     That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that, the FCC has defined what amounts to "prior express written consent"— specifically, *effective October 16, 2013*, "prior express written consent" will mean an agreement,[25] in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

127.     That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) *completely failed to comply* with the mandates of 47 C.F.R. § 64.1200, that states, in pertinent part:

(c) No person or entity shall initiate any telephone solicitation to:

                         *       *       *

(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

---

[25] The written agreement shall include a clear and conspicuous disclosure informing the person signing that: (i) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (ii) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods or services. Finally, the definition notes that "the term 'signature' shall include an electronic or digital form of signature, to the extent that such form of signature is recognized as a valid signature under applicable federal law or state contract law.

128.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that no Established Business Relationship **("EBR")** ever existed between the Plaintiff and any of the above-named Defendants, or Defendants' owners, co-owners, officers, directors, managers, members, employees, representatives and agents.

129.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that, *assuming arguendo*, an EBR had been established between Plaintiff and Defendants, the FCC has *eliminated* the EBR exemption as of October 16, 2013.

> "...we conclude that the public interest would be served by eliminating the established business relationship exemption for telemarketing calls. As such, telemarketing calls to residential lines will require prior written consent, even where the caller and called party have an EBR." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order Adopted February 15, 2012, @36.

130.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that the acts and omissions of Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) were done *unfairly, unlawfully, intentionally, deceptively and fraudulently* and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

131.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that the acts and omissions of Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) were not acted or omitted pursuant to 47 C.F.R. 64.1200(a)(1) & (2); 47 C.F.R. 64.1200(c)(2); 47 C.F.R. 64.1200(f)(2) (regarding "emergency purposes"); nor 47 C.F.R. 64.l200(f)(3) (regarding "established business relationships").

132.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that, as a causal, direct and legally proximate result of Defendants' violations of the 47 C.F.R. 64.1200 et seq., the TCA and the TCPA, the Defendants, and each and every one of them harassed, annoyed and abused Plaintiff, and disturbed the peace and tranquility of Plaintiff.

133.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that the acts and omissions of Defendants, and each of them (either individually or in concert with others, and either directly or indirectly), were done *unfairly, unlawfully, intentionally and deceptively* absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

134.     That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that, as a causal, direct and legally proximate result of the above violations of the TCA, TCPA and 47 C.F.R. § 64.1200 et seq., the Defendants, and each and every one of them are liable to the Plaintiff for statutory damages, actual damages, punitive damages, exemplary damages, treble damages and all fees and costs incurred by the Plaintiff as a consequence of this litigation.

135.     That the foregoing despicable conduct, acts and omissions of Defendants, and each of them were undertaken, *wantonly, willfully, knowingly, negligently, maliciously, intentionally* and in gross, reckless and conscious disregard of the rights of the Plaintiff.

## IX.

## SECOND CLAIM FOR RELIEF

## (Defendants Violations of the Delivery Restrictions, TCA and TCPA)

Plaintiff repeats, realleges, and incorporates by reference paragraphs one hundred and thirty-five as aforementioned.

136.     That Plaintiff, for Defendants' failure to comply with the TCPA is entitled to FIVE HUNDRED DOLLARS AND NO CENTS ($500.00) for each violation therein. 47 U.S.C. § 227(c)(5).

137.     That Plaintiff alleges, claims and maintains that each of Defendants' four (4) *unsolicited, illegal, deceptive and harassing telemarketing and solicitation telephone calls to Plaintiff's landline and wireless telephone numbers* were violative of, but not limited to the TCPA, 47 U.S.C. § 227(c)(5) for which Plaintiff is entitled to statutory damages in the total amount of TWO THOUSAND DOLLARS AND NO CENTS ($2,000.00).

138.     That Plaintiff alleges, claims and maintains that because each of Defendants' *unsolicited, illegal, deceptive and harassing telemarketing and solicitation telephone calls to Plaintiff's landline and wireless telephone numbers* were initiated and caused "*willfully*"[26] and "*knowingly*," Plaintiff is entitled to *treble damages* in the amount of SIX THOUSAND DOLLARS AND NO CENTS ($6,000.00). TCPA, 47 U.S.C. § 227(c)(5).

---

[26]"**Willful" defined:** If the caller's intent was to make a call, and they didn't call by accident, *the call was willful* under the statute. 47 U.S.C. 312(f)(1).

**139.**     That Plaintiff, for Defendants' failure to comply with 47 C.F.R. § 64.1200 et seq., is entitled to FIVE HUNDRED DOLLARS AND NO CENTS ($500.00) for each violation therein. *See Charvat v. Ryan*, 168 Ohio App.3d 78, 2006-Ohio-3705; *Burdge v. Association Health Care Management, Inc*., No. 08-3282, 2009 WL 414595, at *3 (S.D.Ohio Feb. 18, 2009).

**140.**     That Plaintiff alleges, claims and maintains that each of Defendants' four (4) *unsolicited, illegal, deceptive and harassing telemarketing and solicitation telephone calls to Plaintiff's telephone numbers* were violative of, but not limited to the 47 C.F.R. § 64.1200(c)(1) & (2), for which Plaintiff is entitled to statutory damages in the total amount of TWO THOUSAND DOLLARS ($2,000.00).

**141.**     That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that, because the four (4) *unsolicited, illegal, unauthorized, and deceptive telemarketing and solicitation telephone calls* to Plaintiff were initiated and placed, or caused to be initiated and placed "*willfully*" or "*knowingly,*" and in violation of 47 C.F.R. 64.1200(c)(1) & (2), Plaintiff is entitled to *treble damages* in the amount of SIX THOUSAND DOLLARS ($6,000.00).

**142.**     That Plaintiff alleges, claims and maintains that each of Defendants' four (4) *unsolicited, illegal, deceptive and harassing telemarketing and solicitation telephone calls to Plaintiff's telephone numbers* were violative of, but not limited to the 47 C.F.R. § 64.1200(f)(2) & (3), for which Plaintiff is entitled to statutory damages in the total amount of TWO THOUSAND DOLLARS ($2,000.00).

**143.**     That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that, because the four (4) *unsolicited, illegal, unauthorized, and deceptive telemarketing and solicitation telephone calls* to Plaintiff were initiated and placed, or caused to be initiated and placed "*willfully*" or "*knowingly,*" and in violation of 47 C.F.R. 64.1200(f)(2) & (3), Plaintiff is entitled to *treble damages* in the amount of SIX THOUSAND DOLLARS ($6,000.00).

. . .

. . .

. . .

144.    That Plaintiff alleges, claims and maintains that each of Defendants' four (4) unsolicited, *illegal, deceptive and harassing telemarketing and solicitation telephone calls to Plaintiff's telephone numbers* were violative of, but not limited to the 47 C.F.R. § 64.1200(d)(1), for which Plaintiff is entitled to statutory damages in the total amount of TWO THOUSAND DOLLARS ($2,000.00).

145.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that, because the four (4) *unsolicited, illegal, unauthorized, and deceptive telemarketing and solicitation telephone calls* to Plaintiff were initiated and placed, or caused to be initiated and placed "*willfully*" or "*knowingly,*" and in violation of 47 C.F.R. 64.1200(d)(1), Plaintiff is entitled to *treble damages* in the amount of SIX THOUSAND DOLLARS ($6,000.00).

146.    As a result of the foregoing acts and omissions of each Defendant, and in order to punish each Defendant for their malicious conduct, as well as to deter each Defendant from committing similar acts in the future, Plaintiff is entitled to recover actual damages, punitive damages and exemplary damages from each Defendant, in an amount to be determined at trial.

## X.

### THIRD CLAIM FOR RELIEF

### (Defendants Violations of State Acts)

Plaintiff repeats, realleges, and incorporates by reference paragraphs one through one hundred and forty-six as aforementioned.

147.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) are violative of, but not limited to NRS Chapter 97, NRS Chapter 205, NRS Chapter 207, NRS Chapter 598, NRS Chapter 599B, as amended, NRS 597.812-597.818, 598.0923(3), and 598.0973. as amended, each of which, in-part, prohibits a businesses from engaging in "Deceptive Trade Practices."

. . .

. . .

148.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Plaintiff, as a victim of consumer fraud, is entitled to relief pursuant to NRS 41.600, that, in pertinent part states:

      1.    An action may be brought by any person who is a victim of consumer fraud.

      2.    As used in this section, "consumer fraud" means:

                *     *     *

      (d)    A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.

149.    Plaintiff asserts, alleges and maintains that because Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) engaged in one (1) or more "deceptive practices" pursuant to NRS, he is entitled to recover, as an elderly person, any actual damages suffered, punitive damages, and if appropriate, reasonable attorney's fees.

If an elderly or disabled person suffers damage or injury as a result of a deceptive trade practice, he or his legal representative, if any, may commence a civil action against any person who engaged in the practice to recover the actual damages suffered by the elderly or disabled person, punitive damages, if appropriate, and reasonable attorney's fees. NRS 598.0977[27]

150.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) are violative of, but not limited to NRS 201.255(2):

Every person who makes a telephone call with intent to annoy another is, whether or not conversation ensues from making the telephone call, guilty of a misdemeanor.

151.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) are, in pertinent part, violative of, but not limited to NRS 598.0923(1) & (3), that in pertinent part states—

A person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she knowingly:

---

[27]**"Elderly person" defined.** "Elderly person" means a person who is 60 years of age or older. NRS 598.0933.

-43-

\*       \*       \*

3. **Violates a state or federal statute or regulation
relating to the sale or lease of goods or services**.
**(emphasis added)**.

**152.**     Plaintiff asserts, alleges and maintains that, because Defendants, and each of them (either individually or in concert with others, and either directly or indirectly) **were the causation of  multiple and intentional** of *unsolicited, illegal telemarketing and solicitation telephone calls* to Plaintiff's telephone numbers that has been on the National Do-Not-Call Registry, in violation of, but not limited to NRS 228.590(1) that, in pertinent part state:

> "...a telephone solicitor shall not intentionally make an unsolicited telephone call for the sale of goods or services to a telephone number in the currently effective version of the list of telephone numbers in the registry."[28]

**153.**     Plaintiff asserts, alleges and maintains that any violation of NRS 228.500-228.640 constitutes a "Deceptive Trade Practice."

> A violation of a provision of NRS 228.500 to 228.640, inclusive, constitutes a deceptive trade practice for the purposes of NRS 598.0903 to 598.0999, inclusive. NRS 228.620.

**154.**     Plaintiff asserts, alleges and maintains that the foregoing illegal, despicable conduct, acts, and omissions of Defendants were undertaken(either individually, or in concert with others, and either directly or indirectly) wantonly, willfully, knowingly, negligently, maliciously, intentionally, and in gross, reckless and conscious disregard of the rights of the Plaintiff.

**155.**     As a result of the foregoing acts and omissions of each Defendant, and in order to punish each Defendant for their malicious conduct, as well as to deter each Defendant from committing similar acts in the future as part of their *illegal, deceptive and harassing* practices, Plaintiff is entitled to recover actual damages, punitive damages and exemplary damages, from each Defendant, in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), and to be determined at trial.

---

[28]**"Telephone solicitor"** means a person who makes or causes another person or a machine to make an unsolicited telephone call for the sale of goods or services. NRS 228.520(1).

# XI.

## FOURTH CLAIM FOR RELIEF

**Plaintiff Is Entitled to Damages**
**For Defendants' Invasion of Plaintiff's Privacy and**
**Intrusion into the Seclusion Expected by Plaintiff**

Plaintiff repeats, realleges, and incorporates by reference paragraphs one through one hundred and fifty-five as aforementioned.

156.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that the invasion of Plaintiff's privacy and intrusion into the seclusion expected by Plaintiff are each actual [concrete] injuries entitling Plaintiff to damages.

157.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that an invasion of privacy occurs when someone, such as Defendants, *unjustifiably intrudes* on Plaintiff's privacy and intrusion into the seclusion expected by Plaintiff.

158.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that, in the instant matter, Plaintiff seeks to remedy, amongst their other *egregious acts*, Defendants' invasion of privacy, nuisance, trespass, and intrusion into Plaintiff's seclusion expected by Plaintiff in his home.[29]

159.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Defendants, and each of them (either individually, or in concert with others, and either directly, or indirectly) intentionally intruded upon Plaintiff's right to be left alone by initiating and causing multiple *unsolicited, illegal, deceptive and unsolicited telemarketing and solicitation telephone calls* to Plaintiff's landline and wireless telephone numbers, ignoring the fact that Plaintiff's telephone numbers are listed on the National DO-NOT-Call Registry.

---

[29]These kinds of torts have "long been heard by American courts, and the right of privacy is recognized by most states." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017). Even more so, Congress [has] also found that **telemarketing is "intrusive," a "nuisance," and "rightly regarded" as an "invasion of privacy**." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (internal citations and quotation marks omitted). Also see, *Nevada. PETA v. Berosini*, 110 Nev. 78, 867 P.2d 1121 (1994)("In PETA this court recognized the four torts of privacy set forth in Restatement (Second) of Torts § 652A (1977). One (1) of those *torts* is— "unreasonable intrusion upon the seclusion of another" (the other three (3) *torts* are not applicable to this matter).

**160.** That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that, by Defendants, and each of them, engaging in their *illegal telemarketing and solicitation telephone calls* to Plaintiff's landline and wireless telephone numbers, Plaintiff asserts that— Defendants, and each of them, in collusion with Defendants, and Defendants' owners, co-owners, officers, managers, employees, agents, representatives, affiliates, and Defendants' associates, and any other third parties affiliated or associated with Defendants— interfered with Plaintiff's right to be left alone by intruding upon Plaintiff's solitude and seclusion, and invading Plaintiffs privacy in a manner that would be highly offensive to a reasonable person, and which was highly offensive to Plaintiff.

**161.** That at all times relevant and material herein, Plaintiff asserts, alleges and maintains that each of the *unsolicited, illegal, unauthorized, deceptive and unsolicited telemarketing and solicitation telephone calls to Plaintiff*, and complained of herein, ***created a civil tort*** (hence damages) for ***Defendants intentional invasion*** into Plaintiff's expectation of privacy and intrusion into the solitude and seclusion expected by Plaintiff in his home.

**Unsolicited telemarketing phone calls, by their nature, invade the privacy and disturb the solitude of their recipients**. *Van Patten v. Vertical Fitness Group, LLC*, No. 14-55980 (9th Cir. Jan. 30, 2017). **Emphasis added**.

Congress [has] also found that **unregulated telemarketing was a "intrusive," a "nuisance," and "rightly regarded" as an "invasion of privacy**." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (internal citations and quotation marks omitted). Also see, *PETA v. Bobby Berosini, Ltd*., 111 Nev. 615, 630, 895 P.2d 1269, 1279 (1995)(In order for an individual to bring a claim for invasion of privacy based on intrusion upon seclusion, the individual must show: "1) an intentional intrusion (physical or otherwise); 2) on the solitude or seclusion of another. Also see Restatement (Second) of Torts § 652A & § 652B (1977); *Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946 (9th Cir. 06/19/2009); *Szefczek v. Beacon*, 286 N.J.Super. 247, 668 A.2d, 1099.

. . .

. . .

. . .

## XII.

## <u>FIFTH CLAIM FOR RELIEF</u>

### (Injunctive Relief)

Plaintiff repeats and realleges and incorporates by reference paragraphs one through one hundred and sixty-one as aforementioned.

162.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that 47 USC 227(c)(3) provides for injunctive relief (statutorily).  It states:

> (3) Private right of action

>> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

>>> (A) **an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation**,

>>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

>>> (C) both such actions.

**(emphasis added).**

163.    That at all times material and relevant hereto, Plaintiff asserts, alleges and maintains that Plaintiff requests an Order enjoining Defendants, and each of them, from continuing their *unsolicited, illegal, unauthorized, deceptive and harassing unsolicited telemarketing and solicitation telephone calls* without first complying with the Nevada Revised Statutes; the Telephone Consumer Protection Act; and the Rules and Regulations Implementing the TCPA.

. . .

. . .

. . .

**XIII.**

**DEMAND FOR JURY TRIAL**

Plaintiff repeats, realleges, and incorporates by reference paragraphs one through one hundred and sixty-three as aforementioned.

164.    Please take notice that Plaintiff **DEMANDS TRIAL BY JURY** in this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against each Defendant, jointly and severally, as follows:

(i)    For Injunctive relief pursuant to 47 USC 227(c)(5);

(ii)    For Defendants' failure to comply with the TCPA, 47 U.S.C. § 227(c)(5), Plaintiff is entitled to FIVE HUNDRED DOLLARS ($500.00) for each violation therein— accordingly, for each of Defendants' four (4) unsolicited, *illegal, deceptive and harassing telemarketing and solicitation telephone calls* to Plaintiff's telephone numbers, Plaintiff is entitled to statutory damages in the total amount of TWO THOUSAND DOLLARS ($2,000.00).

(iii)    Because each of Defendants' four (4) *unsolicited, illegal, deceptive and harassing telemarketing and solicitation telephone calls* to Plaintiff's telephone numbers were initiated and caused "*willfully*" or "*knowingly,*" Plaintiff *is entitled to treble damages* in the amount of SIX THOUSAND DOLLARS ($6,000.00). TCPA, 47 U.S.C. § 227(c)(5).

(iv)    That Plaintiff, for Defendants' failure to comply with several sections pursuant to 47 C.F.R. § 64.1200 et seq., is entitled to FIVE HUNDRED DOLLARS ($500.00) for each of the violations therein.

(v)    That, for Defendants' failure to comply with 47 C.F.R. § 64.1200(c)(1) & (2), Plaintiff is entitled to statutory damages in the total amount of TWO THOUSAND DOLLARS ($2,000.00).

(vi)    That, because each of Defendants' four (4) unsolicited, *illegal, deceptive and harassing telemarketing and solicitation telephone calls* to Plaintiff's telephone numbers (under 47 C.F.R. § 64.1200(c)(1) & (2)) were caused "*willfully*" or "*knowingly,*" Plaintiff is *entitled to treble damages* in the amount of SIX THOUSAND DOLLARS ($6,000.00).

**(vii)**    That, for Defendants' failure to comply with 47 C.F.R. § 64.1200(d)(1), Plaintiff is entitled to statutory damages in the total amount of TWO THOUSAND DOLLARS ($2,000.00).

**(viii)**    That, because each of Defendants' four (4) *unsolicited, illegal, deceptive and harassing telemarketing and solicitation telephone calls* to Plaintiff's landline and cellular telephone numbers (under 47 C.F.R. § 64.1200(d)(1)) were caused "*willfully*" or "*knowingly,*" Plaintiff is *entitled to treble damages* in the amount of SIX THOUSAND DOLLARS ($6,000.00).

**(ix)**    That, for Defendants' failure to comply with 47 C.F.R. § 64.1200(f)(2) & (3) Plaintiff is *entitled to statutory damages* in the total amount of TWO THOUSAND DOLLARS ($2,000.00).

**(x)**    That, because each of Defendants' four (4) *unsolicited, illegal, deceptive and harassing telemarketing and solicitation telephone calls* to Plaintiff's residential and wireless telephone numbers (under 47 C.F.R. § 64.1200(f)(2) & (3)) were caused "*willfully*" or "*knowingly,*" Plaintiff is *entitled to treble damages* in the amount of SIX THOUSAND DOLLARS ($6,000.00).

**(xi)**    That, for Defendants' violations of Nevada state laws, Defendants to pay Plaintiff punitive damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00)— to be determined at trial;

**(xii)**    That, for Defendants Invasion of Plaintiff's Privacy and Intrusion Into the Seclusion Expected by Plaintiff, Defendants to pay Plaintiff punitive damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00)— to be determined at trial;

**(xiii)**    For Plaintiff's fees and costs;

**(xiv)**    For such other and further relief as this Court deems just and proper.

DATED this 22nd day of April 2019.

PAUL D.S. EDWARDS,

_____/s/ Paul D.S. Edwards_____
Paul D.S. Edwards
713 Wheat Ridge Lane, Unit 203,
Las Vegas, NV 89145
Landline Telephone:   702.341.1776
Cellular Telephone:    702.893.1776
Email: p a u l d s e @ p a u l d s e d w a r d s . c o m
Plaintiff *pro se*

Electronically Filed
6/5/2019 3:45 PM
Steven D. Grierson
CLERK OF THE COURT

**NITD**
PAUL D.S. EDWARDS,
713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
Landline Telephone:   702.341.1776
Cellular Telephone:    702.893.1776
Email: pauldse@pauldsedwards.com
Plaintiff *pro se*

# DISTRICT COURT,

## CLARK COUNTY, NEVADA

PAUL D.S. EDWARDS,

**Plaintiff,**

*vs.*

JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,
a/k/a JUAN ANTONIO MAYEN,
and ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ,
and SERGIO BRANDON TAMEZ,
a/k/a SERGIO TAMEZ,
and DOES I-X, and ROE CORPORATIONS XI-XX, et al.

**Defendants.**

**CASE NO.:**  A-19-793329-C

**DEPT. NO.:** XI

**THREE (3) DAY NOTICE**

**OF INTENT TO TAKE DEFAULT AGAINST DEFENDANTS**

**TO:**    JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and
JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN,
and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ
**(collectively "Defendants");**

**TO:**    Evan Needham, NEEDHAM LAW FIRM, and,
Brian P. Clark, CLARK MC COURT,
**Attorneys for Defendants**.

**PLEASE TAKE NOTICE** that Plaintiff PAUL D.S. EDWARDS, *pro se* (**"Plaintiff"**), intends to take Default against Defendants JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and  JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and  SERGIO  BRANDON  TAMEZ, a/k/a SERGIO TAMEZ **(collectively "Defendants")**— unless, on or before June 11, 2018, Defendants shall Answer, or otherwise defend to Plaintiff's Complaint for Damages, Injunctive Relief, and Demand for Trial by Jury, and pay to the Clerk of the Eighth Judicial District Court, Clark County, Nevada, the Defendants' official Appearance fees.

DATED this 5th day of June 2019.

PAUL D.S. EDWARDS,

_____/s/ Paul D.S. Edwards_____
Paul D.S. Edwards
713 Wheat Ridge Lane, Unit 203
Las Vegas, Nevada 89145
Landline Telephone:  702.341.1776
Cellular Telephone:   702.893.1776
Email: pauldse@pauldsedwards.com
Plaintiff, *pro se*

. . .

. . .

. . .

**-2-**

## CERTIFICATE OF E-SERVICE

I HEREBY CERTIFY that on the 5th day of June 2019, pursuant to EDCR, Rule 8.05, I e-served a true and correct copy of the following document:

    **1.**    Three (3) Day Notice of Intent to Take Default Against Defendants

to the following email address[es]:


Brian P. Clark, CLARK MCCOURT,
bpc@clarkmccourt.com

Evan Needham, NEEDHAM LAW FIRM
realtylawyer@aol.com


_____
Designee for Plaintiff

**SUMM**

Electronically Filed
6/5/2019 3:45 PM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT,
# CLARK COUNTY, NEVADA

PAUL D.S. EDWARDS,

**Plaintiff**,

v.

JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
and JUAN MARTINEZ,
a/k/a JUAN A. MARTINEZ, JR.,
a/k/a JUAN ANTONIO MAYEN,
and ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ,
and SERGIO BRANDON TAMEZ,
a/k/a SERGIO TAMEZ,
and DOES I-X,
and ROE CORPORATIONS XI-XX, et al.

**Defendants.**

**CASE NO.:** A-19-793329-C

**DEPT. NO.:** XI

# SUMMONS - CIVIL

---

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT[S]:** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

    1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

        (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

        (b) Serve a copy of your response upon the attorney whose name and address is shown below.

    2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

    4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON, CLERK OF COURT

**Submitted by:**

**Name:** PAUL D.S. EDWARDS

**Address:** 713 Wheat Ridge Lane, Unit 203

**City/State/Zip:** Las Vegas, Nevada 89145

**Telephone No:** 702.341.1776

**Attorney for:** Plaintiff *pro se*

By: _____

Deputy Clerk        Date

APR 2 4 2019

Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

**COURTNIE HOSKIN**

**NOTE:** When service is by publication, add a brief statement of the object of the action.

**See Nevada Rules of Civil Procedure 4(b).**

## AFFIDAVIT OF SERVICE

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

I, Freddie Olige P #9576 , being duly sworn, says: That at all times herein, affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received 1 copy of the Summons and Complaint—Paul D.S. Edwards, Plaintiff, vs. Juan Martinez, Inc., d/b/a Century 21, Martinez & Associates, and Juan Martinez, a/k/a Juan A. Martinez, Jr., a/k/a Juan Antonio Mayen, and Elizabeth Martinez, a/k/a Elizabeth A. Martinez, and Sergio Brandon Tamez, a/k/a Sergio Tamez, and DOES I-X, and ROE Corporations XI-XX, et al., Defendants.— on the 26 day of APRIL 2019, and served 1 copy of the same on the 02 day of MAY 2019, by:

### (Affiant must complete the appropriate paragraph)

1.  Delivering and leaving a copy with the Defendant JUAN MARTINEZ Century 21
    at (state address) 4040 SOUTH EASTERN AVENUE #100 LAS VEGAS, NEVADA 89119

2.  Serving the Defendant_____ by personally delivering and
    leaving a copy with _____, a person of suitable age and
    discretion residing at the Defendant's usual place of abode located at
    (state address) _____

### [Use paragraph 3 for service upon agent, completing (a) or (b)]

3.  Serving the Defendant JUAN MARTINEZ by personally delivering
    and leaving a copy at (state address) 4040 SOUTH EASTERN AVENUE #100 LAS VEGAS, NEVADA 89119

    (a)  With JUAN MARTINEZ as RESIDENT AGENT , an agent
         lawfully designated by statute to accept service of process;

    (b)  With , pursuant to NRS 14.020 as a person of suitable age and
         discretion at the above address, which address is the address of
         the resident agent as shown on the current certificate of designation
         filed with the Secretary of State.

4.  Personally depositing, as stipulated to a copy of the Summons and Complaint
    in a mail box of the United States Post Office, enclosed in a sealed envelope,
    postage prepaid (Check appropriate method):

    ❑  Ordinary mail
    ❑  Certified mail, return receipt requested
    ❑  Registered mail, return receipt requested
    ❑  Express Mail, signature required

    addressed to Defendant _____ at Defendant's last known
address, which is _____.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this 02 day of MAY 2019.

Freddie Olige P #9576 / Freddie A. Olige
Signature of person making service



**SUMM**

**ORIGINAL**

Electronically Filed
6/5/2019 3:45 PM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT,
# CLARK COUNTY, NEVADA

PAUL D.S. EDWARDS,

**Plaintiff,**

v.

JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
and JUAN MARTINEZ,
a/k/a JUAN A. MARTINEZ, JR.,
a/k/a JUAN ANTONIO MAYEN,
and ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ,
and SERGIO BRANDON TAMEZ,
a/k/a SERGIO TAMEZ,
and DOES I-X,
and ROE CORPORATIONS XI-XX, et al.

**Defendants.**

**CASE NO.:** A-19-793329-C

**DEPT. NO.:** XI

**SUMMONS - CIVIL**

---

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT[S]:** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

    1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

        (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

        (b) Serve a copy of your response upon the attorney whose name and address is shown below.

    2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

    4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON, CLERK OF COURT

**Submitted by:**

**Name:** PAUL D.S. EDWARDS
**Address:** 713 Wheat Ridge Lane, Unit 203
**City/State/Zip:** Las Vegas, Nevada 89145
**Telephone No:** 702.341.1776
**Attorney for:** Plaintiff *pro se*

By: _____ APR 2 4 2019
    Deputy Clerk           Date
    Regional Justice Center   **COURTNIE HOSKIN**
    200 Lewis Avenue
    Las Vegas, NV 89155

**NOTE:** When service is by publication, add a brief statement of the object of the action.
See Nevada Rules of Civil Procedure 4(b).

## AFFIDAVIT OF SERVICE

STATE OF NEVADA       )
                      ) ss:
COUNTY OF CLARK    )

     I, **Freddie Olige P #9576**    , being duly sworn, says: That at all times herein, affiant **was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received** 1 copy of the Summons and **Complaint**—Paul D.S. Edwards, Plaintiff, vs. Juan Martinez, Inc., d/b/a Century 21, Martinez & Associates, and Juan Martinez, a/k/a Juan A. Martinez, Jr., a/k/a Juan Antonio Mayen, and Elizabeth Martinez, a/k/a Elizabeth A. Martinez, and Sergio Brandon Tamez, a/k/a Sergio Tamez, and DOES I-X, and ROE Corporations XI-XX, et al., Defendants.— **on the <u>01</u> day of <u>MAY</u> 2019, and served** 1 copy of the **same on the <u>01</u> day of <u>MAY</u> 2019, by:**

### (Affiant must complete the appropriate paragraph)

1.    Delivering and leaving a copy with the Defendant <u>SERGIO BRANDON TAMEZ</u> at (state address) <u>4040 SOUTH EASTERN AVENUE #100</u>   AKA SERGIO TAMEZ <u>LAS VEGAS, NEVADA 89119</u>

2.    Serving the Defendant_____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at (state address) _____

### [Use paragraph 3 for service upon agent, completing (a) or (b)]

3.    Serving the Defendant _____by personally delivering and leaving a copy at (state address) _____

     (a)    With _____as _____, an agent lawfully designated by statute to accept service of process;

     (b)    With , pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.    Personally depositing, as stipulated to a copy of the Summons and Complaint in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

                ❑    Ordinary mail
                ❑    Certified mail, return receipt requested
                ❑    Registered mail, return receipt requested
                ❑    Express Mail, signature required

       addressed to Defendant _____ at Defendant's last known address, which is _____.

     I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

     EXECUTED this <u>01</u> day of <u>MAY</u> 2019.

                            **Freddie Olige P #9576** / _Freddie A. Olige_
                               Signature of person making service

**SUMM**

Electronically Filed
6/5/2019 3:45 PM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT,
# CLARK COUNTY, NEVADA

PAUL D.S. EDWARDS,

**Plaintiff**,

v.

JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
and JUAN MARTINEZ,
a/k/a JUAN A. MARTINEZ, JR.,
a/k/a JUAN ANTONIO MAYEN,
and ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ,
and SERGIO BRANDON TAMEZ,
a/k/a SERGIO TAMEZ,
and DOES I-X,
and ROE CORPORATIONS XI-XX, et al.

**Defendants.**

**CASE NO.:**  A-19-793329-C

**DEPT. NO.:**  XI

**SUMMONS - CIVIL**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT[S]:** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

    1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

        (a)  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

        (b)  Serve a copy of your response upon the attorney whose name and address is shown below.

    2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

    4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON, CLERK OF COURT

**Submitted by:**

**Name:**     PAUL D.S. EDWARDS
**Address:**   713 Wheat Ridge Lane, Unit 203
**City/State/Zip:**  Las Vegas, Nevada 89145
**Telephone No:** 702.341.1776
**Attorney for:**  Plaintiff *pro se*

By: _____

APR 2 4 2019

Deputy Clerk  **COURTNIE HOSKINS** Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

**NOTE:  When service is by publication, add a brief statement of the object of the action.**
**See Nevada Rules of Civil Procedure 4(b).**

## AFFIDAVIT OF SERVICE

STATE OF NEVADA      )
                    ) ss:
COUNTY OF CLARK    )

I, __Freddie Olige P #9576__ , **being duly sworn, says: That at all times herein, affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received** 1 **copy of the Summons and Complaint**—Paul D.S. Edwards, Plaintiff, vs. Juan Martinez, Inc., d/b/a Century 21, Martinez & Associates, and Juan Martinez, a/k/a Juan A. Martinez, Jr., a/k/a Juan Antonio Mayen, and Elizabeth Martinez, a/k/a Elizabeth A. Martinez, and Sergio Brandon Tamez, a/k/a Sergio Tamez, and DOES I-X, and ROE Corporations XI-XX, et al., Defendants.— **on the** _26_ **day of** _APRIL_ **2019, and served** 1 **copy of the same on the** _02_ **day of** _MAY_ **2019, by:**

### (Affiant must complete the appropriate paragraph)

1. Delivering and leaving a copy with the Defendant _JUAN MARTINEZ AKA JUAN MARTINEZ JR. AKA JUAN ANTONIO MAYEN_ at (state address) _4040 SOUTH EASTERN AVENUE #100 LAS VEGAS NEVADA 89119_

2. Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at (state address) _____

### [Use paragraph 3 for service upon agent, completing (a) or (b)]

3. Serving the Defendant _____by personally delivering and leaving a copy at (state address) _____

   (a) With _____as _____, an agent lawfully designated by statute to accept service of process;

   (b) With , pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing, as stipulated to a copy of the Summons and Complaint in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

           ❏   Ordinary mail
           ❏   Certified mail, return receipt requested
           ❏   Registered mail, return receipt requested
           ❏   Express Mail, signature required

       addressed to Defendant __ _____ at Defendant's last known address, which is _____.

    I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this _02_ day of _MAY_ 2019.

Freddie Olige P #9576 / _Freddie A. Olup_
Signature of person making service

Electronically Filed
6/13/2019 9:12 AM
Steven D. Grierson
CLERK OF THE COURT

**DFLT (CIV)**
PAUL D.S. EDWARDS,
713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
Landline Telephone:   702.341.1776
Cellular Telephone:   702.893.1776
Email: pauldse@pauldsedwards.com
Plaintiff *pro se*

# DISTRICT COURT,

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PAUL D.S. EDWARDS, | **CASE NO.:**  A-19-793329-C |
| **Plaintiff,** | |
| *vs.* | **DEPT. NO.:** XI |
| JUAN MARTINEZ, INC.,<br>d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,<br>and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,<br>a/k/a JUAN ANTONIO MAYEN,<br>and ELIZABETH MARTINEZ,<br>a/k/a ELIZABETH A. MARTINEZ,<br>and SERGIO BRANDON TAMEZ,<br>a/k/a SERGIO TAMEZ,<br>and DOES I-X, and ROE CORPORATIONS XI-XX, et al. | |
| **Defendants.** | |

## <u>APPLICATION FOR ENTRY OF DEFAULT</u>

**TO:**   The Clerk of the Eighth Judicial District Court, Clark County, Nevada:

Plaintiff PAUL D.S. EDWARDS, *pro se* (**"Plaintiff"**) now moves The Clerk of the Eighth Judicial District Court, Clark County, Nevada, to enter a Default against Defendants JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ (**collectively "Defendants"**), for *failing to Answer*, or *otherwise defend* against Plaintiff's Complaint that was properly, timely, and legally served upon each Defendant.[1]

---

[1]Service of a Summons and Complaint was not perfected upon ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, accordingly she is not a party to this Application for Default.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.     RELEVANT FACTS:**

**1.      Service of Summons and Complaint:**

Plaintiff filed this lawsuit on April 22, 2019. On April 26, 2019, Plaintiff provided the Office of the Ex-Officio Constable with three (3) filed-stamped copies of the Complaint, with a copy of a Summons (issued by the Clerk of the Eighth Judicial District Court, Clark County Nevada) attached to the Complaint. Plaintiff also provide an Original for each Summons, that the Constable perfecting service was to complete and return to Plaintiff.

As evidenced on each Original Summons returned to Plaintiff, service was perfected upon Defendants as follows:

**(i)**     JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN was personally served a copy of the Complaint, with Summons attached thereto, on May 2, 2019;

**(ii)**    SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ was personally served a copy of the Complaint, with Summons attached thereto, on May 1, 2019; and,

**(iii)**   JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES was served on May 2, 2019, by serving a copy of the Complaint, with Summons attached, upon the Resident Agent, JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN.

A copy of each Summons is attached hereto and incorporated herein as **Exhibit 1 (Bates Nos. 002-007**, respectively).

**2.      Three (3) Day Notice to Take Default:**

On May 20, 2019, Plaintiff was e-served Defendants' Notice of Appearance (**"NOA"**), indicating that Defendants were represented by attorney Evan Needham, Esq., NEEDHAM LAW FIRM.[2] Even though a three (3) days notice before default is sought is not incorporated within the Nevada Rules of Civil Procedure (**"N.R.C.P."**), nor the Eighth Judicial District Court Rules (**"E.D.C.R."**), following the Nevada Rules of Professional Conduct (**"N.R.P.C."**), Rule 3.5A, and  opinions from Nevada's Supreme Court, on June 5, 2019, Plaintiff

---

[2] A copy of the NOA is attached hereto and incorporated herein as **Exhibit 2 (Bates No. 009)**.

1    filed, and served upon attorney Needham, a Three (3) Day Notice of Intent to Take Default Against

2    Defendants **("Notice")**.[3]

3         **(3)    Defendants Have *Failed to Appear* or *Otherwise Defend*:**

4              More than twenty (20) days have passed from the time the Defendants were [each]

5    served with a Summons and Complaint, and, with the exception of a [brief] telephone call (on June

6    7, 2019) from attorney Needham, advising Plaintiff Defendants will vigorously defend in this matter,

7    no Answer, or any other attempt to defend against this lawsuit has been filed and served— nor have

8    Defendants sought any extension of time to Answer, or otherwise defend.

9              On June 7, 2019, following the [brief] telephone call from attorney Needham, Plaintiff

10   emailed the following message to Mr. Needham—

11            Mr. Needham:
12            I do appreciate you contacting me regarding the Defendants JUAN
             MARTINEZ, INC. et al. However, I remind you that sufficient time
             has passed for Defendants to answer or otherwise defend (a response
13            to the Complaint was due on or before June 3, 2019). Moreover, I was
             never contacted to request any additional time for Defendants to
14            answer, or otherwise defend. As the 3 day notice indicates, I will
             withhold filing a default until June 11, 2019. Should you want to
15            discuss this case before then, you can contact me at your
             convenience.[4]
16

17            Defendants counsel **never responded to the email (*supra*), nor contacted Plaintiff**— either

18   to discuss the lawsuit, or to request additional time for Defendants to respond to Plaintiff's

19   Complaint.

20   . . .

21   . . .

22   . . .

23

24

25

26

---

27   [3]A copy of the Notice is attached hereto and incorporated herein as **Exhibit 3 (Bates No. 011-013)**.

28   [4]A copy of the email is attached hereto and incorporated herein as **Exhibit 4 (Bates No. 015)**.

**-3-**

1    **II.      CONCLUSION:**

2           For all of the aforementioned, and the supporting Exhibits, Plaintiff's Application for Entry

3    of  Default is warranted.

4           DATED this 13th day of June 2019.

5
                                           PAUL D.S. EDWARDS,
6

7                                              _____/s/ Paul D.S. Edwards_____
                                           Paul D.S. Edwards
8                                          713 Wheat Ridge Lane, Unit 203
                                           Las Vegas, Nevada 89145
9                                          Landline Telephone:   702.341.1776
                                           Cellular Telephone:    702.893.1776
10                                         Email: pauldse@pauldsedwards.com
                                           Plaintiff, *pro se*
11

12

13                               ─────────────────────────

14

15          The Default of the above-named Defendants, for failing to answer, or otherwise plead to

16   Plaintiff's Complaint, is hereby entered.

17

18                                         STEVEN D. GRIERSON, CLERK OF COURT

19

20   By: _____   6/13/2019
                                           Deputy Clerk                        Date
21                                         Regional Justice Center
                                           200 Lewis Avenue             A-19-793329-C
22                                         Las Vegas, NV 89155

23                                         Michelle McCarthy

24

25

26

27

28

                                       **-4-**

# EXHIBIT 1

**SUMM**

Electronically Filed
6/5/2019 3:45 PM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT,
# CLARK COUNTY, NEVADA

PAUL D.S. EDWARDS,

**Plaintiff**,

v.

JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
and JUAN MARTINEZ,
a/k/a JUAN A. MARTINEZ, JR.,
a/k/a JUAN ANTONIO MAYEN,
and ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ,
and SERGIO BRANDON TAMEZ,
a/k/a SERGIO TAMEZ,
and DOES I-X,
and ROE CORPORATIONS XI-XX, et al.

**Defendants.**

**CASE NO.:**  A-19-793329-C

**DEPT. NO.:**  XI

### SUMMONS - CIVIL

---

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT[S]:**  A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

    1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

        (a)  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

        (b)  Serve a copy of your response upon the attorney whose name and address is shown below.

    2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

    4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON, CLERK OF COURT

APR 2 4 2019

By: _____

**Submitted by:** _____

**Name:**  PAUL D.S. EDWARDS

**Address:**  713 Wheat Ridge Lane, Unit 203

**City/State/Zip:**  Las Vegas, Nevada 89145

**Telephone No:**  702.341.1776

**Attorney for:**  Plaintiff *pro se*

Deputy Clerk    **COURTNIE HOSKINS**    Date

Regional Justice Center

200 Lewis Avenue

Las Vegas, NV 89155

**NOTE:**  When service is by publication, add a brief statement of the object of the action.

See Nevada Rules of Civil Procedure 4(b).

**002**

## AFFIDAVIT OF SERVICE

| | |
|---|---|
| **STATE OF NEVADA** | ) |
| | ) **ss:** |
| **COUNTY OF CLARK** | ) |

I, ___Freddie Olige P #9576___ , being duly sworn, says: That at all times herein, affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received 1 copy of the Summons and Complaint—Paul D.S. Edwards, Plaintiff, vs. Juan Martinez, Inc., d/b/a Century 21, Martinez & Associates, and Juan Martinez, a/k/a Juan A. Martinez, Jr., a/k/a Juan Antonio Mayen, and Elizabeth Martinez, a/k/a Elizabeth A. Martinez, and Sergio Brandon Tamez, a/k/a Sergio Tamez, and DOES I-X, and ROE Corporations XI-XX, et al., Defendants.— on the _26_ day of _APRIL_ 2019, and served 1 copy of the same on the _02_ day of _MAY_ 2019, by:

### (Affiant must complete the appropriate paragraph)

1. Delivering and leaving a copy with the Defendant _JUAN MARTINEZ AKA JUAN MARTINEZ JR, AKA JUAN ANTONIO MAYEN_ at (state address) _4040 SOUTH EASTERN AVENUE #100 LAS VEGAS NEVADA 89119_

2. Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at (state address) _____

### [Use paragraph 3 for service upon agent, completing (a) or (b)]

3. Serving the Defendant _____by personally delivering and leaving a copy at (state address) _____

   (a) With _____as _____, an agent lawfully designated by statute to accept service of process;

   (b) With , pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing, as stipulated to a copy of the Summons and Complaint in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

   - ❏ Ordinary mail
   - ❏ Certified mail, return receipt requested
   - ❏ Registered mail, return receipt requested
   - ❏ Express Mail, signature required

   addressed to Defendant _____ at Defendant's last known address, which is _____.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this _02_ day of _MAY_ 2019.

Freddie Olige P #9576 / _Freddie A. Olige_
Signature of person making service

**003**

**SUMM**

ORIGINAL

Electronically Filed
6/5/2019 3:45 PM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT,
# CLARK COUNTY, NEVADA

PAUL D.S. EDWARDS,

**Plaintiff**,

v.

JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
and JUAN MARTINEZ,
a/k/a JUAN A. MARTINEZ, JR.,
a/k/a JUAN ANTONIO MAYEN,
and ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ,
and SERGIO BRANDON TAMEZ,
a/k/a SERGIO TAMEZ,
and DOES I-X,
and ROE CORPORATIONS XI-XX, et al.

**Defendants.**

**CASE NO.:**  A-19-793329-C

**DEPT. NO.:**  XI

**SUMMONS - CIVIL**

---

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT[S]:** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

      1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

          (a)  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

          (b)  Serve a copy of your response upon the attorney whose name and address is shown below.

      2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

      3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

      4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON, CLERK OF COURT

**Submitted by:** _[signature]_

**Name:** PAUL D.S. EDWARDS
**Address:** 713 Wheat Ridge Lane, Unit 203
**City/State/Zip:** Las Vegas, Nevada 89145
**Telephone No:** 702.341.1776
**Attorney for:** Plaintiff *pro se*

By: _[signature]_       APR 2 4 2019
   Deputy Clerk          Date
   Regional Justice Center  **COURTNIE HOSKIN**
   200 Lewis Avenue
   Las Vegas, NV 89155

**NOTE:  When service is by publication, add a brief statement of the object of the action.
See Nevada Rules of Civil Procedure 4(b).**

**004**

## AFFIDAVIT OF SERVICE

| | |
|---|---|
| **STATE OF NEVADA** | ) |
| | ) **ss:** |
| **COUNTY OF CLARK** | ) |

I, Freddie Olige P #9576 , **being duly sworn, says: That at all times herein, affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received** 1 copy of the Summons and Complaint—Paul D.S. Edwards, Plaintiff, vs. Juan Martinez, Inc., d/b/a Century 21, Martinez & Associates, and Juan Martinez, a/k/a Juan A. Martinez, Jr., a/k/a Juan Antonio Mayen, and Elizabeth Martinez, a/k/a Elizabeth A. Martinez, and Sergio Brandon Tamez, a/k/a Sergio Tamez, and DOES I-X, and ROE Corporations XI-XX, et al., Defendants.— **on the** O1 **day of** MAY **2019, and served** 1 copy of the same on the O1 **day of** MAY **2019, by:**

### (Affiant must complete the appropriate paragraph)

1. Delivering and leaving a copy with the Defendant SERGIO BRANDON TAMEZ at (state address) 4040 SOUTH EASTERN AVENUE #100   AKA SERGIO TAMEZ LAS VEGAS, NEVADA 89119

2. Serving the Defendant_____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at (state address) _____

### [Use paragraph 3 for service upon agent, completing (a) or (b)]

3. Serving the Defendant _____by personally delivering and leaving a copy at (state address) _____

   (a) With _____as _____, an agent lawfully designated by statute to accept service of process;

   (b) With , pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing, as stipulated to a copy of the Summons and Complaint in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

   ❏ Ordinary mail
   ❏ Certified mail, return receipt requested
   ❏ Registered mail, return receipt requested
   ❏ Express Mail, signature required

   addressed to Defendant _____ at Defendant's last known address, which is _____.

   I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

   EXECUTED this O1 day of MAY 2019.

   Freddie Olige P #9576   /Freddie A. Olige/
   Signature of person making service

   **005**

SUMM

Electronically Filed
6/5/2019 3:45 PM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT,
# CLARK COUNTY, NEVADA

PAUL D.S. EDWARDS,

**Plaintiff**,

v.

JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
and JUAN MARTINEZ,
a/k/a JUAN A. MARTINEZ, JR.,
a/k/a JUAN ANTONIO MAYEN,
and ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ,
and SERGIO BRANDON TAMEZ,
a/k/a SERGIO TAMEZ,
and DOES I-X,
and ROE CORPORATIONS XI-XX, et al.

**Defendants.**

**CASE NO.:** A-19-793329-C

**DEPT. NO.:** XI

## SUMMONS - CIVIL

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT[S]:**  A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    (a)  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    (b)  Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON, CLERK OF COURT

**Submitted by:**

**Name:**  PAUL D.S. EDWARDS

**Address:**  713 Wheat Ridge Lane, Unit 203

**City/State/Zip:**  Las Vegas, Nevada 89145

**Telephone No:**  702.341.1776

**Attorney for:**  Plaintiff *pro se*

By _____
Deputy Clerk                    Date

APR 2 4 2019

Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

**COURTNIE HOSKIN**

**NOTE:**  When service is by publication, add a brief statement of the object of the action.
See Nevada Rules of Civil Procedure 4(b).

**006**

## AFFIDAVIT OF SERVICE

**STATE OF NEVADA**     )
                           ) ss:
**COUNTY OF CLARK**     )

I, Freddie Olige P #9576 , being duly sworn, says: That at all times herein, affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received 1 copy of the Summons and Complaint—Paul D.S. Edwards, Plaintiff, vs. Juan Martinez, Inc., d/b/a Century 21, Martinez & Associates, and Juan Martinez, a/k/a Juan A. Martinez, Jr., a/k/a Juan Antonio Mayen, and Elizabeth Martinez, a/k/a Elizabeth A. Martinez, and Sergio Brandon Tamez, a/k/a Sergio Tamez, and DOES I-X, and ROE Corporations XI-XX, et al., Defendants.— on the _26_ day of _APRIL_ 2019, and served 1 copy of the same on the _02_ day of _MAY_ 2019, by:

**(Affiant must complete the appropriate paragraph)**

1.     Delivering and leaving a copy with the Defendant ~~JUAN MARTINEZ~~ _Century 21_
at (state address) _4040 SOUTH EASTERN AVENUE #100 LAS VEGAS, NEVADA 89119_

2.     Serving the Defendant_____ by personally delivering and
leaving a copy with _____, a person of suitable age and
discretion residing at the Defendant's usual place of abode located at
(state address) _____

**[Use paragraph 3 for service upon agent, completing (a) or (b)]**

3.     Serving the Defendant _JUAN MARTINEZ_ by personally delivering
and leaving a copy at (state address) _4040 SOUTH EASTERN AVENUE #100 LAS VEGAS, NEVADA 89119_

    (a)     With _JUAN MARTINEZ_ as _RESIDENT AGENT_, an agent
lawfully designated by statute to accept service of process;

    (b)     With , pursuant to NRS 14.020 as a person of suitable age and
discretion at the above address, which address is the address of
the resident agent as shown on the current certificate of designation
filed with the Secretary of State.

4.     Personally depositing, as stipulated to a copy of the Summons and Complaint
in a mail box of the United States Post Office, enclosed in a sealed envelope,
postage prepaid (Check appropriate method):

        ❑   Ordinary mail
        ❑   Certified mail, return receipt requested
        ❑   Registered mail, return receipt requested
        ❑   Express Mail, signature required

    addressed to Defendant_____ at Defendant's last known
address, which is _____.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this _02_ day of _MAY_ 2019.

Freddie Olige P #9576 / _Freddie A. Olige_
Signature of person making service

**007**

# EXHIBIT 2

**008**

Electronically Filed
6/5/2019 3:45 PM
Steven D. Grierson
CLERK OF THE COURT

1  **NITD**
PAUL D.S. EDWARDS,
2  713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
3  Landline Telephone:   702.341.1776
Cellular Telephone:    702.893.1776
4  Email: pauldse@pauldsedwards.com
Plaintiff *pro se*

5

6

7                           **DISTRICT COURT,**

8                      **CLARK COUNTY, NEVADA**

9

10  PAUL D.S. EDWARDS,                    | **CASE NO.:**  A-19-793329-C

11              **Plaintiff,**

12                  *vs.*                 | **DEPT. NO.:** XI

13  JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
14  and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,
a/k/a JUAN ANTONIO MAYEN,
15  and ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ,
16  and SERGIO BRANDON TAMEZ,
a/k/a SERGIO TAMEZ,
17  and DOES I-X, and ROE CORPORATIONS XI-XX, et al.

18              **Defendants.**

19

20

21                  **THREE (3) DAY NOTICE**

22      **OF INTENT TO TAKE DEFAULT AGAINST DEFENDANTS**

23

24  **TO:**   JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and
25         JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN,
         and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ
26         **(collectively "Defendants");**

27  **TO:**   Evan Needham, NEEDHAM LAW FIRM, and,
         Brian P. Clark, CLARK MC COURT,
28         **Attorneys for Defendants**.

## 009

**PLEASE TAKE NOTICE** that Plaintiff PAUL D.S. EDWARDS, *pro se* (**"Plaintiff"**), intends to take Default against Defendants JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and  JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and  SERGIO  BRANDON  TAMEZ, a/k/a SERGIO TAMEZ (**collectively "Defendants"**)— unless, on or before June 11, 2018, Defendants shall Answer, or otherwise defend to Plaintiff's Complaint for Damages, Injunctive Relief, and Demand for Trial by Jury, and pay to the Clerk of the Eighth Judicial District Court, Clark County, Nevada, the Defendants' official Appearance fees.

DATED this 5th day of June 2019.

PAUL D.S. EDWARDS,

_____/s/ Paul D.S. Edwards_____
Paul D.S. Edwards
713 Wheat Ridge Lane, Unit 203
Las Vegas, Nevada 89145
Landline Telephone:  702.341.1776
Cellular Telephone:    702.893.1776
Email: pauldse@pauldsedwards.com
Plaintiff, *pro se*

. . .

. . .

. . .

-2-

**010**

**CERTIFICATE OF E-SERVICE**

I HEREBY CERTIFY that on the 5th day of June 2019, pursuant to EDCR, Rule 8.05, I e-served a true and correct copy of the following document:

1.      Three (3) Day Notice of Intent to Take Default Against Defendants

to the following email address[es]:

Brian P. Clark, CLARK MCCOURT,
bpc@clarkmccourt.com

Evan Needham, NEEDHAM LAW FIRM
realtylawyer@aol.com

_____
Designee for Plaintiff

**-3-**

**011**

# EXHIBIT 3

1    NOTA
     NEEDHAM LAW FIRM
2    Evan Needham, Esq.
     Nevada State Bar #7841
3    3216 West Charleston Blvd. Ste. A
     Las Vegas, NV 89102
4    T: 702-258-5858
     E: RealtyLawyer@aol.com
5    Attorney for Defendants

6              EIGHTH JUDICIAL DISTRICT COURT
                    CLARK COUNTY, NEVADA
7

8    PAUL EDWARDS                          Case No:  A-19-793329-C
                                           Dept No:  11
9                           Plaintiff,

10   vs.

11   JUAN MARTINEZ, INC., et al,

12
                            Defendants.
13   TO: PAUL EDWARDS

14            **DEFENDANTS' NOTICE OF APPEARANCE**

15          Without waiving defenses and objections including lack of jurisdiction and insufficient

16   service of process, Defendants intend to vigorously defend against all claims. Pursuant to public

17   policy, do not take any adverse actions without first contacting the undersigned.

18          Dated: May 20, 2019              _/s/ Evan Needham_____
19                                           Evan Needham, Esq.
                                             Attorney for Defendants
20

21            CERTIFICATE OF SERVICE

22          Pursuant to NRCP 5 and NEFCR 9, the undersigned electronically served a NOTA, via

23   the court's e-file and serve system, on Plaintiff Paul Edwards at pauldse@pauldsedwards.com

24          Date: May 20, 2019               _/s/ Evan Needham_____
25                                           Evan Needham, Esq.
                                             Attorney for Defendants
26

27

28

**013**

# EXHIBIT 4

**014**

**From:**     Paul D S Edwards
**To:**       RealtyLawyer@aol.com
**Subject:**  Paul D.S. Edwards v. Juan Martinez,, Inc., et al.
**Date:**     Friday, June 07, 2019 3:58:00 PM

Mr. Needham:

I do appreciate you contacting me regarding the Defendants JUAN MARTINEZ, INC. et al. However, I remind you that sufficient time has passed for Defendants to answer or otherwise defend (a response to the Complaint was due on or before June 3, 2019). Moreover, I was never contacted to request any additional time for Defendants to answer, or otherwise defend. As the 3 day notice indicates, I will withhold filing a default until June 11, 2019. Should you want to discuss this case before then, you can contact me at your convenience.

Respectfully,

Paul D.S. Edwards

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

Furthermore, unless otherwise stated,  all telephone conversations are recorded.

**015**

Electronically Filed
6/13/2019 4:17 PM
Steven D. Grierson
CLERK OF THE COURT

NOTA
NEEDHAM LAW FIRM
Evan Needham, Esq.
Nevada State Bar #7841
3216 West Charleston Blvd. Ste. A
Las Vegas, NV 89102
T: 702-258-5858
E: RealtyLawyer@aol.com
*Attorney for Defendants*
*Juan Martinez, Inc.,*
*Juan Martinez, and*
*Sergio Tamez*

EIGHTH JUDICIAL DISTRICT COURT
CLARK COUNTY, NEVADA

PAUL D.S. EDWARDS

      Plaintiff,

vs.

JUAN MARTINEZ, INC., et al,

      Defendants.

Case No:   A-19-793329-C
Dept No:   11

### **Defendants' Notice of Appearance**

 Without waiving defenses including insufficient service of process, Defendants intend to vigorously defend against all claims. A responsive pleading to follow.

 Dated: JUNE 13, 2019

           /s/ Evan Needham
           Evan Needham, Esq.
           Attorney for Defendants

### CERTIFICATE OF SERVICE

 On date of filing and pursuant to NRCP 5 and NEFCR 9, the undersigned served this NOTA, via the court's e-file and serve system, on Plaintiff Edwards at pauldse@pauldsedwards.com

           /s/ Evan Needham
           Evan Needham, Esq.
           Attorney for Defendants

Electronically Filed
6/13/2019 4:17 PM
Steven D. Grierson
CLERK OF THE COURT

IAFD
NEEDHAM LAW FIRM
Evan Needham, Esq.
Nevada State Bar #7841
3216 West Charleston Blvd. Ste. A
Las Vegas, NV 89102
T: 702-258-5858
E: RealtyLawyer@aol.com
*Attorney for Defendants*
*Juan Martinez, Inc.,*
*Juan Martinez, and*
*Sergio Tamez*

EIGHTH JUDICIAL DISTRICT COURT
CLARK COUNTY, NEVADA

PAUL D.S. EDWARDS

                        Plaintiff,

vs.

JUAN MARTINEZ, INC., et al,

                        Defendants.

Case No:   A-19-793329-C
Dept No:   11

**Defendants' Initial Appearance Fee Disclosure**
Pursuant to N.R.S 19

Defendants: *Juan Martinez, Inc., Juan Martinez, and Sergio Tamez*, submit an initial

appearance fee in the amount of: $223 for filing a First Appearance to a Complaint + $30 for

each additional defendant. TOTAL FEE = **$313 .**

Dated: JUNE 13, 2019                    */s/ Evan Needham*
                                         Evan Needham, Esq.
                                         702-258-5858, Ext. 1
                                         Attorney for Defendants

CERTIFICATE OF SERVICE

On the date of e-filing and pursuant to NRCP 5 and NEFCR 9, the undersigned served the

above, via the court's e-file and serve system, on Plaintiff Edwards at

pauldse@pauldsedwards.com

                                         */s/ Evan Needham*
                                         Evan Needham, Esq.
                                         Attorney for Defendants

Electronically Filed
6/14/2019 3:56 PM
Steven D. Grierson
CLERK OF THE COURT

ANS
NEEDHAM LAW FIRM
Evan Needham, Esq.
Nevada State Bar #7841
3216 West Charleston Blvd. Ste. A
Las Vegas, NV 89102
T: 702-258-5858
E: RealtyLawyer@aol.com
*Attorney for Defendants*
*Juan Martinez, Inc.,*
*Juan A. Martinez, JR. and*
*Sergio B. Tamez*

EIGHTH JUDICIAL DISTRICT COURT
CLARK COUNTY, NEVADA

PAUL D.S. EDWARDS

Plaintiff,

vs.

JUAN MARTINEZ, INC., *d/b/a* Century 21,
Martinez & Associates, JUAN MARTINEZ,
*a/k/a* JUAN A. MARTINEZ, JR., SERGIO
BRANDON TAMEZ, ELIZABETH
MARTINEZ, *a/k/a* ELIZABETH A
MARTINEZ, DOES 1-X, and ROE
CORPORATIONS XI-XX

Defendants.

Case No:   A-19-793329-C
Dept No:   11

## ANSWER

Defendants *Juan Martinez, Inc., Juan A. Martinez, JR., and Sergio B. Tamez* deny all allegations in Plaintiff's complaint on the following grounds: (a) The allegations are false, (b) Defendants' lack sufficient knowledge to form a belief as to the truth of the allegation; (c) The allegation is unrelated to a question of fact, (d) The allegation involves another party, or (d) The allegation involves a legal conclusion or a question of law to be decided by the trier of fact.

However, allegation ¶11 is admitted in part and denied in part (Defendant corporation is incorporated in the State of Nevada is admitted. However, Plaintiff incorrectly names Defendant corporation's trade names); Allegation ¶12 is admitted in part and denied in part (Defendant corporation has an office at 4040 S. Eastern Avenue as alleged. However, Plaintiff incorrectly names Defendant corporation's trade names); Allegation ¶15 is admitted in part and denied in part (Defendant corporation has a corporate real estate issued through the State of Nevada. However, Defendant corporation does not know what Plaintiff means by "Clark County business license service"); and Allegation ¶58 is admitted in part and denied in part (Defendant Tamez works as an independent contractor, in control of his own means and methods, and he focuses on residential real estate transactions, not commercial real estate transactions).

Page 1 of 2

**AFFIRMATIVE DEFENSES**

1.     Defendant's corporate veil and corporate immunity;

2.     Defendants' good faith (good faith is inconsistent with intent under state and federal law);

3.     Plaintiff's lack of standing (e.g., Plaintiff has no standing against corporate officers);

4.     Estoppel;

5.     Waiver;

6.     Independent Contractor (i.e., a principle who engages an independent contractor is not liable for the acts of the independent contractor);

7.     Plaintiff's failure to mitigate damages;

8.     Plaintiff's failure to be within "the class" intended by statute or legislature;

9.     Plaintiff's Unclean hands;

10.     Plaintiff's Assumption of Risk

11.     Plaintiff's Provocation

12.     Plaintiff's Avoidable Consequences

13.     Plaintiff's Vexatious Pleading and Abuse of Process;

14.     Disentitlement;

15.     Plaintiff has caused his own alleged loss, harm or damages (e.g., Plaintiff continues to publish, to the world at large, his alleged phone number on various public records);

16.     Plaintiff's comparative fault exceeds fifty percent and Plaintiff is barred from recovery;

17.     Plaintiff's failure of condition precedent;

18.     Plaintiff's failure to state a claim upon which relief may be granted; and

19.     All other affirmative defenses expressed within Rule 8(c), implied, or raised in papers.


        WHEREFORE, Defendants request dismissal of Plaintiff's entire action and claims for relief. Furthermore, Defendants request that this Court award Defendants' all of their legal fees, costs, and all other relief this Court deems just and proper under Rule 54.


        Dated: JUNE 13, 2019                    _/s/ Evan Needham_____
                                                Evan Needham, Esq.

                        CERTIFICATE OF SERVICE
        On date of filing, and pursuant to NRCP 5 and NEFCR 9, this ANSWER was served, via the court's e-file and serve system, on Plaintiff Edwards at pauldse@pauldsedwards.com


                                                _/s/ Evan Needham_____
                                                Evan Needham, Esq.

Electronically Filed
6/25/2019 12:55 PM
Steven D. Grierson
CLERK OF THE COURT

**DSST**
PAUL D.S. EDWARDS,
713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
Landline Telephone:   702.341.1776
Cellular Telephone:   702.893.1776
Email: pauldse@pauldsedwards.com
Plaintiff *pro se*

# DISTRICT COURT,

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PAUL D.S. EDWARDS, | **CASE NO.:** A-19-793329-C |
| **Plaintiff,** | |
| *vs.* | **DEPT. NO.:** XI |
| JUAN MARTINEZ, INC.,<br>d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,<br>and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,<br>a/k/a JUAN ANTONIO MAYEN,<br>and ELIZABETH MARTINEZ,<br>a/k/a ELIZABETH A. MARTINEZ,<br>and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ,<br>and DOES I-X, and ROE CORPORATIONS XI-XX, et al. | |
| **Defendants.** | |

### DISCLOSURE STATEMENT
### PURSUANT TO NEV. R. CIV. P., RULE 7.1(a)

For the Plaintiff, there are no known interested parties other than Plaintiff PAUL D.S. EDWARDS, *pro se*, participating in the case.

DATED this 25th day of June 2019.

PAUL D.S. EDWARDS,

 /s/ Paul D.S. Edwards

PAUL D.S. EDWARDS,
713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
Landline Telephone:   702.341.1776
Cellular Telephone:   702.893.1776
Email:pauldse@pauldsedwards.com
Plaintiff, *pro se*

# CERTIFICATE OF E-SERVICE

I HEREBY CERTIFY that, on the 25th day of June 2019, pursuant to the Nevada Electronic Filing and Conversion Rules (NEFCR) & N.R.C.P., Rule 5(b)(4), I e-filed and e-served a true and correct copy of the following document:

**1.**     Disclosure Statement Pursuant to Nev. R. Civ. P., Rule 7.1(a)

to the following:

Evan Needham, NEEDHAM LAW FIRM
realtylawyer@aol.com

_____
Designee for Plaintiff

-2-

Electronically Filed
6/25/2019 6:12 PM
Steven D. Grierson
CLERK OF THE COURT

DSST
NEEDHAM LAW FIRM
Evan Needham, Esq.
Nevada State Bar #7841
3216 West Charleston Blvd. Ste. A
Las Vegas, NV 89102
T: 702-258-5858
E: RealtyLawyer@aol.com
*Attorney for Defendants*
*Juan Martinez, Inc.,*
*Juan Martinez, and*
*Sergio Tamez*

EIGHTH JUDICIAL DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| PAUL D.S. EDWARDS<br><br>                              Plaintiff,<br><br>vs.<br><br>JUAN MARTINEZ, INC., et al,<br><br><br>                              Defendants. | Case No:   A-19-793329-C<br>Dept No:   11 |

## **DEFENDANT'S DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1**

Pursuant to NRCP 7.1, Defendant JUAN MARTINEZ, INC. discloses: It has no parent

entity and no other entity owns 10% or more of Defendant's stock or other ownership interest.

Dated: June 25, 2019                            */s/ Evan Needham*
                                                                  Evan Needham, Esq.
                                                                  Attorney for Defendants

CERTIFICATE OF SERVICE

On date of filing and pursuant to NRCP 5 and NEFCR 9, the undersigned served this

document, via the court's e-file and serve system, on Plaintiff at pauldse@pauldsedwards.com

                                                                  */s/ Evan Needham*
                                                                  Evan Needham, Esq.
                                                                  Attorney for Defendants

Electronically Filed
6/27/2019 8:28 PM
Steven D. Grierson
CLERK OF THE COURT

1   **MCOM**
PAUL D.S. EDWARDS,
2   713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
3   Landline Telephone:   702.341.1776
Cellular Telephone:   702.893.1776
4   Email: pauldse@pauldsedwards.com
Plaintiff *pro se*
5

6                       **DISTRICT COURT,**

7                 **CLARK COUNTY, NEVADA**

8

9   PAUL D.S. EDWARDS,                              **CASE NO.:** A-19-793329-C

10                  **Plaintiff,**

11                      *vs.*                        **DEPT. NO.:** XI

12   JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
13   and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,    **HEARING REQUESTED**
a/k/a JUAN ANTONIO MAYEN,
14   and ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ,
15   and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ,
and DOES I-X, and ROE CORPORATIONS XI-XX, et al.
16
                    **Defendants.**
17

18

19

20

21                **MOTION TO COMPEL DEFENDANTS**
22          **TO ATTEND THE N.R.C.P., RULE 16.1 CONFERENCE**

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION:**

The Complaint in this action was filed on April 22, 2019, and service was timely perfect by the Office of the Ex-Officio Constables office.[1] On May 20, 2019, Plaintiff received, via NEFCR & N.R.C.P., Rule 5(b)(4), Defendants Notice of Appearance.[2]

As a consequence of **Defendants failure to Answer, or otherwise defend** against Plaintiff's Complaint, on June 5, 2019, Plaintiff filed, and, pursuant to NEFCR & N.R.C.P., Rule 5(b)(4) and e-served upon Defendants attorney, a Three (3) Day Notice of Intent to Take Default.

Subsequently, on June 7, 2019, Defendants counsel, Evan Needham, NEEDHAM LAW FIRM, contacted Plaintiff by telephone.

The majority of Mr. Needham's [brief] conversation, was as follows—

> "...Defendants intend to vigorously defend themselves, and this is also verbal, they intend to vigorously defend themselves, and a response should be filed...by Tuesday...".[3]

Shortly after the telephone conversation, Plaintiff sent the following message (via email) to Mr. Needham—

> Mr. Needham:
> I do appreciate you contacting me regarding the Defendants JUAN MARTINEZ, INC. et al. However, I remind you that sufficient time has passed for Defendants to answer or otherwise defend (a response to the Complaint was due on or before June 3, 2019). Moreover, I was never contacted to request any additional time for Defendants to answer, or otherwise defend. As the 3 day notice indicates, I will withhold filing a default until June 11, 2019. Should you want to discuss this case before then, you can contact me at your convenience.

. . .

. . .

---

[1]Defendant SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ was served on May 1, 2019. Defendants JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, were [each] served on May 2, 2019.

[2]This Notice of Appearance **was not filed**.

[3]Plaintiff believed the reference to Tuesday was designating June 11, 2019.

Not receiving [any] further contact from Defendants [counsel], on June 13, 2019@9:12 a.m., Plaintiff filed, and, pursuant to NEFCR & N.R.C.P., Rule 5(b)(4), e-served a copy of Plaintiff's Application for Entry of Default. **Subsequent to the [accepted] filing of Plaintiff's Application for Entry of Default**, on June 14, 2019@3:56 p.m., Defendants filed and e-served their *fugitive Answer*.

Overlooking Defendants *untimely filing of their fugitive Answer*, on June 19, 2019, Plaintiff email the following message to Defendants attorney—

> Mr. Needham:
> I am available for the 16.1 meet & confer, to take place at your office.
> Please advise me which date and time is agreeable with you.
>> June 27, 2019@10:00 a.m., or 2:30 p.m.
>> July 2, 2019@11:00 a.m.
>> July 3,  2019@ 1:30 p.m.
>> July 8, 2019@2:00 p.m.

The June 20, 2019 response to that email was unexpected and bewildering—

> Mr Edwards, select another place in Las Vegas for the ECC and, thereafter, we can discuss the mode of attendance, date and time.
> Evan Needham

For clarification, Plaintiff responded to attorney Needham—

> Mr. Needham:
> I don't understand. Is there a reason we can't meet at your office??

Not receiving a reply to my question— Is there a reason we can't meet at your office??— on June 21, 2019, Plaintiff emailed the following message to Defendants counsel—

> Mr. Needham:
> As the responsible party for designating the time and place for the parties 16.1 conference, I propound that the 16.1 conference will take place at your office, located at 3216 W, Charleston Ave., Ste. A, [either] on June 27, 2019 at 10:00 a.m., or on July 2, 2019@11:00 a.m. However, should a date and time, between June 27, 2019 and July 8, 2019 be more convenient for you, please provide 2 choices so I can adjust my schedule to a more convenient time for you and I to meet & confer, as mandated under NRCP, Rule 16.1. Nevertheless, if you rather have the 16.1 meet & confer at a different location, other than your office, you can pay any fees required for causing our meet & confer to take place at a location other than your office.
> Should you refuse to meet & confer, I will file a Motion to Compel, and you can explain your reluctance and position to the Court. I expect a date and time to be provided by Monday, June 24, 2019, before I take further action.

**-3-**

1        On June 25, 2019, Defendants counsel [finally] responded to my June 21, 2019 email,

2    however, no answer to Plaintiff's question ("Is there a reason we can't meet at your office"??) was

3    provided. What was provided left Plaintiff confounded.

4
> Mr. Edwards, Defendants wish to meet and confer ASAP. Please
5
> designate a place (besides 3216 W. Charleston Ave[4]) which is
> mutually agreeable for our early case conference. Thereafter, I can
> call you and we can discuss time, mode, and hour for our conference.
6
> Lastly, Defendants will not be paying any fees for Plaintiff's
> conference duties.

7

8        Having engaged in a "good faith" effort, to conduct a 16.1 conference, and it appearing

9    Defendants, by and through their counsel Evan Needham, NEEDHAM LAW FIRM, refuse to

10    comply with N.R.C.P., Rule 16.1(b)(4)(A), on June 25, 2019, Plaintiff e-served a missive reviewing

11    Plaintiff's attempts to meet & confer, and conduct a 16.1 conference. A copy of that missive is

12    attached hereto and incorporated herein as **Exhibit 2 (Bates Nos. 000-000)**.

13    As expected, *Defendants non-sensible reply* was not unexpected:

14
> Mr. Edwards, Defendants wish to meet and confer ASAP. Please
15
> designate a place (besides 3216 W. Charleston Ave) which is
> mutually agreeable for our early case conference. Thereafter, I can
16
> call you and we can discuss time, mode, and hour for our conference.
> Lastly, Defendants will not be paying any fees for Plaintiff's
> conference duties.
17
> Sincerely,
> Evan Needham, Esq.
18
> 702-258-5858, Ext. 1

19    After a review of Defendant counsels e-served letter, and attorney Needham's [*continued*]

20    *refusal* to provide any valid, logical reason for refusing to have the 16.1 conference at attorney

21    Needham's office location, Plaintiff sent the following email to Mr. Needham:

22
> Mr. Needham:
> I have received and reviewed your e-served letter (date 06.26.19)
23
> pertaining to the 16.1 conference. In that letter you continue to refuse
> to meet with me unless I designate a location other than your office
24
> located at 3216 W. Charleston Avenue, Suite A, Las Vegas, NV.

25

26
[4]This is attorney Needham's office location. A photo, from attorney Needham's web page is attached
27
hereto and incorporated herein as **Exhibit 1 (Bates No. 000-000)**.

28                                        **-4-**

First - As you know, I do not have an office location, hence, for each of the 16.1 conferences I have attended, they all took place at the opposing counsel's office.  Consequently, to meet your demand, of a location other than your office, I would be required to rent an office, for a fee, which I will not do. The only other alternative would be to hold the 16.1 conference at a restaurant or in a lobby somewhere – and I do not believe Judge Gonzalez would look favorably upon that.
Second - You have refused to provide a [logical] reason as to why/what prevent's having our 16.1 conference at your office, where, I presume, you do meet clients, and potential clients. I would find it impractical, and unbelievable that you tell your clients, or potential clients, that they must select a location to meet with you, other than your office location.
Accordingly, please provide me with a valid, rational reason as to why/what prevent's having our 16.1 conference at your office.

Shortly thereafter, Plaintiff received, from Defendants attorney Needham, the *most dumbstruck reply* to the 16.1 meet & confer issue.

**Have you ever rented a conference room for $25 to $35 dollars? (emphasis added)**.

Plaintiff, in his reply to attorney Needham's *nonsensical suggestion*, that Plaintiff rent [and pay for] a location to conduct the 16.1 conference, responded accordingly—

No! And I don't intend to start paying for a conference room now. However, if you or your clients want to pay for a conference room, I am amenable to that.
Nevertheless, you continue to refuse to provide a valid reason why the 16.1 can't be held at your office.

On June 27, 2019@9:02 a.m., Plaintiff called attorney Evan Needham— however, Mr. Needham did not answer Plaintiff's call, but, instead, Plaintiff's call went to Mr. Needham's voicemail. Paraphrasing Plaintiff's voice-message— Mr. Needham, please contact me by end of today, and provide a valid, logical reason why the 16.1 conference cannot be held at your office.

As of the filing of Plaintiff's Motion to Compel Defendants to Attend the N.R.C.P., Rule 16.1 Conference, Defendants counsel has not responded to Plaintiff's voice-message, nor, by all of Plaintiff's attempts, is willing to cooperate in the procedural process.

. . .

. . .

. . .

-5-

## II.    LEGAL ARGUMENTS:

Pursuant to N.R.C.P., Rule 16.1(b)(4)(A)—

> Unless the parties agree or the court orders otherwise, **the plaintiff is responsible for designating the time and place of each conference**. **(emphasis added)**.

Here, Plaintiff [as the responsible party] has designated the office of Defendants attorney Evan Needham to hold the mandated 16.1 conference. However, as evidenced by the [many] communications between Plaintiff, and Defendants attorney Evan Needham, Mr. Needham refused, without explanation, to have the conference at his office— as designated by Plaintiff.

Pursuant to N.R.C.P., Rule 16.1(e)(3):

> If an attorney fails to reasonably comply with any provision of this rule...the court, on motion or on its own, should impose upon a party or a party's attorney, or both, appropriate sanctions in regard to the failure(s) as are just, including the following:
>
> (A) any of the sanctions available under Rules 37(b) and 37(D); or
> (B) an order prohibiting the use of any witness, document, or tangible thing that should have been disclosed, produced, exhibited, or exchanged under Rule 16. l(a).

Here, Plaintiff has made a "good faith" attempt to schedule the [required] Rule 16.1 meet & confer, yet, has continuously been met with complete resistence from Defendants attorney Evan Needham.

As the N.R.C.P., Rule 16.1 [unambiguously] states— "...the plaintiff is responsible for designating the time and place of each conference." Wording that Mr. Needham agrees with.

In attorney Needham's 06.25.19 email to Plaintiff, Mr. Needham concurs that it is Plaintiff's responsibility to comply with Rule 16.1(b)(4)(A)— "Defendants will not be paying any fees **for Plaintiff's conference duties**." Pge. 4, ¶¶ 8-9, *supra*. **(emphasis added)**.

### 1.    Plaintiff Has Made a GOOD FAITH Effort to Convene a 16.1 Conference:

Generally, a "good faith" effort requires more that one telephone call. See *Daw Indus., Inc. v. Hanger Orthopedic Grp., Inc.*, No. CIV 06-1222-JAH-NLS, 2009 WL 55989, at *1 (S.D. Cal. Jan. 8, 2009) (noting that "a single phone call followed by a letter the same day concluding that the meet and confer effort had failed does not constitute a good faith attempt to resolve the dispute without need of court intervention[]").

1    In this case, Plaintiff [not only] placed two telephone calls to attorney Needham, but [also]

2    sent several e-mails, and a lengthy missive. Nonetheless, Defendants attorney's replies were

3    repetitious— find a different location in Las Vegas, even if Plaintiff must pay for that location. Yet,

4    ***Defendants attorney refused to provide an answer*** to Plaintiff's repetitious question— provide a

5    valid, logical reason why the 16.1 conference can not be held at attorney Needham's office.

6    Defendants and their counsel holds that compromise, for a location to conduct a 16.1

7    conference, is for Plaintiff to incur a cost, rather than have the conference at Defendants counsel's

8    location for free. Yet, Defendants refuse to incur a cash outlay for a different location, as they

9    suggest. In other words— without providing any valid, sensible reason for refusing to hold the 16.1

10   conference at Mr. Needham's office location [convenient to Plaintiff and Mr. Needham] at 3216 W.

11   Charleston Avenue, Suite A, Las Vegas, NV, Defendants suggest that Plaintiff pay for a different

12   location— some other location that Defendants refuse to pay for.

13   **III.   CONCLUSION:**

14   The only compromise, as [unambiguously] stated by Defendants,[5] is for Plaintiff to pay for

15   a location, other than Defendants attorney's office. Yet, Defendants ***refuse*** to provide any reason for

16   not holding the 16.1 meet & confer at attorney Needham's law office. As Defendants counsel stated,

17   it is "...Plaintiff's conference duties" for designating the time and place of the conference.

18   In all the years I have been involved in litigation, both in state and federal courts, this is the

19   first, and only time, an attorney has refused to conduct any type of conference at the attorneys office.

20   Factually, the attorneys I've been involved in litigation with, enjoyed meeting at their office(s), it

21   was on their territory, and very convenient for both them and me.

22   . . .

23   . . .

24   . . .

25

26

27

28   [5]"Have you ever rented a conference room for $25 to $35 dollars?" Pge. 5, ¶ 14.

-7-

Accordingly, for all of the aforementioned, Defendants must be ordered to conduct the 16.1 conference, at no cost to the parties, at the office of Defendants attorney Evan Needham, located at 3216 W. Charleston Avenue, Suite A, Las Vegas, NV.

DATED this 27th day of June 2019.

PAUL D.S. EDWARDS,

_/s/ Paul D.S. Edwards_

PAUL D.S. EDWARDS,
713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
Landline Telephone:   702.341.1776
Cellular Telephone:    702.893.1776
Email:pauldse@pauldsedwards.com
Plaintiff, *pro se*

# CERTIFICATE OF E-SERVICE

I HEREBY CERTIFY that, on the 27th day of June 2019, pursuant to the Nevada Electronic Filing and Conversion Rules (NEFCR) & N.R.C.P., Rule 5(b)(4), I e-filed and e-served a true and correct copy of the following document:

**1.**      Motion to Compel Defendants to Attend the N.R.C.P., Rule 16.1 Conference

to the following:

Evan Needham, NEEDHAM LAW FIRM
realtylawyer@aol.com

_____
Designee for Plaintiff

**-8-**

Electronically Filed
6/27/2019 8:47 PM
Steven D. Grierson
CLERK OF THE COURT

**NTWD (CIV)**
PAUL D.S. EDWARDS,
713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
Landline Telephone:   702.341.1776
Cellular Telephone:    702.893.1776
Email: pauldse@pauldsedwards.com
Plaintiff *pro se*

# DISTRICT COURT,

## CLARK COUNTY, NEVADA

PAUL D.S. EDWARDS,

**Plaintiff,**

*vs.*

JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,
a/k/a JUAN ANTONIO MAYEN,
and ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ,
and SERGIO BRANDON TAMEZ, a/k/a SERGIO
TAMEZ,
and DOES I-X, and ROE CORPORATIONS XI-XX, et al.

**Defendants.**

**CASE NO.:**  A-19-793329-C

**DEPT. NO.:** XI

### NOTICE OF WITHDRAWAL OF PLAINTIFF'S
### MOTION TO COMPEL DEFENDANTS
### TO ATTEND THE N.R.C.P., RULE 16.1 CONFERENCE

**TO:**   JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and
JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN,
and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ
**(collectively "Defendants");**

**TO:**   Evan Needham, NEEDHAM LAW FIRM, **Attorney for Defendants**.

PLEASE TAKE NOTICE that Plaintiff PAUL D.S. EDWARDS, *pro se* (**"Plaintiff"**), withdraws his Notice of Withdrawal of Plaintiff's Motion to Compel Defendants to Attend the N.R.C.P., Rule 16.1 Conference. Plaintiff filed the incorrect document in error.

DATED this 27th day of June 2019.

PAUL D.S. EDWARDS,

_/s/ Paul D.S. Edwards_
Paul D.S. Edwards,
713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
Residence:     (702) 341-1776
Cellular:       (702) 893-1776
Email  pauldse@pauldsedwards.com
Plaintiff, *In proper person*

## CERTIFICATE OF E-SERVICE

I HEREBY CERTIFY that, on the 27th day of June 2019, pursuant to the Nevada Electronic Filing and Conversion Rules (NEFCR) & N.R.C.P., Rule 5(b)(4), I e-filed and e-served a true and correct copy of the following document:

**1.**      Notice of Withdrawal of Plaintiff's Motion to Compel Defendants to Attend the N.R.C.P., Rule 16.1 Conference

and emailed to the following:

Evan Needham, NEEDHAM LAW FIRM
realtylawyer@aol.com



_____
Designee for Plaintiff

Electronically Filed
6/27/2019 9:01 PM
Steven D. Grierson
CLERK OF THE COURT

1

**MCOM**
PAUL D.S. EDWARDS,
2    713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
3    Landline Telephone:   702.341.1776
Cellular Telephone:    702.893.1776
4    Email: pauldse@pauldsedwards.com
Plaintiff *pro se*
5

6                    **DISTRICT COURT,**

7              **CLARK COUNTY, NEVADA**

8

9    PAUL D.S. EDWARDS,                          |   **CASE NO.:** A-19-793329-C

10                    **Plaintiff,**

11                    *vs.*                       |   **DEPT. NO.:** XI

12   JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
13   and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,   |   **HEARING REQUESTED**
a/k/a JUAN ANTONIO MAYEN,
14   and ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ,
15   and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ,
and DOES I-X, and ROE CORPORATIONS XI-XX, et al.
16
                    **Defendants.**
17

18

19

20

21              **MOTION TO COMPEL DEFENDANTS**
22       **TO ATTEND THE N.R.C.P., RULE 16.1 CONFERENCE**

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.      INTRODUCTION:**

3

The Complaint in this action was filed on April 22, 2019, and service was timely perfect by

4

the Office of the Ex-Officio Constables office.[1] On May 20, 2019, Plaintiff received, via NEFCR

5

& N.R.C.P., Rule 5(b)(4), Defendants Notice of Appearance.[2]

6

As a consequence of **Defendants failure to Answer, or otherwise defend** against Plaintiff's

7

Complaint, on June 5, 2019, Plaintiff filed, and, pursuant to NEFCR & N.R.C.P., Rule 5(b)(4) and

8

e-served upon Defendants attorney, a Three (3) Day Notice of Intent to Take Default.

9

Subsequently, on June 7, 2019, Defendants counsel, Evan Needham, NEEDHAM LAW

10

FIRM, contacted Plaintiff by telephone.

11

The majority of Mr. Needham's [brief] conversation, was as follows—

12

> "...Defendants intend to vigorously defend themselves, and this is
> also verbal, they intend to vigorously defend themselves, and a

13

> response should be filed...by Tuesday...".[3]

14

Shortly after the telephone conversation, Plaintiff sent the following message (via email) to

15

Mr. Needham—

16

> Mr. Needham:
> I do appreciate you contacting me regarding the Defendants JUAN

17

> MARTINEZ, INC. et al. However, I remind you that sufficient time
> has passed for Defendants to answer or otherwise defend (a response

18

> to the Complaint was due on or before June 3, 2019). Moreover, I was
> never contacted to request any additional time for Defendants to

19

> answer, or otherwise defend. As the 3 day notice indicates, I will
> withhold filing a default until June 11, 2019. Should you want to

20

> discuss this case before then, you can contact me at your convenience.

21

. . .

22

. . .

23

_____

24

[1]Defendant SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ was served on May 1, 2019.
Defendants JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and

25

JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, were
[each] served on May 2, 2019.

26

[2]This Notice of Appearance **was not filed**.

27

[3]Plaintiff believed the reference to Tuesday was designating June 11, 2019.

28

-2-

1    Not receiving [any] further contact from Defendants [counsel], on June 13, 2019@9:12 a.m.,

2    Plaintiff filed, and, pursuant to NEFCR & N.R.C.P., Rule 5(b)(4), e-served a copy of Plaintiff's

3    Application for Entry of Default. **Subsequent to the [accepted] filing of Plaintiff's Application**

4    **for Entry of Default**, on June 14, 2019@3:56 p.m., Defendants filed and e-served their *fugitive*

5    *Answer*.

6    Overlooking Defendants *untimely filing of their fugitive Answer*, on June 19, 2019, Plaintiff

7    email the following message to Defendants attorney—

8        Mr. Needham:
         I am available for the 16.1 meet & confer, to take place at your office.
9        Please advise me which date and time is agreeable with you.
             June 27, 2019@10:00 a.m., or 2:30 p.m.
10           July 2, 2019@11:00 a.m.
             July 3,  2019@ 1:30 p.m.
11           July 8, 2019@2:00 p.m.

12   The June 20, 2019 response to that email was unexpected and bewildering—

13       Mr Edwards, select another place in Las Vegas for the ECC and,
         thereafter, we can discuss the mode of attendance, date and time.
14       Evan Needham

15   For clarification, Plaintiff responded to attorney Needham—

16       Mr. Needham:
         I don't understand. Is there a reason we can't meet at your office??
17

18   Not receiving a reply to my question— Is there a reason we can't meet at your office??—

19   on June 21, 2019, Plaintiff emailed the following message to Defendants counsel—

20       Mr. Needham:
         As the responsible party for designating the time and place for the
21       parties 16.1 conference, I propound that the 16.1 conference will take
         place at your office, located at 3216 W, Charleston Ave., Ste. A,
22       [either] on June 27, 2019 at 10:00 a.m., or on July 2, 2019@11:00
         a.m. However, should a date and time, between June 27, 2019 and
23       July 8, 2019 be more convenient for you, please provide 2 choices so
         I can adjust my schedule to a more convenient time for you and I to
24       meet & confer, as mandated under NRCP, Rule 16.1. Nevertheless,
         if you rather have the 16.1 meet & confer at a different location, other
25       than your office, you can pay any fees required for causing our meet
         & confer to take place at a location other than your office.
26       Should you refuse to meet & confer, I will file a Motion to Compel,
         and you can explain your reluctance and position to the Court. I
27       expect a date and time to be provided by Monday, June 24, 2019,
         before I take further action.
28

**-3-**

1

2

3

     On June 25, 2019, Defendants counsel [finally] responded to my June 21, 2019 email, however, no answer to Plaintiff's question ("Is there a reason we can't meet at your office"??) was provided. What was provided left Plaintiff confounded.

4

5

6

7

> Mr. Edwards, Defendants wish to meet and confer ASAP. Please designate a place (besides 3216 W. Charleston Ave[4]) which is mutually agreeable for our early case conference. Thereafter, I can call you and we can discuss time, mode, and hour for our conference. Lastly, Defendants will not be paying any fees for Plaintiff's conference duties.

8

9

10

11

12

     Having engaged in a "good faith" effort, to conduct a 16.1 conference, and it appearing Defendants, by and through their counsel Evan Needham, NEEDHAM LAW FIRM, refuse to comply with N.R.C.P., Rule 16.1(b)(4)(A), on June 25, 2019, Plaintiff e-served a missive reviewing Plaintiff's attempts to meet & confer, and conduct a 16.1 conference. A copy of that missive is attached hereto and incorporated herein as **Exhibit 2 (Bates Nos. 000-000)**.

13

     As expected, *Defendants non-sensible reply* was not unexpected:

14

15

16

17

18

> Mr. Edwards, Defendants wish to meet and confer ASAP. Please designate a place (besides 3216 W. Charleston Ave) which is mutually agreeable for our early case conference. Thereafter, I can call you and we can discuss time, mode, and hour for our conference. Lastly, Defendants will not be paying any fees for Plaintiff's conference duties.
> Sincerely,
> Evan Needham, Esq.
> 702-258-5858, Ext. 1

19

20

21

     After a review of Defendant counsels e-served letter, and attorney Needham's [*continued*] *refusal* to provide any valid, logical reason for refusing to have the 16.1 conference at attorney Needham's office location, Plaintiff sent the following email to Mr. Needham:

22

23

24

> Mr. Needham:
> I have received and reviewed your e-served letter (date 06.26.19) pertaining to the 16.1 conference. In that letter you continue to refuse to meet with me unless I designate a location other than your office located at 3216 W. Charleston Avenue, Suite A, Las Vegas, NV.

25

26

27

---

[4]This is attorney Needham's office location. A photo, from attorney Needham's web page is attached hereto and incorporated herein as **Exhibit 1 (Bates No. 000-000)**.

28

First - As you know, I do not have an office location, hence, for each of the 16.1 conferences I have attended, they all took place at the opposing counsel's office. Consequently, to meet your demand, of a location other than your office, I would be required to rent an office, for a fee, which I will not do. The only other alternative would be to hold the 16.1 conference at a restaurant or in a lobby somewhere – and I do not believe Judge Gonzalez would look favorably upon that.

Second - You have refused to provide a [logical] reason as to why/what prevent's having our 16.1 conference at your office, where, I presume, you do meet clients, and potential clients. I would find it impractical, and unbelievable that you tell your clients, or potential clients, that they must select a location to meet with you, other than your office location.

Accordingly, please provide me with a valid, rational reason as to why/what prevent's having our 16.1 conference at your office.

Shortly thereafter, Plaintiff received, from Defendants attorney Needham, the *most dumbstruck reply* to the 16.1 meet & confer issue.

**Have you ever rented a conference room for $25 to $35 dollars? (emphasis added)**.

Plaintiff, in his reply to attorney Needham's *nonsensical suggestion*, that Plaintiff rent [and pay for] a location to conduct the 16.1 conference, responded accordingly—

No! And I don't intend to start paying for a conference room now. However, if you or your clients want to pay for a conference room, I am amenable to that.

Nevertheless, you continue to refuse to provide a valid reason why the 16.1 can't be held at your office.

On June 27, 2019@9:02 a.m., Plaintiff called attorney Evan Needham— however, Mr. Needham did not answer Plaintiff's call, but, instead, Plaintiff's call went to Mr. Needham's voicemail. Paraphrasing Plaintiff's voice-message— Mr. Needham, please contact me by end of today, and provide a valid, logical reason why the 16.1 conference cannot be held at your office.

As of the filing of Plaintiff's Motion to Compel Defendants to Attend the N.R.C.P., Rule 16.1 Conference, Defendants counsel has not responded to Plaintiff's voice-message, nor, by all of Plaintiff's attempts, is willing to cooperate in the procedural process.

. . .

. . .

. . .

-5-

## II.   <u>LEGAL ARGUMENTS</u>:

Pursuant to N.R.C.P., Rule 16.1(b)(4)(A)—

> Unless the parties agree or the court orders otherwise, **the plaintiff is responsible for designating the time and place of each conference**. **(emphasis added)**.

Here, Plaintiff [as the responsible party] has designated the office of Defendants attorney Evan Needham to hold the mandated 16.1 conference. However, as evidenced by the [many] communications between Plaintiff, and Defendants attorney Evan Needham, Mr. Needham refused, without explanation, to have the conference at his office— as designated by Plaintiff.

Pursuant to N.R.C.P., Rule 16.1(e)(3):

> If an attorney fails to reasonably comply with any provision of this rule...the court, on motion or on its own, should impose upon a party or a party's attorney, or both, appropriate sanctions in regard to the failure(s) as are just, including the following:
>
> (A) any of the sanctions available under Rules 37(b) and 37(D); or
> (B) an order prohibiting the use of any witness, document, or tangible thing that should have been disclosed, produced, exhibited, or exchanged under Rule 16. l(a).

Here, Plaintiff has made a "good faith" attempt to schedule the [required] Rule 16.1 meet & confer, yet, has continuously been met with complete resistence from Defendants attorney Evan Needham.

As the N.R.C.P., Rule 16.1 [unambiguously] states— "...the plaintiff is responsible for designating the time and place of each conference." Wording that Mr. Needham agrees with.

In attorney Needham's 06.25.19 email to Plaintiff, Mr. Needham concurs that it is Plaintiff's responsibility to comply with Rule 16.1(b)(4)(A)— "Defendants will not be paying any fees **for Plaintiff's conference duties**." Pge. 4, ¶¶ 8-9, *supra*. **(emphasis added)**.

### 1.   Plaintiff Has Made a GOOD FAITH Effort to Convene a 16.1 Conference:

Generally, a "good faith" effort requires more that one telephone call. See *Daw Indus., Inc. v. Hanger Orthopedic Grp., Inc.*, No. CIV 06-1222-JAH-NLS, 2009 WL 55989, at *1 (S.D. Cal. Jan. 8, 2009) (noting that "a single phone call followed by a letter the same day concluding that the meet and confer effort had failed does not constitute a good faith attempt to resolve the dispute without need of court intervention[]").

1    In this case, Plaintiff [not only] placed two telephone calls to attorney Needham, but [also]

2    sent several e-mails, and a lengthy missive. Nonetheless, Defendants attorney's replies were

3    repetitious— find a different location in Las Vegas, even if Plaintiff must pay for that location. Yet,

4    ***Defendants attorney refused to provide an answer*** to Plaintiff's repetitious question— provide a

5    valid, logical reason why the 16.1 conference can not be held at attorney Needham's office.

6    Defendants and their counsel holds that compromise, for a location to conduct a 16.1

7    conference, is for Plaintiff to incur a cost, rather than have the conference at Defendants counsel's

8    location for free. Yet, Defendants refuse to incur a cash outlay for a different location, as they

9    suggest. In other words— without providing any valid, sensible reason for refusing to hold the 16.1

10   conference at Mr. Needham's office location [convenient to Plaintiff and Mr. Needham] at 3216 W.

11   Charleston Avenue, Suite A, Las Vegas, NV, Defendants suggest that Plaintiff pay for a different

12   location— some other location that Defendants refuse to pay for.

13   **III.    CONCLUSION:**

14   The only compromise, as [unambiguously] stated by Defendants,[5] is for Plaintiff to pay for

15   a location, other than Defendants attorney's office. Yet, Defendants ***refuse*** to provide any reason for

16   not holding the 16.1 meet & confer at attorney Needham's law office. As Defendants counsel stated,

17   it is "...Plaintiff's conference duties" for designating the time and place of the conference.

18   In all the years I have been involved in litigation, both in state and federal courts, this is the

19   first, and only time, an attorney has refused to conduct any type of conference at the attorneys office.

20   Factually, the attorneys I've been involved in litigation with, enjoyed meeting at their office(s), it

21   was on their territory, and very convenient for both them and me.

22   . . .

23   . . .

24   . . .

25

26

27

28   [5]"Have you ever rented a conference room for $25 to $35 dollars?" Pge. 5, ¶ 14.

**-7-**

Accordingly, for all of the aforementioned, Defendants must be ordered to conduct the 16.1 conference, at no cost to the parties, at the office of Defendants attorney Evan Needham, located at 3216 W. Charleston Avenue, Suite A, Las Vegas, NV.

DATED this 27th day of June 2019.

PAUL D.S. EDWARDS,

_/s/ Paul D.S. Edwards_
PAUL D.S. EDWARDS,
713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
Landline Telephone:   702.341.1776
Cellular Telephone:    702.893.1776
Email:pauldse@pauldsedwards.com
Plaintiff, *pro se*

## CERTIFICATE OF E-SERVICE

I HEREBY CERTIFY that, on the 27th day of June 2019, pursuant to the Nevada Electronic Filing and Conversion Rules (NEFCR) & N.R.C.P., Rule 5(b)(4), I e-filed and e-served a true and correct copy of the following document:

1.      Motion to Compel Defendants to Attend the N.R.C.P., Rule 16.1 Conference

to the following:

Evan Needham, NEEDHAM LAW FIRM
realtylawyer@aol.com

_____
Designee for Plaintiff

-8-

# EXHIBIT 1



# EXHIBIT 2

# PAUL D.S. EDWARDS

June 25, 2019

## E-SERVED PURSUANT TO NEFCR & N.R.C.P., Rule 5(b)(4)

Evan Needham
NEEDHAM LAW FIRM
3216 West Charleston Boulevard
Suite A
Las Vegas, NV 89102

    **Re:**   Paul D.S. Edwards  vs. | Juan Martinez, Inc.,
d/b/a Century 21, Martinez & Associates,
and Juan Martinez, a/k/a Juan A. Martinez, Jr.,
a/k/a Juan Antonio Mayen,
and Sergio Brandon Tamez, a/k/a Sergio Tamez,
and DOES I-X,
and ROE Corporations XI-XX, et al.

    **Case No.:**   A-19-793329-C
    **Dept. No.:**   XI

Mr. Needham:

    I have received your email (06.25.19) regarding the N.R.C.P., Rule 16.1 conference, and respond accordingly.

    Brushing aside Defendants *untimely filing* of their Answer (subsequent to the Entry of Default), on June 19, 2019, pursuant to, and compliant with N.R.C.P., Rule 16.1 (b)(4)(A), I emailed [to you] the following message [with Legal Notice included]:

> Mr. Needham:
> I am available for the 16.1 meet & confer, to take place at your office. Please advise me which date and time is agreeable with you.
>> June 27, 2019 @ 10:00 a.m., or 2:30 p.m.
>> July 2, 2019 @ 11:00 a.m.
>> July 3, 2019 @ 1:30 p.m.
>> July 8, 2019 @ 2:00 p.m.
> Paul D.S. Edwards

    On June 20, 2019, I received the following response to my June 19, 2019 email to you—

> Mr Edwards, select another place in Las Vegas for the ECC and, thereafter, we can discuss the mode of attendance, date and time. Evan Needham

Edwards v. Century 21, Martinez & Associates, et al.
Re: N.R.C.P., Rule 16.1 Conference
June 25, 2019
Page 2

Taken amiss by your reply— that you refuse to conduct the 16.1 conference at your office— on June 20, 2019, I emailed you the following question [with Legal Notice included]:

> Mr. Needham:
> I don't understand. Is there a reason we can't meet at your office??
> Paul D.S. Edwards

Having no response to the June 20, 2019 email to you, I emailed the following to you [with Legal Notice included]—

> Mr. Needham:
> As the responsible party for designating the time and place for the parties 16.1 conference, I propound that the 16.1 conference will take place at your office, located at 3216 W, Charleston Ave., Ste. A, [either] on June 27, 2019 at 10:00 a.m., or on July 2, 2019@11:00 a.m. However, should a date and time, between June 27, 2019 and July 8, 2019 be more convenient for you, please provide 2 choices so I can adjust my schedule to a more convenient time for you and I to meet & confer, as mandated under NRCP, Rule 16.1. Nevertheless, if you rather have the 16.1 meet & confer at a different location, other than your office, you can pay any fees required for causing our meet & confer to take place at a location other than your office.
> Should you refuse to meet & confer, I will file a Motion to Compel, and you can explain your reluctance and position to the Court. I expect a date and time to be provided by Monday, June 24, 2019, before I take further action.
> Respectfully,
> Paul D.S. Edwards

Eventually, on June 25, 2019, I received the following email from you—

> Mr. Edwards, Defendants wish to meet and confer ASAP. Please designate a place (besides 3216 W. Charleston Ave) which is mutually agreeable for our early case conference. Thereafter, I can call you and we can discuss time, mode, and hour for our conference. Lastly, Defendants will not be paying any fees for Plaintiff's conference duties.
> Sincerely,
> Evan Needham, Esq.
> 702-258-5858, Ext. 1

Edwards v. Century 21, Martinez & Associates, et al.
Re: N.R.C.P., Rule 16.1 Conference
June 25, 2019
Page 3

As stated within 16.1 (b)(4)(A)—

Unless the parties agree or the court orders otherwise, the **plaintiff is responsible for designating the time and place of each conference**. (emphasis added).

As you assert in your last email, it is "...Plaintiff's conference duties" to designate the place for holding the 16.1 conference. Your assertion is correct, and concurs with Rule 16.1 (b)(4)(A)— that plaintiff is not only responsible for designating the place for holding the conference, plaintiff is [also] responsible for the date and time.

If you continue to refuse to hold the 16.1 conference at YOUR office, which I find *unreasonable, contradictory*, and *counterproductive*, then YOU, or the Defendants, can pay for a location of your choice— presuming I agree with your location choice.

As you, I would prefer to have our conference, and move forward with this case.

Albeit we have thirty (30) days to conduct the conference, by your email, you, as I, prefer to have our meeting, as you state— ASAP.

Nevertheless, if you continue, what appears to be— I'm an attorney and your not attitude— [then] there is no other alternative [other] then have Judge Gonzales decide who's at fault; where the conference will be held; and if sanctions are warranted.

With the exception of Thursday, June 27, 2019; June 28, 2019 (after 3:00 p.m.), and Tuesday, July 2, 2019, I am available, at your convenience to conduct the 16.1 conference at your office, or an alternate location that YOU, or the Defendants can choose. However, if there is a fee for the use of an alternate location, that will be YOUR, or the Defendants responsibility.

If you prefer to continue Your (attempted) Exertion of Power to control this case, and refuse to conduct the mandated 16.1 meet & confer, at your office location, then I we bring this matter before Judge Gonzalez.

The choice is yours.

Respectfully,

Paul D.S. Edwards

Electronically Filed
6/28/2019 8:28 AM
Steven D. Grierson
CLERK OF THE COURT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**
**\*\*\*\***

| | |
|---|---|
| Paul Edwards, Plaintiff(s) | Case No.:   A-19-793329-C |
| vs. | |
| Juan Martinez Inc, Defendant(s) | Department 11 |

# NOTICE OF HEARING

Please be advised that the Motion to Compel Defendants to Attend the NRCP Rule 16.1 Conference in the above-entitled matter is set for hearing as follows:

**Date:** July 30, 2019

**Time:** 9:00 AM

**Location:** RJC Courtroom 03E
Regional Justice Center
200 Lewis Ave.
Las Vegas, NV 89101

**NOTE: Under NEFCR 9(d), if a party is not receiving electronic service through the Eighth Judicial District Court Electronic Filing System, the movant requesting a hearing must serve this notice on the party by traditional means.**

STEVEN D. GRIERSON, CEO/Clerk of the Court

By:   /s/ Michelle McCarthy
Deputy Clerk of the Court

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Rule 9(b) of the Nevada Electronic Filing and Conversion Rules a copy of this Notice of Hearing was electronically served to all registered users on this case in the Eighth Judicial District Court Electronic Filing System.

By:   /s/ Michelle McCarthy
Deputy Clerk of the Court

Electronically Filed
7/9/2019 3:18 PM
Steven D. Grierson
CLERK OF THE COURT

1  OPPO
   NEEDHAM LAW FIRM
2  Evan Needham, Esq.
   Nevada State Bar #7841
3  3216 West Charleston Blvd. Ste. A
   Las Vegas, NV 89102
4  T: 702-258-5858
   E: RealtyLawyer@aol.com
5  *Attorney for Defendants*
   *Juan Martinez, Inc.,*
6  *Juan A. Martinez, JR. and*
   *Sergio B. Tamez*

7

8                    EIGHTH JUDICIAL DISTRICT COURT
                        CLARK COUNTY, NEVADA

9  PAUL D.S. EDWARDS
                              Plaintiff,        Case No:  A-19-793329-C
10 vs.                                          Dept No:  11

11 JUAN MARTINEZ, INC., *d/b/a* Century 21,
   Martinez & Associates, JUAN MARTINEZ,       Hearing Date: July 30, 2019
12 *a/k/a* JUAN A. MARTINEZ, JR., SERGIO        Hearing Time: 9:00 am
   BRANDON TAMEZ, et al
13                            Defendants.

14

15      **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

16              **AND REQUEST FOR SANCTIONS**

17
        Defense counsel has the right to attend an 16.1 early case conference by telephone and
18
   Plaintiff provides no good faith reason why he wants to deprive defense counsel's rights.
19
        Sanctions should be awarded against Plaintiff to deter Plaintiff from further abusive
20
   conduct. Awarding sanctions against Plaintiff is further justified because sanctions, awarded
21
   against Plaintiff by other district court judges, do not seem to deter Plaintiff from continuing to
22
   file frivolous documents.
23

24 ////

25 ///

26 ///

27 //

28

# I. PLAINTIFF'S SANCTION HISTORY

Plaintiff is a vexatious litigant and is known to file frivolous papers with our courts.

In <u>Edwards v. Emperor's Garden Restaurant</u>, 122 Nev. 317, 130 P.3d 1280 (Nev. 2006), Plaintiff Edwards sued a restaurant under the Telephone Consumer Protection Act. He argued that he received unsolicited facsimiles which allegedly "stole his paper and ink." Id at 328. The Nevada Supreme Court upheld the district court's dismissal of Plaintiff's case. The Court found that, Edwards is "hyperbolic" and "that any damage to Edwards' paper and toner that occurred ... was merely technical and so inconsiderable as to require the application of the common-law *doctrine de minimum non curiat lex* ("the law does not concern itself with trifles"). Id at 329. The Court also upheld the district court's award of sanctions against Plaintiff Edwards for filing **frivolous documents** in the district court. Id at 330.

In <u>Edwards v. Time Share Liquidators, LLC</u>, case number A-18-776375-C, Eighth Judicial District Court, Department 27 (06/19/2018), a defendant alleged: (a) "Plaintiff has improper motives for bringing suit ...," (b) "Plaintiff is a professional litigant and manufactured this lawsuit to maintain his standard of living," and (c) Plaintiff has filed **49 lawsuits** in Clark County. See "Defendant's Motion to Compel Discovery Responses From Plaintiff," page 3, lines 15-25, filed on 06/20/2019 in Department 27.

# II. FACTS

On 06/19/2019, Plaintiff proposed that a 16.1 conference take place at the defense counsel's law firm. *Exhibit A.* Defense counsel asked Plaintiff to select another place. *Exhibit A.*

On 06/21/2019, Plaintiff stated to defense counsel, "... if you rather have the 16.1 meet & confer at a different location, other than your office, you can pay any fees required for causing our meet & confer to take place at a location other than your office." *Exhibit B.*

On 06/28/2019, defense counsel served Plaintiff with Defendants' 16.1 Conference Request which requested that the conference occur by "**audio or telephone**." *Exhibit C.*

On 06/28/2019, Plaintiff admitted that telephonic conferences are allowed, but he denied defense counsel's election to have a telephone conference under the guise that Plaintiff wanted to provide a CD. *Exhibit D, page 1.* In his demand, Plaintiff also made a frivolous statement that

defense counsel's "... **imaginative exertion of power is ineffective**." *Exhibit D, page 2.*

On 07/01/2019, defense counsel asked Plaintiff to mail any CD to the defense counsel, but Plaintiff refused. *Exhibit E.*

On 07/08/2019, defense counsel repeated his election that a telephonic case conference occur, and if needed, Plaintiff can use a "**drop box**" located at the defense counsel's law firm if Plaintiff wanted to deliver any items. Plaintiff refused. *Exhibit F.*

On 07/08/2019, defense counsel again requested Plaintiff that a telephone conference occur or, in the alternative, meet Plaintiff at the court house. *Exhibit G.* Plaintiff refused and stated: "**I do not conduct any 16.1 over the phone ...**" *Exhibit G.*

On 07/08/2019, Plaintiff served a "Noticed of Early Case Conference" with the location being at defense counsel's law office. *Exhibit H.* Plaintiff's notice was meant to vex or harass.

On 07/09/2019, defense counsel objected to Plaintiff's notice. Plaintiff ignored defense counsel and stated to defense counsel: "I will be at your office, as scheduled, tomorrow at 2:30 p.m." *Exhibit I (emphasis added).* Plaintiff's conduct is clearly uncivil and meant to harass.

### III. AUTHORITY

1.      PLAINTIFF'S MOTION VIOLATES EDCR 2.34 AND NRCP 37

EDCR 2.34, section (d), states:

"Discovery motions may not be filed **unless an affidavit** of moving counsel **is attached thereto** setting forth that after a discovery dispute conference or a good faith effort to confer, counsel have been unable to resolve the matter satisfactorily...."(emphasis added).

NRCP 37, section (a), states:

(1) In General.  On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion **must include a certification** that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. (Emphasis added).

Here, Plaintiff's Motion to Compel was filed without attaching an "affidavit" or "certification." Therefore, Plaintiff's Motion is void and must be denied.

/////

2.    UNDER NRCP 16.1, A PARTY MAY ATTEND AN EARLY CASE
CONFERENCE BY AUDIO OR TELEPHONE.

NRCP 16.1 (b)(3) states: "A party may attend the case conference ... **by using audio**."
(*emphasis added*). Therefore, Plaintiff's statement that, "I do not conduct any 16.1 over the
phone...," is abusive and should not be tolerated. *Exhibit G*.  Plaintiff is representing himself, *pro
se*, but he still must follow NRCP 16.1.[1]

In Plaintiff's Motion to Compel, he deliberately omits NRCP 16.1 (b)(3).

On a side note, defense counsel recently conducted a multiparty early case conference in
another case in the district court. It was completely telephonic. It went very smooth and three
adverse parties appeared telephonically. It was highly efficient for all counsel.

### IV. RELIEF REQUESTED

Plaintiff's behavior cuts against telephonic attendance rights and undermines efficiency
for both the court and parties. Defendants request the following relief from this Court:

1) Deny Plaintiff's Motion to Compel;

2) Order Plaintiff to conduct a telephonic early case conference with defense counsel
pursuant to NRCP 16.1(b)(3); and

3) Order Plaintiff to pay two-thousand dollars ($2,000) in attorney's fees for Defendants
having to incur attorney fees to contend with Plaintiff's harassment and frivolous Motion to
Compel.[2]  Such a sanction would be consistent with other district court sanctions against Plaintiff
and the Nevada Supreme Court's view of Plaintiff.


Dated: July 9, 2019                          */s/ Evan Needham*
                                             Evan Needham, Esq.

---

[1] NRCP 16.1(g)(entitled, "Self-Represented Litigants") states: "The requirements of **this
rule apply to any self-represented party**" (emphasis added).

[2] EDCR 7.60 (entitled, "Sanctions"), section (a) states: If without just excuse, the court
may order the following: (1) Payment, by the delinquent party, of the reasonable expenses,
including attorney's fees, to any aggrieved party or (4) Any other action it deems appropriate.

1

<u>CERTIFICATE OF SERVICE</u>

2

On the date of filing, *Defendants' Opposition to Plaintiff's Motion to Compel Opposition*
was served, by the court's e-file system, on Plaintiff Edwards at pauldse@pauldsedwards.com

3

4      Dated: July 9, 2019                                     */s/ Evan Needham*

Evan Needham, Esq.

5                                                    *Attorney for Defendants*

*Juan Martinez, Inc.,*

6                                                    *Juan A. Martinez, JR. and*

*Sergio B. Tamez*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DEFENDANTS' EXHIBITS

# DEFENDANTS' EXHIBITS

7/8/2019                   Edwards v, Juan Martinez, Inc., et al. (ECC)

Case 2:20-cv-00570-JAD-EJY    Document 1-2    Filed 03/23/20    Page 117 of 251

**Subject:**    **Edwards v, Juan Martinez, Inc., et al. (ECC)**

**Date:**      6/20/2019 11:54:02 AM Pacific Standard Time                  

**From:**     realtylawyer@aol.com

**To:**        pauldse@pauldsedwards.com

Mr Edwards, select another place in Las Vegas for the ECC and, thereafter, we can discuss the mode of attendance, date and time. Evan Needham

In a message dated 6/19/2019 2:33:56 PM Pacific Standard Time, pauldse@pauldsedwards.com writes:    

Mr. Needham:

I am available for the 16.1 meet & confer, to take place at your office. Please advise me which date and time is agreeable with you.

         June 27, 2019@10:00 a.m., or 2:30 p.m.

         July 2, 2019@11:00 a.m.

         July 3,  2019@ 1:30 p.m.

         July 8, 2019@2:00 p.m.

Paul D.S. Edwards

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above.

Furthermore, unless otherwisw stated, all telephone conversations are recorded.

**EXHIBIT A**

Subject:    **RE: Edwards v, Juan Martinez, Inc., et al.**
Date:       6/21/2019 2:39:27 PM Pacific Standard Time
From:       pauldse@pauldsedwards.com
To:         realtylawyer@aol.com


Mr. Needham:


As the responsible party for designating the time and place for the parties 16.1 conference, I propound that the 16.1 conference will take place at your office, located at 3216 W, Charleston Ave., Ste. A, [either] on June 27, 2019 at 10:00 a.m., or on July 2, 2019@11:00 a.m. However, should a date and time, between June 27, 2019 and July 8, 2019 be more convenient for you, please provide 2 choices so I can adjust my schedule to a more convenient time for you and I to meet & confer, as mandated under NRCP, Rule 16.1. Nevertheless, if you rather have the 16.1 meet & confer at a different location, other than your office, you can pay any fees required for causing our meet & confer to take place at a location other than your office.


Should you refuse to meet & confer, I will file a Motion to Compel, and you can explain your reluctance and position to the Court. I expect a date and time to be provided by Monday, June 24, 2019, before I take further action.


Respectfully,


Paul D.S. Edwards


**LEGAL NOTICE**

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

**EXHIBIT B**

# Needham Law Firm

3216 W. Charleston Blvd, Ste. A, Las Vegas Nv. 89102
Tele: 702-258-5858

June 28, 2019

Mr. Paul Edwards
713 WHEAT RIDGE LN #203
LAS VEGAS, NV 89145

Re:   Paul Edwards v. Juan Martinez, et al. (Case No: A-19-793329-C)
       Sent via the court's e-file and serve system
       on Plaintiff at pauldse@pauldsedwards.com

## **DEFENDANTS' 16.1 CONFERENCE REQUEST**

Mr. Edwards,

This follows my prior written desires to have an early case conference ASAP.

I request that we have our initial *early case conference* by audio or telephone on **July 8ᵗʰ at 2p.m.**
I can call you at or around that time accomplish our conference. You or I can also call each other
prior to that date to confirm our conference. I look forward to speaking with you at that date/time.

The *motion to compel* that you filed on 06/27/2019 is improper for multiple reasons, including:
       1. It is void ab initio.
       2. It is frivolous because it limits my rights.
       3. It was premature as you made no quality effort to have a meaningful dispute resolution.
Your giving me less than two days to return your call on 06/27/2019 is not civil or reasonable.
       4. You obtaining a meeting room in Las Vegas (the meeting room capital) to hold an ECC is
a logical and reasonable proposal. It only costs $5-$35 per hour to rent a highly professional
meeting room (see e.g., www.meetingroomsondemand.com and www.davincimeetingrooms.com).

Based on the above, *withdraw* Plaintiff's motion within 2 business days to **save** judicial resources.

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

# **EXHIBIT C**

# PAUL D.S. EDWARDS

June 28, 2019

### E-SERVED PURSUANT TO NEFCR & N.R.C.P., Rule 5(b)(4)

Evan Needham
NEEDHAM LAW FIRM
3216 West Charleston Boulevard
Suite A
Las Vegas, NV 89102

**Re:** Paul D.S. Edwards  vs. ┃ Juan Martinez, Inc.,
d/b/a Century 21, Martinez & Associates,
and Juan Martinez, a/k/a Juan A. Martinez, Jr.,
a/k/a Juan Antonio Mayen,
and Sergio Brandon Tamez, a/k/a Sergio Tamez,
and DOES I-X,
and ROE Corporations XI-XX, et al.

**Case No.:**  A-19-793329-C
**Dept. No.:**  XI

Mr. Needham:

I received your e-served communiqué (06.28.19) regarding the N.R.C.P., Rule 16.1 conference, and respond accordingly.

Albeit Rule 16.1(b) allows for a party(ies) to appear at a case conference by using audio or audiovisual transmission equipment, that is incompatible for our meet & confer.

In addition to reviewing documentation I will provide at our 16.1 conference, I will [also] be providing a CD of each inbound *illegal, unsolicited, and deceptive telemarketing and solicitation telephone calls* (to Plaintiff's residential and wireless telephone numbers), that were devised, caused, and generated by Defendants.

Hence, an in-person conference is required.

Mr. Needham, you continue your *asinine, unreasonable yammering*— that I should [unnecessarily] pay $5-$35 per hour, and obtain a meeting room, rather than have the meet & confer at your law office location on W. Charleston. Yet, YOU CONTINUE TO REFUSE to provide me with any **valid and sensible justification** for not holding the conference at your law office location.

Mr. Needham, YOU MUST provide me with a **valid and sensible justification** for not holding the conference at your law office location— for, without a **valid and sensible justification** for not holding the conference at your law office location, my position will not change.

**713 WHEAT RIDGE LANE • UNIT 203 • LAS VEGAS • NEVA
(LANDLINE) 702.341.1776 • (CELLULAR) 702.89
PAULDSE@PAULDSEDWARDS.COM**

NOTICE - ALL TELEPHONE CONVERSATIONS PERTAINING TO THIS MATTER WILL BE RECORDED. UNLESS GRANTED I
TO CALL MY CELLULAR TELEPHONE OR TO CALL MY CELLULAR OR LANDLINE TELEPHONE USING ONE OR MORE AUTO

**EXHIBIT D, p.1**

Edwards v. Century 21, Martinez & Associates, et al.
Re: N.R.C.P., Rule 16.1 Conference
June 28, 2019
Page 2

Regarding my Motion to Compel..., your letter provides more support for the filing, therefore, you can express your reasons why I'm at error before the Court, in Defendants opposition.

Concerning your arbitrary choice of a date and time to convene a 16.1 conference, that decision should have been arrived at after a discussion with me for my availability, albeit you say we could discuss it prior to that date.

Your continued attempt to control this litigation, by some imaginative exertion of power is ineffective. I [further] suggest you set aside the— I'm an attorney and your not attitude— that is also fruitless.

Mr. Needham, I now demand [that] you provide me with a **valid and sensible justification** for YOU not wanting to hold our 16.1 conference at your law office location— when you provide that information, then we can discuss any alternatives.

Respectfully,

Paul D.S. Edwards

**EXHIBIT D, p.2**

7/9/2019        RE: Edwards vs. C21, et al (CD of telephone calls)

Case 2:20-cv-00570-JAD-EJY    Document 1-2    Filed 03/23/20    Page 122 of 251

| | |
|---|---|
| Subject: | **RE: Edwards vs. C21, et al (CD of telephone calls)** |
| Date: | 7/1/2019 4:56:40 PM Pacific Standard Time |
| From: | pauldse@pauldsedwards.com |
| To: | realtylawyer@aol.com |

I will present it to you at our 16.1 conference...

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 01, 2019 4:48 PM
**To:** pauldse@pauldsedwards.com
**Subject:** Edwards vs. C21, et al (CD of telephone calls)

Today, mail me a copy of the CD of each alleged telephone call that exists in the subject case. 

Sincerely,

Evan Needham, Esq.

702-258-5858, Ext. 1.

**EXHIBIT E**

7/9/2019                                    RE: Edwards vs. C21, et al (telephonic conference)

Case 2:20-cv-00570-JAD-EJY   Document 1-2   Filed 03/23/20   Page 123 of 251

Subject:   **RE: Edwards vs. C21, et al (telephonic conference)**

Date:      7/8/2019 12:44:08 PM Pacific Standard Time

From:      pauldse@pauldsedwards.com

To:        realtylawyer@aol.com


Mr. Needham:


You can explain to me, or to the court, why you refuse to have the 16.1 at your office.


**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 12:34 PM
**To:** pauldse@pauldsedwards.com
**Cc:** RealtyLawyer@aol.com
**Subject:** ECC: Edwards vs. C21, et al (telephonic conference)


I am available this week for a telephonic 16.1 ECC. **What date/time is good for you?** Lastly, if you ever wish to hand-deliver items, my office has a drop-box (similar to every Court Department) which drop-box is available Mon-Friday, 9:00 AM to 5:00 PM (enter the atrium to the building and see the drop box for Needham Law Firm).


Sincerely,

Evan Needham, Esq.

702-258-5858, Ext. 1.

**EXHIBIT F**

7/9/2019            RE: Edwards vs. C21, et al (telephonic conference)

Case 2:20-cv-00570-JAD-EJY    Document 1-2    Filed 03/23/20    Page 124 of 251

**Subject:**    **RE: Edwards vs. C21, et al (telephonic conference)**
**Date:**      7/8/2019 1:31:44 PM Pacific Standard Time
**From:**     pauldse@pauldsedwards.com
**To:**       realtylawyer@aol.com


Mr. Needham:


Unless the parties agree...**the plaintiff is responsible for designating the time and place of each conference**. N.R.C.P., Rule 16.1(b)(4). <u>I do not conduct any 16.1 over the phone, or sitting at the courthouse.</u> I believe, at this point in our disagreement, we should let the Court decide if [either] you or I are correct – and you can explain to the Court why you refuse to hold the 16.1 at your office. Then my question will also be answered. 


Paul D.S. Edwards

### LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

Furthermore, unless otherwise stated, all telephone conversations are recorded.




**From:** Evan Needham [mailto:realtylawyer@aol.com]
<u>**Sent:** Monday, July 08, 2019 1:21 PM</u>
**To:** pauldse@pauldsedwards.com
**Cc:** realtylawyer@aol.com
**Subject:** Edwards vs. C21, et al (telephonic conference)



Mr. Edwards, Rule 16.1 clearly allows for a telephonic ECC. The rule also states "unless the parties agree" (plural). In the alternative, we can also comfortably meet at the court house. *Telephonic ECC (which is very common) or meet at court house. Please decide today* so that we can calendar such and move forward.

# EXHIBIT G

1

**NECC**
PAUL D.S. EDWARDS,

2

713 Wheat Ridge Lane, Unit 203,

3

Las Vegas, Nevada 89145
Landline Telephone:   702.341.1776

4

Cellular Telephone:   702.893.1776
Email: pauldse@pauldsedwards.com

5

Plaintiff *pro se*

6

7

# DISTRICT COURT,

8

## CLARK COUNTY, NEVADA

9

10

PAUL D.S. EDWARDS,

**CASE NO.:** A - 1 9 - 7 9 3 3 2 9 - C

11

**Plaintiff,**

12

*vs.*

**DEPT. NO.:** XI

13

JUAN MARTINEZ, INC.,

14

d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,

15

a/k/a JUAN ANTONIO MAYEN,
and ELIZABETH MARTINEZ,

16

a/k/a ELIZABETH A. MARTINEZ,

17

and SERGIO BRANDON TAMEZ,
a/k/a SERGIO TAMEZ,

18

and DOES I-X, and ROE CORPORATIONS XI-XX, et al.

19

**Defendants.**

20

21

**NOTICE OF EARLY CASE CONFERENCE**

22

**PURSUANT TO NRCP, RULE 16.1(b)(1)**

23

24

**TO:**   JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and

25

JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN,
and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ **(collectively "Defendants");**

26

**TO:**   Evan Needham, NEEDHAM LAW FIRM, **Attorney for Defendants.**

27

28

**EXHIBIT H, p.1**

Pursuant to Nevada Rules of Civil Procedures, Rules 16.1(a) and (b)—

**YOU AND EACH OF YOU WILL HEREBY PLEASE TAKE NOTICE** that an Early

Case Conference has been set for the 10th day of July, 2019@2:30 p.m., at the offices of Evan

Needham, Esq., NEEDHAM LAW FIRM, 3216 West Charleston Boulevard, Suite A, Las Vegas,

NV 89102.

The conference is expected to last 30-60 minutes - please mark your calender accordingly.

You are invited to bring your files, attend, and participate.

DATED this 8th day of July 2019.


PAUL D.S. EDWARDS,


/s/ Paul D.S. Edwards

Paul D.S. Edwards
713 Wheat Ridge Lane, Unit 203,
Las Vegas, NV 89145
Landline Telephone:  702.341.1776
Cellular Telephone:   702.893.1776
Email: pauldse@pauldsedwards.com
Plaintiff *pro se*

-2-

**EXHIBIT H, p.2**

**Subject:**   **RE: Edwards vs. C21 (objection)**
**Date:**     7/9/2019 8:50:20 AM Pacific Standard Time
**From:**    pauldse@pauldsedwards.com
**To:**       realtylawyer@aol.com


Mr. Needham:


I will be at your office, as scheduled, tomorrow at 2:30 p.m. As part of our 16.1 conference I will be providing you with a CD of the illegal telemarketing calls from Defendants, and a witness and document list.


Paul D.S. Edwards

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

Furthermore, unless otherwise stated, all telephone conversations are recorded.


**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 6:31 PM
**To:** pauldse@pauldsedwards.com
**Cc:** RealtyLawyer@aol.com
**Subject:** ECC: Edwards vs. C21 (objection)


Plaintiff's latest ECC paper signed on the 8th day of July 2019 is objected too. I wish to appear telephonically. Simply, amend your notice for a "telephonic conference." 


Sincerely,

Evan Needham, Esq.

702-258-5858, Ext. 1.

**EXHIBIT I**

Electronically Filed
7/10/2019 5:42 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ABREA**
PAUL D.S. EDWARDS,
2  713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
3  Landline Telephone:   702.341.1776
Cellular Telephone:   702.893.1776
4  Email: pauldse@pauldsedwards.com
Plaintiff *pro se*
5

6  # DISTRICT COURT,

7  ## CLARK COUNTY, NEVADA

8

9  PAUL D.S. EDWARDS,                          **CASE NO.:** A-19-793329-C

   **Plaintiff,**
10
                                              **DEPT. NO.:** XI
   *vs.*
11

12  JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
13  and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,
a/k/a JUAN ANTONIO MAYEN,
14  and ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ,
15  and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ,
and DOES I-X, and ROE CORPORATIONS XI-XX, et al.
16
                       **Defendants.**
17

18
                  **REQUEST FOR EXEMPTION FROM ARBITRATION**
19

20
         Plaintiff PAUL D.S. EDWARDS, *pro se* (**"Plaintiff"**), hereby requests the above entitled
21
matter be exempted from The Court Annexed Arbitration Program, pursuant to Nevada Arbitration
22
Rules 3 and 5, and the Telephone Consumer Protection Act (**"TCPA"**), 47 U.S.C. § 227(c)(5) as this
23
case:
24
         1.  ___X___    presents a significant issue of public policy;
25
         2.  _____    involves an amount in excess of $50,000 per Plaintiff, exclusive of interest
26                       and costs;

27       3.  ___X___    presents unusual circumstances which constitute good cause for removal
                         from the program.
28

This case encompasses Defendants illegal acts that include, but is not limited to violations of the TCPA; the Restrictions on Telephone Solicitation Sec. 64.1200, Delivery Restrictions (Rules and Regulations implementing the TCPA); a number of Nevada Revised Statutes; and Defendants intentional invasion into Plaintiff's expectation of privacy, and intrusion into the solitude and seclusion expected by Plaintiff in his home.

1. **Good cause for removal from the program exists, because the TCPA, 47 U.S.C. § 227(c)(5), statutorily provides for equitable or extraordinary relief:**

Pursuant to the Rules Governing Alternative Dispute Resolution (**"ADR Rules"**), Rule 3. Matters subject to arbitration—

> (A)    All civil cases commenced in the district courts that have a probable jury award value not in excess of $50,000 per plaintiff, exclusive of interest and costs, and regardless of comparative liability, are subject to the program...**except**...**actions seeking equitable or extraordinary relief**...(emphasis added).

As delineated within the TCPA, 47 U.S.C. § 227 et seq., Injunctive Relief is provided for "statutorily," under the TCPA, 47 U.S.C. § 227 (c)(5)—

> Private right of action— A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> (A)    **an action based on a violation of the regulations prescribed under this subsection <u>to enjoin such violation</u>,**
>
> (B)    an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>
> (C)    both such actions.

Here, Plaintiff is seeking a Permanent Injunction, enjoining Defendants from engaging in, and causing, *unsolicited, illegal* telemarketing and solicitation telephone calls (to Plaintiff, as well as to the citizens of Nevada) without first obtaining the called party(ies) [mandated] prior express consent to receive telemarketing telephone calls. See TCPA, 47 U.S.C. § 227 et seq.

1    Accordingly, because the TCPA, 47 U.S.C. § 227(c)(5), statutorily provides equitable or

2  extraordinary relief (as noted under the TCPA, and evidenced on the face of Plaintiff's Complaint),

3  good cause exists for removal from the ADR program.

4    Plaintiff further maintains that, based on the face of Plaintiff's Complaint, that he [believed]

5  the case was *automatically exempt* from the ADR Program, inasmuch as Plaintiff's pleading page

6  evidenced [that] this case was a "(ACTION IN EQUITY) STATUTORY INJUNCTIVE RELIEF,"

7  and "ARBITRATION EXEMPTION CLAIMED."

8    Accordingly, based upon ARB Form 7, Plaintiff concluded that the caption page of his

9  Complaint was sufficient to meet the requirements to be *automatically exempt from Arbitration*,

10  which is the reason Plaintiff did not file for a Request for Exemption from Arbitration.

11    I hereby certify pursuant to N.R.C.P. 11 this case is included within the exemption(s) marked

12  above and am aware of the sanctions which may be imposed against any attorney or party who

13  without good cause or justification attempts to remove a case from the arbitration program.

14    I further certify pursuant to NRS Chapter 239B and NRS 603A.040 that this document and

15  any attachments thereto do not contain personal information including, without limitation, home

16  address/phone number, social security number, driver's license number or identification card

17  number, account number, PIN numbers, credit card number or debit card number, in combination

18  with any required security code, access code or password that would permit access to the person's

19  financial account.

20    DATED this 10th day of July 2019.

21                                              PAUL D.S. EDWARDS,

22

23                                                 /s/ Paul D.S. Edwards

24                                              PAUL D.S. EDWARDS,
                                                713 Wheat Ridge Lane, Unit 203,
25                                              Las Vegas, Nevada 89145
                                                Landline Telephone:  702.341.1776
26                                              Cellular Telephone:   702.893.1776
                                                Email:pauldse@pauldsedwards.com
27                                              Plaintiff, *pro se*

28                                 **-3-**

# CERTIFICATE OF E-SERVICE

I HEREBY CERTIFY that, on the 10th day of July 2019, pursuant to the Nevada Electronic Filing and Conversion Rules (NEFCR) & N.R.C.P., Rule 5(b)(4), I e-filed and e-served a true and correct copy of the following document:

    **1.**    REQUEST FOR EXEMPTION FROM ARBITRATION

to the following:

    Evan Needham, NEEDHAM LAW FIRM
    realtylawyer@aol.com

Designee for Plaintiff

**NOTE:**    **REQUEST FOR EXEMPTION TO BE SERVED ON ANY PARTY WHO HAS APPEARED IN THE ACTION.**

**NOTE:**    **THE ADR COMMISSIONER WILL CONSIDER ANY WRITTEN OPPOSITION TO REQUEST, IF FILED WITHIN FIVE (5) DAYS OF SERVICE OF THE REQUEST; SAID OPPOSITION MUST BE SERVED ON THE MOVANT AND FILED WITH THE CLERK OF COURT IN A TIMELY FASHION TO BE CONSIDERED.**

Electronically Filed
7/19/2019 1:12 PM
Steven D. Grierson
CLERK OF THE COURT

1    **ROPP (CIV)**
PAUL D.S. EDWARDS,
2    713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
3    Landline Telephone:  702.341.1776
Cellular Telephone:   702.893.1776
4    Email: pauldse@pauldsedwards.com
Plaintiff *pro se*
5

6                  # DISTRICT COURT,

7               ## CLARK COUNTY, NEVADA

8

9    PAUL D.S. EDWARDS,                **CASE NO.:** A-19-793329-C

10            **Plaintiff,**

                                      **DEPT. NO.:** XI
11             *vs.*

12    JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
13    and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,
a/k/a JUAN ANTONIO MAYEN,
14    and ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ,
15    and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ,
and DOES I-X, and ROE CORPORATIONS XI-XX, et al.
16

                  **Defendants.**
17

18

19

20

21

22        **REPLY TO OPPOSITION TO MOTION TO COMPEL DEFENDANTS
TO ATTEND THE N.R.C.P., RULE 16.1 CONFERENCE,
AND,
MOTION TO STRIKE DEFENDANTS OPPOSITION,
OR, IN THE ALTERNATIVE,
MOTION TO STRIKE DEFENDANTS EXHIBITS**

23

24

25

26

27

28

Plaintiff understands [that] Courts disfavor parties from disparaging counsels and the parties to an action. However, Plaintiff is without any other option. Defendants counsel has, and continues to demonstrate his amateurish tactics; unwillingness to comply with the Rules; and bush-league ethics.

In the short-time since this case has been filed—

**(i)**    Defendants filed their Answer **after Default had been entered** against them;

**(ii)**   Defendants attorney Evan Needham, NEEDHAM LAW FIRM, **refused to meet Plaintiff in person** for the [mandated] 16.1 conference;

**(iii)**  Defendants attorney Evan Needham, NEEDHAM LAW FIRM, **demanded Plaintiff pay for an office if Plaintiff wanted to meet attorney Needham in person** for the [mandated] 16.1 conference;

**(iv)**   Defendants attorney Evan Needham, NEEDHAM LAW FIRM, recommended that if Plaintiff wanted to meet with attorney Needham in person, **Plaintiff could meet with attorney Needham at the "courthouse" to conduct the 16.1 conference**. Suggesting that attorney Needham and Plaintiff conduct the 16.1 meet & confer sitting in the hallway of the Clark County Courthouse.

**(v)**    Defendants attorney Evan Needham, NEEDHAM LAW FIRM, **advised Plaintiff that he can mail his Witness and Document List, including any exhibits, to attorney Needham**;

**(vi)**   Defendants attorney Evan Needham, NEEDHAM LAW FIRM, **failed to appear for the scheduled 16.1 conference**, even though attorney Needham was e-served with a Notice of Early   Case Conference Pursuant to NRCP, Rule 16.1(b)(1);

**(vii)**  and [now] attorney Needham **refused to comply with the Rules of the Court**. See EDCR, Rules 2.20 & Rule 2.27, *infra*.

Hence, unless Defendants counsel is following a set of Rules Plaintiff is unaware of, Defendants counsel's conduct was, and continues to be *improper, unethical, and unprofessional*.

. . .

. . .

. . .

**-2-**

## MEMORANDUM OF POINTS AND AUTHORITIES

1.       **Defendants Opposition to Motion to Compel Defendants to Attend the N.R.C.P., Rule 16.1 Conference, is Noncompliant— Therefore Should be Stricken:**

A review of Defendants Opposition to Motion to Compel Defendants to Attend the N.R.C.P., Rule 16.1 Conference **("Opposition")**, finds that Defendants have limited their arguments to bare citations to statutes, rules, and [*irrelevant, unrelated*] *nihil ad rem* case authority.

Consequently, Defendants Opposition *completely fails* to comply with EDCR, Rule 2.20,[1] that states, in pertinent part—

> A memorandum of points and authorities **which consists of bare citations to statutes, rules, or case authority** ***does not comply with this rule*** and **the court may decline to consider it**.
> EDCR, Rule 2.20(i). **(emphasis added)**.

Hence, when the bare citations to statutes, rules, and [*distorted, disconnected*] case authority are removed from Defendants Opposition, the remainder of Defendants arguments amount to **zero relevancy**.

The following is the sum of Defendants **zero relevancy** arguments—

Defense counsel has the right to attend an 16.1 early case conference by telephone and Plaintiff provides no good faith reason why he wants to deprive defense counsel's rights. Sanctions should be awarded against Plaintiff to deter Plaintiff from further abusive conduct. Awarding sanctions against Plaintiff is further justified because sanctions, awarded against Plaintiff by other district court judges, do not seem to deter Plaintiff from continuing to file frivolous documents.
Opposition, Page 1, ¶¶ 17-23.

Plaintiff is a vexatious litigant and is known to file frivolous papers with our courts.
Opposition, Page 2, ¶ 2.

Here, Plaintiff's Motion to Compel was filed without attaching an "affidavit" or "certification." Therefore, Plaintiff's Motion is void and must be denied.
Opposition, Page 3, ¶¶ 26-27.

In Plaintiff's Motion to Compel, he deliberately omits NRCP 16.1 (b)(3). On a side note, defense counsel recently conducted a multiparty early case conference in another case in the district court. It was completely telephonic. It went very smooth and three adverse parties appeared telephonically. It was highly efficient for all counsel. Opposition, Page 4, ¶¶ 7-10.

---

[1] Rule 2.20(i) was not suspended or modified pursuant to Administrative Order 19-03. Nor does EDCR, Rule 2.27(i) conflict with the revised N.R.C.P., N.R.A.P., and NEFCR.

1      Hence, based upon *Defendants ambiguous ramblings* (*supra*), anyone reading Defendants

2  Opposition— **absent** the bare citations to statutes, rules, and the two (2) [*unrelated*] cases cited—

3  would leave any person, and this Court, guessing what Defendants are opposing.

4      **2.      All Exhibits Attached to Defendants Opposition are Noncompliant— Therefore
        Should be Stricken:**

5

6      The Rules of Practice for the Eighth Judicial District Court of the State of Nevada

7  (**"EDCR"**) Rule 2.27(a)[2] is specific in the requirements when including exhibits with a filing:

8          (a) Exhibits that are submitted to the court that are **in excess of 10
           pages in length must be numbered consecutively in the lower
9          right-hand corner of the document. Exhibits shall be separated
           by sheets with the identification "Exhibit ____" centered in the
10         separator page in 24-point font or larger**. EDCR, Rule 2.27(a).
           **(emphasis added)**.

11

12     Yet, as evidenced in Defendants Opposition, Defendants continue their resolve to

13 [completely] ignore the Rules, and instead, openly engage in *erroneous and unbefitting conduct*

14 revealing *a total disrespect and disdain* towards the Court; the Rules of the Court; and this litigation.

15     A review of the Exhibits included with Defendants Opposition evidences the *total failure* of

16 complying with Rule 2.27(a)— even though the Rule is unambiguous as to what is required.

17         "...Exhibits that are submitted to the court **that are in excess of 10
           pages in length must be numbered consecutively** in the lower right-
18         hand corner of the document"

19     Nevertheless, Defendants *erroneous*ly *distinguish* each page of their Exhibits with the

20 wording "EXHIBIT A, EXHIBIT B, EXHIBIT C, etc. (located at the bottom (right-hand side) of

21 each [Exhibit] page), rather than the mandated numbering of Exhibits as specified under Rule

22 2.27(a).

23     In addition to incorrectly identifying each Exhibit, absent from Defendants Exhibits is the

24 [requirement] that each Exhibit be separated with a page with the identification "Exhibit ____"

25 centered in the separator page in 24-point font or larger; and the consecutive numbering in the lower

26 right-hand corner of each document. EDCR, Rule 2.27(a).

27

28 [2]Rule 2.27(a) was not suspended or modified pursuant to Administrative Order 19-03. Nor does
   EDCR, Rule 2.27(a) conflict with the revised N.R.C.P., N.R.A.P., and NEFCR.

**-4-**

As emphasized in Rule 2.27(a), "Exhibits that are submitted to the court **that are in excess of 10 pages** in length **_must_**[3] be numbered consecutively...". **(emphasis added)**.

Nevertheless, not one (1) page of Defendants Exhibits meet the requirements specified under EDCR, Rule 2.27(a)— accordingly, Defendants Exhibits should be stricken.

**3.     Defendants Opposition is _Erroneous, Mystifying, and Injudicious_:**

**(i)     Page 1 of Defendants Opposition:**

On Page 1 of Defendants Opposition Defendants state the following—

> "Defense counsel has the right to attend an 16.1 early case conference by telephone and Plaintiff provides no good faith reason why he wants to deprive defense counsel's rights." ¶¶ 17-18.

In-part, Defendants counsel is correct [in that] a 16.1 Early Case Conference **("ECC")**, as an alternative, can be conducted by telephone—

> **Attendance.** A party **_may_**[4] attend the case conference in person or by using audio or audiovisual transmission equipment...The court may order the parties or attorneys to attend the conference in person. NRCP, Rule 16.1(b)(3). **(emphasis and footnote added)**.

However, engaging in the ECC via telephone **is not a right**, as attorney Needham **Erroneously** suggests— it is an [alternative] means to conduct the ECC, as delineated within NRCP, Rule 16.1(b)(3)— and only if the parties agree to conduct the ECC telephonically.

To the contrary, the _irrefutable fact is_— Plaintiff, as the culpable party, is [solely] responsible for designating the location, date, and time of the ECC, unless the parties agree otherwise. Under Rule 16.1(b)(4)(A), it is unambiguous that the location, date, and time of the ECC (and any subsequent conferences) **is the responsibility of the Plaintiff**,[5] irregardless if plaintiff is represented by counsel, or in proper person.

---

[3]E.D.C.R., Rule 1.12(g) - "Must" is mandatory...

[4]In the Nevada Supreme Court Rules, and EDCR, Rule 1.12(g) "may" is permissive. The use of the word "may" makes clear that it is within discretion.

[5]**(4) Responsibilities.**
(A) Scheduling. **Unless the parties agree** or the court orders otherwise, **the plaintiff is responsible for designating the time and place of each conference**. NRCP, Rule 16.1(b)(4)(A). **(emphasis added)**.

There is no question that Defendants counsel can suggest a location, date, and time for an ECC— however, **Defendants attorney is not the responsible person** for the final determination for the ECC. Accordingly, if, as in this matter, Defendants attorney and Plaintiff, *pro* se, can not agree on a location, date, and time for an ECC, [then] it becomes Plaintiff's responsibility for determining a location, date, and time for the ECC. *Moraga v. Scott*, 68068 (Nev. 2016)("The attorney for the **plaintiff shall designate the time and place of each meeting**."); *Hill v. Second Judicial District court of State*, 62713 (Nev. 05/08/2014)("The district court noted that a **plaintiff bears the burden of holding a case conference**...NRCP 16.1(b)(1) **requires a plaintiff to hold an early case conference**..."). See also, *Dornbach v. Dist. Ct*., 324 P.3d 369 (Nev. 2014)(NRCP 16.1(b)(1) **requires a plaintiff to hold an early case conference**...).**(emphasis added)**.

Rejecting attorney Needham's foolish suggestions[6] for holding the ECC, and attorney Needham refusing to meet Plaintiff at attorney Needham's "law office," Plaintiff— as the responsible party "...for designating the time and place of each conference", *see n.5, supra*— e-served a Notice of Early Case Conference Pursuant to NRCP, Rule 16.1(b)(1) **("Notice")** to attorney Needham. A copy of the Notice is attached hereto and incorporated herein as **Exhibit 1 (Bates No. 001-004)**.

Even more so, as the emails sent by Plaintiff to attorney Needham evidences, Plaintiff sought from attorney Needham (numerous times) an answer as to why attorney Needham refuses to hold the ECC at his office, as Plaintiff designated.

However, attorney Needham **never provided an answer** to the question— why he refused to have the ECC at his law office.

---

[6]Attorney Needham *nonsensically suggested* Plaintiff rent [and pay for] a location to conduct the 16.1 conference. See Defendants Opposition, wrongly designated as EXHIBIT C ("4. You obtaining a meeting room in Las Vegas (the meeting room capital) to hold an ECC is a logical and reasonable proposal. It only costs $5-$35 per hour to rent a highly professional meeting room (see e.g., www.meetingroomsondemand.com and www.davincimeetingrooms.com"). See Plaintiff's **Bates No. 035**. Also see Plaintiff's **Bates No. 013** wherein attorney Needham makes another *asinine statement*— "Have you ever rented a conference room for $25 to $35 dollars?"

1

      **(ii)**    **Page 2-3 of Defendants Opposition:**

2

      On Page 2 of Defendants Opposition, Defendants **Mystifyingly** ramble-on

3

about a case from 2006 (*Edwards v. Emperor's Garden Restaurant*), and a current case (*Edwards*

4

*v. Time Share Liquidators, LLC*). Yet, each case is [completely] irrelevant to the issues here.

5

      The issues in this matter [solely] pertain to Defendants **attorney Needham refusing to hold**

6

**the ECC** at his law office, and **attorney Needham's *failure* to present himself at the ECC**

7

**scheduled** by Plaintiff. See Plaintiff's Motion, **Bates Nos. 002, 003 & 004**.

8

      What is more, because the cases cited by Defendants[7] are *inapposite*, and the information

9

entered by Defendants is at odds with the facts— Plaintiff will disregard Defendants *futile attempt*

10

to [intentionally] inflame and misdirect this Court, by not responding to Defendants' grasping-at-

11

straws arguments.

12

      The next subject within Defendants Opposition is a section titled II. FACTS. Under that

13

heading, beginning with ¶ 20 on Page 2, and continuing through ¶ 15 on Page 3, is a list of dates,

14

each followed by [purportedly] extracted verbiage from emails between Plaintiff and Defendants

15

counsel Needham.

16

      At the end of the wording (for each date) is a reference to an Exhibit - beginning with Exhibit

17

A for date 06/19/2019, and seems to end with Exhibit I for date 07/09/2019— evidencing segments

18

of nine (9) emails for the nine (9) dates. However, absent from *Defendants counterfactual exhibits*,

19

are additional [relevant] emails between Plaintiff and attorney Needham. A copy of every email

20

between Plaintiff and attorney Needham is attached hereto and incorporated herein as **Exhibit 2**

21

**(Bates Nos. 005-035)**.

22

      As the Court compares the [incorrectly labeled] email Exhibits submitted by Defendants, and

23

Plaintiff's email Exhibits, it becomes *irrefutably clear* that— in addition to *Defendants refusing to*

24

*comply* with the simplicity of EDCR, Rule 2.27(a), **Defendants [purposely] omit** the entirety of the

25

emails between Plaintiff and Defendants counsel Evan Needham - obviously to withhold from the

26

Court pertinent information. A **Injudicious** decision by Defendants counsel.

27

                    

[7]Opposition, Pge. 2, 3-18.

28

**-7-**

1    Also absent from Defendants Opposition is any notation regarding the telephone messages

2  left on attorney Needham's answering device by Plaintiff. Nonetheless, attorney **Needham never**

3  **responded to Plaintiff's telephone messages**. Yet, **attorney Needham had sufficient time to**

4  **telephone attorney Brian P. Clark**, the attorney representing defendants in a current case

5  referenced to in Defendant Opposition as *Edwards v. Time Share Liquidators, LLC*. See Defendants

6  Opposition, Pge. 2 of 5, ¶¶ 12.-18.

7    Interestingly, attorney Needham had the time to contact attorney Clark and have a

8  conversation (lasting several minutes) regarding this Plaintiff. That telephone conversation, initiated

9  by attorney Needham, was initiated for the singular purpose of extracting information, from attorney

10  Clark, *that would be scandalous*, and would *give attorney Needham ammunition* that he could use

11  as *ad hominem attacks* against Plaintiff. Reiterating, attorney **Needham never responded to**

12  **Plaintiff's telephone messages**.

13       **(iii)    Page 3-4 of Defendants Opposition:**

14    On Page 3, beginning with ¶ 16, Defendants title this section as "III.

15  AUTHORITY." Under that title, Defendants submit the following—

16  PLAINTIFF'S MOTION VIOLATES EDCR 2.34 AND NRCP 37 EDCR 2.34,
    section (d), states:

17
18  "Discovery motions may not be filed **unless an affidavit** of moving counsel **is
    attached thereto** setting forth that after a discovery dispute conference or a good
    faith effort to confer, counsel have been unable to resolve the matter satisfactorily
19  ...."( emphasis added). Opposition, Pge. 3, ¶¶ 16-20.

20  NRCP 37, section (a), states:

21  (1) In General. On notice to other parties and all affected persons, a party may move
    for an order compelling disclosure or discovery. The motion **must include a**
22  **certification** that the movant has in good faith conferred or attempted to confer with
    the person or party failing to make disclosure or discovery in an effort to obtain it
23  without court action. (Emphasis added). Opposition, Pge. 3, ¶¶ 21-25.

24  Immediately following the two (2) bare citations (one (1) from EDCR 2.34 and one (1) from

25  NRCP, Rule 37), *supra*, Defendants [then] *contrive* one (1) bare, spurious statement [and nothing

26  more] to support their citations to EDCR 2.34 and NRCP, Rule 37—

27    Here, Plaintiff's Motion to Compel was filed without attaching an
    "affidavit" or "certification." Therefore, Plaintiff's Motion is void and
28  must be denied. Opposition, Pge. 3, ¶¶ 26-27.

1    However, that statement, *supra*, is [either by intention, or lack of knowledge] *unreasoned*

2    *and fictitious*.

3    Here, Plaintiff's Motion is not a "discovery motion," as Defendants endeavor to convince this

4    Court. Nor did Plaintiff bring his Motion after a discovery dispute conference— [simply] because

5    discovery can not begin until the parties satisfy the 16.1 meet & confer requirement, and a case

6    conference report has been filed with the Court.

7    Additionally, Defendants bare citation [and nothing more] to NRCP, Rule 37, is [also]

8    meaningless to Plaintiff's Motion. As evidenced in Defendants *bare citing* of NRCP, Rule

9    37(a)(1)— "...a party may move for an order compelling disclosure or discovery." Opposition, Pge.

10   3, ¶¶ 23-24. However, Plaintiff's Motion is not brought, nor puts-forth any argument regarding,

11   pertaining to, or associated with "...compelling disclosure or discovery."

12   Consequently, NRCP, Rule 37(a)(1) is inapplicable to this matter.

13   The next argument by Defendants begin on Page 4 of Defendants Opposition, with the

14   heading—

15               2. UNDER NRCP 16.1, A PARTY MAY ATTEND AN EARLY
               CASE CONFERENCE BY AUDIO OR TELEPHONE.

16

17   Plaintiff has replied to this topic, *supra*, at Pge. 5, ¶ 3, through Pge. 7, ¶ 4. Nevertheless,

18   Plaintiff will be concise. As the title states, in pertinent part— "...MAY ATTEND...BY AUDIO OR

19   TELEPHONE." Conducting an ECC by "audio or telephone" **is not a right; not a requirement;**

20   **nor a prerequisite**. Conducting the ECC by "audio or telephone" is [merely] an alternative [if the

21   parties agree to it] rather than an in-person meet & confer.

22   However, questions remain that must be answered by attorney Needham—

23       **1.**    Why attorney Needham *refused to conduct an in-person* ECC at his office;

24       **2.**    Has attorney Needham held any ECC's at his office location;

25       **3.**    Does attorney Needham meet clients at his law office;

26       **4.**    Why attorney Needham *failed to present himself* at the scheduled ECC
             (see Bates Nos. 2, 3 & 4, attached hereto); and,

27

28       **5.**    Is attorney Needham refusing to have a in-person ECC because Plaintiff is
             appearing *pro se*, and is not an attorney.

**CONCLUSION**

As the responsible party, Plaintiff designated the office of Defendants attorney, Evan Needham, to hold the mandated 16.1 ECC. However, as evidenced by the [many] communications between Plaintiff, and Defendants attorney Evan Needham (see Exhibits attached hereto as Bates Nos. 002-035), Mr. Needham refused, without [providing any] explanation (or justification) to have the ECC at his office— as designated by Plaintiff, the responsible party. Rule 16.1(b)(4)(A). See *n.5, supra*.

As resolved by NRCP, Rule 16.1(b)(4)(A)— should the parties be unable to agree on a location, date, and time to have the ECC, then designating the location, date, and time to have the ECC is the responsibility of the Plaintiff. Moreover, the method of the ECC (*i.e.,* telephonically) is not a "right," as attorney Needham [foolishly] suggest, it is a secondary, a back-up choice, to conducting the ECC in person.

Irrespective of Defendants *distorted contention* that Plaintiff's Motion— "...must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery"— factually, the causation of Plaintiff's Motion does not pertain to, nor have any connection with any disclosure or discovery— because, by all Rules and Statutes, **discovery, at this point in the litigation, is prohibited**. **(emphasis added)**.

Accordingly, for all of the aforementioned:

**1.** Defendants' Opposition to Plaintiff's Motion to Compel and Request for Sanctions *should be stricken* for the complete *failure to comply* with EDCR, Rule 2.20 & Rule 2.27(a);

**2.** Unless attorney Needham can **provide a cogent and justifiable reason** for refusing to have the ECC at his office, the Court to order the parties to hold the ECC at the office of Defendants attorney Evan Needham, located at 3216 West Charleston Boulevard, Suite A, Las Vegas, NV 89102;

**3.** Attorney Evan Needham to provide evidence to support his statement— "Such a sanction would be consistent with other district court sanctions against Plaintiff and the Nevada Supreme Court's view of Plaintiff." Opposition, Pge. 4, ¶¶ 20-12.

**-10-**

1      **4.**      That Defendants *asinine request for* "two-thousand dollars ($2,000) in

2   attorney's fees" **be denied**, and they take nothing;

3      **5.**      That, pursuant to NRCP, Rule 16.1(e)(3),[8] Defendants be *sanctioned* for **their**

4   **unjustified, unreasoned, and obstinate refusal to engage in** the Early Case Conference (meet &

5   confer) pursuant to NRCP, Rule 16.1 et seq.

6      DATED this 19th day of July 2019.

7

8                                          PAUL D.S. EDWARDS,

9

10                                             /s/ Paul D.S. Edwards
                                          PAUL D.S. EDWARDS,
11                                          713 Wheat Ridge Lane, Unit 203,
                                          Las Vegas, Nevada 89145
12                                          Landline Telephone:   702.341.1776
                                          Cellular Telephone:   702.893.1776
13                                          Email:pauldse@pauldsedwards.com
                                          Plaintiff, *pro se*

14

15   . . .

16   . . .

17   . . .

18

19

20

21

22

23

24   [8]If an attorney fails to reasonably comply with any provision of this rule, or if an attorney or a party
     fails to comply with an order entered under Rule 16.3, the court, on motion or on its own, should
25   impose upon a party or a party's attorney, or both, appropriate sanctions in regard to the failure(s)
     as are just, including the following:
26         (A) any of the sanctions available under Rules 37(b) and 37(D; or,
         (B) an order prohibiting the use of any witness, document, or tangible thing that should have
27         been disclosed, produced, exhibited, or exchanged under Rule 16. l(a).

28                                          **-11-**

# CERTIFICATE OF E-SERVICE

I HEREBY CERTIFY that, on the 19th day of July 2019, pursuant to the Nevada Electronic Filing and Conversion Rules (NEFCR) & N.R.C.P., Rule 5(b)(4), I e-filed and e-served a true and correct copy of the following document:

1.     Reply to Opposition to Motion to Compel Defendants to Attend the N.R.C.P., Rule 16.1 Conference, and, Motion to Strike Defendants Opposition, or, In The Alternative, Motion to Strike Defendants Exhibits

to the following:

Evan Needham, NEEDHAM LAW FIRM
realtylawyer@aol.com

_____
Designee for Plaintiff

**-12-**

# EXHIBIT 1

**001**

**NECC**
PAUL D.S. EDWARDS,
713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
Landline Telephone:   702.341.1776
Cellular Telephone:    702.893.1776
Email: pauldse@pauldsedwards.com
Plaintiff *pro se*

# DISTRICT COURT,

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PAUL D.S. EDWARDS, | **CASE NO.:** A-19-793329-C |
| **Plaintiff,** | |
| *vs.* | **DEPT. NO.:** XI |
| JUAN MARTINEZ, INC.,<br>d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,<br>and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,<br>a/k/a JUAN ANTONIO MAYEN,<br>and ELIZABETH MARTINEZ,<br>a/k/a ELIZABETH A. MARTINEZ,<br>and SERGIO BRANDON TAMEZ,<br>a/k/a SERGIO TAMEZ,<br>and DOES I-X, and ROE CORPORATIONS XI-XX, et al. | |
| **Defendants.** | |

**NOTICE OF EARLY CASE CONFERENCE
PURSUANT TO NRCP, RULE 16.1(b)(1)**

**TO:**   JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ **(collectively "Defendants")**;

**TO:**   Evan Needham, NEEDHAM LAW FIRM, **Attorney for Defendants**.

**002**

Pursuant to Nevada Rules of Civil Procedures, Rules 16.1(a) and (b)—

**YOU AND EACH OF YOU WILL HEREBY PLEASE TAKE NOTICE** that an Early Case Conference has been set for the 10th day of July, 2019@2:30 p.m., at the offices of Evan Needham, Esq., NEEDHAM LAW FIRM, 3216 West Charleston Boulevard, Suite A, Las Vegas, NV 89102.

The conference is expected to last 30-60 minutes - please mark your calender accordingly. You are invited to bring your files, attend, and participate.

DATED this 8th day of July 2019.

PAUL D.S. EDWARDS,


_____/s/ Paul D.S. Edwards_____
Paul D.S. Edwards
713 Wheat Ridge Lane, Unit 203,
Las Vegas, NV 89145
Landline Telephone:   702.341.1776
Cellular Telephone:    702.893.1776
Email: p a u l d s e @ p a u l d s e d w a r d s . c o m
Plaintiff *pro se*

**-2-**

**003**

# CERTIFICATE OF E-SERVICE

I HEREBY CERTIFY that, on the 8th day of July 2019, pursuant to the Nevada Electronic

Filing and Conversion Rules (NEFCR) & N.R.C.P., Rule 5(b)(4), I e-served a true and correct copy

of the following document:

**1.**     Notice of Early Case Conference Pursuant to NRCP, Rule 16.1(b)(1)

to the following:

Evan Needham, NEEDHAM LAW FIRM
realtylawyer@aol.com

_____

Designee for Plaintiff

**-3-**

**004**

# EXHIBIT 2

In a message dated 6/19/2019 2:33:56 PM Pacific Standard Time,
pauldse@pauldsedwards.com writes:

Mr. Needham:

I am available for the 16.1 meet & confer, to take place at your office. Please advise me which
date and time is agreeable with you.

> June 27, 2019@10:00 a.m., or 2:30 p.m.
>
> July 2, 2019@11:00 a.m.
>
> July 3,  2019@ 1:30 p.m.
>
> July 8, 2019@2:00 p.m.

Paul D.S. Edwards

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy   Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above.

Furthermore, unless otherwisw stated, all telephone conversations are recorded.

**006**

| | |
|---|---|
| **From:** | Evan Needham |
| **To:** | pauldse@pauldsedwards.com |
| **Subject:** | Edwards v, Juan Martinez, Inc., et al. (ECC) |
| **Date:** | Thursday, June 20, 2019 11:54:05 AM |

Mr Edwards, select another place in Las Vegas for the ECC and, thereafter, we can discuss the mode of attendance, date and time. Evan Needham

In a message dated 6/19/2019 2:33:56 PM Pacific Standard Time, pauldse@pauldsedwards.com writes:

Mr. Needham:

I am available for the 16.1 meet & confer, to take place at your office. Please advise me which date and time is agreeable with you.

> June 27, 2019@10:00 a.m., or 2:30 p.m.
>
> July 2, 2019@11:00 a.m.
>
> July 3,  2019@ 1:30 p.m.
>
> July 8, 2019@2:00 p.m.

Paul D.S. Edwards

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above.

Furthermore, unless otherwisw stated, all telephone conversations are recorded.

**007**

| **From:** | Paul D S Edwards |
|---|---|
| **To:** | "Evan Needham" |
| **Subject:** | RE: Edwards v, Juan Martinez, Inc., et al. (ECC) |
| **Date:** | Thursday, June 20, 2019 12:06:00 PM |

Mr. Needham:

I don't understand. Is there a reason we can't meet at your office??

Paul D.S. Edwards

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Thursday, June 20, 2019 11:54 AM
**To:** pauldse@pauldsedwards.com
**Subject:** Edwards v, Juan Martinez, Inc., et al. (ECC)

Mr Edwards, select another place in Las Vegas for the ECC and, thereafter, we can discuss the mode of attendance, date and time. Evan Needham

In a message dated 6/19/2019 2:33:56 PM Pacific Standard Time, pauldse@pauldsedwards.com writes:

Mr. Needham:

I am available for the 16.1 meet & confer, to take place at your office. Please advise me which date and time is agreeable with you.

> June 27, 2019@10:00 a.m., or 2:30 p.m.
>
> July 2, 2019@11:00 a.m.
>
> July 3,  2019@ 1:30 p.m.
>
> July 8, 2019@2:00 p.m.

Paul D.S. Edwards

**LEGAL NOTICE**

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney

**008**

client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above.

Furthermore, unless otherwisw stated, all telephone conversations are recorded.

**009**

| | |
|---|---|
| **From:** | Paul D S Edwards |
| **To:** | "Evan Needham" |
| **Subject:** | RE: Edwards v, Juan Martinez, Inc., et al. |
| **Date:** | Friday, June 21, 2019 2:39:00 PM |

Mr. Needham:

As the responsible party for designating the time and place for the parties 16.1 conference, I propound that the 16.1 conference will take place at your office, located at 3216 W, Charleston Ave., Ste. A, [either] on June 27, 2019 at 10:00 a.m., or on July 2, 2019@11:00 a.m. However, should a date and time, between June 27, 2019 and July 8, 2019 be more convenient for you, please provide 2 choices so I can adjust my schedule to a more convenient time for you and I to meet & confer, as mandated under NRCP, Rule 16.1. Nevertheless, if you rather have the 16.1 meet & confer at a different location, other than your office, you can pay any fees required for causing our meet & confer to take place at a location other than your office.

Should you refuse to meet & confer, I will file a Motion to Compel, and you can explain your reluctance and position to the Court. I expect a date and time to be provided by Monday, June 24, 2019, before I take further action.

Respectfully,

Paul D.S. Edwards

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

Furthermore, unless otherwisw stated, all telephone conversations, conferences, and in-person meetings are recorded. Copies of recordings can be requested.

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Thursday, June 20, 2019 11:54 AM
**To:** pauldse@pauldsedwards.com
**Subject:** Edwards v, Juan Martinez, Inc., et al. (ECC)

Mr Edwards, select another place in Las Vegas for the ECC and, thereafter, we can discuss the mode of attendance, date and time. Evan Needham

**010**

| | |
|---|---|
| **From:** | Evan Needham |
| **To:** | pauldse@pauldsedwards.com |
| **Subject:** | Edwards v, Juan Martinez, Inc. (Second Request) |
| **Date:** | Tuesday, June 25, 2019 4:53:47 PM |

Mr. Edwards, Defendants wish to meet and confer ASAP. Please designate a place (besides 3216 W. Charleston Ave) which is mutually agreeable for our early case conference. Thereafter, I can call you and we can discuss time, mode, and hour for our conference. Lastly, Defendants will not be paying any fees for Plaintiff's conference duties.
Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

**011**

| | |
|---|---|
| **From:** | Paul D S Edwards |
| **To:** | "Evan Needham" |
| **Subject:** | RE: Edwards v, Juan Martinez, Inc., et al., Re: 16.1 Meet & Confer |
| **Date:** | Wednesday, June 26, 2019 11:49:00 AM |

Mr. Needham:

I have received and reviewed your e-served letter (date 06.26.19) pertaining to the 16.1 conference. In that letter you continue to refuse to meet with me unless I designate a location other than your office located at 3216 W. Charleston Avenue, Suite A, Las Vegas, NV.

First - As you know, I do not have an office location, hence, for each of the 16.1 conferences I have attended, they **all** took place at the opposing counsel's office.  Consequently, to meet your demand, of a location other than your office, I would be required to rent an office, for a fee, which I will not do. The only other alternative would be to hold the 16.1 conference at a restaurant or in a lobby somewhere – and I do not believe Judge Gonzalez would look favorably upon that.

Second - You have refused to provide a [logical] reason as to why/what prevent's having our 16.1 conference at your office, where, I presume, you do meet clients, and potential clients. I would find it impractical, and unbelievable that you tell your clients, or potential clients, that they must select a location to meet with you, other than your office location.

Accordingly, please provide me with a valid, rational reason as to why/what prevent's having our 16.1 conference at your office.

Paul D.S. Edwards

## **LEGAL NOTICE**

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

Furthermore, unless otherwise stated, all telephone conversations are recorded.

**012**

**From:**      Evan Needham
**To:**        pauldse@pauldsedwards.com
**Subject:**   Edwards v. Juan Martinez, Inc., et al., Re: 16.1 Meet & Confer
**Date:**      Wednesday, June 26, 2019 11:55:07 AM

Have you ever rented a conference room for $25 to $35 dollars?

**013**

| | |
|---|---|
| **From:** | Paul D S Edwards |
| **To:** | "Evan Needham" |
| **Subject:** | RE: Edwards v. Juan Martinez, Inc., et al., Re: 16.1 Meet & Confer |
| **Date:** | Wednesday, June 26, 2019 12:19:00 PM |

No! And I don't intend to start paying for a conference room now. However, if you or your clients want to pay for a conference room, I am **amenable** to that.

Nevertheless, you continue to refuse to provide a valid reason why the 16.1 can't be held at your office.

Paul D.S. Edwards

## **LEGAL NOTICE**

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

Furthermore, unless otherwise stated, all telephone conversations are recorded.

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Wednesday, June 26, 2019 11:55 AM
**To:** pauldse@pauldsedwards.com
**Subject:** Edwards v. Juan Martinez, Inc., et al., Re: 16.1 Meet & Confer

Have you ever rented a conference room for $25 to $35 dollars?

| | |
|---|---|
| **From:** | Evan Needham |
| **To:** | pauldse@pauldsedwards.com |
| **Subject:** | Edwards vs. C21, et al (CD of telephone calls) |
| **Date:** | Monday, July 01, 2019 4:48:13 PM |

Today, mail me a copy of the CD of each alleged telephone call that exists in the subject case.

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

**015**

| | |
|---|---|
| **From:** | Paul D S Edwards |
| **To:** | "Evan Needham" |
| **Subject:** | RE: Edwards vs. C21, et al (CD of telephone calls) |
| **Date:** | Monday, July 01, 2019 4:56:00 PM |

I will present it to you at our 16.1 conference...

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 01, 2019 4:48 PM
**To:** pauldse@pauldsedwards.com
**Subject:** Edwards vs. C21, et al (CD of telephone calls)

Today, mail me a copy of the CD of each alleged telephone call that exists in the subject case.

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

**016**

| | |
|---|---|
| **From:** | Evan Needham |
| **To:** | pauldse@pauldsedwards.com |
| **Cc:** | realtylawyer@aol.com |
| **Subject:** | ECC (edwards v. C21, et al) |
| **Date:** | Monday, July 08, 2019 12:15:54 PM |

Mr. Edwards,

I am following-up again to see if we can discuss the case today and confer at 2:00 pm? I can call you and we can discuss the claims and form a 16.1 discovery plan. In the alternative, we can also meet (in person) at the court house on 07/27/2019 (10:00 am) as you will be at the court house on that day. Sincerely, Evan Needham (702-258-5858, Ext 1).

P.S., If you ever wish to hand-deliver items, my office has a drop-box (similar to every Court Department) which drop-box is available Mon-Friday, 9:00 AM to 5:00 PM (enter the atrium to the building and see the drop box for Needham Law Firm).

/////////////

Mr. Needham:

I am available for the 16.1 meet & confer, to take place at your office. Please advise me which date and time is agreeable with you.

June 27, 2019@10:00 a.m., or 2:30 p.m.

July 2, 2019@11:00 a.m.

July 3, 2019@ 1:30 p.m.

July 8, 2019@2:00 p.m.

**017**

| | |
|---|---|
| **From:** | Paul D S Edwards |
| **To:** | "Evan Needham" |
| **Subject:** | RE: Edwards vs. C21, et al (CD of telephone calls) |
| **Date:** | Monday, July 08, 2019 12:30:00 PM |

Mr. Needham:

I don't appreciate your requesting a 16.1 meeting with a 2 hour notice. Nor will I conduct a meeting at the courthouse sitting on a chair in a hallway. I require, as has been done for each of the 16.1 conferences I have been a part of, to have the conference at your office. Moreover, **you have yet provided a reason as to why a conference is not possible at your office location**. However I am available tomorrow at 1 p.m., at your office, or Wed. 07.10.19 at 2:30 p.m., at your office. However, if you want to pay for an office, as you suggested I do, I will attend at that location – at either of those dates and times indicated.

Paul D.S. Edwards

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

Furthermore, unless otherwise stated, all telephone conversations are recorded.

**018**

| **From:** | Evan Needham |
|---|---|
| **To:** | pauldse@pauldsedwards.com |
| **Cc:** | RealtyLawyer@aol.com |
| **Subject:** | ECC: Edwards vs. C21, et al (telephonic conference) |
| **Date:** | Monday, July 08, 2019 12:34:32 PM |

I am available this week for a telephonic 16.1 ECC. **What date/time is good for you?**
Lastly, if you ever wish to hand-deliver items, my office has a drop-box (similar to every
Court Department) which drop-box is available Mon-Friday, 9:00 AM to 5:00 PM (enter the
atrium to the building and see the drop box for Needham Law Firm).

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

**019**

| | |
|---|---|
| **From:** | Paul D S Edwards |
| **To:** | "Evan Needham" |
| **Subject:** | RE: Edwards vs. C21, et al (telephonic conference) |
| **Date:** | Monday, July 08, 2019 12:44:00 PM |

Mr. Needham:

You can explain to me, or to the court, why you refuse to have the 16.1 at your office.

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 12:34 PM
**To:** pauldse@pauldsedwards.com
**Cc:** RealtyLawyer@aol.com
**Subject:** ECC: Edwards vs. C21, et al (telephonic conference)

I am available this week for a telephonic 16.1 ECC. **What date/time is good for you?**
Lastly, if you ever wish to hand-deliver items, my office has a drop-box (similar to every
Court Department) which drop-box is available Mon-Friday, 9:00 AM to 5:00 PM (enter the
atrium to the building and see the drop box for Needham Law Firm).

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

**020**

Sincerely,

Evan Needham, Esq.

702-258-5858, Ext. 1.


In a message dated 7/8/2019 12:44:08 PM Pacific Standard Time,
pauldse@pauldsedwards.com writes:


Mr. Needham:


You can explain to me, or to the court, why you refuse to have the 16.1 at your office.


**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 12:34 PM
**To:** pauldse@pauldsedwards.com
**Cc:** RealtyLawyer@aol.com
**Subject:** ECC: Edwards vs. C21, et al (telephonic conference)


I am available this week for a telephonic 16.1 ECC. **What date/time is good for you?**
Lastly, if you ever wish to hand-deliver items, my office has a drop-box (similar to every
Court Department) which drop-box is available Mon-Friday, 9:00 AM to 5:00 PM (enter the
atrium to the building and see the drop box for Needham Law Firm).


Sincerely,

Evan Needham, Esq.

702-258-5858, Ext. 1.

**021**

Actually, I, the Plaintiff decide how a 16.1 takes place. And, irrespective of your previous ECCs with attorneys, I conduct, as I have with every previous ECC, an in-person conference. For [at least] the tenth (10th) time – why are you refusing to conduct the ECC at your office?? You seem to have an obsession to avoid meeting me in person; for me to spend money; and to perform at your whim.

If you believe I am being unreasonable, then you can argue that position to the Court, and of course, seek sanctions.

Paul D.S. Edwards

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

Furthermore, unless otherwise stated, all telephone conversations are recorded.

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 12:53 PM
**To:** pauldse@pauldsedwards.com
**Cc:** realtylawyer@aol.com
**Subject:** Edwards vs. C21, et al (telephonic conference)

Mr Edwards, as you already agreed in your motion to compel, parties have the right to have a telephonic ECC. My last ECC was telephonic with multiple attorneys. What date/time can we have our telephonic ECC? Let's get it done and move forward.

| | |
|---|---|
| **From:** | Evan Needham |
| **To:** | pauldse@pauldsedwards.com |
| **Cc:** | realtylawyer@aol.com |
| **Subject:** | Edwards vs. C21, et al (telephonic conference) |
| **Date:** | Monday, July 08, 2019 12:52:46 PM |

Mr Edwards, as you already agreed in your motion to compel, parties have the right to have a telephonic ECC  My last ECC was telephonic with multiple attorneys. What date/time can we have our telephonic ECC? Let's get it done and move forward.

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.


In a message dated 7/8/2019 12:44:08 PM Pacific Standard Time,
pauldse@pauldsedwards.com writes:


Mr. Needham:


You can explain to me, or to the court, why you refuse to have the 16.1  at your office.


**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 12:34 PM
**To:** pauldse@pauldsedwards.com
**Cc:** RealtyLawyer@aol.com
**Subject:** ECC: Edwards vs. C21, et al (telephonic conference)


I am available this week for a telephonic 16.1 ECC. **What date/time is good for you?**
Lastly, if you ever wish to hand-deliver items, my office has a drop-box (similar to every
Court Department) which drop-box is available Mon-Friday, 9:00 AM to 5:00 PM (enter the
atrium to the building and see the drop box for Needham Law Firm).


Sincerely,

Evan Needham, Esq.

702-258-5858, Ext. 1.

**023**

| From: | Paul D S Edwards |
|---|---|
| To: | "Evan Needham" |
| Subject: | RE: Edwards vs. C21, et al (telephonic conference) |
| Date: | Monday, July 08, 2019 1:08:00 PM |

Mr. Needham:

Actually, I, the Plaintiff decide how a 16.1 takes place. And, irrespective of your previous ECCs with attorneys, I conduct, as I have with every previous ECC, an in-person conference. For [at least] the tenth (10th) time – why are you refusing to conduct the ECC at your office?? You seem to have an obsession to avoid meeting me in person; for me to spend money; and to perform at your whim.

If you believe I am being unreasonable, then you can argue that position to the Court, and of course, seek sanctions.

Paul D.S. Edwards

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

Furthermore, unless otherwise stated, all telephone conversations are recorded.

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 12:53 PM
**To:** pauldse@pauldsedwards.com
**Cc:** realtylawyer@aol.com
**Subject:** Edwards vs. C21, et al (telephonic conference)

Mr Edwards, as you already agreed in your motion to compel, parties have the right to have a telephonic ECC. My last ECC was telephonic with multiple attorneys. What date/time can we have our telephonic ECC? Let's get it done and move forward.

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

In a message dated 7/8/2019 12:44:08 PM Pacific Standard Time, pauldse@pauldsedwards.com writes:

**024**

Mr. Needham:

You can explain to me, or to the court, why you refuse to have the 16.1 at your office.

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 12:34 PM
**To:** pauldse@pauldsedwards.com
**Cc:** RealtyLawyer@aol.com
**Subject:** ECC: Edwards vs. C21, et al (telephonic conference)

I am available this week for a telephonic 16.1 ECC. **What date/time is good for you?**
Lastly, if you ever wish to hand-deliver items, my office has a drop-box (similar to every
Court Department) which drop-box is available Mon-Friday, 9:00 AM to 5:00 PM (enter the
atrium to the building and see the drop box for Needham Law Firm).

Sincerely,

Evan Needham, Esq.

702-258-5858, Ext. 1.

| From: | Evan Needham |
| --- | --- |
| To: | pauldse@pauldsedwards.com |
| Cc: | realtylawyer@aol.com |
| Subject: | Edwards vs. C21, et al (telephonic conference) |
| Date: | Monday, July 08, 2019 1:21:05 PM |

Mr. Edwards, Rule 16.1 clearly allows for a telephonic ECC. The rule also states "unless the parties agree" (plural). In the alternative, we can also comfortably meet at the court house. Telephonic ECC (which is very common) or meet at court house. Please decide today so that we can calendar such and move forward.

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

In a message dated 7/8/2019 1:08:17 PM Pacific Standard Time, pauldse@pauldsedwards.com writes:

Mr. Needham:

Actually, I, the Plaintiff decide how a 16.1 takes place. And, irrespective of your previous ECCs with attorneys, I conduct, as I have with every previous ECC, an in-person conference. For [at least] the tenth (10th) time – why are you refusing to conduct the ECC at your office?? You seem to have an obsession to avoid meeting me in person; for me to spend money; and to perform at your whim.

If you believe I am being unreasonable, then you can argue that position to the Court, and of course, seek sanctions.

Paul D.S. Edwards

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

**026**

Furthermore, unless otherwise stated, all telephone conversations are recorded.

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 12:53 PM
**To:** pauldse@pauldsedwards.com
**Cc:** realtylawyer@aol.com
**Subject:** Edwards vs. C21, et al (telephonic conference)

Mr Edwards, as you already agreed in your motion to compel, parties have the right to have a telephonic ECC. My last ECC was telephonic with multiple attorneys. What date/time can we have our telephonic ECC? Let's get it done and move forward.

Sincerely,

Evan Needham, Esq.

702-258-5858, Ext. 1.

In a message dated 7/8/2019 12:44:08 PM Pacific Standard Time, pauldse@pauldsedwards.com writes:

Mr. Needham:

You can explain to me, or to the court, why you refuse to have the 16.1 at your office.

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 12:34 PM
**To:** pauldse@pauldsedwards.com
**Cc:** RealtyLawyer@aol.com
**Subject:** ECC: Edwards vs. C21, et al (telephonic conference)

I am available this week for a telephonic 16.1 ECC. **What date/time is good for you?**
Lastly, if you ever wish to hand-deliver items, my office has a drop-box (similar to every

**027**

Court Department) which drop-box is available Mon-Friday, 9:00 AM to 5:00 PM (enter the atrium to the building and see the drop box for Needham Law Firm).

Sincerely,

Evan Needham, Esq.

702-258-5858, Ext. 1.

**028**

| | |
|---|---|
| **From:** | Paul D S Edwards |
| **To:** | "Evan Needham" |
| **Subject:** | RE: Edwards vs. C21, et al (telephonic conference) |
| **Date:** | Monday, July 08, 2019 1:31:00 PM |

Mr. Needham:

Unless the parties agree...**the plaintiff is responsible for designating the time and place of each conference**. N.R.C.P., Rule 16.1(b)(4). I do not conduct any 16.1 over the phone, or sitting at the courthouse. I believe, at this point in our disagreement, we should let the Court decide if [either] you or I are correct – and you can explain to the Court why you refuse to hold the 16.1 at your office. Then my question will also be answered.

Paul D.S. Edwards

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

Furthermore, unless otherwise stated, all telephone conversations are recorded.

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 1:21 PM
**To:** pauldse@pauldsedwards.com
**Cc:** realtylawyer@aol.com
**Subject:** Edwards vs. C21, et al (telephonic conference)

Mr. Edwards, Rule 16.1 clearly allows for a telephonic ECC. The rule also states "unless the parties agree" (plural). In the alternative, we can also comfortably meet at the court house. Telephonic ECC (which is very  common) or meet at court house. Please decide today so that we can calendar such and move forward.

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

In a message dated 7/8/2019 1:08:17 PM Pacific Standard Time, pauldse@pauldsedwards.com writes:

Mr. Needham:

| **From:** | Evan Needham |
|---|---|
| **To:** | pauldse@pauldsedwards.com |
| **Cc:** | realtylawyer@aol.com |
| **Subject:** | Edwards vs. C21, et al (telephonic conference) |
| **Date:** | Monday, July 08, 2019 1:40:27 PM |

Thank you for reiterating: "Unless the parties agree...the plaintiff is responsible for designating the time and place of each conference." I do not agree with your location selection. Select another location for me to assess if you are opposed to my right to have a telephonic ECC.

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

**030**

| | |
|---|---|
| **From:** | Paul D S Edwards |
| **To:** | "Evan Needham" |
| **Subject:** | RE: Edwards vs. C21, et al (telephonic conference) |
| **Date:** | Monday, July 08, 2019 1:45:00 PM |

I guess your interpretation and my interpretation are [quite] different. And you're right, since we disagree on a location, other than your office, it is the Plaintiff's responsibility for designating the time and place of each conference. Again, **why are you refusing to have the 16.1 at your office????**

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 1:40 PM
**To:** pauldse@pauldsedwards.com
**Cc:** realtylawyer@aol.com
**Subject:** Edwards vs. C21, et al (telephonic conference)

Thank you for reiterating: "Unless the parties agree...the plaintiff is responsible for designating the time and place of each conference." I do not agree with your location selection. Select another location for me to assess if you are opposed to my right to have a telephonic ECC.

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

**031**

| | |
|---|---|
| **From:** | Paul D S Edwards |
| **To:** | "Evan Needham" |
| **Subject:** | RE: Edwards vs. C21, et al (telephonic conference) |
| **Date:** | Monday, July 08, 2019 1:56:00 PM |

Mr. Needham:

As the Plaintiff, and pursuant to N.R.C.P., Rule 16.1(b)(4),  I am designating the time and place for our 16.1 conference. It will be at your office, located at 3216 W. Charleston Avenue, Suite A, Las Vegas, NV, at 2:30 on July 10, 2019. I will be sending you a Notice of Early Case Conference.


Paul D.S. Edwards

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

Furthermore, unless otherwise stated, all telephone conversations are recorded.


**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 1:40 PM
**To:** pauldse@pauldsedwards.com
**Cc:** realtylawyer@aol.com
**Subject:** Edwards vs. C21, et al (telephonic conference)

Thank you for reiterating: "Unless the parties agree...the plaintiff is responsible for designating the time and place of each conference." I do not agree with your location selection. Select another location for me to assess if you are opposed to my right to have a telephonic ECC.

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

**032**

| | |
|---|---|
| **From:** | Evan Needham |
| **To:** | pauldse@pauldsedwards.com |
| **Cc:** | RealtyLawyer@aol.com |
| **Subject:** | ECC: Edwards vs. C21 (objection) |
| **Date:** | Monday, July 08, 2019 6:31:32 PM |

Plaintiff's latest ECC paper signed on the 8th day of July 2019 is objected too. I wish to appear telephonically. Simply, amend your notice for a "telephonic conference."

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

**033**

| | |
|---|---|
| **From:** | Paul D S Edwards |
| **To:** | "Evan Needham" |
| **Subject:** | RE: Edwards vs. C21 (objection) |
| **Date:** | Tuesday, July 09, 2019 8:50:00 AM |

Mr. Needham:

I will be at your office, as scheduled, tomorrow at 2:30 p.m. As part of our 16.1 conference I will be providing you with a CD of the illegal telemarketing calls from Defendants, and a witness and document list.

Paul D.S. Edwards

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages. Unless expressly stated otherwise, this message and any documents accompanying this E-mail transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of my wireless telephone number is not to be construed as my "Prior Express Consent" (or implied consent) to receive any type of telephone calls to my cellular telephone number, other than those telephone calls pertaining (solely) to the instant matter – nor does this E-mail create an Existing Business Relationship (EBR).

Furthermore, unless otherwise stated, all telephone conversations are recorded.

**From:** Evan Needham [mailto:realtylawyer@aol.com]
**Sent:** Monday, July 08, 2019 6:31 PM
**To:** pauldse@pauldsedwards.com
**Cc:** RealtyLawyer@aol.com
**Subject:** ECC: Edwards vs. C21 (objection)

Plaintiff's latest ECC paper signed on the 8th day of July 2019 is objected too. I wish to appear telephonically. Simply, amend your notice for a "telephonic conference."

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

**034**

# Needham Law Firm

3216 W. Charleston Blvd, Ste. A, Las Vegas Nv. 89102
Tele: 702-258-5858

**June 28, 2019**

Mr. Paul Edwards
713 WHEAT RIDGE LN #203
LAS VEGAS, NV 89145

Re:   <u>Paul Edwards v. Juan Martinez, et al. (Case No: A-19-793329-C)</u>
       Sent via the court's e-file and serve system
       on Plaintiff at pauldse@pauldsedwards.com

## <u>DEFENDANTS' 16.1 CONFERENCE REQUEST</u>

Mr. Edwards,

This follows my prior written desires to have an early case conference ASAP.

I request that we have our initial *early case conference* by audio or telephone on **July 8th at 2p.m.** I can call you at or around that time accomplish our conference. You or I can also call each other prior to that date to confirm our conference. I look forward to speaking with you at that date/time.

The *motion to compel* that you filed on 06/27/2019 is improper for multiple reasons, including:

    1. It is void ab initio.

    2. It is frivolous because it limits my rights.

    3. It was premature as you made no quality effort to have a meaningful dispute resolution. Your giving me less than two days to return your call on 06/27/2019 is not civil or reasonable.

    4. You obtaining a meeting room in Las Vegas (the meeting room capital) to hold an ECC is a logical and reasonable proposal. It only costs $5-$35 per hour to rent a highly professional meeting room (see e.g., www.meetingroomsondemand.com and www.davincimeetingrooms.com).

Based on the above, ***withdraw*** Plaintiff's motion within 2 business days to **save** judicial resources.

Sincerely,
Evan Needham, Esq.
702-258-5858, Ext. 1.

**035**

Electronically Filed
7/24/2019 2:15 PM
Steven D. Grierson
CLERK OF THE COURT

**CDRG**

# DISTRICT COURT

## CLARK COUNTY, NEVADA

Paul Edwards, Plaintiff(s)

vs.

Juan Martinez Inc, Defendant(s)

CASE NO: A-19-793329-C
DEPT. NO: XI

## <u>COMMISSIONER'S  DECISION ON REQUEST FOR EXEMPTION</u>

REQUEST FOR EXEMPTION FILED ON: <u>July 10, 2019</u>

EXEMPTION FILED BY: <u>Plaintiff</u>                    OPPOSITION: <u>No</u>

## <u>DECISION</u>

Having reviewed the Request for Exemption, and all related pleadings, the Request

for Exemption is hereby GRANTED.

DATED this <u>24th</u> of July, 2019.

_____

ADR COMMISSIONER

EDWARDS/A-19-793329-C

**NOTICE**

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Clerk of Court and serve all parties. The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail. Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the time if served electronically (via e-service).

A copy of the foregoing ADR Commissioner's Decision was:

On _____*July  24th*_____, 2019, a copy of the foregoing Commissioner's Decision on Request for Exemption was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program.

/s/    Loretta Walker
                ADR COMMISSIONER'S DESIGNEE

2

Electronically Filed
7/25/2019 3:48 PM
Steven D. Grierson
CLERK OF THE COURT

1

RSPN
NEEDHAM LAW FIRM
2    Evan Needham, Esq.
Nevada State Bar #7841
3    3216 West Charleston Blvd. Ste. A
Las Vegas, NV 89102
4    T: 702-258-5858
E: RealtyLawyer@aol.com
5    *Attorney for Defendants*
*Juan Martinez, Inc.,*
6    *Juan A. Martinez, JR. and*
*Sergio B. Tamez*

7

EIGHTH JUDICIAL DISTRICT COURT
8                     CLARK COUNTY, NEVADA

9    PAUL D.S. EDWARDS
                              Plaintiff,        Case No:   A-19-793329-C
10   vs.                                         Dept No:   11

11   JUAN MARTINEZ, INC., *d/b/a* Century 21,
Martinez & Associates, et al                  Hearing Date: July 30, 2019
12                            Defendants.        Hearing Time: 9:00 am

13

14   **DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION TO SANCTIONS**

15        Plaintiff opposes Defendants' request for sanctions and he asks that sanctions be denied.

16   See Plaintiff's reply, p. 11, line 2. In response to Plaintiff's opposition to sanctions, Defendants'

17   submit the following responsive points.

18   **1. OTHER COURTS FIND PLAINTIFF TO BE A BAD FAITH LITIGANT**

19        EDCR 7.60, section b, states:

20        (b) The court may, after notice and an opportunity to be heard, impose upon an attorney

21   or a party any and all sanctions which may, under the facts of the case, be reasonable, including

22   the imposition of fines, costs or attorney's fees when an attorney or a party without just cause:
          (1) Presents to the court a motion or an opposition to a motion which is obviously
23   frivolous, unnecessary or unwarranted.
          (2) ....
24        (3) So multiplies the proceedings in a case as to increase costs unreasonably and
25   vexatiously.

26        Here, Plaintiff's trying to force his way into defense counsel's law firm is vexatious. For

27   example, Plaintiff's sending a "Notice an Early Case Conference" to occur at the defense law

28   firm <u>after</u> Plaintiff was told, on 06/20/2019, to choose another location or <u>after</u> defense asked for

a telephonic ECC, on both 06/28/2019 and on 07/08/2019 is vexatious.

Pursuant to EDCR 7.60, Plaintiff's motion to compel was unwarranted because Plaintiff could have had a telephonic ECC with defense counsel or chose another location, even the court house. Plaintiff is regularly at the court house based on all his lawsuits. Plaintiff's bad behavior is not a shock. Below are a few of many court rulings that prove Plaintiff's bad faith tactics.

In Edwards v. OSI Collection Servs., Inc., 283 F. Supp.3d 957 (D. Nev., 2005), the court was highly upset at Plaintiff Edwards and stated: "Plaintiff's case was brought in **bad faith** and for the **purpose of harassment;**" Id. at 963 to 964; "... that Plaintiff has instigated at least **45 actions** in this Court alone; Id at 965. "... Plaintiff's many lawsuits indicates his **tactic of harassment.**" Id. "Thus, the Court awarded Defendant reasonable attorney's fees and costs." Id at 967 (Emphases added). Because Plaintiff Edwards regularly filed lawsuits in federal court, the Court analyzed Plaintiff's cases more deeply and discovered "**general frivolity in his claims.**" Id. at footnote 13. The Court drafted a highly detailed footnote, using other cases which Plaintiff filed suit, to shed light on and unravel Plaintiff's pattern of bad faith within the courts, as follows:

In Edwards v. Stock, No. CV–S–00–0040–RLH (D. Nev 2001), Edwards sued an attorney under the Federal Debt Collection Practices Act. Edward's failed to pay his homeowner's association dues and he contacted the homeowner association's attorney to request a break down of the monies owed. Edwards then sued the Homeowner Association's attorney for apparently violating debt collection practices. The Court granted the defendant attorney's motion for summary judgment finding that she was not a "debt collector" and that she was not covered under the Act. "Moreover, finding that Edwards brought the suit in **bad faith in an effort to intimidate and harass,** the Court awarded attorney's fees.**" See Edwards v. OSI Collection Servs, at footnote #13 (Emphases added).

In Edwards v. Bill Heard Chevrolet Corp., No. CV–S–01–1171–PMP (D. Nev. 2004), Edwards sued a car dealership under the Equal Credit Opportunity Act. Edwards visited the dealership but the evidence showed that he had "no lawful employment", "a bankruptcy" and "a foreclosure." His ability to buy a car was a joke. According to the court, "Edwards never desired to purchase a car." Edwards tried to harass the dealership to settle his frivolous claims in exchange for a new Corvette! See Edwards v. OSI Collection Servs at footnote #13.

///

The Court's final words, in <u>Edwards v. OSI Collection</u>, in footnote 13, was as follows:

"Based on these three representative examples, **Edwards' actions have an appearance of fraud**"; "... the fact that Edwards has conservatively had seventy such cases (50 lawsuits filed + 20 cases resolved without litigation) is suspect. Based on the number of cases filed, **Edwards is one of the most litigious parties in Southern Nevada**;" and "If purposefully charges purchases knowing that he will not pay them back ... this may be evidence of **criminal fraud** that should be forwarded to the United States District Attorney's Office."(Emphases added).

Based on the above court findings, Plaintiff's vexatious behavior is repeating itself in this court. It is unwise and too risky for any defense attorney to meet Plaintiff inside their law firms. Hence, a telephonic ECC is appropriate in this case.

In the alternative to having the parties conduct an ECC and to expedite a Scheduling Order in this case, maybe the court (to resolve the underlying ECC conflict) can order the parties file a joint or separate case conference report, bypass the ECC under NRCP 16.1 (b)(1)(F), and simply appear in court for a Mandatory Discovery Conference pursuant to NRCP 16.

## 2. PLAINTIFF'S MOTION WAS FILED WHEN HIS CASE WAS SET FOR ADR.

Plaintiff filed his motion to compel an early case conference on **06/27/2019**. At the time Plaintiff filed his motion, Plaintiff's case (according the ADR department) was part of the Arbitration Program and 16.1 conferences are not required.[1]  The ADR department served an Arbitration Selection List on **07/09/2019** and Plaintiff filed a "Request for Exemption from Arbitration" on **07/10/2019**.  Exhibit A (Request for Exemption).  Officially, the ADR department did not grant Plaintiff's exemption from the court's arbitration program until **07/24/2019**.

Dated: July 25, 2019`                        /s/ Evan Needham
                                            Evan Needham, Esq.
                                            *Attorney for Defendants*

### CERTIFICATE OF SERVICE

Today, Defendants' Response to Plaintiff's Opposition to Sanctions was served, by the court's e-file system, on Plaintiff Edwards at pauldse@pauldsedwards.com

Dated: July 25, 2019                        /s/ Evan Needham
                                            Evan Needham, Esq.
                                            *Attorney for Defendants*

---

[1] NRCP 16.1(b)(1) lists the exemptions to the early case conference requirement and a "*case in the court-annexed arbitration program*" is one of the expressed  exemptions.

# EXHIBIT A

Edwards v. Juan Martinez, et al

# EXHIBIT A

Edwards v. Juan Martinez, et al

Electronically Filed
7/10/2019 5:42 PM
Steven D. Grierson
CLERK OF THE COURT

**ABREA**
PAUL D.S. EDWARDS,
713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
Landline Telephone:   702.341.1776
Cellular Telephone:   702.893.1776
Email: pauldse@pauldsedwards.com
Plaintiff *pro se*

# DISTRICT COURT,

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PAUL D.S. EDWARDS, | **CASE NO.:** A-19-793329-C |
| **Plaintiff,** | |
| *vs.* | **DEPT. NO.:** XI |
| JUAN MARTINEZ, INC.,<br>d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,<br>and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,<br>a/k/a JUAN ANTONIO MAYEN,<br>and ELIZABETH MARTINEZ,<br>a/k/a ELIZABETH A. MARTINEZ,<br>and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ,<br>and DOES I-X, and ROE CORPORATIONS XI-XX, et al. | |
| **Defendants.** | |

## REQUEST FOR EXEMPTION FROM ARBITRATION

Plaintiff PAUL D.S. EDWARDS, *pro se* (**"Plaintiff"**), hereby requests the above entitled matter be exempted from The Court Annexed Arbitration Program, pursuant to Nevada Arbitration Rules 3 and 5, and the Telephone Consumer Protection Act (**"TCPA"**), 47 U.S.C. § 227(c)(5) as this case:

1.   __X__   presents a significant issue of public policy;

2.   ____   involves an amount in excess of $50,000 per Plaintiff, exclusive of interest and costs;

3.   __X__   presents unusual circumstances which constitute good cause for removal from the program.

Electronically Filed
7/25/2019 9:39 PM
Steven D. Grierson
CLERK OF THE COURT

1  **MSTR (CIV)**
   PAUL D.S. EDWARDS,
2  713 Wheat Ridge Lane, Unit 203,
   Las Vegas, Nevada 89145
3  Landline Telephone:   702.341.1776
   Cellular Telephone:   702.893.1776
4  Email: pauldse@pauldsedwards.com
   Plaintiff *pro se*
5

6                    **DISTRICT COURT,**

7                **CLARK COUNTY, NEVADA**

8

9  PAUL D.S. EDWARDS,                        | **CASE NO.:**  A-19-793329-C

10                    **Plaintiff,**

11                       *vs.*               | **DEPT. NO.:** XI

12 JUAN MARTINEZ, INC.,                      | Date of Hearing:   **July 30, 2019**
   d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
13 and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,
   a/k/a JUAN ANTONIO MAYEN,                 | **Time of Hearing:     9:00 a.m.**
14 and ELIZABETH MARTINEZ,
   a/k/a ELIZABETH A. MARTINEZ,
15 and SERGIO BRANDON TAMEZ,
   a/k/a SERGIO TAMEZ,
16 and DOES I-X, and ROE CORPORATIONS XI-XX, et al.

17                    **Defendants.**

18
                    **PLAINTIFF'S MOTION TO STRIKE**
19           **DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
          **MOTION TO COMPEL AND REQUEST FOR SANCTIONS**
20

21         This Motion to Strike Defendants' Opposition to Plaintiff' S Motion to Compel and Request

22  for Sanctions (**"Motion"**) requires [only] a compendious response, [simply] because— Defendants

23  Opposition to Plaintiff's Motion to Compel and Request for Sanctions (**"Opposition"**) is a ***fugitive***

24  ***document***. There are [at a minimum] two (2) <u>irrefutable, evident reasons</u> which establish Defendants

25  Opposition as a  ***fugitive document***.

26         1.        **Defendants did not seek leave of the Court to file it's** *fugitive document***:**

27                Local Rules of Civil Practice permits the filing of a motion, a response, and a reply.

28         Accordingly, any document not allowed by EDCR, Rule 2.20, is a ***fugitive document***.

           Pursuant to EDCR, Rule 2.20, [first] there is a Motion; [more than not] followed by a

    Opposition; and if necessary followed by a reply.

1    A document not allowed pursuant to EDCR, Rule 2.20 *et seq.*, or otherwise permitted by

2    order of this Court, is a ***fugitive document*** and should be stricken from the record. See *Reiger v.*

3    *Nevens*, 3:13-cv-00218-MMD-VPC, 2014 WL 537613, at *2 (D. Nev. Feb. 7, 2014). Moreover,

4    because Defendants seem to have **[erroneous]** filed their Opposition as a "Supplemental" filing, and

5    did so without [first] seeking leave of this Court to file their Opposition, it is subject to be ***stricken***

6    ***from the record***.

7    What is more, to Plaintiff's knowledge, <u>there is no Opposition to a Reply</u>.

8    **2.    Should this Court not strike Defendants *fugitive* Opposition, Plaintiff must be**
        **provided ample time to respond to *"new arguments"* introduced in Defendants**
9        ***fugitive* Opposition:**

10    In their ***fugitive Opposition***, Defendants asserted new arguments that was not

11    previously raised in Defendants' Opposition to Plaintiff's Motion to Compel and Request for

12    Sanctions. Accordingly, **should the Court not *strike Defendants* "fugitive document,"** Plaintiff

13    request he be given ample time to respond to the **new arguments** put forth in Defendants **"*fugitive***

14    ***document*."**

15    Here, there is no question that **Defendants Opposition is a *untimely filed* "fugitive**

16    ***document*"** and must be stricken from the record.

17    DATED this 25th day of June 2019.

18

19                                    Respectfully submitted,

20
                                     PAUL D.S. EDWARDS,
21

22                                    _____/s/ Paul D.S. Edwards_____
                                      Paul D.S. Edwards
23                                    713 Wheat Ridge Lane, Unit 203
                                      Las Vegas, Nevada 89145
24                                    Landline Telephone:  702.341.1776
                                      Cellular Telephone:   702.893.1776
25                                    Email: pauldse@pauldsedwards.com
                                      Plaintiff, *pro se*
26

27

28

# CERTIFICATE OF E-SERVICE

I HEREBY CERTIFY that, on the 25th day of July 2019, pursuant to the Nevada Electronic Filing and Conversion Rules (NEFCR) & N.R.C.P., Rule 5(b)(4), I e-served a true and correct copy of the following document:

**1.** Defendants Opposition to Plaintiff's Motion to Compel and Request for Sanctions

to the following:

Evan Needham, NEEDHAM LAW FIRM
realtylawyer@aol.com

_____
Designee for Plaintiff

**-3-**

A-19-793329-C

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| Other Civil Matters | COURT MINUTES | July 30, 2019 |
|---|---|---|

| A-19-793329-C | Paul Edwards, Plaintiff(s) |
|---|---|
| | vs. |
| | Juan Martinez Inc, Defendant(s) |

| July 30, 2019 | 9:00 AM | Motion to Compel Defendants to Attend the NRCP Rule 16.1 Conference |
|---|---|---|

**HEARD BY:**  Gonzalez, Elizabeth          **COURTROOM:**  RJC Courtroom 03E

**COURT CLERK:**  Dulce Romea

**RECORDER:**  Jill Hawkins

**PARTIES PRESENT:**

| | Edwards, Paul D S | Plaintiff<br>*Pro Se* |
|---|---|---|
| | Needham, Evan S. | Attorney for Defendants Juan Martinez, Inc., Juan A. Martinez, Jr., and Sergio B. Tamez |

## JOURNAL ENTRIES

- Mr. Needham appeared by telephone.

Court stated it will consider the opposition ("Response") filed after the Reply.

Mr. Edwards argued that he sent Mr. Needham an email giving the latter choices of 3 to 4 days and 3 to 4 different times for a conference; he also had documents and a CD for him; Mr. Needham's initial response was that he did not want to meet in person; a couple emails went back and forth and then Mr. Needham requested they rent an office and then either the Plaintiff drop off or mail the documents and CD. Referring to the opposition ("Response") to the reply, Mr. Edwards asked that Mr. Needham expand on what he means by "it is not safe", as Mr. Needham has given no explanation for what the risk would be in meeting each other in person. Court noted Mr. Edwards cannot force Mr. Needham to host him. Mr. Edwards continued, he also was not notified that Mr. Needham would be appearing today by telephone. COURT NOTED any attorney can appear by phone if they ask, and the other side does not need advance notice. Mr. Needham argued in opposition to the

A-19-793329-C

motion, citing the Rule allowing parties to appear by audio which he mentioned to Mr. Edwards, who objected; he even told Mr. Edwards that they can meet in the courthouse since Mr. Edwards is always there; the instant motion is unreasonable, unwarranted, unnecessary, and frivolous; there is not even an attached affidavit; in terms of relief he would ask for a telephonic early case conference or that the parties simply file joint or separate case conference reports and exchange documents.

COURT ORDERED, COUNTERMOTION DENIED; MOTION GRANTED IN PART. Both Mr. Needham and Mr. Edwards will APPEAR in person on a Thursday morning at 8:30 am for a Rule 16. 1 conference with the Court. At that time, they will also conduct the joint case conference and then file individual case conference reports after that hearing. Based on the parties' availability, RULE 16 CONFERENCE SET for Thursday, August 8, 2019. COURT FURTHER ORDERED, parties to bring all their initial disclosures pursuant to 16.1 to that conference, unless they have already been provided.

An order setting the conference will ISSUE.

Upon Mr. Edwards' inquiry, Court stated he does not need to prepare an order on today's hearing.

8-8-19        8:30 AM        MANDATORY RULE 16 CONFERENCE

Electronically Filed
8/2/2019 4:47 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ORDR**

2

3                              **DISTRICT COURT**
                            **CLARK COUNTY, NEVADA**
4

5   PAUL D S EDWARDS,                    )
                                         )   **Case No.** 18 A 793329 C
6                   Plaintiff(s),        )   **Dept. No.**      XI
    vs                                   )
7                                        )   **Date of Hearing:** 08/08/19
8   JUAN MARTINEZ, INC., ET AL,          )   **Time of Hearing:** 8:30a.m.
                                         )
9                   Defendant(s),        )
                                         )
10  ─────────────────────────────────

11         **ORDER SETTING A MANDATORY CASE MANAGEMENT CONFERENCE**

12         Pursuant to N.R.C.P. 16 this ORDER ("Order") is entered to reduce the costs of

13  litigation, to assist the parties in resolving their disputes if possible and, if not, to reduce the

14  costs and difficulties of discovery and trial.  This Order may be amended or modified by the

15  Court upon good cause shown, and is made subject to any Orders that have heretofore been

16  entered herein.

17

18         Pursuant to N.R.C.P. 16 **IT IS HEREBY ORDERED:**

19         **I.  MANDATORY RULE 16 CONFERENCE**

20         A.     Pursuant to N.R.C.P. 16(b)(1) a mandatory Case Management Conference with

21  the Court, counsel and parties will be held on Thursday, **August 8, 2019, at 8:30 a.m.**

22

23         B.     A Joint Case Conference or Individual Conference Reports is/are to be filed by

24  Monday, **August 5, 2019** with a Courtesy Copy delivered to Department XI's drop box on

25  the 3rd Floor.

           C.     **The following persons are required to attend the conference**;

                  (1) trial or lead counsel for all parties; and

                  (2) parties may attend.

RECEIVED
JUN 3 1 2019
CLERK OF THE COURT

RECEIVED
AUG 0 2 2019  24

S

D.      The purpose of this conference is to streamline discovery, expedite settlement or other appropriate disposition of the case.  Counsel/parties in proper person must be prepared to discuss the following:

(1)      status of 16.1 settlement discussions and a review of possible court assistance;

(2)      alternative dispute resolution appropriate to this case;

(3)      simplification of issues;

(4)      the nature and timing of all discovery;

(5)      an estimate of the volume of documents and/or electronic information likely to be the subject of discovery in the case from parties and nonparties and whether there are technological means, including but not limited to production of electronic images rather than paper documents and any associated protocol, that may render document discovery more manageable at an acceptable cost;

(6)      identify any and all document retention/destruction policies including electronic data;

(7)      whether the appointment of a special master or receiver is necessary and/or may aid in the prompt disposition of this action;

(8)      any special case management procedures appropriate to this case;

(9)      trial setting;

(10)     other matters as may aid in the prompt disposition of this action; and

(11)     identify any unusual issues that may impact discovery.

E.      Parties desiring a settlement conference shall so notify the court at the setting.

F.      The Plaintiff is responsible for serving a copy of this Order upon counsel for all parties who have not formally appeared in this case as of the date of the filing of this order.

## II.  PRETRIAL MOTIONS

A.      No documents may be submitted to the Court under seal based solely upon the existence of a protective order.

Any sealing or redaction of information must be done by motion.

All motions to seal and/or redact and the potentially protected information must be filed at the clerk's office front counter during regular business hours 9 am to 4 pm.

In accordance with, Administrative Order 19-03, the motion to seal must contain the language "Hearing Requested" on the front page of the motion under the Department number.

Pursuant to SRCR Rule 3(5)(b), redaction is preferred and sealing will be permitted only under the most unusual of circumstances.

If a motion to seal and/or redact is filed with the potentially protected information, the proposed redacted version of the document with a slip-sheet for any exhibit entitled "Exhibit ** Confidential Filed Under Seal" must be attached as an Exhibit.

The potentially protected information in unredacted and unsealed form must be filed at the same time and a hearing on the motion to seal set. While the motion to seal is pending, the potentially protected information will not be accessible to the public.

If the motion to seal is noncompliant, the motion to seal may be stricken and the potentially protected information unsealed.

B.      Any requests for injunctive relief must be made with notice to the opposing party unless extraordinary circumstances exist. All parties shall advise the Court in writing if there is an agreement to consolidate the trial on the merits with the preliminary injunction hearing pursuant to NRCP 65(a)(2).

C.      Any motions which should be addressed prior to trial – including motions for summary judgment – shall be served, filed and scheduled for hearing no later than 45 days before trial.

D.      Motions in Limine shall be served, filed and scheduled for hearing. A deadline for the filing of the Motions will be given in the Scheduling and Trial Setting. **Omnibus Motions in Limine will not be accepted.** Except upon a showing of unforeseen extraordinary

circumstances, the Court will not shorten time for the briefing of any pretrial motions or orally presented after these deadlines.

## III. DISCOVERY

A.     Discovery disputes that do not affect the Trial setting will be handled by the Discovery Commissioner.

B.     A continuance of trial does not extend the deadline for completing discovery.  A request for an extension of the discovery deadline, if needed, must be submitted to this department in compliance with EDCR 2.35.

C.     A party objecting to a written discovery request must, in the original objection, specifically detail the reasons that support the objection, and include affidavits or other evidence for any factual assertions upon which an objection is based.

D.     Documents produced in compliance with NRCP 16.1 or in response to a written discovery request, must be consecutively Bates stamped or numbered and accompanied by an index with a reasonably specific description of the documents.

E.     Any party whether in compliance with NRCP 16.1 or in a response to a written discovery request not producing all documents in its possession, custody or control, shall:

(1)     identify any documents withheld with sufficient particularity to support a Motion to Compel; and

(2)     state the basis for refusing to produce the documents(s).

F.     If photographs are produced in compliance with NRCP 16.1 or in a response to a written discovery request, the parties are instructed to include one (1) set of color prints (Color laser copies of sufficient clarity are acceptable), accompanied by a front page index, location depicted in the photograph (with reasonable specificity) and the date the photograph was taken. If color laser copies are deposited, any party wishing to view the original photographs shall make a request to do so with the other party.

When a case is settled, counsel for the plaintiff and each unrepresented plaintiff of record shall notify the District Court Judge within twenty-four (24) hours of the settlement and shall advise the Court of the identity of the party or parties who will prepare and present the judgment, dismissal, or stipulation of dismissal, which shall be presented within twenty (20) days of the notification of settlement.

Failure to comply with any provision of this Pretrial Order may result in the imposition of sanctions.                                    DATED this 31st day of July, 2019.

_____
Elizabeth Gonzalez, District Court Judge

### Certificate of Service

I hereby certify that on the date filed, this Order was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program.

*If indicated below*, a copy of the foregoing Scheduling Order was also:

☒ Placed in the Attorney(s) Folder on the 1st Floor of the RJC for;

Evan Needham, Esq. (Needham Law Firm)

☒ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es):

Paul D S Edwards
713 Wheat Ridge Lane, Unit 203
Las Vegas, NV 89145

_____
Dan Kutinac

5

Electronically Filed
8/2/2019 5:15 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ICCR (CIV)**
   PAUL D.S. EDWARDS,
2  713 Wheat Ridge Lane, Unit 203,
3  Las Vegas, Nevada 89145
   Landline Telephone:   702.341.1776
4  Cellular Telephone:    702.893.1776
   Email: pauldse@pauldsedwards.com
5  Plaintiff *pro se*

6

7                     **DISTRICT COURT,**

8               **CLARK COUNTY, NEVADA**

9

10
   PAUL D.S. EDWARDS,                    **CASE NO.:** A-19-793329-C
11
                 **Plaintiff,**
12                                        **DEPT. NO.:** XI
                      *vs.*
13

14 JUAN MARTINEZ, INC.,
   d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
15 and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,
   a/k/a JUAN ANTONIO MAYEN,
16 and ELIZABETH MARTINEZ,
   a/k/a ELIZABETH A. MARTINEZ,
17 and SERGIO BRANDON TAMEZ,
   a/k/a SERGIO TAMEZ,
18 and DOES I-X, and ROE CORPORATIONS XI-XX, et al.
19
                 **Defendants.**
20

21

22      **PLAINTIFF'S INDIVIDUAL CASE CONFERENCE REPORT**

23
          **DISPUTE RESOLUTION CONFERENCE REQUIRED:**
24                   YES _____ NO __X__

25         **SETTLEMENT CONFERENCE REQUESTED:**
                     YES _____ NO __X__
26

27      If yes, list five dates that parties are available to attend a Settlement Conference (provide

28 dates that are at least 90 days after the filing of the Case Conference Report - all Settlement

   Conferences will be set at 10:30 a.m., Tuesdays through Fridays.

## I.

## PROCEEDINGS PRIOR TO CASE CONFERENCE REPORT

**A.**     **Date of Filing of Complaint:**

    April 22, 2019

**B.**     **Dates Service of Process Perfected:**

    JUAN MARTINEZ, INC.,
    d/b/a CENTURY 21, MARTINEZ & ASSOCIATES—          May 2, 2019

    and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,
    a/k/a JUAN ANTONIO MAYEN—                          May 2, 2019

    and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ— May 1, 2019

**C.**     **Date of filing Answer on behalf of:**

    June 14, 2019

    JUAN MARTINEZ, INC.,
    d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
    and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,
    a/k/a JUAN ANTONIO MAYEN,
    and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ

**D.**     **Hearing on Plaintiff's Motion to Compel Defendants To Attend the N.R.C.P., Rule 16.1 Conference and Motion to Strike Defendants' Opposition to Plaintiff's Motion to Compel and Request for Sanctions**:

    Results of hearing held on July 30, 2019.

        Granted in-part, Denied in-part

        Plaintiff and Defendants attorney will appear before the Court on August 8, 2019, for a mandatory Rule 16 conference. The parties will exchange their Early Case Conference initial disclosures pursuant to 16.1. Each party will provide the Court with its individual Case Conference Report.

**E.**     **Date That Early Case Conference Was Held And Who Attended:**

        August 8, 2019

**Attended By**:     Paul D. S. Edwards,
                     Plaintiff *pro se*

**Page 2**

Evan Needham,
for Defendants

JUAN MARTINEZ, INC.,
d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,
a/k/a JUAN ANTONIO MAYEN,
and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ

## II.
## A BRIEF DESCRIPTION OF THE NATURE OF THE ACTION
## AND EACH CLAIM FOR RELIEF OR DEFENSE [16.1(c)(1)]:

**A.**   **Description of the action:**

Plaintiff PAUL D.S. EDWARDS, *pro se*, brought this action for statutory damages, punitive damages, exemplary damages and injunctive relief based upon and to redress Defendants' "willful" or "knowing" violations of, but not limited to—

**(i)**      Telephone Consumer Protection Act of 1991, Public Law 102-243, December 20, 1991, which amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq., by adding a new section, 47 U.S.C. § 227 et seq. (**"TCPA"**), as amended; Title 47-Telecommunication Chapter I-Federal Communications Commission Part 64-Miscellaneous Rules Relating to Common Carriers-Subpart L-Restrictions on Telephone Solicitation Sec. 64.1200,[1] Delivery Restrictions (**"Delivery Restrictions"**) as amended; The Communications Act of 1934, 47 U.S.C. § 151, et seq.(**"TCA"**), as amended; and the Telephone Sales Rule, 16 C.F.R. Part 310 (**"TSR"**) as amended;

**(ii)**     Nevada Revised Statutes (**"NRS"**), including, but not limited to 598.0915, 598.0918, 598.092, 598.0923, 598.0925, 598.0977, 599B.270-599B.300 and 707.910-707.920, as amended; and,

**(iii)**    Defendants intentional invasion into Plaintiff's expectation of privacy and intrusion into the solitude and seclusion expected by Plaintiff in his home.

This is not the first time Defendants JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, have been down this road. In September & December of 2015— **Defendants engaged in the exact violations** as asserted in the instant litigation— the causation of *unsolicited, illegal, telemarketing and solicitation telephone calls directed at Plaintiff*. However, Defendants, at that time, chose to settle their *illegal acts*, avoiding litigation.

In the instant matter, Plaintiff, as previously [again] maintains that Defendants (either individually or in concert with others, and either directly or indirectly) not only engaged in, but was [also] the causation of *unsolicited, illegal, telemarketing and*

---

[1] See 47 C.F.R. 64.1200 (a)(1) & (2); (b)(1) & (2); (c)(2); f (2) & (3); and (d)(1).

**Page 3**

*solicitation telephone calls directed at Plaintiff* through Plaintiff' landline and wireless telephone numbers. That each of the *unsolicited, illegal, telemarketing and solicitation telephone calls* were [each] caused by, for, and on behalf of each of the Defendants. That each of Defendants' *unsolicited, illegal, telemarketing and solicitation telephone calls* were placed for the sole purpose of inducing Plaintiff to retain Defendants' services, to [either] sell, purchase, or lease various property(ies), including, but not limited to residential, business, and land. That no business relationship ever existed between Plaintiff, or any of the Defendants; that Plaintiff never provided any type of consent to receive any of Defendants' *unsolicited, illegal, telemarketing and solicitation telephone calls*; and that each of the *unsolicited, illegal, telemarketing and solicitation telephone calls* violated numerous state and federal laws.

**B.**     **Plaintiff' claims for relief:**

**(i)**     For Injunctive relief pursuant to NRS 33.010;

**(ii)**    For statutory damages for Defendants violations of state and federal laws;

**(iii)**   For any actual damages for Defendants violations of state and federal laws. To be determined at trial;

**(iv)**    For any putative/exemplary damages for Defendants violations of state and federal laws. To be determined at trial;

**(v)**     For all of Plaintiff's fees and costs;

**(vi)**    For such other and further relief as this Court deems just and proper.

**C.**     **Defendants Affirmative Defenses:**

1.     Defendant's corporate veil and corporate immunity;
2.     Defendants' good faith (good faith is inconsistent with intent under state and federal law);
3.     Plaintiff's lack of standing (e.g., Plaintiff has no standing against corporate officers);
4.     Estoppel;
5.     Waiver;
6.     Independent Contractor (i.e., a principle who engages an independent contractor is not liable for the acts of the independent contractor);
7.     Plaintiff's failure to mitigate damages;
8.     Plaintiff's failure to be within "the class" intended by statute or legislature;
9.     Plaintiff's Unclean hands;
10.    Plaintiff's Assumption of Risk
11.    Plaintiff's Provocation
12.    Plaintiff's Avoidable Consequences
13.    Plaintiff's Vexatious Pleading and Abuse of Process;
14.    Disentitlement;
15.    Plaintiff has caused his own alleged loss, harm or damages (e.g., Plaintiff continues to publish, to the world at large, his alleged phone number on various public records);
16.    Plaintiff's comparative fault exceeds fifty percent and Plaintiff is barred from recovery;

**Page 4**

17.     Plaintiff's failure of condition precedent;
18.     Plaintiff's failure to state a claim upon which relief may be granted; and
19.     All other affirmative defenses expressed within Rule 8(c), implied, or raised in papers.

### III.
### LIST OF ALL DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS IN THE POSSESSION, CUSTODY OR CONTROL OF EACH PARTY WHICH WERE IDENTIFIED OR PROVIDED AT THE EARLY CASE CONFERENCE OR AS A RESULT THEREOF: [16.1(a)(1)(B) and 16.1(c)(4)]

A.    **Plaintiff provided the following at the Early Case Conference:**

| | | | |
|---|---|---|---|
| 1. | **Exhibit 1** **(Bates No. 001)** | CD (copy) of each *unsolicited* telemarketing and solicitation telephone call to Plaintiff's telephone numbers 702.341.1776 (residential) and 702.893.1776 (cellular) at the direction, instruction, and control of Defendants. |

2.    **Exhibit 2** **(Bates No. 002-008)**    Initial offer of settlement missive sent to Defendant Juan Martinez, Century 21, Martinez & Associates.

3.    **Exhibit 3** **(Bates No. 009-019)**    Initial Preservation of Records missive sent to Defendant Juan Martinez, Century 21, Martinez & Associates.

4.    **Exhibit 4** **(Bates Nos.020-027)**    Verizon Quick Bill Summary (January 5, 2019-February 4, 2019) evidencing incoming calls from Defendants. See Bates No. 006, identifying inbound calls from Defendants. Unrelated information, and inbound and outbound telephone numbers redacted.

5.    **Exhibit 5** **(BatesNos.028-030)**    Cox telephone log evidencing inbound telephone calls from Defendants telephone number. Unrelated information, and unrelated inbound and outbound telephone numbers redacted.

6.    **Exhibit 6** **(Bates Nos. 031-038)**    Offer of Settlement letter dated January 4, 2016, advising and explaining Defendants violations, including, but not limited to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, and 47 C.F.R. § 64.1200 et seq., as amended.

7.    **Exhibit 7** **(Bates No. 039-049)**    Initial Preservation of Records missive sent to Defendant Juan Martinez, Century 21, Martinez & Associates on January 4, 2016.

8.    **Exhibit 8** **(Bates Nos. 050-084)**    Draft Complaint sent to Defendant Juan Martinez, Century 21, Martinez & Associates on January 4, 2016, advising and explaining Defendants [numerous] violations of, but not limited to the Telephone Consumer Protection Act, and Nevada laws.

9.   **Exhibit 9**   Settlement Agreement between [this] Plaintiff, and
     **(Bates Nos. 085-090)**   Defendant JUAN MARTINEZ, INC., a Nevada
     corporation d/b/a Century 21 Martinez & Associates;
     Defendant JUAN MARTINEZ, a/k/a JUAN A.
     MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN;
     and [sales associate] THOMAS SAYLES. The previous
     Settlement was [also] a consequence of Defendants
     JUAN MARTINEZ, INC., a Nevada corporation d/b/a
     Century 21 Martinez & Associates; Defendant JUAN
     MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a
     JUAN ANTONIO MAYEN, *Illegal, unsolicited
     telemarketing and solicitation telephone calls*.

**B.**   **Defendants:**

   **1.**   Defendants' Initial Witness & Document List

   **2.**   Nevada Real Estate Division Data (for S. Tamez, J. Martinez and E. Martinez)

   **3.**   Independent Contractor Agreement dated 07/05/2018.

   **4.**   Public Records (81 Judicial District Court Cases filed by Plaintiff)

   **5.**   Public Record (Honorable Dawson's Opinion of Plaintiff dated 04/27/2005)

   **6.**   Public Records (Prior Testimony given by Paul Edward in Court Cases)

**IV.**

**LIST OF PERSONS IDENTIFIED BY EACH PARTY AS LIKELY TO HAVE
INFORMATION DISCOVERABLE UNDER RULE 26(b), INCLUDING
IMPEACHMENT OR REBUTTAL WITNESSES: [16.1(a)(1)(A) and 16.1(c)(3)]**

**A.**   **Plaintiff:**

   **1.**   **Plaintiff** *pro se*
         PAUL D.S. EDWARDS
         713 Wheat Ridge Lane, Unit 203
         Las Vegas, Nevada 89145

         Amongst additional discoverable information that will support Plaintiff'
         claims, Plaintiff has knowledge of facts relevant to this matter and is expected
         to testify as to Defendants contriving, authorizing, and directing the initiation,
         dialing, and placing of *illegal, unsolicited telemarketing and solicitation
         telephone calls* to Plaintiff's residential (landline) and wireless (cellular)
         telephone numbers, without first requesting and receiving Plaintiff's prior
         express consent (or any consent from Plaintiff) to receive telemarketing and
         solicitation telephone calls by, for, or on behalf of Defendants. *Illegal,
         unsolicited telemarketing and solicitation telephone calls* to solely promote
         the sales and/or lease of Defendants' products and/or services. *Illegal,
         unsolicited telemarketing and solicitation telephone calls* causing Defendants
         intentional invasion into Plaintiff's expectation of privacy and intrusion into
         the solitude and seclusion expected by Plaintiff in his home.

**Page 6**

2.   **Defendant**
     N.R.C.P., 30(b)(6) Witness for—
     JUAN MARTINEZ, INC.
     d/b/a CENTURY 21, MARTINEZ & ASSOCIATES
     4040 S. Eastern Avenue, Suite 100
     Las Vegas, NV 89119
     702.541.1216

     Amongst additional discoverable information that will support Plaintiff's claims, this witness has knowledge of facts relevant to this matter and is expected to testify as to Defendants contriving, authorizing, and directing the initiation, dialing, and placing of *illegal, unsolicited telemarketing and solicitation telephone calls* to Plaintiff's residential (landline) and wireless (cellular) telephone numbers, without first requesting and receiving Plaintiff's prior express consent (or any consent from Plaintiff) to receive telemarketing and solicitation telephone calls by, for, or on behalf of Defendants. *Illegal, unsolicited telemarketing and solicitation telephone calls* to solely promote the sales and/or lease of Defendants' products and/or services.

     This witness is also expected to testify as to the affiliation, interrelationship, intertwining, association and control each Defendant shares and holds with each of the other Defendants named herein.

3.   **Defendant**
     JUAN MARTINEZ,
     a/k/a JUAN A. MARTINEZ, JR.
     a/k/a JUAN ANTONIO MAYEN
     4040 S. Eastern Avenue, Suite 100
     Las Vegas, NV 89119
     702.541.1216

     Amongst additional discoverable information that will support Plaintiff's claims, this witness has knowledge of facts relevant to this matter and is expected to testify as to Defendants contriving, authorizing, and directing the initiation, dialing, and placing of *illegal, unsolicited telemarketing and solicitation telephone calls* to Plaintiff's residential (landline) and wireless (cellular) telephone numbers, without first requesting and receiving Plaintiff's prior express consent (or any consent from Plaintiff) to receive telemarketing and solicitation telephone calls by, for, or on behalf of Defendants. *Illegal, unsolicited telemarketing and solicitation telephone calls* to solely promote the sales and/or lease of Defendants' products and/or services.

     This witness is also expected to testify as to the affiliation, interrelationship, intertwining, association and control each Defendant shares and holds with each of the other Defendants named herein.

4.   **Defendants**
     SERGIO BRANDON TAMEZ,
     a/k/a SERGIO TAMEZ
     4040 S. Eastern Avenue, Suite 100
     Las Vegas, NV 89119
     702.541.1216

Amongst additional discoverable information that will support Plaintiff' claims, this witness has knowledge of facts relevant to this matter and is expected to testify as to Defendants contriving, authorizing, and directing the initiation, dialing, and placing of *illegal, unsolicited telemarketing and solicitation telephone calls* to Plaintiff's residential (landline) and wireless (cellular) telephone numbers, without first requesting and receiving Plaintiff's prior express consent (or any consent from Plaintiff) to receive telemarketing and solicitation telephone calls by, for, or on behalf of Defendants. *Illegal, unsolicited telemarketing and solicitation telephone calls* to solely promote the sales and/or lease of Defendants' products and/or services.

This witness is also expected to testify as to the affiliation, interrelationship, intertwining, association and control each Defendant shares and holds with each of the other Defendants named herein.

**5.      Witness**
ELIZABETH MARTINEZ,
a/k/a ELIZABETH A. MARTINEZ
4040 S. Eastern Avenue, Suite 100
Las Vegas, NV 89119
702.541.1216

Amongst additional discoverable information that will support Plaintiff' claims, this witness has knowledge of facts relevant to this matter and is expected to testify as to Defendants contriving, authorizing, and directing the initiation, dialing, and placing of *illegal, unsolicited telemarketing and solicitation telephone calls* to Plaintiff's residential (landline) and wireless (cellular) telephone numbers, without first requesting and receiving Plaintiff's prior express consent (or any consent from Plaintiff) to receive telemarketing and solicitation telephone calls by, for, or on behalf of Defendants. *Illegal, unsolicited telemarketing and solicitation telephone calls* to solely promote the sales and/or lease of Defendants' products and/or services.

This witness is also expected to testify as to the affiliation, interrelationship, intertwining, association and control each Defendant shares and holds with each of the other Defendants named herein.

**B.      Defendants:**

SERGIO TAMEZ, Realtor®
3612 Asbury Hill Avenue
Las Vegas NV 89110
702-541-1216

This percipient witness (DEFENDANT) will testify about real estate trade practices, his contractor status, any alleged conversations with plaintiff, and lay the foundation for documents produced at trial.

Any percipient witness may be called to testify as to what they personally saw, felt, did, experienced, or drafted. Pursuant to EDCR 2.34, if you dispute any disclosure above, advise the undersigned within 14 days. If not, it will be implied that you have no objection.

### III. NOTICE OF OTHER WITNESSES AND EVIDENCE

All exhibits, documents and witnesses disclosed by others parties are incorporated by reference and may be used at any hearing, settlement conference, arbitration or trial.

**V.**

**DISCOVERY PLAN [16.1(b)(2) and 16.1(c)(2)]**

**A.      What changes, if any, should be made in the timing, form, or requirements for disclosures under 16.1(a):**

1.      **Plaintiff's view:**

Defendants should be ordered to provide the information as delineated under 16.1(a)(A)(ii) within ten (10) days of submission of the JCCR.

Defendants have not provided any insurance policy[ies] pursuant to 16.1(a)(A)(v), nor denied any such policy[ies] exist. Defendants should be ordered to provide any such policy[ies] within ten (10) days of submission of the JCCR.

2.      **Defendant's view:**

Unknown

**When disclosures under 16.1(a)(1) were made or will be made:**

1.      **Plaintiff's disclosures:**

Provided at 16.1 meeting on August 8, 2019.

- Initial Witness and Document List, with Exhibits;
- C/Ds of all telemarketing telephone calls placed to Plaintiff by, for, or on behalf of Defendants;

2.      **Defendant's disclosures:**

- Initial Witness and Document List, with Exhibits;

**B.      Subjects on which discovery may be needed:**

1.      **Plaintiff's view:**

All claims and defenses, including, but not limited to—

Plaintiff request, in addition to conducting full discovery as permitted under the Nevada Rules of Civil Procedure of all documents (logical, casual, related, or connected to) pertaining to, associated with, having a bearing on, or regarding this lawsuit, Plaintiff also will conduct e-discovery of Electronically Stored Information ("ESI") that is stored in Defendants' databases and that pertains to, regards, or is associated with Plaintiff, including, but not limited to Plaintiff's landline (residential) telephone number 702.341.1776 and Plaintiff's wireless telephone number 702.893.1776. Plaintiff further maintains that examination of ESI will

**Page 9**

confirm that there were a number of (illegal) ATDS calls to Plaintiff's landline telephone.

Plaintiff will also seek to have Defendants disclose each and every person, company, association and entity that Defendants purchased, leased, acquired, retained, and/or was provided that provided names and/or telephone numbers and/or a combination of each, that was utilized for contacting Plaintiff through Defendants' *Illegal, unsolicited telemarketing and solicitation telephone calls*. Plaintiff will also seek to have Defendants disclose each and every person, company, association and entity that Defendants hired, engaged and employed to place or cause to be placed, each and every *Illegal, unsolicited telemarketing and solicitation telephone call* as provided within Plaintiff's Complaint.

Plaintiff will seek, through subpoena and depositions, all documents (logical, casual, related, or connected to) and information, pertaining to, associated with, having a bearing on, or regarding this lawsuit.

    **2.**     **Defendant's view:**

Unknown

**C.**     **Should discovery be conducted in phases or limited to or focused upon particular issues?**

    **1.**     **Plaintiff's view:**

    No

    **2.**     **Defendant's view:**

    Unknown

**D.**     **What changes, if any, should be made in limitations on discovery imposed under these rules and what, if any, other limitations should be imposed?**

    **1.**     **Plaintiff's view:**

Inasmuch as Defendant JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ & ASSOCIATES, and a previous Sales Associate had settled with Plaintiff for the same violations as the current litigation,[2] and based upon the proportional needs of this case, and considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the parties' resources,[3] Discovery should be limited to the time period of January 1, 2014 through and including July 31, 2019.

---

[2]The Settlement Agreement was signed, and a settlement check was provided Plaintiff, on or about February 26, 2016.

[3]See NRCP, Rule 26(b)(1).

**2.**      **Defendant's view:**

Unknown

**E.**      **What, if any, other orders should be entered by court under Rule 26(c) or Rule 16(b) and (c):**

**1.**      **Plaintiff's view:**

None at this time

**2.**      **Defendant's view:**

Unknown

**F.**      **Estimated time for trial:**

**1.**      **Plaintiff's view:**

3 full Court days

**2.**      **Defendant's view:**

Unknown

### DISCOVERY AND MOTION DATES [16.1(c)(5)-(8)]

**A.**      **Dates agreed by the parties:**

**1.**      **Close of discovery:**

Friday, October 30, 2020

**2.**      **Final date to file motions to amend pleadings or add parties (without a further court order):**
(not later than 90 days before close of discovery)

Monday, July 27, 2020

**3.**      **Final dates for expert disclosures:**

**i.**      **initial disclosure:**
(not later than 90 days before discovery cut-off date)

Monday, July 27, 2020

**ii.**      **rebuttal disclosures:**
(not later than 30 days after initial disclosure of experts)

Thursday, August 27, 2020

**4.    Final date to file dispositive motions:**
(not later than 30 days before discovery cut-off date)

Wednesday, September 29, 2020

**B.    In the event the parties do not agree on dates, the following section must be completed:**

**1.    Plaintiff's suggested close of discovery:**

N/A

**Defendant's suggested close of discovery:**

N/A

**2.    Final date to file motions to amend pleadings or add parties (without a further court order):**
(not later than 90 days before close of discovery)

**Plaintiff's suggested:**

N/A

**Defendant's suggested:**

N/A

**3.    Final dates for expert disclosures:**

**i.    Plaintiff's suggested initial disclosure:**
(not later than 90 days before discovery cut-off)

N/A

**Defendant's suggested initial disclosure:**

N/A

**ii.    Plaintiff's suggested rebuttal disclosures:**
(not later than 30 days after initial disclosures of experts)

N/A

**Defendant's suggested rebuttal disclosures:**

N/A

**Page 12**

**4.      Final date to file dispositive motions:**

(not later than 30 days after discovery cut-off date)

**Plaintiff's suggested :**

N/A

**Defendant's suggested :**

N/A

Failure to agree on the calendar dates in this subdivision shall result in a discovery planning conference.

**VII.**

**JURY DEMAND [16.1(c)(10)]**

**A jury demand has been filed:**      Yes

**VIII.**

**INITIAL DISCLOSURES/OBJECTIONS [16.1(a)(1)]**

If a party objects during the Early Case Conference that initial disclosures are not appropriate in the circumstances of this case, those objections must be stated herein. The Court shall determine what disclosures, if any, are to be made and shall set the time for such disclosure.

This report is signed in accordance with rule 26(g)(1) of the Nevada Rules of Civil Procedure. Each signature constitutes a certification that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, the disclosures made by the signer are complete and correct as of this time.

Dated this 2nd day of August 2019.

Respectfully Submitted:

PAUL D.S. EDWARDS

/s/ Paul D.S. Edwards

Paul D.S. Edwards
713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
Landline Telephone:  702.341.1776
Cellular Telephone:  702.893.1776
Email: pauldse@pauldsedwards.com
Plaintiff, In *proper person*

**Page 13**

Electronically Filed
8/5/2019 1:47 PM
Steven D. Grierson
CLERK OF THE COURT

1

DCCR
NEEDHAM LAW FIRM
2  Evan Needham, Esq.
Nevada State Bar #7841
3  3216 West Charleston Blvd. Ste. A
Las Vegas, NV 89102
4  T: 702-258-5858
E: RealtyLawyer@aol.com
5  *Attorney for Defendants*
*Juan Martinez, Inc.,*
6  *Juan Martinez, and*
*Sergio Tamez*

7

EIGHTH JUDICIAL DISTRICT COURT
CLARK COUNTY, NEVADA

8

9  PAUL D.S. EDWARDS

Plaintiff,

10

v.

11  JUAN MARTINEZ, INC., et al,

12                                    Defendants.

| | |
|---|---|
| Case No:  A-19-793329-C | |
| Dept No:  11 | |
| RULE 16 CONFERENCE: **08-08-2019** | |
| Date of Hearing: | **08-08-2019** |
| Time of Hearing: | **8:30 AM** |

13

14                  **DEFENDANTS' CASE CONFERENCE REPORT**

15          Dispute Resolution Conference Required: Not at this time.

16          Settlement Conference Requested: Not at this time.

17

18          **I. PROCEEDINGS PRIOR TO CASE CONFERENCE REPORT**

19  A. Date Complaint filed:          **04/22/2019**

20  B. Date Answer filed:             **06/14/2019**

21  C. Plaintiff's Motion to Compel:  **07/30/2019**

22          Plaintiff's Motion to Compel an Early Case Conference was denied in part and granted in

23  part. Plaintiff's Motion was granted because all parties always wanted to have an early case

24  conference, but the parties disputed the location and mode of the conference. Court noted that

25  "Mr. Edwards cannot force Mr. Needham to host him." Court further ordered the parties to file

26  case conference reports and attend a Rule 16 case scheduling conference on 08/08/2019.

C. Date of Early Case Conference:  **08/08/2019 at 8:30 A.M. (Dept 11)**.

27          The expended attendees are:

28          **1**. Evan Needham, Esq. *for Defendants;* and
          **2**. Paul Edward *for Paul Edward* (pro se).

## II. NATURE OF ACTION, CLAIMS AND DEFENSES

A. **Brief Case Summary**: Plaintiff's **49 page** lawsuit alleges that he received four (4) phone calls, in a 3 minute time span, from Defendant Tamez on **January 17, 2019.** See Complaint pages 19 and 22. Defendant Tamez is a real estate salesperson and an independent contractor. Plaintiff alleges that Defendant Tamez' four (4) phone calls were unlawful and that Plaintiff is entitled to, among other things, $500 for each violation of the Telephone Consumer Protection Act (TCPA). Plaintiff's Complaint page 40. Plaintiff seeks **$2,000** in actual damages ($500 x 4 phone calls). Plaintiff further alleges that Defendant Tamez acted with the will or the intent to injure and that treble the actual damages are allowed. In other words, Plaintiff seeks **$6,000** in damages ($2,000 x 3). Plaintiff's Complaint page 40, line 26, page 41, line 14, and page 48, line 17. Plaintiff's case may be best suited for **small claims court.** Plaintiff also sued the real estate brokerage (Century 21 Americana) and the real estate broker (Juan Martinez) who Defendant Tamez, as a sale person, independently contract with.

B. **Claims for Relief:**
1. Violations of TCA and TCPA against all Defendants (page 36 of complaint);
2. Violations of TCA and TCPA against all Defendants (page 40 of complaint);
3. Violations of State Act (page 42 of complaint);
4. Invasion of Privacy and Intrusion into Seclusion (page 45 of complaint); and
5. Injunctive Relief (page 47 of complaint).

C. **Defenses Raised:**

Defendants raised **#19** affirmative defenses including but not limited to: corporate immunity; good faith (good faith is inconsistent with intent); independent contractor status (a principle who engages an independent contractor is not liable for the acts of the later); and Plaintiff fails to be within "the class" intended by legislature to be protected under the TCPA (e.g., Plaintiff being a professional plaintiff is not the type of "class" whom legislature intended to protect under the TCPA).[1] See also Defendants' Answer filed on 06/14/2019 for additional defenses (which Answer is incorporated by reference).

D. **Counter Claims: None at this time.**

---

[1] Paul D.S. Edwards v. OSI Collection Services, Inc., 283 F. Supp 957 at 963 (04/27/05) (Honorable Dawson stated that Plaintiff Edward's "... case was brought in bad faith and for the purpose of harassment" and "Edwards in one of the **most litigious** parties in Southern Nevada").

## III. DOCUMENTS, WITNESSES, DAMAGES AND EXHIBITS EXCHANGED

Plaintiff:       See *Initial 16.1 Disclosures* served:  **Pending**
Defendants:   See *Initial 16.1 Disclosures* served:  **07/26/2019 (See Attached "Exhibit A")**

## IV. DISCOVERY PLAN

A. Proposed Changes to Disclosure Requirements:              None at this time.

B. When were 16.1 Disclosures made or when will they be made:   See above.

C. Subjects of Discovery

      Defendant:      All matters reasonably calculated to lead to admissible evidence.

      Plaintiff:       To be determined.

D. Proposed Discovery Phases or Focus of Discovery:            None at this time.

E. Proposed Changes to Limitations on Discovery:              None at this time.

      Explanation: Plaintiff's bad faith litigation practices are documented in federal courts and span for decades. See e.g., *Edwards v. OSI Collections*, supra. Therefore, discovery should not be limited in terms of chronological events. Plaintiff's past wrongs expressed by Honorable Dawson in the case *Edwards v. OSI Collections* are relevant to this case, especially as to whether Plaintiff falls within the intended class of persons that legislature wanted to protect under the TCPA. Plaintiff also references to old personal cases of his, in his Complaint, that date back to 2005 (e.g., Edwards v. Direct Access (2005), cited on page 3 of Plaintiff's Complaint.

F. Proposed Orders under NRCP 16(b) or (c) or 26(c):          None at this time.

G. Estimated Time for Trial:  Plaintiff's view:                To be determined

                             Defendants' view:          **3-5 days**

## V. CLOSE OF DISCOVERY, DISCLOSURE OF EXPERTS, AND MOTION DATES

| Close of Discovery (10 months) | **TUES** | **MAY 1, 2020** | (a non-holiday) |
|---|---|---|---|
| Last Day to Amend Pleadings | **TUES** | **JAN 28, 2020** | (a non-holiday) |
| Initial Expert Disclosure deadline | **TUES** | **JAN 28, 2020** | (a non-holiday) |
| Rebuttal Expert Disclosure deadline | **FRI** | **FEB 28, 2020** | (a non-holiday) |
| Dispositive Motion deadline | **FRI** | **MAY 30, 2020** | (a non-holiday) |

//////

/////

## VI. JURY DEMAND FILED

Plaintiff:                                          None at this time

Defendants:                                     None at this time

## VII. OBJECTIONS TO INITIAL DISCLOSURES

Plaintiff:                                          None at this time

Defendants:                                     None at this time

## CERTIFICATE

This report is signed in accordance with N.R.C.P 26(g)(1). Each signature constitutes certification that to the best of each signer's knowledge, information and belief, formed after reasonable inquiry, the disclosures made are complete and correct. Each party, has without awaiting for discovery requests, produced all relevant evidence in their control or possession.

August 5th  2019                           /s/ Evan Needham
                                                    Evan Needham, Esq.
                                                    *Attorney for Defendants*

## CERTIFICATE OF SERVICE

The above CCR was served by e-service on: Paul Edwards, 713 Wheat Ridge Ln #203, Las Vegas, Nv 89145 pauldse@pauldsedwards.com

August 5th  2019                           */s/ Evan Needham*
                                                    Evan Needham, Esq
                                                    *Attorney for Defendants*

# EXHIBIT A
**Defendants' Initial 16.1 Disclosures**
**07/26/2019**

NEEDHAM LAW FIRM
Evan Needham, Esq.
Nevada State Bar #7841
3216 West Charleston Blvd. Ste. A
Las Vegas, NV 89102
T: 702-258-5858
E: RealtyLawyer@aol.com
*Attorney for Defendants*
*Juan Martinez, Inc.,*
*Juan Martinez, and*
*Sergio Tamez*

EIGHTH JUDICIAL DISTRICT COURT
CLARK COUNTY, NEVADA

PAUL D.S. EDWARDS

Plaintiff,

vs.

JUAN MARTINEZ, INC., et al,

Defendants.

Case No: A-19-793329-C

Dept No: 11

## DEFENDANTS' INITIAL DISCLOSURE OF EXHIBITS, WITNESSES AND DAMAGES

*INTRODUCTION: These disclosures are made earlier than normal, prior to any meeting or conference reports and will be supplemented pursuant to Rules 16 and 26. Defendants' exhibits will be "bates stamped" and preceded by the phrase "C21#"*

## I. DEFENDANTS' EXHIBITS

| | | |
|---|---|---|
| 1 | Nevada Real Estate Division Data (for S. Tamez, J. Martinez and E. Martinez) | 1-3 |
| 2 | Reserved | ... |
| 3 | Independent Contractor Agreement dated 07/05/2018. | 10-17 |
| 4 | Reserved | ... |
| 5 | Public Records (8th Judicial District Court Cases filed by Plaintiff) | 20-23 |
| 6 | Reserved | ... |
| 7 | Public Record (Honorable Dawson's Opinion of Plaintiff dated 04/27/2005) | 50-57 |
| 8 | Reserved | .... |
| 9 | Public Records (Prior Testimony given by Paul Edward in Court Cases) | 90-91 |
| 10 | Reserved | .... |

## II. DEFENDANTS' WITNESSES

| | | |
|---|---|---|
| 1 | **SERGIO TAMEZ, Realtor®**<br>3612 ASBURY HILL AVE<br>LAS VEGAS NV 89110<br>702-541-1216 | This percipient witness (DEFENDANT) will testify about real estate trade practices, his contractor status, any alleged conversations with plaintiff, and lay the foundation for documents produced at trial. |

Any percipient witness may be called to testify as to what they personally saw, felt, did, experienced, or drafted. Pursuant to EDCR 2.34, if you dispute any disclosure above, advise the undersigned within 14 days. If not, it will be implied that you have no objection.

### III. NOTICE OF OTHER WITNESSES AND EVIDENCE
All exhibits, documents and witnesses disclosed by others parties are incorporated by reference and may be used at any hearing, settlement conference, arbitration or trial.

### IV. DEFENDANTS' DAMAGES
Damages increase daily. This computation is preliminary and subject to supplementation

| | | |
|---|---|---|
| 1 | *Attorney fees*: NLF | TBD |
| 3 | *Lost Professional Time* incurred by Defendant Juan Martinez | TBD |
| 4 | *Lost Professional Time* incurred by Defendant Sergio Tamez | TBD |
| 5 | General Case Costs | $600+ |
| 6 | Specific Case Costs | TBD |
| 7 | Court Related Filing Fees | $283+ |
| | *Punitive damages* (for harassment, malice or abuse of process) | pending |

### CERTIFICATE OF SERVICE

Today, this disclosure was served by e-service on Plaintiff Edwards at

Mr. Paul Edwards
713 Wheat Ridge Ln #203
Las Vegas, Nv 89145
pauldse@pauldsedwards.com

Dated: July 26, 2019

Evan Needham, Esq
*Attorney for Defendants*
*Juan Martinez, Inc.,*
*Juan Martinez, and*
*Sergio Tamez*

A-19-793329-C

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| **Other Civil Matters** | **COURT MINUTES** | **August 08, 2019** |

| A-19-793329-C | Paul Edwards, Plaintiff(s) |
|---|---|
| | vs. |
| | Juan Martinez Inc, Defendant(s) |

| **August 08, 2019** | **8:30 AM** | **Mandatory Rule 16 Conference** |
|---|---|---|

**HEARD BY:**  Gonzalez, Elizabeth          **COURTROOM:**  RJC Courtroom 03E

**COURT CLERK:**  Dulce Romea

**RECORDER:**  Jill Hawkins

**PARTIES**
**PRESENT:**

|  | Edwards, Paul D S | Plaintiff |
|---|---|---|
| | | *Pro Se* |
| | Needham, Evan S. | Attorney for Defendants Juan Martinez, Inc., Juan Martinez, and Sergio Tamez |

## JOURNAL ENTRIES

- Mr. Edwards stated he would like written discovery to the 3 Defendants that have now been served; he will also be taking depositions as well as filing motions to compel 2.34 meetings based on what has occurred so far; he may be amending the complaint depending on what he is provided during discovery; there may be a third party, at least one that could be in violation of the Telephone Consumer Protection Act (TCPA), but he will not know until he gets to discovery. Mr. Edwards handed Mr. Needham his initial documents and list of witnesses in open court. Mr. Needham requested an opportunity to review them before signing the receipt of copy (ROC). Court directed counsel to sign the ROC before the parties leave court. Mr. Needham advised he has done his disclosures. Mr. Edwards explained as to why he is asking until October 2020 for discovery based on having done this for the past 20 years. Court denied the request. Mr. Edwards further requested 8 months for written discovery and depositions. Mr. Needham noted that as a housekeeping matter the Plaintiff is alleging in his 49-page lawsuit that he received 4 phone calls from one person, Sergio; according to the Telephone Consumer Protection Act it is $500 per call, and when they do the math it would be $2,000 for compensatory damages. COURT declined to address this orally and DIRECTED counsel to file a motion if he wishes to raise an issue about jurisdiction. Mr. Needham further noting

A-19-793329-C

Justice Court Rules of Civil Procedure requested that discovery be proportionate to the amount sought. Court again DIRECTED counsel to file a motion since proportionality relates to the jurisdiction issue.

Mr. Edwards requested the Defendants provide any applicable insurance policies and verify that discovery will be limited to January 1, 2014 through January 2019; that limitation is appropriate because the Defendants violated back in 2015, and he is not sure what they will accomplish if they go back more than a year. COURT ORDERED, it is NOT INCLINED to limit discovery given the Defendants' request into the Plaintiff's background, but the Court will NOT PRECLUDE the Plaintiff from doing the discovery they think is appropriate.

Court noted it will not send this case to a settlement conference because it will be a waste of time.

Both sides advised they do not anticipate using any experts at this time.

COURT ORDERED as follows:

Motions to amend pleadings or add parties TO BE FILED by November 22, 2019;

Initial expert disclosures, if any, where a party bears the burden of proof DUE by January 3, 2020;

Rebuttal expert disclosures where a party does not bear the burden of proof DUE by February 14, 2020;

Discovery cut-off SET for March 27, 2020;

Dispositive motions and motions in limine TO BE FILED by April 3, 2020

Matter SET for trial on the stack beginning on May 26, 2020.

Trial Setting Order will ISSUE.

Court stated that if there is any discovery dispute that causes a delay in the proceedings, the Court will work with the parties in adjusting the schedule. Mr. Needham advised he does not see a separate demand for a jury nor a fee paid for that. Court stated the demand is on the first page of the Complaint and that a fee does not need to be paid, noting a change in the Rules.

Both sides further advised they do not have any issues with the Rule on 10 depositions per side, not including custodians of records, the 7-hour limit per deposition, and no issues with the locations.

COURT NOTED that now the parties' Rule 16 conference and Rule 16.1 conference have been done

A-19-793329-C

together.

CLERK'S NOTE: Following this proceeding, Mr. Needham advised he signed the ROC for Plaintiff's initial disclosures.

Electronically Filed
8/13/2019 1:33 PM
Steven D. Grierson
CLERK OF THE COURT

SCHTO

# DISTRICT COURT

## CLARK COUNTY, NEVADA

PAUL D S EDWARDS,                    )
                                     )    **Case No.** 18 A 793329 C
                Plaintiff(s),        )    **Dept. No.**    XI
                                     )
vs                                   )
                                     )    **Date of Hearing:** 08/08/19
JUAN MARTINEZ, INC., ET AL,          )    **Time of Hearing:** 8:30a.m.
                                     )
                Defendant(s),        )
_____)

**SCHEDULING ORDER  and ORDER SETTING CIVIL JURY TRIAL,**
**PRE-TRIAL AND CALENDAR CALL**

**SCHEDULING ORDER**

NATURE OF ACTION: **Other Tort**

TIME REQUIRED FOR TRIAL:  **3-5 days**

TRIAL READY DATE: **05/26/20**

DATES FOR SETTLEMENT CONFERENCE:  **N/A**

Counsel representing all parties and after consideration by the Judge,

**IT IS HEREBY ORDERED:**

1.    all parties shall complete discovery on or before **03/27/20.**

2.    all parties shall file motions to amend pleadings or add parties on or before **11/29/19.**

3.    all parties shall make initial expert disclosures pursuant to N.R.C.P. 16.1(a)(2) on or before **01/03/20.**

5.    all parties shall make rebuttal expert disclosures pursuant to N.R.C.P. 16.1(a)(2) on or before **02/14/20.**

6.    all parties shall file dispositive motions and motions in limine on or before **04/03/20.**
      **(Omnibus Motions in Limine are not allowed)**

Unless otherwise directed by the court, all pretrial disclosures pursuant to N.R.C.P. 16.1(a)(3) must be made at least 30 days before trial.

Discovery disputes that do not affect the Trial setting will be handled by the Discovery

Commissioner.

A request for an extension of the discovery deadline, if needed, must be submitted to this department in compliance with EDCR 2.35.

**<u>ORDER SETTING CIVIL JURY TRIAL, PRE-TRIAL AND CALENDAR CALL</u>**

**IT IS HEREBY FURTHER ORDERED THAT**:

A.     The above entitled case is set to be tried to a jury on a **<u>Five week stack</u>** to begin, **May 26, 2020 at 1:30p.m.**

B.     A calendar call will be held on **May 19, 2020 at 9:30a.m.** Parties must bring to Calendar Call the following:

(1) Typed exhibit lists;

(2) List of depositions;

(3) List of equipment needed for trial, including audiovisual equipment;[1] and

(4) Courtesy copies of any legal briefs on trial issues.

The Final Pretrial Conference will be set at the time of the Calendar Call.

C.     A Pre-Trial Conference with the designated attorney and/or parties in proper person will be held on **April 28, 2020 at 9:15a.m.**

D.     Parties are to appear on **March 31, 2020 at 9:00a.m.,** for a Status Check on the matter.

E.     The Pre-Trial Memorandum must be filed no later than **April 24, 2020**, with a courtesy copy delivered to Department XI.   All parties, (Attorneys and parties in proper person) **<u>MUST</u>** comply with **<u>All REQUIREMENTS</u>** of E.D.C.R. 2.67, 2.68 and 2.69.   Counsel should include the Memorandum an identification of orders on all motions in limine or motions for partial summary judgment previously made, a summary of any anticipated legal issues remaining, a brief summary of

---

[1]     If counsel anticipate the need for audio visual equipment during the trial, a request must be submitted to the District Courts AV department following the calendar call. You can reach the AV Dept at 671-3300 or via E-Mail at CourtHelpDesk@clarkcountycourts.us

the opinions to be offered by any witness to be called to offer opinion testimony as well as any objections to the opinion testimony.

F.     All motions in limine, **Omnibus Motions in Limine are not allowed**, must be in writing and filed no later than **April 3, 2020. Orders shortening time will not be signed except in extreme emergencies**.

G.     No documents may be submitted to the Court under seal based solely upon the existence of a protective order.

Any sealing or redaction of information must be done by motion.

All motions to seal and/or redact and the potentially protected information must be filed at the clerk's office front counter during regular business hours 9 am to 4 pm.

In accordance with, Administrative Order 19-03, the motion to seal must contain the language "Hearing Requested" on the front page of the motion under the Department number.

Pursuant to SRCR Rule 3(5)(b), redaction is preferred and sealing will be permitted only under the most unusual of circumstances.

If a motion to seal and/or redact is filed with the potentially protected information, the proposed redacted version of the document with a slip-sheet for any exhibit entitled "Exhibit ** Confidential Filed Under Seal" must be attached as an Exhibit.

The potentially protected information in unredacted and unsealed form must be filed at the same time and a hearing on the motion to seal set.  While the motion to seal is pending, the potentially protected information will not be accessible to the public.

If the motion to seal is noncompliant, the motion to seal may be stricken and the potentially protected information unsealed.

H.     All original depositions anticipated to be used in any manner during the trial must be delivered to the clerk prior to the final Pre-Trial Conference.  If deposition testimony is anticipated to be used in lieu of live testimony, a designation (by page/line citation) of the portions of the testimony to be offered must be filed and served by facsimile or hand, two (2) judicial days prior to the final Pre-Trial Conference.  Any objections or counterdesignations (by page/line citation) of testimony must be filed and served by facsimile or hand, one (1) judicial day prior to the final Pre-Trial Conference commencement.  Counsel shall advise the clerk prior to publication.

I.      In accordance with EDCR 2.67, counsel shall meet, review, and discuss exhibits. All exhibits must comply with EDCR 2.27.  Two (2) sets must be three hole punched placed in three ring binders along with the exhibit list.  The sets must be delivered to the clerk prior to the final Pre-Trial Conference.  Any demonstrative exhibits including exemplars anticipated to be used must be disclosed prior to the calendar call.  Pursuant to EDCR 2.68, at the final Pre-Trial Conference, counsel shall be prepared to stipulate or make specific objections to individual proposed exhibits.  Unless otherwise agreed to by the parties, demonstrative exhibits are marked for identification but not admitted into evidence.

J.      In accordance with EDCR 2.67, counsel shall meet, review, and discuss items to be included in the Jury Notebook. Pursuant to EDCR 2.68, at the final Pre-Trial Conference, counsel shall be prepared to stipulate or make specific objections to items to be included in the Jury Notebook.

K.      In accordance with EDCR 2.67, counsel shall meet and discuss preinstructions to the jury, jury instructions, special interrogatories, if requested, and verdict forms. Each side shall provide the Court, at the final Pre-Trial Conference, an agreed set of jury instructions and proposed form of verdict along with any additional proposed jury instructions with an electronic copy in Word format.

L.      In accordance with EDCR 7.70, counsel shall file and serve by facsimile or hand, two (2) judicial days prior to the final Pre-Trial Conference voir dire proposed to be conducted pursuant to conducted pursuant to EDCR 2.68.

**Failure of the designated trial attorney or any party appearing in proper person to appear for any court appearances or to comply with this Order shall result in any of the following: (1) dismissal of the action (2) default judgment; (3) monetary sanctions; (4) vacation of trial date; and/or any other appropriate remedy or sanction.**

/      /      /      /      /

/      /      /      /      /

/      /      /      /      /

/      /      /      /      /

/      /      /      /      /

Counsel is required to advise the Court immediately when the case settles or is otherwise resolved prior to trial. A stipulation which terminates a case by dismissal shall also indicate whether a Scheduling Order has been filed and, if a trial date has been set, the date of that trial. A copy should be given to Chambers.

DATED this 9th day of August, 2019.

_____
Elizabeth Gonzalez, District Court Judge

### CERTIFICATE OF SERVICE

I hereby certify that on the date filed, a copy of the foregoing Scheduling Order and Order Setting Civil Jury Trial, Pre-Trial and Calendar Call was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program.

*If indicated below*, a copy of the foregoing Scheduling Order was also:

X  Placed in the Attorney(s) Folder on the 1st Floor of the RJC for;

Evan Needham, Esq. (Needham Law Firm)

X  Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es):

Paul D S Edwards
713 Wheat Ridge Lane, Unit 203
Las Vegas, NV  89145

_____
Dan Kutinac – JEA

Electronically Filed
9/23/2019 3:23 PM
Steven D. Grierson
CLERK OF THE COURT

MOT (MWCN)
NEEDHAM LAW FIRM
Evan Needham, Esq.
Nevada State Bar #7841
3216 West Charleston Blvd. Ste. A
Las Vegas, NV 89102
T: 702-258-5858
E: RealtyLawyer@aol.com
*Former Attorney for Defendants*
*Juan Martinez, Inc.,*
*Juan Martinez, and*
*Sergio Tamez*

EIGHTH JUDICIAL DISTRICT COURT
CLARK COUNTY, NEVADA

PAUL D.S. EDWARDS

Plaintiff,

v.

JUAN MARTINEZ, INC., et al,

Defendants.

Case No:   A-19-793329-C

Dept No:   11

**HEARING REQUESTED**

### MOTION TO WITHDRAWAL AS COUNSEL

**I. Authority**.

Nevada Supreme Court Rule 44 (entitled, "Person may appear in his own behalf") states: "Nothing in these rules shall be so construed as to prevent any person from appearing in his own behalf in any court in this state except the supreme court."

Nevada Supreme Court Rule 46 (entitled, "Withdrawal or change of attorney"), §2, states: "The attorney in an action ... may be changed at any time before judgment or final determination ... upon the order of the court or judge thereof on the application of the attorney or the client."

**II. Facts and Declaration.**

The undersigned counsel, pursuant to an agreement, withdrew from this case. This case is new (discovery does not close until 03/27/2020 and trial is set for 05/26/2020). See this Court's Scheduling Order filed on 08/13/2019. Today, there are no motions or hearings pending other than this motion to withdraw and this motion should not delay any pending hearing. Lastly, the undersigned counsel declares, under penalty of perjury, that all future communications can be made upon Defendants at the detailed information expressed in the below certificate of service.

**III. Relief Requested**. Based on the above authority, grounds, facts and Declaration, the undersigned counsel seeks an Order granting a motion to withdraw as counsel for all Defendants.

Dated: 09/23/2019

*/s/ Evan Needham*
Evan Needham, Esq.
702-258-5858, Ext. 1

///////

1
2

**CERTIFICATE OF SERVICE**

3

Today, this motion to withdraw was served by *e-servic*e (email) or regular mail upon:

4

Paul Edwards                              Juan Martinez, broker
713 Wheat Ridge Ln #203                   Century 21 Americana

5

Las Vegas, Nv 89145                       4040 S. Eastern Ave., #100
Email: pauldse@pauldsedwards.com          Las Vegas, NV 89119

6

Tele:702-341-1776 & 702-893-1776

7

Sergio Tamez
60 N. Pecos  Apt. #2091

8

Las Vegas NV 89110

9

Email sergiotrealtor@gmail.com
Email: juan@c21americana.com

10

Tele: #702-994-1422 (Juan Martinez)
Tele:#702-296-9999 (Century 21 Americana)

11

Tele:#702-541-1216 (Sergio Tamez)

12
13

Dated: 09/23/2019                         */s/ Evan Needham*
                                          Evan Needham, Esq.

14

                                          702-258-5858, Ext. 1

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Electronically Filed
9/24/2019 9:02 AM
Steven D. Grierson
CLERK OF THE COURT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**
****

| | |
|---|---|
| Paul Edwards, Plaintiff(s) | Case No.:   A-19-793329-C |
| vs. | |
| Juan Martinez Inc, Defendant(s) | Department 11 |

### NOTICE OF HEARING

Please be advised that the Defendant's Motion to Withdrawal as Counsel in the above-entitled matter is set for hearing as follows:

**Date:**       November 01, 2019

**Time:**       Chambers

**Location:**   Chambers
Regional Justice Center
200 Lewis Ave.
Las Vegas, NV 89101

**NOTE: Under NEFCR 9(d), if a party is not receiving electronic service through the Eighth Judicial District Court Electronic Filing System, the movant requesting a hearing must serve this notice on the party by traditional means.**

STEVEN D. GRIERSON, CEO/Clerk of the Court

By:   /s/ Michelle McCarthy
Deputy Clerk of the Court

### CERTIFICATE OF SERVICE

I hereby certify that pursuant to Rule 9(b) of the Nevada Electronic Filing and Conversion Rules a copy of this Notice of Hearing was electronically served to all registered users on this case in the Eighth Judicial District Court Electronic Filing System.

By:   /s/ Michelle McCarthy
Deputy Clerk of the Court

Electronically Filed
9/25/2019 8:17 PM
Steven D. Grierson
CLERK OF THE COURT

1  **OPPC (CIV)**
   PAUL D.S. EDWARDS,
2  713 Wheat Ridge Lane, Unit 203,
   Las Vegas, Nevada 89145
3  Landline Telephone:  702.341.1776
   Cellular Telephone:   702.893.1776
4  Email: pauldse@pauldsedwards.com
   Plaintiff *pro se*
5

6

7  # DISTRICT COURT,

8  ## CLARK COUNTY, NEVADA

9

10 PAUL D.S. EDWARDS,                              **CASE NO.:** A-19-793329-C

11              **Plaintiff,**

12                *vs.*                            **DEPT. NO.:** XI

13 JUAN MARTINEZ, INC.,
   d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,       **Date of Hearing:** November 1, 2019
14 and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,
   a/k/a JUAN ANTONIO MAYEN,                      **Time of Hearing:**  CHAMBERS
15 and ELIZABETH MARTINEZ,
   a/k/a ELIZABETH A. MARTINEZ,
16 and SERGIO BRANDON TAMEZ,
   a/k/a SERGIO TAMEZ,
17 and DOES I-X, and ROE CORPORATIONS XI-XX, et al.

18              **Defendants.**

19

20                 **OPPOSITION TO DEFENDANT'S**

21              **MOTION TO WITHDRAWAL AS COUNSEL**

22

23 1.    <u>**Relevant Facts:**</u>

24         In communications, *infra*, between Plaintiff and Defendants attorney Evan Needham,

25 NEEDHAM LAW FIRM, Defendants attorney **does not deny** [that] **he did not serve  a copy** of

26 Defendant's[*sic*] Motion to Withdrawal[*sic*] as Counsel[1] **("Motion")**, to Plaintiff.

27 _____

28 [1]It appears, based upon the wording in the NOH, [that] the title of the Motion is inaccurate. Plaintiff
   holds that "Defendant's[*sic*] can not "Withdraw as Counsel."

1   On September 24, 2019, at [approximately] 9:04 a.m., Plaintiff received [via email from

2   efilingmail@tylerhost.net] a Notification of Service (**"NOS"**). The NOS was a Notice of Hearing

3   (**"NOH"**) pertaining to a [Chamber's] date (November 1, 2019) for the Court to rule on Defendants'

4   Motion. A copy of the NOH is attached hereto and incorporated herein as **Exhibit 1**.

5   Within minutes of receiving the NOS/NOH, Plaintiff emailed the following message to

6   Defendants' counsel Evan Needham.

7   Mr. Needham-
    I just received a Notice of Hearing regarding your Motion to
8   Withdraw as Counsel. However, **I never received your Motion**.
    Please forward it today.
9   Paul D.S. Edwards
    **(Emphasis added)**.

10

11   Shortly after sending the above-referenced email, Plaintiff followed-it-up with a second

12   email, stating the following—

13   Mr. Needham-
     Albeit you appear to be requesting, to withdraw as counsel in PAUL
14   D.S. EDWARDS  v.  JUAN MARTINEZ, INC., d/b/a CENTURY
     21, MARTINEZ & ASSOCIATES, et al., until such time the Court
15   grants your motion, you are still Defendants' counsel.
     On September 20, 2019 I sent you an email reminding you that
16   Defendant JUAN MARTINEZ, INC., d/b/a CENTURY 21,
     MARTINEZ & ASSOCIATES ("CENTURY 21") Interrogatories
17   responses were due by September 23, 2019. However, I have not
     received any reply (from you) to my email, nor have I received
18   Defendant CENTURY 21's Interrogatory responses.
     I also advised you [that] I expect to conduct a 2.34 conference with
19   you on September 30, 2019, and to set 2 hours for our conference.
     Again, you have not responded with a convenient time on the 30th to
20   conduct our 2.34 conference. There is no extension beyond the 30th
     to comply with the meet & confer requirement of EDCR, Rule 2.34.
21   Should you fail to have our 2.34 on the 30th, I will file a Motion to
     Compel for each Defendant, for their failure to engage in discovery
22   in good-faith.
     Please advise me of a time to conduct the 2.34 on the 30th, and
23   provide Defendant CENTURY 21's responses to the Interrogatories
     propounded to Defendant today.
24   Paul D.S. Edwards

25   . . .

26   . . .

27   . . .

28   Page 2

1    At 2:11 p.m. (the same day), Plaintiff received the following [cryptic] email from attorney

2  Needham, absent the Motion requested—

3       Mr. Edwards, if my firm is **rehired**, I will reach to you promptly
         thereafter and we can **meet and confer** in regards to Plaintiff's past

4       discovery and the specific objections raised to the discovery. Thank
         you. **(emphasis included in email)**.

5

6    However, without explanation, attorney Needham *intentionally* and *categorically refused* to

7  provide Plaintiff with a copy of the Motion,**[2]** as requested by Plaintiff.

8    In yet a third (3rd) attempt to have Defendants attorney, Evan Needham, provide Plaintiff

9  with a copy of the Motion— at 2:43 p.m. (the same day) Plaintiff responded to attorney Needham's

10  2:11 p.m. email—

11       Mr. Needham-
         As usual, your communications is [somewhat] cryptic.

12       First. As I expressed in my email to you earlier today - I was not
         served, nor have you provided me with a copy of your Motion to

13       Withdraw as Counsel for Defendants JUAN MARTINEZ, INC., d/b/a
         CENTURY 21, MARTINEZ & ASSOCIATES, et al. (**"Motion"**).

14       Hence, I have no information for your Motion, nor for your reason(s)
         for wanting to withdraw as counsel for Defendant JUAN

15       MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ &
         ASSOCIATES, et al. ("Defendants"). A Motion I may want to

16       oppose.
         Second. Until such time the Court grants [or denies] your Motion,

17       you remain, and continue to be Defendants' attorney-of-record, a
         irrefutable fact. Moreover, you are still required to comply with the

18       Rules, and engage in a good-faith effort in this litigation, and
         specifically complying with discovery. Even more so, YOU can be

19       subjected to the sanctions I will request for your and Defendants'
         engaging in discovery in BAD-FAITH.

20       Finally. I cannot decipher your statements "…if my firm is rehired. I
         will reach to you promptly thereafter…." Thus, have your been

21       terminated as Defendants' counsel, and if so, why or when would
         Defendants rehire you???

22       In closing. Please provide a copy of your Motion, and advise if
         responses to the Interrogatories propounded to Defendants

23       CENTURY 21 & TAMEZ will be provided to me within the next two
         (2) days, and if you intend to meet & confer pursuant to EDCR, Rule

24       2.34 on or before September 30, 2019.
         **I REQUIRE AN ANSWER TO THE ABOVE ISSUES ON OR**

25       **BEFORE 5:00 p.m., ON SEPTEMBER 25, 2019**.
         Paul D.S. Edwards

26

27  [2]As evidenced within the District Courts "Register of Actions" (**"Register"**) Defendants' Motion
    was filed with the Clerk of the Court on September 23, 2019. A copy of the Register is attached

28  hereto and incorporated herein as **Exhibit 2**.

1    As of the filing of this "Opposition to Defendant's[*sic*] Motion to Withdrawal as Counsel"

2    (**"Opposition"**), **Defendants attorney Needham** *continues to refuse* **to provide Plaintiff with a**

3    **copy of the Motion** filed with the Clerk of the Court on September 23, 2019.[3]

4    **2.    Legal Arguments:**

5        (1)    **The Failure to Serve Defendants Motion Renders it Moot**:

6        The *irrefutable fact is* that, as of the filing of this Opposition, **Defendants [have**

7    **intentionally]** *failed to serve, or provide* **Plaintiff with** *a copy of the* **Motion** regarding, pertaining

8    to, or associated with the withdrawal of counsel.

9        NRCP, Rule 5 is unequivocal as to **what papers must be served upon parties to an action**.

10        **Serving and Filing Pleadings and Other Papers**
     (a) Service: When Required.

11    (1) In General. Unless these rules provide otherwise, **each of the
     following papers must be served on every party**:

12                         \*\*\*\*\*
     (D) **a written motion**, except one that may be heard ex parte;

13    **(Emphasis added)**.

14        Here, the Rules do not provide otherwise; the Court has not ordered otherwise; nor can

15    Defendants Motion be heard ex parte. Accordingly, Defendants **are mandated to serve** their [filed]

16    Motion upon Plaintiff.

17        Moreover, because Defendants' Motion **must be e-filed and e-served**, there are no excuses

18    for not serving Plaintiff, as they have previously. Hence, the question becomes - why did Defendants,

19    and Defendants' attorney Evan Needham, intentionally exclude Plaintiff from the e-filing of

20    Defendants Motion? Likewise, why is Defendants' attorney Evan Needham refusing to provide

21    Plaintiff with copy of the Motion? Mr. Needham has not answered those questions.

22

23    [3]Plaintiff has conducted [a] cursory research with Odyssey eFile NV; the District Court Clerk
     associated with e-filing; and the District Court's IT department. Based upon the [combined]

24    information provided by those three (3) entities, Plaintiff alleges that Defendants attorney Evan
     Needham, NEEDHAM LAW FIRM, at the time he efiled the Motion, chose to limit the filing to the

25    District Court Clerk, therefore, *intentionally excluding* Plaintiff from receiving a copy of the
     Motion. Plaintiff has no explanation, nor has attorney Needham provided any explanation for

26    excluding Plaintiff from receiving a copy of the Motion. Nor has attorney Needham explained why

27    he refuses to provide (email) a copy of the Motion to Plaintiff.

28

1    Correspondingly, by [deliberately] denying Plaintiff a copy of Defendants Motion it is

2  considered **a denial** of Plaintiff's *due process*. A party has a right to receive a motion seeking relief

3  to properly respond to the motion. If attorney Needham has moved to withdraw, his Motion must

4  include an affidavit with the address, or last known address, at which Defendants may be served with

5  notice of further proceedings taken in the case, and the telephone number, or last known telephone

6  number, at which the Defendants may be reached. EDCR, Rule 7.40. Moreover, pursuant to EDCR,

7  Rule 7.40, whether it was attorney Needham, or Defendants causing the Motion, a copy of the

8  Motion **must be served upon Plaintiff**. See EDCR, Rule 7.40(b)(1), (2)(i) & (ii).

9    At this point-in-time Plaintiff is in the dark as for the reason(s) for the Motion, and more so,

10  if the Motion complies with the Rules. Information Plaintiff is required to know.

11    Withdrawal of counsel is subject to the oversight of the Court, which [typically] has the

12  discretion to prevent withdrawal of an attorney to prevent delay or prejudice. Granting withdrawal

13  of counsel is [generally] granted only to instances where there are satisfactory reasons for

14  withdrawal, and where the Court determines that the continuance of the law suit will not be disrupted

15  by the withdrawal.

16    Any claim by Defendants counsel, Evan Needham, that his withdrawal would not cause

17  disruption of this case should not be enough to grant the Motion.

18    Plaintiff objects to attorney Needham's withdrawal because— it will have a materially

19  adverse effect on Plaintiff's written discovery, inasmuch as there is [currently] numerous issues with

20  Defendants failure to engage in the discovery process in good-faith.

21    Even though Plaintiff received [actual] notice of a hearing date for Defendants Motion,

22  Defendants must explain the whys and what-fores for their intentional refusal to comply with NRCP,

23  Rule 5(a)(1). See *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1431 (9th Cir. 1996).

24    In the instant case, because Defendants, in collaboration with their attorney Evan Needham,

25  not only failed, but refused to serve Plaintiff with Defendants' Motion, Defendants Motion should

26  be denied. Until served, a pleading or motion has no effect. See *International Controls Corp. v.*

27  *Vesco*, 556 F.2d 665, 669 (2d Cir. 1977).

28                    Page 5

**3.**    <u>**CONCLUSION:**</u>

    First Defendants attorney was uncooperative with complying with the mandated 16.1 meet & confer, requiring Plaintiff to file a Motion to Compel, and conducting the 16.1 in front of this Court. Now, again, disregarding the Rules, Defendants counsel, Evan Needham, filed Defendant Motion, ***intentionally excluding*** service of the Motion from Plaintiff. Even more so, when Plaintiff advised attorney Needham that Plaintiff was not served a copy of the Motion, and made a request for same, attorney Needham refused to email Plaintiff a copy of the Motion.

    It is not Plaintiff's responsibility to find a way to get a copy of Defendants' Motion.

    However, what is puzzling, is attorney Needham's statement in the email sent to Plaintiff—

> "...if my firm is **rehired**, I will reach to you promptly thereafter and
> we can **meet and confer** in regards to Plaintiff's past discovery and
> the specific objections raised to the discovery..."

    It appears that Defendants will rehire attorney Needham at some future date, and until that unknown date, Plaintiff should halt discovery, and refrain from filing a Motion to Compel. Plaintiff holds that Defendants and their attorney filed their Motion to prevent Defendants from responding to past-due and unanswered discovery, and [to] avoid depositions.

    Granting the Motion will greatly *prejudice Plaintiff* and *indefinitely forestall, and greatly impede* any forward movement of this case.

    For all of the aforementioned, Defendant's Motion to Withdraw as Counsel **<u>should be denied</u>**.

    DATED this 25th day of September 2019.

PAUL D.S. EDWARDS,


      <u>/s/ Paul D.S. Edwards</u>
Paul D.S. Edwards,
713 Wheat Ridge Lane, Unit 203,
Las Vegas, Nevada 89145
Residence:   (702) 341-1776
Cellular:     (702) 893-1776
Email  pauldse@pauldsedwards.com
Plaintiff, *pro se*

**CERTIFICATE OF E-SERVICE**

I HEREBY CERTIFY that, on the 25th day of September 2019, pursuant to the Nevada Electronic Filing and Conversion Rules (NEFCR) & N.R.C.P., Rule 5(b)(4), I e-filed and e-served a true and correct copy of the following document:

1.  Plaintiff's Opposition to Defendant's[*sic*] Motion to Withdrawal as Counsel

and emailed to the following:

Evan Needham, NEEDHAM LAW FIRM
realtylawyer@aol.com

_____
Designee for Plaintiff

# EXHIBIT 1

Electronically Filed
9/24/2019 9:02 AM
Steven D. Grierson
CLERK OF THE COURT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**
****

| | |
|---|---|
| Paul Edwards, Plaintiff(s) | Case No.:    A-19-793329-C |
| vs. | |
| Juan Martinez Inc, Defendant(s) | Department 11 |

## <u>NOTICE OF HEARING</u>

Please be advised that the Defendant's Motion to Withdrawal as Counsel in the above-entitled matter is set for hearing as follows:

**Date:**        November 01, 2019

**Time:**        Chambers

**Location:**    Chambers
Regional Justice Center
200 Lewis Ave.
Las Vegas, NV 89101

**NOTE: Under NEFCR 9(d), if a party is not receiving electronic service through the Eighth Judicial District Court Electronic Filing System, the movant requesting a hearing must serve this notice on the party by traditional means.**

STEVEN D. GRIERSON, CEO/Clerk of the Court

By:    /s/ Michelle McCarthy
Deputy Clerk of the Court

### CERTIFICATE OF SERVICE

I hereby certify that pursuant to Rule 9(b) of the Nevada Electronic Filing and Conversion Rules a copy of this Notice of Hearing was electronically served to all registered users on this case in the Eighth Judicial District Court Electronic Filing System.

By:    /s/ Michelle McCarthy
Deputy Clerk of the Court

# EXHIBIT 2

Skip to Main Content  Logout  My Account  Search Menu  New District Civil/Criminal Search  Refine Search  Back
Location : District Court Civil/Criminal   Help

# REGISTER OF ACTIONS
## CASE NO. A-19-793329-C

Paul Edwards, Plaintiff(s) vs. Juan Martinez Inc, Defendant(s)

§
§
§
§
§
§

| | |
|---|---|
| Case Type: | **Other Civil Matters** |
| Date Filed: | **04/22/2019** |
| Location: | **Department 11** |
| Cross-Reference Case Number: | **A793329** |

---

## PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **Juan Martinez Inc** *Doing Business As* **Century 21** | **Evan S. Needham** *Retained* 7022585858(W) |
| **Defendant** | **Martinez & Associates** | |
| **Defendant** | **Martinez, Elizabeth** *Also Known As* **Martinez, Elizabeth A** | |
| **Defendant** | **Martinez, Juan** *Also Known As* **Martinez, Juan A, Jr.** *Also Known As* **Mayen, Juan Antonio** | **Evan S. Needham** *Retained* 7022585858(W) |
| **Defendant** | **Tamez, Sergio Brandon** *Also Known As* **Tamez, Sergio** | **Evan S. Needham** *Retained* 7022585858(W) |
| **Plaintiff** | **Edwards, Paul D S** | **Pro Se** |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 04/22/2019 | **Complaint** *COMPLAINT FOR DAMAGES, STATUTORY INJUNCTIVE RELIEF, AND DEMAND FOR TRIAL BY JURY - ARBITRATION EXEMPTION CLAIMED* |
| 06/05/2019 | **Notice of Intent to Take Default Judgment** *Three (3) Day Notice of Intent to Take Default Against Defendants* |
| 06/05/2019 | **Summons** *Summons - Civil - JUAN MARTINEZ, INC., d/b/a CENTURY21, MARTINEZ&ASSOCIATES* |
| 06/05/2019 | **Summons** *Summons - Civil - SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ* |
| 06/05/2019 | **Summons** *Summons - Civil - JUAN MARTINEZ, a/k/a JUAN A MARTINEZ, JR, a/k/a JUAN ANTONIO MAYEN* |
| 06/13/2019 | **Default** *APPLICATION FOR ENTRY OF DEFAULT* |
| 06/13/2019 | **Notice of Appearance** *Defendants Notice of Appearance* |
| 06/13/2019 | **Initial Appearance Fee Disclosure** *Defendants Initial Appearance Fee Disclosure* |
| 06/14/2019 | **Answer** *Answer* |
| 06/25/2019 | **Disclosure Statement** *Disclosure Statement Pursuant to Nev. R. Civ. P., Rule 7.1(a)* |

| | |
|---|---|
| 06/25/2019 | **Disclosure Statement** |
| | *Defendant's Disclosure Statement Pursuant to NRCP 7.1* |
| 06/27/2019 | **Motion to Compel** |
| | *(6/27/19 Withdrawn) Motion to Compel Defendants to Attend the N.R.C.P., Rule 16.1 Conference* |
| 06/27/2019 | **Notice of Withdrawal** |
| | *Notice of Withdrawal of Plaintiff s Motion to Compel Defendants to Attend the N.R.C.P., Rule 16.1 Conference* |
| 06/27/2019 | **Motion to Compel** |
| | *(6/27/19 Withdrawn) Motion to Compel Defendants to Attend the N.R.C.P., Rule 16.1 Conference* |
| 06/28/2019 | **Clerk's Notice of Hearing** |
| | *Notice of Hearing* |
| 07/09/2019 | **Opposition to Motion** |
| | *Defendants Opposition to Plaintiff s Motion to Compel and Request for Sanctions* |
| 07/10/2019 | **Request for Exemption From Arbitration** |
| | *REQUEST FOR EXEMPTION FROM ARBITRATION* |
| 07/19/2019 | **Reply to Opposition** |
| | *Reply to Opposition to Motion to Compel Defendants to Attend the N.R.C.P., Rule 16.1 Conference, and, Motion to Strike Defendants Opposition, or, In The Alternative, Motion to Strike Defendants Exhibits* |
| 07/24/2019 | **Commissioners Decision on Request for Exemption - Granted** |
| | *Commissioner's Decision on Request for Exemption - GRANTED* |
| 07/25/2019 | **Response** |
| | *Defendants Response to Plaintiff s Opposition to Sanctions* |
| 07/25/2019 | **Motion to Strike** |
| | *PLAINTIFF'S Motion to Strike Defendants Opposition to Plaintiff S Motion to Compel and Request for Sanctions* |
| 07/30/2019 | **Motion to Compel** (9:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
| | *Motion to Compel Defendants to Attend the NRCP Rule 16.1 Conference* |
| | [Parties Present] |
| | [Minutes] |
| | Result: Granted |
| 08/02/2019 | **Mandatory Rule 16 Conference Order** |
| | *Order Setting A Mandatory Case Management Conference* |
| 08/02/2019 | **Individual Case Conference Report** |
| | *PLAINTIFF S INDIVIDUAL CASE CONFERENCE REPORT* |
| 08/05/2019 | **Defendants Case Conference Report** |
| | *Defendants Case Conference Report* |
| 08/08/2019 | **Mandatory Rule 16 Conference** (8:30 AM) (Judicial Officer Gonzalez, Elizabeth) |
| | [Parties Present] |
| | [Minutes] |
| | Result: Trial Date Set |
| 08/13/2019 | **Scheduling and Trial Order** |
| | *Scheduling Order and Order Setting Civil Bench Trial and Calendar Call* |
| 09/23/2019 | **Motion to Withdraw As Counsel** |
| | *Motion to Withdraw As Counsel* |
| 09/24/2019 | **Clerk's Notice of Hearing** |
| | *Notice of Hearing* |
| 11/01/2019 | **Motion to Withdraw as Counsel** (3:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
| | *Defendant's Motion to Withdrawal as Counsel* |
| 03/31/2020 | **Status Check** (9:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
| 04/28/2020 | **Pre Trial Conference** (9:15 AM) (Judicial Officer Gonzalez, Elizabeth) |
| 05/19/2020 | **Calendar Call** (9:30 AM) (Judicial Officer Gonzalez, Elizabeth) |
| 05/26/2020 | **Jury Trial** (1:30 PM) (Judicial Officer Gonzalez, Elizabeth) |

---

**FINANCIAL INFORMATION**

---

**Defendant** Juan Martinez Inc

| | | | |
|---|---|---|---|
| Total Financial Assessment | | | 283.00 |
| Total Payments and Credits | | | 283.00 |
| **Balance Due as of 09/24/2019** | | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 06/17/2019 | Transaction Assessment | | | 283.00 |
| 07/09/2019 | Payment (Phone) | Receipt # 2019-41703-CCCLK | Needham Law Firm | (283.00) |

**Plaintiff** Edwards, Paul D S
Total Financial Assessment                                                                                          270.00
Total Payments and Credits                                                                                          270.00
**Balance Due as of 09/24/2019**                                                                                    **0.00**

| 04/22/2019 | Transaction Assessment | | | 270.00 |
| 04/22/2019 | Efile Payment | Receipt # 2019-24507-CCCLK | Edwards, Paul D. S. | (270.00) |

Electronically Filed
9/30/2019 7:47 AM
Steven D. Grierson
CLERK OF THE COURT

1  **STO (CIV)**
   PAUL D.S. EDWARDS,
2  713 Wheat Ridge Lane, Unit 203,
   Las Vegas, Nevada 89145
3  Landline Telephone:   702.341.1776
   Cellular Telephone:    702.893.1776
4  Email: pauldse@pauldsedwards.com
   Plaintiff *pro se*
5

6

7                            **DISTRICT COURT,**

8                      **CLARK COUNTY, NEVADA**

9
   PAUL D.S. EDWARDS,                          **CASE NO.:** A-19-793329-C
10
                  **Plaintiff,**
11
                                               **DEPT. NO.:** XI
12                    *vs.*

13  JUAN MARTINEZ, INC.,
    d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,   **Date of Hearing:** November 1, 2019
14  and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,
    a/k/a JUAN ANTONIO MAYEN,                  **Time of Hearing:**   CHAMBERS
15  and ELIZABETH MARTINEZ,
    a/k/a ELIZABETH A. MARTINEZ,
16  and SERGIO BRANDON TAMEZ,
    a/k/a SERGIO TAMEZ,
17  and DOES I-X, and ROE CORPORATIONS XI-XX, et al.

18                  **Defendants.**

19

20          **SUPPLEMENTAL TO PLAINTIFF'S OPPOSITION TO**
            **DEFENDANT'S MOTION TO WITHDRAWAL AS COUNSEL**
21

22          Plaintiff PAUL D.S. EDWARDS, *pro se* (**"Plaintiff"**), respectfully submits this

23  "Supplemental to Plaintiff's Opposition to Defendant's[*sic*] Motion to Withdrawal[*sic*] as Counsel"

24  (**"Supplemental"**), to Plaintiff's September 24, 2019 e-filed and e-served "Opposition to

25  Defendant's[*sic*] Motion to Withdrawal[*sic*] as Counsel" (**"Opposition"**).

26          This Supplemental is filed pursuant to EDCR, Rule 2.20(i), that states in pertinent part—

27          Supplemental briefs will only be permitted if filed within the original
            time limitations of paragraphs (a), (b), or (d), or by order of the court.

28          Because Plaintiff has met the requirements of EDCR, Rule 2.20(a), (b), or (d), this

    Supplemental is filed within the original time limitations.

In addition to the numerous reasons put-forth in Plaintiff Opposition, justifying the denial of Defendant's[*sic*] "Motion to Withdrawal[*sic*] as Counsel" (**Motion"**), Plaintiff [also] advised the Court that— at the time Defendants e-filed their Motion, that, for an unknown reason, Defendants excluded Plaintiff from receiving a e-filed copy of that Motion. Plaintiff also included in his Opposition that he made several [email] requests for Defendants attorney Evan Needham to provide Plaintiff with a copy of the Motion, However, attorney Needham refused to provide a copy of the Motion.

This Supplemental is brought to advise the Court that Plaintiff [has] received (by USPS First-Class Mail) a copy of Defendants' Motion.

Nonetheless, after reviewing the Motion, Plaintiff is more adamant that Defendants Motion **must be denied**.

Based upon the language in the Motion; the cryptic sentence in attorney Needham's email to Plaintiff[1]; and the manner of e-filing and (USPS First-Class Mail) service of the Motion, it appears that attorney Needham has [prematurely] removed himself as counsel for Defendants, ignoring Supreme Court Rules 44 & 46, and the deference of this Court.

Moreover, Plaintiff contends that it was a Defendant that e-filed and [then] mailed a copy of the Motion to Plaintiff. That the only involvement by attorney Needham with the Motion, was to prepare it, and have a Defendant manage the filing and service upon Plaintiff afterwards. Otherwise, the **only** reason for Plaintiff not receiving a e-filed copy of the Motion is for attorney Needham, at the time he e-filed the Motion would be to **intentionally** remove the ✓ by Plaintiff's name as a "Service Contact." This was verified by a technical service representative at Odyssey (Tyler Technologies).

. . .

. . .

---

[1]"Mr. Edwards, if my firm is **rehired**, I will reach to you promptly thereafter and we can **meet and confer** in regards to Plaintiff's past discovery and the specific objections raised to the discovery. Thank you." (**emphasis included in email**). Opposition, Pge. 3, ¶¶ 3-5.

1    Plaintiff reiterates his objection to Defendants Motion as it will have a materially adverse

2    effect on Plaintiff's [written] discovery, inasmuch as there is [currently] numerous issues with

3    Defendants and attorney Needham's failure to engage in the discovery process in good-faith.

4    Therefore, for all the reasons stated in Plaintiff's Opposition and Supplemental; the

5    paradoxical and ambiguousness of the Motion; and the enigmatical issue of Defendants' *failure* of

6    e-serving their Motion, Plaintiff request the Court vacate its CHAMBERS hearing, and set a hearing

7    date and time for oral arguments pertaining to Defendants' Motion.

8    DATED this 30th day of September 2019.

9

10                                              PAUL D.S. EDWARDS,

11                                              _____/s/ Paul D.S. Edwards_____
                                               Paul D.S. Edwards,
12                                             713 Wheat Ridge Lane, Unit 203,
                                               Las Vegas, Nevada 89145
13                                             Residence:    (702) 341-1776
                                               Cellular:      (702) 893-1776
14                                             Email  pauldse@pauldsedwards.com
                                               Plaintiff, *pro se*
15

16

17                                **CERTIFICATE OF E-SERVICE**

18        I HEREBY CERTIFY that, on the 30th day of September 2019, pursuant to the Nevada

19   Electronic Filing and Conversion Rules (NEFCR) & N.R.C.P., Rule 5(b)(4), I e-filed and e-served

20   a true and correct copy of the following document:

21        **1.**    Supplemental to Plaintiff's Opposition to Defendant's[*sic*] Motion to Withdrawal[*sic*]
                    as Counsel
22

23   to the following:

24        Evan Needham, NEEDHAM LAW FIRM
          realtylawyer@aol.com
25

26                                              _____

27                                              Designee for Plaintiff

28
                                            Page 3

Electronically Filed
10/6/2019 8:57 PM
Steven D. Grierson
CLERK OF THE COURT

1  **MCOM (CIV)**
   PAUL D.S. EDWARDS
2  713 Wheat Ridge Lane, Unit 203
   Las Vegas, Nevada 89145
3  Landline Telephone:   702.341.1776
   Cellular Telephone:   702.893.1776
4  Email: pauldse@pauldsedwards.com
   Plaintiff *pro se*
5

6                          **DISTRICT COURT,**
7                     **CLARK COUNTY, NEVADA**
8

9  PAUL D.S. EDWARDS,                          | **CASE NO.:** A-19-793329-C
10                     **Plaintiff,**
11                         *vs.*               | **DEPT. NO.:** XI
12  JUAN MARTINEZ, INC.,
    d/b/a CENTURY 21, MARTINEZ & ASSOCIATES,
13  and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR.,
    a/k/a JUAN ANTONIO MAYEN,                  | **DISCOVERY COMMISSIONER**
14  and ELIZABETH MARTINEZ,
    a/k/a ELIZABETH A. MARTINEZ,               |   **HEARING REQUESTED**
15  and SERGIO BRANDON TAMEZ,
    a/k/a SERGIO TAMEZ,
16  and DOES I-X, and ROE CORPORATIONS XI-XX, et al.
17                     **Defendants.**
18

19            **PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
       **PURSUANT TO NEVADA RULES OF CIVIL PROCEDURES, RULE 37(a)**
20

21         COME NOW Plaintiff PAUL D.S. EDWARDS, *pro se* (**"Plaintiff"**), and files "Plaintiff's

22  Motion to Compel Discovery Pursuant to Nevada Rules of Civil Procedures Rule 37(a) (**"Motion"**),

23  to compel Defendant JUAN MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ &

24  ASSOCIATES (**"CENTURY 21"**) to provide Plaintiff with true, exact, correct, complete, and

25  legible copy(ies) to each of  the "Request for the Production of Documents, Electronically Stored

26  Information and Things, and Entry upon Land for Inspection and Other Purposes, Directed to

27  Defendant Juan Martinez, Inc., d/b/a Century 21, Martinez & Associates, Pursuant to Nevada Rules

28  of Civil Procedure, Rule 34 (First Request) (**"RFP"**).

1    However, Defendant CENTURY 21 has refused to provide any of the documents requested.

2    Those refusals are based upon Defendant's unintelligible, ambiguous, and boiler plate

3    responses to the RFP' propounded to Defendant.

4    That for all RFP's that Defendant CENTURY 21 claims a *privilege*, Defendant CENTURY

5    21 be required to provide a "*privilege log*" as expressed under "Instructions" (Pge. 4 of 26, ¶¶ 13-27,

6    through and including Pge 5 of 26, ¶¶ 1-8; also see *n.4*) of Plaintiff's RFP.

7    This motion is made and based upon the Declaration of Plaintiff attached hereto and

8    incorporated herein; the papers and pleadings on file heretofore; the Memorandum of Points and

9    Authorities put-forth herein; any Exhibits attached hereto and incorporated herein; and oral

10   arguments permitted by the Discovery Commissioner.

11   DATED this 6th day of October 2019.

12                                    PAUL D.S. EDWARDS,

13

14                                    _____
                                            /s/ Paul D.S. Edwards
15                                    Paul D.S. Edwards
                                      713 Wheat Ridge Lane, Unit 203,
16                                    Las Vegas, NV 89145
                                      Landline Telephone:   702.341.1776
17                                    Cellular Telephone:    702.893.1776
                                      Email: p a u l d s e @ p a u l d s e d w a r d s . c o m
18                                    Plaintiff, *pro se*

. . .

19

. . .

20

. . .

21

22

23

24

25

26

27

28                                          **-2-**

**DECLARATION OF PLAINTIFF PURSUANT TO**
**EIGHTH JUDICIAL DISTRICT COURT RULES, RULE 2.34(d)**

I, PAUL D.S. EDWARDS, Plaintiff, *pro se* (**"Declarant," or "Plaintiff"**), declares under penalty of perjury, that the following facts are true and correct to the best of Plaintiff's knowledge and belief:

1.      That I have personal knowledge of the facts presented in this Declaration, and make this Declaration consistent with Nevada law.

2.      That on August 13, 2019, Plaintiff e-served to Defendant CENTURY 21, through Defendant's attorney of record Evan Needham, NEEDHAM LAW FIRM, a "Request for the Production of Documents, Electronically Stored Information and Things, and Entry upon Land for Inspection and Other Purposes, Directed to Defendant Pursuant to Nevada Rules of Civil Procedure, Rule 34 (First Request)" (**"RFP"**).

3.      That, pursuant to Nevada Rules of Civil Procedure (**"NRCP"**), Rule 34, Defendant CENTURY 21 responses were due within thirty (30) days of service, hence, Defendant's responses were due on or before, September 12, 2019.

4.      That on September 13, 2019, Plaintiff telephoned Defendant CENTURY 21's attorney, Evan Needham, and left a message on Mr. Needham's answering device reminding attorney Needham that Defendant CENTURY 21's responses to the RFP was due no later than September 12, 2019.

5.      That on September 13, 2019, Plaintiff, in addition to the telephone message left on attorney Needham's answering device, [also] sent the following email to attorney Needham—

> Mr. Needham:
> A few minutes ago I left you a message on your answering device. I advised you that the Request for Production, re Defendant C21 (JUAN MARTINEZ, INC., et al. - Case No. A-19-793329-C), was due yesterday (09.12.19), yet I have not received the response to that request. I also advised that the Request for Production re Defendant TAMEZ is due today (09.13.19). You have not requested, nor have

**-3-**

I agreed to any extension of time to provide responses to either request. Please let me know a time you are available on September 16, 2019 (approximately 30-60 minutes) to conduct a meet & confer conference pursuant to EDCR, Rule 2.34. Although I prefer that conference be in person, a telephonic 2.34 meet & confer is acceptable. Should you ignore my requests, I will seek an order to compel Defendants to respond to the Requests for Production, and to sanction Defendants and their counsel for refusing to engage in the discovery process.

Please respond to me by Monday, September 16, 2019, regarding my telephonic message and this email.

6.    That, on September 13, 2019, several hours after Plaintiff sent the above-referenced email to attorney Needham,[1] Plaintiff sent the following email to Mr. Needham—

Mr. Needham:
While I appreciate the copy of the Settlement Agreement provided today, nevertheless, your advising that "…responses to your discovery (served in August) and in the pending case are coming shortly" is not the course for responding to discovery requests. As I advised you in my earlier email (this date), you never contacted me requesting [any] additional time to provide responses to the discovery that was due on 09.12.19 & 09.13.19. Nor had I stipulated to [any] additional time to provide responses to the discovery served.

Consequently, if the Request for Production to Defendants C21 & TAMEZ is not produced by Wednesday, September 18, 2019, with the Request for Production served upon Defendant JUAN MARTINEZ, I expect to conduct a 2.34 meet & confer sometime on Thursday, September 19, 2019. The 2.34 can [either] take place at your office, or by telephone. Please allow 30-60 minutes to conduct the 2.34 conference. Please provide a convenient time for that 2.34 conference, and if it will be at your office, or telephonically.

7.    That, on September 13, 2019, after Plaintiff received the email from Defendant's attorney (see *n.1*.), Plaintiff sent the following [responsive] email to Mr. Needham—

Mr. Needham:
I have received and reviewed Defendant SERGIO TAMEZ' Response to Plaintiff's Request for Admissions (First Request) & Defendant Juan Martinez, Inc's Response to Plaintiff's Request For Production of Documents Pursuant to NRCP 34 (First Request). Based on the (boilerplate, evasive, and noncompliant) responses, it is

---

[1]Between the first and second email, *supra*, attorney Needham did send a responsive email to Plaintiff. It stated as follows—

Dear Mr. Edwards. The Settlement Agreement (related to THOMAS SAYLES) is attached (dated 02/26/2016). Please also note, responses to your discovery (served in August) and in the pending case are coming shortly.

unquestionable that a 2.34 meet & confer is required. However, before I set a date and time to conduct the [necessitated] 2.34 conference, I want to review Defendant TAMEZ' responses to the production requests (that are due today), and Defendant MARTINEZ' responses to the production requests, that are due on Tuesday, September 17, 2019. I expect those responses will [also] be limited to the same boilerplate, evasive and noncompliant responses incorporated in the responses I received today. Obviously Defendants have opted to ignore any good faith effort to provide discovery, as required, that is intentionally resulting in delaying proceedings, impeding the self-executing operation of discovery, and wasting the time of the Court and the parties.

**8.**   That on September 14, 2019, Plaintiff sent the following email to attorney Needham—

Mr. Needham:
Based upon, and supported by the same boilerplate, evasive and noncompliant responses incorporated in each of Defendants' responses to the written discovery served upon them, and you served upon me yesterday, there is no reason to delay the Rule 2.34 meet & confer, before I file a Motion to Compel. Albeit, I would prefer to have our meet & confer in person, based on your past idiosyncrasy and paranoia (regarding meeting me in person), I'm sure you will demand to limit our meet and confer to be conducted telephonically. irrespective of the forum for our 2.34 conference, I request you provide me with a date & time (between September 16, 2019 & September 19, 2019) to conduct our conference. Please set aside [at a minimum] 60 minutes to review each response I have received to date.
Please provide the date & time on or before Monday, September 16, 2019. Not receiving a date & time to conduct the 2.34 conference will be deduced as Defendants unwillingness to cooperate in the attempt to resolve the issues.

**9.**   That on September 14, 2019, several hours after the previous email was sent, Plaintiff sent the following [follow-up] email to attorney Needham—

Mr. Needham:
I just received the latest responses (Defendant MARTINEZ' responses to the Request for Production), and as predicted, responses to the written discovery propounded to Defendant MARTINEZ incorporates the same boilerplate, evasive and noncompliant responses as the previous responses by Defendants TAMEZ & JUAN MARTINEZ, INC. Reiterating my earlier request, there is no reason to delay the Rule 2.34 meet & confer, before I file a Motion to Compel. Albeit, I would prefer to have our meet & confer in person, based on your past idiosyncrasy and paranoia (regarding meeting

in person), I'm sure you will demand to limit our meet and confer to be conducted telephonically.

Irrespective of the forum for our 2.34 conference, I request you provide me with a date & time (between September 16, 2019 & September 19, 2019) to conduct our conference. Please set aside [at a minimum] 60 minutes to review each response I have received to date.

Please provide the date & time on or before Monday, September 16, 2019. Not receiving a date & time to conduct the 2.34 conference will be deduced as Defendants unwillingness to cooperate in the attempt to resolve the issues.

**10.**     That on September 14, 2019, shortly after Plaintiff sent the above email, Plaintiff received the following email from attorney Needham—

Dear Mr. Edwards, thank you for your recent call in the morning of 09/13/2019. In terms of my availability, I should have some time to confer with you in early October. I will not be available in September to confer. Given the amount of your discovery, our conference will likely take two hours or longer. We may have to confer twice, which is fine. The goal is resolution. If you can provide me with 5 dates of your availability in early October, that would be much appreciated. In the interim, I ask that you appreciate Defendants' objections raised to Plaintiff's discovery so we can, in good faith, have an inexpensive determination of this case pursuant to Rule 1 as well as appreciate Rule 26's proportionality standard.

**11.**     That on September 14, 2019, shortly after Plaintiff received the above-referenced email from attorney Needham, Plaintiff replied as follows—

Mr. Needham:

That is unacceptable. Albeit there is nothing in the Rules requiring a certain time to conduct a 2.34 conference, I will not wait for that extended period of time to have the Discovery Commissioner hear my Motion to Compel. As a compromise, I will extend the time to conduct the 2.34 until September 23, 2019. If that is unacceptable to you, I will take that as Defendants refusal to cooperate in the discovery process, and Defendants can argue their points in any opposition to my Motion.

**12.**     That, on September 20, 2019, at [approximately] 9:45 a.m., Plaintiff telephoned attorney Needham regarding the written discovery, and the EDCR, Rule 2.34 conference. As always, attorney Needham did not answer, hence, Plaintiff left a message on attorney Needham's answering device regarding written discovery, and the EDCR, Rule 2.34 conference. As expected, attorney Needham did not contact Plaintiff.

**13.**   That on September 20, 2019, in response to Plaintiff's telephone call, attorney

Needham sent the following email to Plaintiff—

Mr. Edward, I will be reaching out to you today or Monday to follow-up with my last good faith proposal and/or to provide status.

**14.**   That on September 20, 2019, Plaintiff [also] sent the following email to attorney

Needham—

Mr. Needham:
Your bad-faith proposal, to hold a 2.34 conference in a few weeks is not acceptable. I'll reiterate – I provided sufficient time for a 2.34 conference. If we do not meet or confer on Monday, September 23, 2019, I will hold that as your refusal to participate in the discovery process and will file the Motion to Compel.

**15.**   That on September 20, 2019, Plaintiff sent a follow-up email to attorney Needham—

Mr. Needham:
I reviewed the dates that the remaining written discovery is due, and will delay our 2.34 meet & confer until September 30, 2019. You can set the time, and location if in person, or the time if you want to conduct the 2.34 by phone. I believe it mat take as long as 2 hrs to review all of the responses. As a reminder, Defendant TAMEZ' Interrogs are due September 26, and Defendant C21's Interrogs are due September 23. There is no extension beyond September 30, 2019.

**16.**   That on September 24, 2019, Plaintiff sent the following email to attorney

Needham—

Mr. Needham-

I just received a Notice of Hearing regarding your Motion to Withdraw as Counsel. However, I never received your Motion. Please forward it today.

**17.**   That on September 24, 2019, in reply to Plaintiff's email, Plaintiff received the

following [cryptic] email from Defendant   CENTURY 21's attorney, Evan

Needham—

Mr. Edwards, if my firm is rehired, I will reach to you promptly thereafter and we can meet and confer in regards to Plaintiff's past discovery and the specific objections raised to the discovery.

-7-

**18.**     That on September 24, 2019, shortly after sending the above-referenced email,

Plaintiff [then] sent the following email to attorney Needham—

Mr. Needham-
Albeit you are requesting, from the Court, to withdraw as counsel in
PAUL D.S. EDWARDS   v.   JUAN MARTINEZ, INC., d/b/a
CENTURY 21, MARTINEZ & ASSOCIATES, et al., until such time
the Court grants your motion, you are still Defendants' counsel.
On September 20, 2019 I sent you an email reminding you that
Defendant JUAN MARTINEZ, INC., d/b/a CENTURY 21,
MARTINEZ & ASSOCIATES ("CENTURY 21") Interrogatories
responses were due by September 23, 2019. However, I have not
received any reply (from you) to my email, nor have I received
Defendant CENTURY 21's Interrogatory responses.
I also advised you [that] I expect to conduct a 2.34 conference with
you on September 30, 2019, and to set 2 hours for our conference.
Again, you have not responded with a convenient time on the 30th to
conduct our 2.34 conference. There is no extension beyond the 30th
to comply with the meet & confer requirement of EDCR, Rule 2.34.
Should you fail to have our 2.34 on the 30th, I will file a Motion to
Compel for each Defendant, for their failure to engage in discovery
in good-faith.
Please advise me of a time to conduct the 2.34 on the 30th, and
provide Defendant CENTURY 21's responses to the Interrogatories
propounded to Defendant today.

**19.**     That on September 24, 2019, Plaintiff received the following email from attorney

Needham, which is a reiteration of a previous email from attorney Needham—

Mr. Edwards, if my firm is rehired, I will reach to you promptly
thereafter and we can meet and confer in regards to Plaintiff's past
discovery and the specific objections raised to the discovery. Thank
you.

**20.**     That on September 24, 2019, Plaintiff responded to attorney Needham's email as

follows—

Mr. Needham-
As usual, your communications is [somewhat] cryptic.
First. As I expressed in my email to you earlier today - I was not
served, nor have you provided me with a copy of your Motion to
Withdraw as Counsel for Defendants JUAN MARTINEZ, INC., d/b/a
CENTURY 21, MARTINEZ & ASSOCIATES, et al. ("Motion").
Hence, I have no information for your Motion, nor for your reason(s)
for wanting to withdraw as counsel for Defendant JUAN
MARTINEZ, INC., d/b/a CENTURY 21, MARTINEZ &
ASSOCIATES, et al. ("Defendants"). A Motion I may want to
oppose.

Second. Until such time the Court grants [or denies] your Motion, you remain, and continue to be Defendants' attorney-of-record, a irrefutable fact. Moreover, you are still required to comply with the Rules, and engage in a good-faith effort in this litigation, and specifically complying with discovery. Even more so, YOU can be subjected to the sanctions I will request for your and Defendants' engaging in BAD-FAITH.

Finally. I cannot decipher your statements "…if my firm is rehired. I will reach to you promptly thereafter…." Thus, have your been terminated as Defendants' counsel, and if so, why or when would Defendants rehire you???

In closing. Please provide a copy of your Motion, and advise if responses to the Interrogatories propounded to Defendants CENTURY 21 & TAMEZ will be provided to me within the next two (2) days, and if you intend to meet & confer pursuant to EDCR, Rule 2.34 on or before September 30, 2019.

I REQUIRE AN ANSWER TO THE ABOVE ISSUES ON OR BEFORE 5:00 p.m., ON SEPTEMBER 25, 2019.

21. That on September 27, 2019, because Defendant's counsel refused to communicate with Plaintiff, Plaintiff sent the following email to attorney Needham—

Mr. Needham:
As I advised you in previous emails, responses were due (now past-due) to the Interrogatories propounded to Defendants TAMEZ & C21. In either instance, you have never requested, nor have I agreed to any extension of time for those Defendants to provide responses. Accordingly, this issue will be discussed at the EDCR, Rule 2.34 conference that will be conducted on Monday, September 30, 2019.

As I advised you in previous emails, a 2.34 conference will take-place on the 30th of September; that it will require 2 hours; and for you to designate a time on the 30th to have the conference. However, you have failed to conduct any communications regarding the discovery issues and the 2.34 meet & confer.

Your only response to several emails from me was the cryptic sentence-

> Mr. Edwards, if my firm is rehired, I will reach to you promptly thereafter and we can meet and confer in regards to Plaintiff's past discovery and the specific objections raised to the discovery. Thank you.

I cannot decipher what that cryptic sentence means. However, as I also advise in previous emails, the Motion to Withdraw as Counsel, at this point, DOES NOT relieve you as counsel for Defendants – that can only be determined by Judge Gonzalez. Accordingly, you remain the attorney of record until her decision.

Please let me know what time on September 20, 2019 we can conduct the mandatory 2.34 conference (either in person or by telephone).

Your failure to engage in the discovery process and the mandated 2.34 conference will require I seek sanctions against you and the Defendants.

-9-