1  GARY E. SCHNITZER, ESQ.
   Nevada Bar No. 395
2  KRAVITZ, SCHNITZER & JOHNSON, CHTD.
   8985 S. Eastern Avenue, Suite 200
3  Las Vegas, Nevada 89123
   Telephone:   702.362.6666
4  Facsimile:   702.362.2203
   Email: gschnitzer@ksjattorneys.com
5  *Attorney for Defendants*
   *Cole Information Services, Inc. a/d/b/a Cole Realty Resource*
6  *and Jim Eggleston a/k/a James Eggleston*

7

                    UNITED STATES DISTRICT COURT

8                      DISTRICT OF NEVADA

9

10 PAUL D.S. EDWARDS,                    Case No. 2:20-cv-00570-JAD-EJY

11              Plaintiff,              **DEFENDANTS COLE INFORMATION**
                                        **SERVICES, INC. AND JAMES**
12        v.                            **EGGLESTON'S MOTION TO DISMISS**
                                        **AND SUPPORTING MEMORANDUM**
13 JUAN MARTINEZ, INC., d/b/a CENTURY    **OF POINTS AND AUTHORITIES**
   21 AMERICANA, f/d/b/a CENTURY 21
14 MARTINEZ & ASSOCIATES, and REDX,
   LLC, a/d/b/a/ REAL ESTATE DATA X-
15 CHANGE, INC., and COLE
   INFORMATION SERVICES, INC., a/d/b/a
16 COLE REALTY RESOURCE, and JUAN
   MARTINEZ, a/k/a JUAN A. MARTINEZ,
17 JR., a/k/a JUAN ANTONIO MAYEN, and
   ELIZABETH MARTINEZ, a/k/a
18 ELIZABETH A. MARTINEZ, and SERGIO
   BRANDON TAMEZ, a/k/a SERGIO
19 TAMEZ, and MARK HARRIS LECK, a/k/a
   MARK H. LECK, a/k/a MARK H. LEC,
20 a/k/a M. L. ECK, and JIM EGGLESTON,
   a/k/a JAMES EGGLESTON, and DOES I-X,
21 and ROE CORPORATIONS XI-XX, et al.,

22              Defendants.

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF:**

**PLEASE TAKE NOTICE THAT** on _____, at 9 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at Courtroom ___, [ADDRESS], Defendants Cole Information Services, Inc. a/d/b/a Cole Realty Resource ("Cole") and Jim Eggleston a/k/a James Eggleston ("Eggleston") (collectively, Cole and Eggleston are hereinafter referred to as "Defendants") will and hereby does move the Court, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), for an order dismissing Plaintiff's claims against Defendants.  This motion is based on this notice of motion, the accompanying memorandum of points and authorities, declarations, papers and pleadings on file in this action, such other evidence and argument as may be presented at or before any hearing on this motion, and all matters of which the Court may take judicial notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Serial filer Plaintiff Paul Edwards ("Edwards"),[1] in his First Amended Complaint, asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and various state laws against Defendants Cole Information Services, Inc. a/d/b/a Cole Realty Resource ("Cole") and Jim Eggleston a/k/a James Eggleston ("Eggleston") (collectively, Cole and Eggleston are hereinafter referred to as "Defendants") based on four alleged calls made to his cellular and landline telephones in January 2019. Yet, the case does *not* arise out of any calls placed by Defendants. It could not because Cole is not in the business of making, and does not make, telephone call solicitations.  Rather, the four calls that Edwards describes in his Amended Complaint were made by "Defendant Tamez, with the approval; at the direction of, and conjointly with Defendant J.

---

[1] Edwards is a well-known "career litigant."  *See, e.g., Edwards v. United States*, No. 07-CV-1201-JLQ, 2007 WL 9728426, at *1–2 (D. Nev. Nov. 1, 2007) (noting that Edwards' source of income is from suing businesses and persons for consumer violations, including filing over 45 lawsuits); *Edwards v. Phillips & Cohen Assocs., Ltd.*, No. CVS050689KJDGWF, 2005 WL 8162178, at *3 (D. Nev. Dec. 27, 2005) (similar).

Martinez (owner of Defendant Century 21)."[2]   (Am. Compl. (Doc.1-5 at 136–202) ¶¶ 16-19.) Edwards makes no suggestion that either Cole or Eggleston is related to the Century 21 Defendants. Moreover, Edwards alleges that the calls on behalf of the Century 21 Defendants do not mention or refer to Defendants, do not originate from a phone number associated with Defendants, do not refer to Defendants' website or a representative of Defendant, and do not promote any services performed or goods sold by Defendants. (Am. Compl., *passim*.)   Quite simply, Edwards has amended his complaint months into litigation to include parties that he knows have no responsibility or liability to him in yet another of his attempts to "make the cost of defending this action as expensive as possible so as to extort a settlement for many times more than the maximum plaintiff can recover if he legally prevails on liability." *Phillips & Cohen Assocs., Ltd.*, 2005 WL 8162178, at *3. At bottom, the Amended Complaint sets forth a hodge-podge of conclusory allegations unsupported by facts (or the law) that seek to lump all the defendants together.

Critically, Defendants have no contacts with Nevada—Cole is not incorporated and does not maintain its principal place of business in the State.   Edwards' conclusory allegations fail to sufficiently establish any contacts with Nevada (as there are none) that could establish personal jurisdiction over Defendants. Further, even if the Court finds that there is personal jurisdiction over the Defendants, Edwards' haphazard Amended Complaint fails to state a claim under the TCPA or for the various state law claims.

Indeed, the Court should dismiss Edwards' TCPA claims against Defendants for the following reasons: (1) Edwards does not and cannot allege that Defendants made any of the calls at issue and therefore Defendants cannot be liable under the TCPA; (2) Edwards cannot establish a claim for vicarious TCPA liability because he cannot and does not allege that there was a formal agency relationship between Defendants and the Century 21 Defendants or an implied agency relationship sufficient to state a vicarious TCPA claim; and (3) Edwards' claim that Defendants

//

---

[2] Together, Juan Martinez, Inc., d/b/a Century 21 Americana, f/d/b/a Century 21 Martinez & Associates, Juan Martinez, Elizabeth Martinez, and Sergio Brandon Tamez are collectively referred to herein as "Century 21 Defendants."

DEFENDANTS COLE INFORMATION SERVICES, INC. AND JAMES EGGLESTON'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

willfully violated the TCPA (Count II) also fails as Edwards does not plead any facts to suggest that Defendants knew of the call at issue or directed the calls to be placed in knowing or intentional violation of the TCPA. Accordingly, and as will be discussed at length, infra, Edwards' TCPA claims are ripe for dismissal.

Similarly, Edwards' state law claims are unsupported by allegations essential to make his state law claims plausible.  He hollowly alleges that Defendants have engaged in Deceptive Trade Practices and have invaded his privacy but allege no facts that would constitute such unlawful actions.

For these reasons, as well as those discussed at length herein, all of Edwards' claims against the Defendants must be dismissed.

## **BACKGROUND**

Edwards' Amended Complaint consists in large part of recitations of the applicable legal standard, conclusory allegations regarding various defendants not backed by any facts, and formulaic recitations of the cause of action. Notably, nowhere in the 64-page, 115 paragraph Amended Complaint does Edwards allege any requisite liability for either Cole or Eggleston sufficient to state a claim for relief.

Instead, Edwards makes the following allegations:

- Plaintiff, a Nevada resident, placed his residential and wireless telephone numbers on the National Do Not Call Registry in June 2003.  (Compl. ¶¶ 8(i), 9(i)(9).)
- Cole is a Nebraska corporation headquartered in Omaha, Nebraska.  (*Id*. at ¶ 9(iii)(1).)   Using public records, Cole compiled a database that contains the cell phone and landline numbers of other persons and entities.  (*Id*. at ¶ 9(iii)(5-6).)
- Cole provides these telephone numbers to realtors, including certain defendants in this action, without "scrubbing" this information to remove phone numbers on the National Do Not Call Registry.  (*Id*. at ¶ 9(iii)(7)-(9)).
- Cole "had previously been advised that Plaintiff's telephone number(s) were included in the National DO-NOT-CALL Registry database."  (*Id*. at ¶ 9(iii)(10).)

DEFENDANTS COLE INFORMATION SERVICES, INC. AND JAMES EGGLESTON'S MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Nonetheless, Edwards claims that Cole failed to remove his numbers from its database.  ((*Id*. at ¶ 22).

- Eggleston is Cole's President, CEO, and Director.  (*Id*. at ¶ 9(viii)(1)).  Eggleston directs Cole's daily business activities.  (*Id*. at ¶¶ 9(viii)(2)-(7)).

- Eggleston allegedly failed to ensure that Cole removed telephone numbers on the National Do Not Call Registry from Cole's database.  (*Id*. at ¶ 9(viii)(9)).

- Eggleston purportedly knew that the other Defendants in this action were using Cole's database to place unsolicited telemarketing calls.  (*Id*. at ¶ 9(viii)(13)).

- Other defendants in this action, including Juan Martinez, Inc., and Sergio Brandon Tamez, allegedly obtained Edwards's telephone numbers from Cole's database.  (*Id*. at ¶ ¶ 9(iv)(12), 9(v)(8), 9(vi)(4)).

- These defendants then allegedly called Edwards without his consent.  Specifically, Defendant Tamez placed four unauthorized calls to Edwards's home and cell phone numbers on January 17, 2019.  (*Id*. ¶¶ 9(vi)(9), ¶ 19).

## **LEGAL STANDARD**

"In opposing a defendant's motion to dismiss for lack of personal jurisdiction [under Fed. R. Civ. P. 12(b)(1), Edwards] bears the burden of establishing that jurisdiction is proper." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).  Edwards "cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).  "To establish personal jurisdiction, [Edwards] must show both that the forum state's long-arm statute confers personal jurisdiction over the nonresident defendant and that the exercise of jurisdiction comports with federal due process." *Cai v. DaimlerChrysler AG*, 480 F.Supp.2d 1245, 1248 (D. Ore. 2007).

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must set forth facts that raise a "plausible inference" that the defendant inflicted a legally cognizable harm upon Edwards. *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009); *see also Bell*

1   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a court must disregard "formulaic recitation

2   of the elements of a cause of action"). Plausibility requires "more than a sheer possibility that a

3   defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The factual allegations in the complaint

4   must be sufficient "to raise a right to relief above the speculative level" such that the claim is

5   "plausible on its face." *Twombly*, 550 U.S. at 555, 570. The court need not accept as true

6   unreasonable inferences, unwarranted deductions of fact, or conclusory allegations cast in the form

7   of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Where

8   a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the

9   line between possibility and plausibility of entitlement to relief. *Somers v. Apple, Inc.*, 729 F.3d

10  953, 959-60 (9th Cir. 2013).

## ARGUMENT

### I.    THE COURT LACKS PERSONAL JURISDICTION OVER COLE

13          Edwards is a resident of Las Vegas, Nevada.  (Am. Compl. ¶ 8(i).)  He alleges that Cole

14  "previously conducted, and continues to conduct its business activities" in Nevada.  (*Id.* at ¶

15  9(iii)(3).)  Beyond these bare allegations, Edwards does not plead any other facts that establish a

16  connection between Cole and the State of Nevada.  This is insufficient to support personal

17  jurisdiction over Cole.

18          "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to

19  bind a nonresident defendant to a judgment of its courts."  *Walden v. Fiore*, 571 U.S. 277, 283

20  (2014).  "When no federal statute governs personal jurisdiction, a federal court applies the law of

21  the forum state."  *Southport Lane Equity II, LLC v. Downey*, 177 F.Supp.3d 1286, 1290 (D. Nev.

22  2016).  Nevada's long-arm statute is coextensive with the United States Constitution's Due Process

23  Clause.  *See id.*

24          "There are two forms of personal jurisdiction that a forum state may exercise over a

25  nonresident defendant—general jurisdiction and specific jurisdiction."  *Boschetto v. Hansing*, 539

26  F.3d 1011, 1016 (9th Cir. 2008).  "A court may assert general jurisdiction over foreign (sister-state

27  or foreign-country) corporations to hear any and all claims against them when their affiliations

28

with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). "Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.*

### A. General Personal Jurisdiction Does Not Exist Over Cole

"The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." *Prescott v. Slide Fire Solutions, LP*, 341 F.Supp.3d 1175, 1182 (D. Nev. 2018). Here, where Cole is a Nebraska corporation with its principal place of business in Nebraska (Am. Compl. ¶ 9(iii)(1)), Cole's citizenship furnishes no basis for general personal jurisdiction in Nevada.

"Only in an exceptional case will general jurisdiction be available anywhere else," beyond the state of incorporation or corporate headquarters. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015). The present lawsuit is not such an exceptional case. Edwards does not plead that Cole's contacts with Nevada "are so continuous and systematic as to render [Cole] essentially at home in the [] State." *Goodyear*, 564 U.S. at 919. Nor could Edwards plead such facts in good faith. Cole has no offices or employees in Nevada. *See* Exhibit A, Declaration of James Eggleston ("Eggleston Dec.") at ¶ 4; *see also Dychiuchay v. Grieshaber*, No. 2:15-cv-00558, 2015 WL 3708249, *3 (D. Nev. June 15, 2015) (noting that "[t]he court may consider evidence presented in affidavits to assist in its determination of personal jurisdiction"). Moreover, Cole is not registered to do business in Nevada, Cole does not have a registered agent for service of process in Nevada, and Cole pays no Nevada taxes. Eggleston Dec. at ¶ 5; *see also Mavrix Photo*, 647 F.3d at 1225 (no general personal jurisdiction where defendant "has no offices or staff in California, is not registered to do business in the state, has no registered agent for service of process, and pays no state taxes"). Cole's employees visit Nevada 3-4 times per year, to attend trade shows. Eggleston Dec. at ¶ 6. Attendance at these trade shows, however, does not create general personal jurisdiction. *See SDS Korea Co., Ltd. v. SDS USA, Inc.*, 732 F.Supp.2d 1062, 1075 (S.D. Cal. 2010) (attendance at trade

DEFENDANTS COLE INFORMATION SERVICES, INC. AND JAMES EGGLESTON'S MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

show in California "does not establish sufficient systematic and continuous contacts to create general jurisdiction"); *Digitone Indus. Co., Ltd. v. Phoenix Accessories, Inc.*, No. 2:08-cv-00404, 2008 WL 2458194, *3 (D. Nev. June 13, 2008) ("However, the attendance of trade shows is insufficient to give this Court general jurisdiction over [defendant].").

Cole's online presence is also insufficient to create general personal jurisdiction. *Mavrix Photo.*, 647 F.3d at 1226 ("operation of an interactive website—even a 'highly interactive' website—does not confer general jurisdiction"). "Given that individuals can access an Internet website from any forum, an exercise of general jurisdiction based solely on an interactive website would subject many companies and individuals to suit in essentially any court, which is untenable. There must be evidence to show that the website was systematically and continuously aimed at the forum such that an exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Mullaly v. Jones*, No. 2:05-CV-00154BESGWF, 2007 WL 674294, at *5 (D. Nev. Feb. 28, 2007); *see also Home Gambling Network, Inc. v. Betinternet.com, PLC,* 2006 WL 1795554 at *4 (D. Nev. June 26, 2006) (question of general jurisdiction was "not even close" in case involving non-resident defendant maintaining interactive website that allowed a bet to be placed online from Nevada).  In sum, this Court does not have general personal jurisdiction over Cole.

**B.    Specific Personal Jurisdiction Does Not Exist Over Cole**

To determine whether specific personal jurisdiction exists over a defendant, courts "generally apply . . . the purposeful direction test when [a plaintiff's claims] arise from alleged tortious conduct." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). "Purposeful direction 'requires that the defendant . . . have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.* (quoting *Schwarzenneger*, 374 F.3d at 803).

i.    Cole did not expressly aim its actions at Nevada

Edwards cannot satisfy the purposeful direction test because Cole did not expressly aim its allegedly-wrongful actions toward Nevada. "[T]he 'express aiming' requirement ... is satisfied

when 'the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011) (quoting *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002)).  Here, Cole's alleged wrongful conduct was not targeted at Edwards nor any particular person known by Cole to be a resident of Nevada.  (Am. Compl. ¶ 9(iii)(8) (alleging that Cole does not "scrub the telephone numbers it sells to Realtors," without mentioning Nevada)).  More specifically, neither Cole's alleged failure to purge phone numbers on the National Do Not Call Registry from its database, nor its provision of telephone numbers to the co-defendants, was an action expressly aimed at Nevada.

An entity that provides information to third parties on a broad basis does not expressly aim its conduct at a particular forum state.  *See Remick v. Manfredy*, 238 F.3d 248, 259 (3d Cir. 2001) ("Given that the website was intended to provide information on Manfredy and that it was accessible worldwide, there is no basis to conclude that the defendants expressly aimed their allegedly tortious activity at Pennsylvania knowing that harm was likely to be caused there."); *Desert Rock Entertainment II LLC v. D. Hotel & Suites, Inc.*, 2:15-cv-01417, 2016 WL 1732724, *3 (D. Nev. May 2, 2016) (noting that "a website which simply provides information and is accessible to users in a given forum is likely not expressly aimed at that forum"); *see also In re JPMorgan Chase Derivative Litig.*, 263 F.Supp.3d 920, 945-46 (E.D. Cal. 2017) ("The complaint must plead more than the passive receipt of information to establish defendants purposefully directed activity towards California.").

As in these cases, so too here.  Cole's databases include over 300 million individual consumers from all over the country.   Eggleston Dec. at ¶ 9.   Clients elect, through their subscription, how they want the data organized or culled.  *Id.* at ¶ 10.  In addition, in logging into their subscription service, clients must indicate the intended purpose of the data they are accessing—whether it will be used for "mailing" or "telemarketing."  *See id.* at ¶ 11.  Century 21 Martinez & Associates, which is the only client Cole has in its database that matches the other named defendants, did not indicate it would be using data for telemarketing purposes.  *See id.* at

¶14. Therefore, Cole provided data, including telephone numbers, to the co-defendants in this case, without any knowledge that they intended to place *any* telemarketing phone calls, let alone telemarketing phone calls in Nevada or specifically to Edwards. *Id.* Cole has no control over how its customers utilize information obtained from its database. *Id.* at ¶ 15. Cole had no knowledge that the co-defendants in this case were (allegedly) placing telephone calls in 2019—authorized or otherwise—to Edwards or any other Nevada resident. *Id.* at ¶ 16. Put simply, Cole did not expressly aim any conduct at the State of Nevada.

ii.     Cole did not know its actions would likely cause harm in Nevada

Additionally, Plaintiff cannot show that Cole caused harm that it "knows is likely to be suffered in the forum state." *Morrill*, 873 F.3d at 1142. As just noted, Cole has no control over how its customers, including co-defendants in this case, utilize the information they obtain from Cole's database. Eggleston Dec. at ¶ 15. Likewise, Cole had no knowledge that the co-defendants were using Cole's database to make telemarketing calls to Edwards in 2019 or to any other Nevada resident. *Id.* at ¶ 16. Accordingly, Cole did not know that its alleged misconduct—providing Plaintiff's phone numbers to the co-defendants—was likely to cause harm in Nevada. The co-defendants' decision to make allegedly unauthorized or unlawful calls to Edwards in 2019 was not something Cole knew about, let alone had direct control over. *See Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19-cv-05611, 2020 WL 1244918, *7 (N.D. Cal. Mar. 16, 2020) (no personal jurisdiction where defendant "did not know" its product was going to be sold in California, "much less [of] any potential harm caused by the sale of its product" there); *Richter v. INSTAR Enterprises Int'l, Inc.*, 594 F.Supp.2d 1000, 1011 (N.D. Ill. 2009) (no personal jurisdiction where defendant "did not know that any tortious acts were occurring, much less direct such acts toward Illinois"). For all of these reasons, Plaintiff's claims against Cole should be dismissed for lack of personal jurisdiction.

## II.     THE COURT LACKS JURISDICTION OVER DEFENDANT EGGLESTON

The case for personal jurisdiction in Nevada is even weaker with respect to Eggleston, Cole's President and CEO. Edwards alleges that Eggleston "oversees and provides leadership,

direction and guidance for all the daily business activities of, by, for and on behalf of Defendant Cole." (Am. Compl. ¶ 9(viii)(2).)  Eggleston allegedly failed to "assure the scrubbing" of telephone numbers on the National Do Not Call Registry from Cole's database.  *See id.* at ¶ 9(viii)(9).) Edwards does not allege the state of citizenship of Eggleston, who is domiciled in the State of Nebraska. Eggleston Dec. at ¶ 17. Because Eggleston is not a Nevada citizen, general personal jurisdiction does not exist over him.  *See Goodyear*, 564 U.S. at 924 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]").

Specific personal jurisdiction also does not exist over Eggleston.  Just as with Cole, Eggleston did not expressly aim any conduct at Nevada, nor did he know that his alleged wrongdoing was likely to cause harm in Nevada.  Eggleston does not maintain a residence in Nevada.  *See* Eggleston Dec. at ¶ 18. Eggleston has visited Nevada to attend trade shows, but these trade shows are unrelated to the Plaintiff's claims and therefore cannot give rise to specific jurisdiction.  *Id.* at ¶¶ 7–8; *see also, Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (specific jurisdiction is "jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim"); *C&C Imports, Inc. v.Crosby*, No. CV 08-5976, 2008 WL 4723614, *3 (C.D. Cal. Oct. 21, 2008) (no specific jurisdiction where "Defendants' forum-related activities are wholly unrelated to Plaintiff's claims").  Moreover, until the filing of this lawsuit, Eggleston did not know who Edwards was or that he resides in Nevada. Eggleston Dec. at ¶ 19.  Edwards was simply one of the 300 million consumers whose publicly available information was included in Cole's database. This alone is enough to defeat specific jurisdiction as to Eggleston.  *See IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998) (holding that "knowledge that the plaintiff is located in the forum is necessary to the application of *Calder*"); *EZScreenPrint LLC v. SmallDog Prints LLC*, No. CV-17-03605, 2018 WL 3729745, *2 (D. Ariz. Aug. 6, 2018) ("Defendants could not know that the harm they allegedly caused was likely to be suffered in Arizona if they did not know Plaintiff was a resident of Arizona."); *One True Vine, LLC v. Liquid Brands LLC*, 2011 WL 2148933, *7 (N.D. Cal. May 31, 2011) ("Since Defendant did not know that Plaintiff was located in this forum, it logically could

not have known that the harm from any trade infringement or false advertising would be suffered here.").

Moreover, the case for specific jurisdiction over Eggleston is weaker than for Cole also because Edwards does not allege that Eggleston himself committed any intentional act. *See Schwarzenegger*, 374 F.3d at 806 ("Schwarzenegger must first demonstrate that Fred Martin committed an 'intentional act.'"). "'[I]ntent' within the context of the 'intentional act' test . . . refer[s] to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Id.* Here, Edwards merely alleges that Eggleston oversaw Cole's business operations, failed to assure the scrubbing of numbers on the National Do Not Call Registry from Cole's database, and profited from the placement of unauthorized phone calls. (Am. Compl. at¶ 9(viii).) The untargeted negligence Edwards alleges Eggleston committed is insufficient to establish an intentional act. *See J.A.A. v. Rawlings Co., LLC*, No. 2:19-cv-01036, 2019 WL 5889082, *3 (W.D. Wash. Nov. 12, 2019) ("An intentional act is not 'mere untargeted negligence.'") (quoting *Calder v. Jones*, 465 U.S. 783, 789 (1984)). Thus, Plaintiff's claims against Eggleston should be dismissed for lack of personal jurisdiction.

## III.   EDWARDS' TCPA CLAIMS ARE RIPE FOR DISMISSAL

At the outset, one quintessential point bears underscoring: there are ***no*** allegations in the Amended Complaint whatsoever that either Cole or Eggleston made any of the calls at issue. On this basis alone, Edwards' TCPA claims are ripe for dismissal. Further, to the extent that Edwards is attempting to allege that Defendants are liable under the TCPA for maintaining a database with consumer information that includes consumers on the Do Not Call Registry or failing to scrub the same, his claims also fail as there is no such requirement in the TCPA or its implementing regulations. Instead, TCPA liability only applies to parties who make or transmit calls to numbers on the Do Not Call Registry. *See* 47 U.S.C. § 227(c) (prohibiting callers from "***making or transmitting*** a telephone solicitation" to phone numbers on the Do Not Call Registry (emphasis added)); 47 C.F.R. § 64.1200 (establishing liability for "***making*** telephone solicitations" to consumers on the Do Not Call Registry (emphasis added)). For this main reason, Edwards' TCPA

1    claims against Defendants fail to state a claim for which relief can be granted.

2          That said, to the extent the Court interprets Edwards' TCPA claims as more nuanced (which

3    they are not), Edwards still fails to state a TCPA claim against Defendants for the reasons discussed

4    herein.

5          **A.     Edwards Fails to State Direct Liability Claim Against Defendants**

6          The TCPA makes it unlawful for any person in the United States to "***make*** any call (other

7    than a call made for emergency purposes or made with the prior express consent of the called party)

8    using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone

9    number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis

10   added). The plain language of the statute assigns civil liability only to the party who "***makes***" a

11   call. *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, 582 F. App'x

12   678 (9th Cir. 2014) (emphasis added).  Should the Court interpret Edwards' Amended Complaint

13   to pursue against Defendants a direct TCPA claim (as opposed to a vicarious liability claim, as

14   discussed below), Edwards' Complaint fails to state such a claim against Defendants.

15         Edwards' Amended Complaint expressly alleges that "Defendant Tamez, with the approval;

16   at the direction of, and conjointly with Defendant J. Martinez (owner of Defendant Century 21)"

17   placed the four calls at issue in this case.  (Am. Compl. ¶¶ 16-19.)    Further, Edwards only makes

18   a tenuous allegation connecting the Century 21 Defendants to Cole, alleging that the Century 21

19   Defendants "utilize[ed] the produces and services purchased or leased from [Cole]."  (Am. Compl.

20   ¶ 25.)  There are no allegations that Cole made or directed any calls at issue.  Further, there are no

21   factual allegations connecting Eggleston to any alleged calls whatsoever.  Because the TCPA

22   requires an entity to "make" a call to be liable, at bottom, Edwards does not and cannot allege that

23   Defendants are directly liable under the TCPA.

24         **B.     Edwards Fails to State a Claim for Vicarious Liability Against Defendants**

25         The Ninth Circuit has held that, in certain limited circumstances, the TCPA permits

26   imposition of vicarious liability based on federal common law of agency. *Kristensen v. Credit*

27   *Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (citing *In the Matter of the Joint Petition*

28

DEFENDANTS COLE INFORMATION SERVICES, INC. AND JAMES EGGLESTON'S MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

*Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6586-87, ¶¶ 33-35 (2013)). There are three agency relationships that may give rise to vicarious liability under federal law: formal agency/actual authority, apparent authority, and ratification. *Thomas v. Taco Bell Corp*., 582 F. App'x 678, 679 (9th Cir. 2014). Edwards does not allege sufficient facts—as opposed to conclusions—to satisfy any of these principles.

i.   Edwards Fails to State a Claim Establishing Formal Agency/Actual Authority

In the Ninth Circuit, formal agency is limited to "actions specifically mentioned to be done in a written or oral communication or consistent with a principal's 'general statement of what the agent is supposed to do.'" *Jones v. Royal Admin. Servs., Inc*., 887 F.3d 443, 449 (9th Cir. 2018) (citation and quotation marks omitted). To establish agency liability under the TCPA, plaintiffs "must do more than establish an agency relationship. They must also establish actual authority to place the unlawful calls." *Id*. "Agency is not established when control may be exercised only as to the result of the work and not the means by which it is accomplished; in such a case an independent contractor relationship exists." *Henderson v. United Student Aid Funds, Inc*., No. 13CV1845, 2017 WL 766548, at *6 (S.D. Cal. Feb. 28, 2017) (citation and alterations omitted); *see also Thomas,* 879 F. Supp. 2d at 1085 (to establish actual authority, the principal has to control the manner and means, rather than the results, of the text message campaign); *Linlor v. Five9, Inc*., No. 17CV218, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017) ("Agency means more than mere passive permission; it involves request, instruction, or command.")

The Amended Complaint fails to allege ***any facts*** to suggest that Defendants authorized the calls at issue or exercised control over the manner and means by which Edwards received the calls. Instead, Edwards alleges in a conclusory fashion that Defendants are "vicariously liable" for the "telemarketing acts complained of."   (Am. Compl. ¶¶ 9(viii)(10-13), 47-50.)   Stripped of the deceptive labels and conclusory allegations, the facts as pled in the Amended Complaint are woefully inadequate to sustain a claim for vicarious liability under the TCPA.

a.   Edwards Does Not Allege That Defendants Authorized the Calls, and Defendants Do Not Make Calls per Their Business Model

Edwards has not and cannot plead any facts to suggest that Defendants authorized the Century 21 Defendants to place the calls at issue. Indeed, just the opposite is true.  As pleaded by Edwards, Cole's business consists of maintaining and offering access to a database of consumer information.  (Am. Compl. ¶¶ 9(iii)(4)-11).)   Ultimately, neither Cole nor Eggleston is in the business of making telemarketing calls, directing or controlling others who make telemarketing calls, or otherwise performing any act that would subject them to TCPA liability.   See Eggleston Dec. at ¶ 3.  Accordingly, Edwards fails to allege anywhere in the Amended Complaint that Cole or Eggleston authorized the calls at issue and therefore fails to state a claim for vicarious liability under the TCPA.  On this basis alone, any vicarious TCPA claim against Defendants must be dismissed.

b.      *Edwards Does Not Sufficiently Allege Defendants' Control Over the Person or Entity Making the Calls at Issue*

Edwards' Complaint decidedly does not allege that Defendants dictated to its customers (let alone to the alleged caller at issue) "when, where, and how many people to call." *Jones v. All Am. Auto Prot., Inc*., No. 314CV00199LRHWGC, 2015 WL 7566685, at *4 (D. Nev. Nov. 24, 2015), *aff'd sub nom., Jones*, 887 F.3d at 451-52. In a recent decision squarely on point, the Ninth Circuit rejected a vicarious liability claim even though the alleged principal required the scripts and advertising materials to be pre-approved in accordance with company guidelines. *Jones*, 887 F.3d at 451. The court explained that the defendant still did not control the methods and means of the telemarketer's operations, particularly where it required that the telemarketers comply with the law and did "not have the right to control the hours the telemarketers worked nor did it set quotas for the number of calls or sales [they] had to make." *Id.*

The same is true here. Edwards does not and cannot allege that the calls at issue were placed at the request or direction of Defendants. *United States v. Bonds*, 608 F.3d 495, 507 (9th Cir. 2010) (no agency found where the testing was performed on the alleged agent's own initiative and not at the request of the alleged principal). Edwards fails to "allege facts showing that [Defendants] had the right to control [the caller] and the manner and means of the calls [the caller] made." *Naiman*, 2017 WL 5992123, at *10–11 (granting motion to dismiss vicarious liability claim in a TCPA

case). Without such alleged facts, Edwards' vicarious liability claim cannot proceed any further.

        c.    *Edwards' Allegations Regarding Defendants' Business Practices Are Insufficient to State a Vicarious Liability Claim*

Edwards' allegations against Cole (and, tenuously, Eggleston) ultimately amount to claims that Cole (1) does not subscribe to the Do Not Call Registry and (2) does not "scrub" telephone numbers it "sells" to parties such as the Century 21 Defendants against the Do-Not-Call Registry. (Am. Compl. ¶¶ 9(iii)(6)-(11).) Coupled with the allegation that Defendant Tamez "admitted he obtained Plaintiff's telephone number(s) from a databased, provided by a subscription, from Defendant Cole," Edwards makes the herculean leap to then allege that Defendants are vicariously liable under the TCPA for the calls made to Edwards.  (Am. Compl. ¶ 9(iii)(9).)

As discussed above, there is no requirement in the TCPA that an entity subscribe to the Do Not Call Registry or scrub phone numbers when said entity is not making phone calls to those numbers.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200.  Based on Edwards' own allegations, Defendants were not promoting, directing, or even aware of the calls at issue here. All of Cole's alleged business practices can be done in legal fashion without consideration of the Do-Not-Call Registry. Moreover, these allegations do not come close to alleging Defendants' control over the manner and means of the Century 21 Defendants' phone outreach. *See Linlor v. Five9, Inc*., No. 17CV218, 2017 WL 2972447, at *3 (S.D. Cal. July 12, 2017) (granting motion to dismiss vicarious liability allegations where defendant "sold software to the entity responsible for sending the messages, and provided the entity with a toll free number with which to receive responses to the messages").

Ultimately, Edwards' allegations fall markedly below the plausibility threshold. *Employee Painters' Tr. v. McIntosh Mirror Door & Glass Inc.,* No. C13-0108, 2013 WL 2897970, at *2 (W.D. Wash. June 13, 2013) (finding that under the *Iqbal* standard, it is not enough that a claim be merely "possible" or "conceivable"; instead, it must be "plausible on its face"); *Esoimeme v. Wells Fargo Bank*, No. CIV S-10-2259, 2011 WL 3875881, *15 (E.D. Cal. Sept. 1, 2011) (pleading fails Rule 12(b)(6) threshold where plaintiff lumps all of the defendants together and does not offer any specific factual allegations).  Accordingly, Edwards fails to plead that the Defendants had actual

- 15 -

DEFENDANTS COLE INFORMATION SERVICES, INC. AND JAMES EGGLESTON'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

authority over the parties making the calls at issue.

       ii.    <u>Edwards Fails to State a Claim Establishing Apparent Authority</u>

Edwards' allegations with respect to apparent authority are equally deficient. "Apparent authority holds a principal accountable for the results of ***third-party beliefs about an actor's authority to act as an agent*** when that belief is reasonable and is traceable to a manifestation of the principal." *Naiman*, 2017 WL 5992123, at *12 (citing Restatement (Third) of Agency § 2.03) (emphasis added). The ostensible authority of an agent cannot be based solely upon the agent's conduct. *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). It "can only be established by proof of something said or done by the [alleged principal], on which [plaintiff] reasonably relied," "to [plaintiff's] detriment." *Thomas*, 582 F. App'x at 679-80 (citing *NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997)); *Murphy v. Fullbright*, No. 12-CV-885, 2012 WL 4754730, at *4 (S.D. Cal. Oct. 4, 2012) ("The power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and belief is traceable to the principal's manifestation.") (citation omitted).

Here, Edwards plainly does not allege that he relied to his detriment on anything that that Defendants did or said with respect to the Century 21 Defendants. The calls did not even mention Defendants, and Edwards does not allege that he even knew or heard of Defendants, such that Edwards could reasonably believe that the caller acted on Defendants' behalf.  Edwards repeatedly states that Defendant Tamez made the calls at issue.  (Am. Compl., *passim*.)  Indeed, Edwards admits that the only reason he was aware of Cole was because Defendant Tamez admitted that he obtained Edwards' number from a Cole database.  (Am. Compl. ¶ 9(iii)(9).)

"[A]pparent authority exists only with regard to those who believe and have reason to believe that there is authority; there can be no apparent authority created by an undisclosed principal." Restatement (Second) of Agency § 8 (1958). Because the Complaint fails to allege Edwards' reasonable reliance on anything Defendants said or did, the apparent authority claim must fail. *Thomas*, 582 F. App'x at 679-80 (dismissing complaint where plaintiff has not alleged that she

"reasonably relied, much less to her detriment, on any apparent authority with which [the alleged principal] allegedly cloaked [the alleged agent]); *Linlor v. Five9, Inc.*, 2017 WL 5885671, at \*3 (apparent authority claim dismissed where plaintiff failed to allege that "he relied to his detriment on something [alleged principal] did or said with respect to [alleged agent's] authority to send the text messages).

  iii.  *Edwards Does Not and Cannot Plead Ratification Sufficient to Establish an Agency Relationship*

  Edwards' Complaint also fails to adequately plead ratification by Defendants. "Although a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *Thomas*, 582 F. App'x at 680 (quoting *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003)). The doctrine of ratification is not available unless the actor acted or purported to act as an agent on the person's behalf. *Kristensen*, 879 F.3d at 1014; *see also Henderson*, 2017 WL 766548, at \*8. As explained above, Edwards fails to plead any facts to establish actual agency, and this deficiency is also fatal to Edwards' claims of ratification.

  Likewise, even if a principal ratifies the alleged agent's act, the principal is not bound by a ratification if it is "made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking." *Kristensen*, 879 F.3d at 1014. A principal assumes the risk of lack of knowledge if "the principal is shown to have had knowledge of facts that would have led a reasonable person to investigate further, but the principal ratified without further investigation." *Id.* Here, Edwards pleads no facts to suggest that Defendants had actual knowledge of the Century 21 Defendants making the 2019 calls in alleged violation of the TCPA or knew of facts that would have led a reasonable person to investigate further. In the Ninth Circuit, "the knowledge that an agent is engaged in an otherwise commonplace marketing activity is not the sort of red flag that would lead a reasonable person to investigate whether the agent was engaging in unlawful activities." *Kristensen*, 879 F.3d at 1015. Edwards does not therefore allege requisite knowledge of the relevant facts.

A ratification theory fails for one additional reason: Edwards does not and cannot allege that the calls at issue resulted in any benefit to Defendants. Because the calls made to Edwards in no way benefitted Defendants, the ratification theory must be dismissed as a matter of law. *Arbon Valley Solar LLC v. Thomas & Betts Corp*., No. 4:16-CV-00070, 2017 WL 5613009, at *6 (D. Idaho Nov. 21, 2017) (dismissing the complaint based on ratification theory where plaintiffs have not alleged that defendant "received, accepted, or retained any benefits from the contract"); *Phan v. Grand Bahama Cruise Line, LLC*, No. 15-CV-05019, 2016 WL 1427648, at *2 (N.D. Cal. Apr. 12, 2016) (dismissing ratification theory where the complaint did not allege any benefit to the defendant from the alleged activity).  For all of these reasons, therefore, Edwards fails to state a direct liability claim under the TCPA against Defendants, and the TCPA claims against Defendants must be dismissed.

### C.    Edwards' Claim for Willful Violation of the TCPA is Ripe for Dismissal

The Court should dismiss Count II in Edwards' Amended Complaint, which attempts to assert a knowing or willful violation of the TCPA, because it is unsupported by any facts. The only purported "fact" Edwards offers in support of this Count is that Defendants allegedly "willfully" and "knowingly" placed the calls to Edwards. (Am. Compl. ¶¶ 91, 94-98.) These allegations are purely speculative. Edwards does not and cannot allege that Defendants were even aware of the 2019 calls made to Edwards. Further, Edwards offers no facts indicating that the caller—or, more importantly, Defendants—knew that he was violating the TCPA, let alone that he violated the statute intentionally. Edwards does not, for example, allege that other parties called by the Century 21 Defendants did not consent to telemarketing outreach. For these reasons, the Court should dismiss allegations of willful or knowing TCPA violation. *Ris v. ICollect.com, Corp*., No. 8:16-CV-2414-T-30AAS, 2017 WL 2620545, at *2 (M.D. Fla. June 16, 2017) (refusing to award treble damages where "complaint does not include factual allegations sufficient for the Court to find that Defendant willfully or knowingly violated the TCPA"); *Chen v. Allstate Ins. Co*., No. C 13-0685 PJH, 2013 WL 2558012, at *11 (N.D. Cal. June 10, 2013) (dismissing the cause of action for knowing and/or willful violations of the TCPA).

**IV.     EDWARDS' STATE LAW CLAIMS FAIL AS A MATTER OF LAW**

Edwards' state law claims against Defendants similarly fail.  Many of the Nevada statutes he invokes do not contain a private right of action, and even for those that do, Edwards has not alleged and cannot allege facts establishing liability over Defendants.

**A.     Edwards' Third Claim for Relief Fails**

In his "Third Claim for Relief," Edwards cites to a bevy of Nevada statutes that he alleges Defendants violated.  (Am. Compl. at ¶¶ 100–106).  However, most of these statutes do not contain a private right of action, and the only one that does is inapplicable to Defendants.  This brief addresses the Nevada statutes in the order that they appear in the First Amended Complaint.

i.     NRS 597.812–597.818

NRS § 597.812 is a criminal statute that makes it a misdemeanor to place certain kinds of automatically dialed calls.  *See* NRS 597.818 ("A person who violates any provision of NRS 597.814 is guilty of a misdemeanor.").  Because NRS 597.812–597.818 is a criminal law and contains no private right of action, Edwards has no authority to bring a cause of action under this statute. *See Bey v. City of Oakland*, 2014 WL 4220319, *3 (N.D. Cal. Aug. 24, 2014) (recognizing, in the federal context, that "[a] private citizen may not sue under the federal criminal laws absent some language in the statute that suggests a private right of action."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  Even if Edwards did have authority to bring such a claim, however, Edwards has not alleged (and cannot allege) that Defendants used a device for automatic dialing and announcing.  Thus, any claim asserted by Edwards against Defendants under these statutes should be dismissed.

ii.     NRS 598.0903–598.0999

NRS 598.0903–598.0999 is Nevada's Deceptive Trade Practices Act, which prohibits the commission of enumerated deceptive trade practices.  Edwards's only specific allegation is that Defendants violated NRS 598.0923(1) & (3).  (Am. Compl. ¶ 102.)  These provisions make it a "deceptive trade practice" for a person to conduct a "business or occupation without all required

state, county or city licenses," or to "[v]iolate a state or federal statute or regulation relating to the sale or lease of goods or services."  NRS 598.0923(1) & (3).

Edwards does not appear to pursue the failure to obtain licenses theory[3] but instead alleges that Defendants run afoul of NRS 598.0923(3) because they violated NRS 228.590(1), which prohibits telephone solicitors from intentionally making unsolicited calls to numbers on the Nevada do-not-call registry.  (Am. Compl. ¶¶ 102–103; NRS 228.590(1) ("Except as otherwise provided in NRS 228.600, a telephone solicitor shall not intentionally make an unsolicited telephone call for the sale of goods or services to a telephone number in the currently effective version of the list of telephone numbers in the registry.").

It is undisputed that neither Cole nor Eggleston placed any of the unauthorized phone calls Edwards alleges he received.  Instead, as already explained, Edwards claims that each of the offending calls came from Defendant Tamez.  (Am. Compl. ¶¶ 16-19).  Therefore, Edwards has failed to plausibly plead a cause of action against Cole or Eggleston under NRS 598.0903–598.0999.

    iii. <u>NRS 228.500–228.640</u>

NRS 228.500–228.640 empower the Nevada attorney general to "[e]stablish and maintain . . . a registry that includes the name and telephone number of each person in this State who has requested that his or her telephone number be included in the list pursuant to this section . . ."  NRS 228.550(1)(a). These statutes prohibit telephone solicitors from "intentionally mak[ing] an unsolicited telephone call for the sale of goods or services" to a number on this registry.  NRS 228.590.

These statutory provisions do not contain a private right of action.  Instead, they authorize the Nevada Attorney General to bring suit against violators.  *See* NRS 228.610 ("If the Attorney General has reason to believe that a person has violated any of the provisions of NRS 228.500 to 228.640, . . . the Attorney General may institute an appropriate legal proceeding against the person in a court of competent jurisdiction.").  In Nevada, "when an administrative official is expressly

---

[3] This is likely because, as already explained, Defendants do not conduct business or occupation within the state of Nevada that would require a license.

charged with enforcing a section of laws, a private cause of action generally cannot be implied." *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 961 (2008); *see Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 569 (2007) (no private right of action where statute "does not expressly create a private right of action," but instead "contemplates an exclusive administrative procedure for resolving claims"). In any event, as already explained, Defendants did not place unauthorized calls to Edwards.

Finally, to the extent that Edwards alleges violations of Nevada statutes which he does not explicitly identify in his First Amended Complaint, he fails to state a claim upon which relief may be granted. *See Burroughs v. Abrahamson*, 964 F.Supp.2d 1268, 1272 (D. Ore. 2013) (dismissing claims with prejudice where the "plaintiff identifies the Privacy Act," as the statute defendants violated, but "fails to identify which provision of that statute was violated despite an opportunity to specify it in the complaint and in response to the motion to dismiss"). Edwards' list of statutory sections describing "Deceptive Trade Practices," without more, does not meet this standard. But even if it did, Edwards has not alleged (nor could he) a transaction occurred between him and the Defendants, that he received a prerecorded message from Defendants, that he was harassed during a phone call by Defendants, that Defendants failed to identify themselves during the first 30 seconds of a solicitation call to him, that Defendants tried to sell or lease any goods or services to him, or that Defendants willfully interfered with the use of his telephone lines. The Court should therefore dismiss all these state-law claims asserted in Plaintiff's Third Claim for Relief as to Defendants.

### B.    Edwards' Fourth Claim for Relief Fails

Edwards's fourth claim for relief alleges a state-law cause of action for invasion of privacy and unreasonable intrusion into seclusion. For at least two reasons, this claim fails as to Defendants. First, neither Cole nor Eggleston placed the unauthorized phone calls Edwards says he received. Second, the placement of unauthorized phone calls is not highly offensive conduct, as required for an invasion of privacy claim.

"Nevada's common law recognizes the tort of invasion of privacy for unreasonable intrusion upon the seclusion of another." *Clark Cty. Sch. Dist. v. Las Vegas Review-Journal*, 134

Nev. 700, 708 (2018).  "The purpose of the tort is to provide redress for intrusion into a person's reasonable expectation of privacy, seclusion, or solitude."  *Id.*  "To recover for the tort of intrusion, a plaintiff must prove the following elements: 1) an intentional intrusion (physical or otherwise); 2) on the solitude or seclusion of another; 3) that would be highly offensive to a reasonable person."  *People for Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 111 Nev. 615, 630 (1995), *overruling on other grounds recognized by Abrams v. Sanson*, 2020 WL 1071440, *5 (Nev. 2020).

It is undisputed that neither Cole nor Eggleston placed the alleged phone calls Edwards claims he received.  Indeed, there is no indication from the First Amended Complaint that Defendants intended for anyone to place the allegedly offensive phone calls.  Accordingly, Defendants did not intentionally intrude upon Edwards's seclusion and did not invade his privacy.

Moreover, the placement of unauthorized phone calls is not the kind of "highly offensive" conduct needed to make out an invasion of privacy claim.  Here, Edwards alleges only four phone calls, made to his cell phone and landline numbers over the course of a single day.  (Am. Compl. ¶ ¶ 16-19).  None of these calls involved vulgarity, profanity, threats, or any other conduct that an objectively reasonable person would find highly offensive.

Edwards's invasion of privacy claim therefore fails.  For example, in *Wellesley v. Chief Financial Officer*, No. 3:10-CV-00183, 2010 WL 2926162, *3 (D. Nev. July 20, 2010), the court dismissed the plaintiff's invasion of privacy claim, holding that the defendants, who "called Plaintiff up to twelve times a day," did not "conduct[] themselves in a manner that was highly offensive to a reasonable person."  *See also Smith v. Capital One Fin. Corp.*, No. C 11-3425, 2012 WL 1669347, *4 (N.D. Cal. May 11, 2012) ("The only conduct alleged is calls made to plaintiff's phone, which is far from the conduct that courts have found 'highly offensive.'"); *Burgess v. Portfolio Recovery Associates, LLC*, No. CV 16-1463, 2017 WL 2471802, *5-6 (C.D. Cal. Mar. 23, 2017) ("30 total conversations and 16 calls in 73 days" not highly offensive conduct).

Edwards cites to *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037 (9th Cir. 2017) in his complaint.  There, the Ninth Circuit, in examining whether a group of plaintiffs had standing to pursue violations of the Telephone Consumer Protection Act, observed that "[u]nsolicited

telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients." 847 F.3d at 1043. *Van Patten*, however, did not analyze unsolicited phone calls within the context of an invasion of privacy claim, nor did *Van Patten* concern Nevada law. *Van Patten* is thus inapposite to the case at bar. In short, no alleged conduct by Defendants supports a claim for invasion of privacy, and this claim should therefore be dismissed as to them.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court dismiss them from this action for lack of personal jurisdiction and Edwards' failure to state a claim.

Dated March 30, 2020:

KRAVITZ, SCHNITZER & JOHNSON, CHTD.

By: */s/ Gary Schnitzer, Esq.*
Gary E. Schnitzer, Esq.,
Nevada Bar No.395
8985 S. Eastern Ave., Suite 200
Las Vegas, NV 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
Email: gschnitzer@ksjattorneys.com
*Attorneys for Defendants Cole Information Services, Inc. a/d/b/a Cole Realty Resource and Jim Eggleston a/k/a James Eggleston*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of March, 2020, a true and correct copy of the foregoing **DEFENDANTS COLE INFORMATION SERVICES, INC. AND JAMES EGGLESTON'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's CM/ECF filing system, and parties may access this filing through the Court's CM/ECF system.

KAEMPFER CROWELL
Robert McCoy, Esq.
Briana Martinez, Esq.
1980 Festival Plaza Dr. #650
Las Vegas, NV 89135
Attorneys for Defendants Juan Martinez, Inc. d/b/a Century 21 Americana, f/k/a Century 21;
Martinez & Associayes; Juan Martinez; Elizabeth Martinez, and Sergio Tamez

CLARK MCCOURT, LLC
Brian Clark, Esq.
7371 Prairie Falcon Rd. #120
Las Vegas, NV 89128
Attorneys for Defendants RedX, LLC, a/d/b/a Real Estate Data X-Change, Inc. and Mark Harris Leck, a/k/a Mark H. Leck, a/k/a Mark H. Lec, a/k/a M.L. Eck

A copy of the same was placed in the U.S. Mail to:

Paul D.S. Edwards
713 Wheat Ridge Lane, Unit 203
Las Vegas, NV 89145

/s/ Chris Drelich
Chris Drelich
An Employee of
KRAVITZ, SCHNITZER & JOHNSON, CHTD.