UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL D.S. EDWARDS, | Case No. 2:20-cv-00570-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| JUAN MARTINEZ, INC., d/b/a CENTURY 21 AMERICANA, f/d/b/a CENTURY 21 MARTINEZ & ASSOCIATES, and REDX, LLC, a/d/b/a/ REAL ESTATE DATA X-CHANGE, INC., and COLE INFORMATION SERVICES, INC., a/d/b/a COLE REALTY RESOURCE, and JUAN MARTINEZ, a/k/a JUAN A. MARTINEZ, JR., a/k/a JUAN ANTONIO MAYEN, and ELIZABETH MARTINEZ, a/k/a ELIZABETH A. MARTINEZ, and SERGIO BRANDON TAMEZ, a/k/a SERGIO TAMEZ, and MARK HARRIS LECK, a/k/a MARK H. LECK, a/k/a MARK H. LEC, a/k/a M. L. ECK, and JIM EGGLESTON, a/k/a JAMES EGGLESTON, and DOES I-X, and ROE CORPORATIONS XI-XX, et al., | |
| Defendants. | |

Before the Court are three requests for judicial notice filed by Plaintiff. Plaintiff's first Request for Judicial Notice was unopposed.[1] Plaintiff's second Request for Judicial Notice[2] was opposed by Defendants Cole Information Services, Inc. ("Cole") and Jim Eggleston ("Eggleston").[3] Plaintiff filed a Reply in support of his second Request for Judicial Notice that was reviewed by the Court.[4] Plaintiff's third Request for Judicial Notice[5] was opposed by Defendants RedX, LLC ("RedX") and Mark Leck ("Leck").[6] Defendants Juan Martinez, Inc. d/b/a Century 21 Americana, Juan Martinez, Elizabeth Martinez, and Sergio Brandon Tamez (collectively, the "Century 21

---

[1] ECF No. 22.
[2] ECF No. 48.
[3] ECF No. 53.
[4] ECF No. 55.
[5] ECF No. 64.
[6] ECF No. 65.

1

Defendants") joined in this Opposition.[7]  Plaintiff filed an Opposition to the Century 21 Defendants' Joinder,[8] and a Reply to RedX and Leck's Opposition.[9]  The Court finds as follows.

**I.  DISCUSSION**

Federal Rule of Evidence ("Fed. R. Evid.") 201 provides for judicial notice of adjudicative facts.  Pursuant to Fed. R. Evid. 201(b)(2), a presiding court may "judicially notice a fact that is not subject to reasonable dispute [when] it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  A court is required to "take judicial notice if a party requests it and the court is supplied with the necessary information" to make a determination.[10]

**A.  Plaintiff's First Request for Judicial Notice (ECF No. 22) is Denied.**

In Plaintiff's first Request for Judicial Notice he asks the Court to judicially notice the alleged fact that the Century 21 Defendants prematurely filed four Notices of Non-Oppositions[11] before Plaintiff's time to respond to each of the underlying motions ran.[12]  Plaintiff misunderstands the Notices of Non-Opposition.  Each Notice simply advises the Court that the Century 21 Defendants do not oppose the motions filed by the other defendants in this case.[13]  The Notices of Non-Oppositions have no impact on and no connection to whether Plaintiff timely responded to any of the underlying motions.  Accordingly, Plaintiff's first Request for Judicial Notice is denied as seeking relief not available under Fed. R. Civ. P. 201.

**B.  Plaintiff's Second Request for Judicial Notice (ECF No. 48) is Denied.**

Local Rule LR IC 2-2(b) provides that "a separate document must be filed and a separate event must be selected" for each type of relief requested or purpose of a document filed with the Court.  Here, Plaintiff's second Request for Judicial Notice "ask[s] this Court to . . . Strike Defendants [Cole and Eggleston's Proposed Discovery] Plan" and Scheduling Order[14] as this

---

[7]  ECF No. 66.
[8]  ECF No. 67.
[9]  ECF No. 68.
[10]  Fed. R. Evid. 201(c)(2).
[11]  ECF Nos. 14, 15, 16, 17.
[12]  ECF No. 22 at 2.
[13]  ECF Nos. 14 at 2 (the Century 21 Defendants do not oppose Cole and Eggleston's Motion to Dismiss), 15 at 2 (the Century 21 Defendants do not oppose RedX and Leck's Motion for More Definite Statement), 16 at 2 (the Century 21 Defendants do not oppose RedX and Leck's Motion to Strike), and 17 at 2 (the Century 21 Defendants do not oppose RedX and Leck's Motion to Dismiss).
[14]  ECF No. 45.

pleading was filed before the parties participated in a Rule 26(f) conference.[15] Plaintiff's second Request conflates the purposes of a motion to strike and a request for judicial notice. Plaintiff maintains that Cole and Eggleston's Proposed Discovery Plan and Scheduling Order is "properly the subject of Judicial Notice as . . . it is part of the record[,] is publically [sic] available[,] and Defendants cannot reasonably dispute any of the document's authenticity."[16] However, the remedy Plaintiff seeks (*i.e.*, to strike the Proposed Discovery Plan and Scheduling Order) is not a remedy available through a motion for judicial notice.[17] For this reason, Plaintiff's second Request for Judicial Notice is denied.

### C. Plaintiff's Third Request for Judicial Notice (ECF No. 64) is Denied.

Local Rule ("LR") 7-2 permits the filing of a motion, a response, and a reply. A document not allowed by LR 7-2 or otherwise permitted by order of this Court is a fugitive document and must be stricken from the record.[18]

Plaintiff asks the Court to judicially notice and to strike the following filings as fugitive documents: (1) Defendants RedX and Leck's Opposition to Plaintiff's Motion for Leave to Conduct Limited Discovery[19] and the Exhibits thereto[20]; (2) the Century 21 Defendants' Joinder to Cole and Eggleston's Opposition to Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery[21]; and, (3) the Century 21 Defendants' Joinder to RedX and Leck's Opposition to Plaintiff's Motion to Conduct Limited Expedited Discovery.[22] In support of this Request, Plaintiff argues that Exhibit A[23] (recorded on the docket as ECF No. 58-1) is noncompliant with LR IA 10-3(b) and (c) because this Exhibit is a copy of a pleading filed in the pending matter and is not paginated.[24] Plaintiff also claims RedX and Leck failed to perfect service of their motion to dismiss, contrary to what their

---

[15] ECF No. 48 at 1 (internal alteration omitted).
[16] ECF No. 55 at 3.
[17] *U.S. v. Neill*, 964 F. Supp. 438, 446 (D.D.C. 1997) ("Judicial notice is a process by which a court takes recognition of a fact in the absence of formal proof").
[18] *Reiger v. Nevens*, No. 3:12-cv-00218-MM-VPC, 2014 WL 537613, at *2 (D. Nev. Feb. 7, 2014).
[19] ECF No. 58.
[20] ECF Nos. 58-1 and 58-2.
[21] ECF No. 61.
[22] ECF No. 64.
[23] ECF No. 58-1.
[24] *Id*. at 4.

counsel declared under penalty of perjury in Exhibit B (recorded on the docket as ECF No. 58-2).[25] Finally, Plaintiff argues the Century 21 Defendants' Joinders should be stricken from the record as they were untimely filed and do not contain memorandums of points and authorities.[26]

Plaintiff's third Request for Judicial Notice is without merit. First, RedX and Leck properly filed their Opposition to Plaintiff's Motion for Leave to Conduct Limited Discovery as established by LR 7-2. In addition, contrary to Plaintiff's assertions, Exhibit A is paginated. Further, while Plaintiff is correct that "[r]emoval does not create a new case" but is a means of bringing cases into the federal courts' system,[27] striking a document filed with the Court as fugitive is appropriate when the document is not one "allowed by Local Rule 7-2, or otherwise permitted by order of this Court," not when a party attaches exhibits filed in the pending matter or fails to paginate their pleading.[28] Moreover, the Court is not required to strike a pleading simply because it misstates a fact, is untimely filed, or lacks a memorandum of points and authorities.[29] Finally, as previously stated, if Plaintiff seeks to strike a filing by one of the defendants, a motion for judicial notice is not the proper means to do so as Fed. R. Civ. P. 201 does not provide for such relief. For each of these reasons, Plaintiff's third Request for Judicial Notice is denied.

## II.  ORDER

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's first, second, and third Requests for Judicial Notice (ECF Nos. 22, 48, and 64) are DENIED.

DATED THIS 17th day of August, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[25] *Id*. at 5.
[26] *Id*. at 6-7.
[27] *Bank of New York Mellon v. Inthirath*, Civil Action No. 4:17-cv-00853-O-BP, 2018 WL 1703126, at *3 (N.D. Tex. Apr. 6, 2018), *citing* 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3721 (4th ed. 2018).
[28] *Reiger*, 2014 WL 537613, at *2.
[29] *Cf. id*.; *see also* LR IC 7-1 ("The court *may* strike documents that do not comply with these rules.") (emphasis added).