**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Paul D.S. Edwards,<br><br>    Plaintiff<br><br>v.<br><br>Juan Martinez, Inc., et al.,<br><br>    Defendants | Case No.: 2:20-cv-00570-JAD-EJY<br><br>**Order Granting in Part Defendants' Motion for Partial Summary Judgment; Denying Defendants' Motion to Dismiss; and Overruling Plaintiff's Objection to the Magistrate Judge's Order**<br><br>[ECF Nos. 82, 88, 101] |

On January 17, 2019, plaintiff Paul Edwards received several unprompted telephone calls from Sergio Tamez, a realtor speaking on behalf of Century 21 Americana, who wanted to discuss real-estate opportunities in Edwards's neighborhood.[1] Uninterested in the offer, Edwards surreptitiously recorded the conversations and expressed incredulity that Tamez would cold-call him, given that he'd listed his phone number on the national and state Do Not Call Registries.[2] So Edwards sued Tamez, Century 21, and the company's owners, Juan and Elizabeth Martinez, for violating the Telephone Consumer Protection Act (TCPA), a number of Nevada statutes, and his privacy.[3] The defendants move to dismiss Edwards's amended complaint[4] and for partial summary judgment,[5] arguing that Edwards cannot succeed as a matter of law on his TCPA claim against the Martinezes, he lacks evidence to prove his additional

---

[1] ECF No. 80 at 3 (second amended complaint).

[2] ECF Nos. 88-4 at 3; 88-8 at 2; 88-9 at 2; 88-10 at 8; 88-11 at 5 ("Plaintiff admits that he recorded each of the four (4) the [sic] illegal and unsolicited telemarketing and solicitation telephone calls . . . .").

[3] *See generally* ECF No. 80.

[4] ECF No. 82 (motion to dismiss).

[5] ECF No. 88 (motion for partial summary judgment).

claims, his litigation conduct warrants sanctions, and he is liable under NRS § 200.620 for surreptitiously recording Tamez's calls. Edwards opposes those motions,[6] while also objecting to the portions of the magistrate judge's order requiring him to appear for a deposition and to file a declaration.[7]

I find that no genuine disputes of material fact exist about Edwards's liability under NRS § 200.620 or the Martinezes' lack of liability under the TCPA, and I grant the defendants' motion for partial summary judgment on those claims. I also find that Edwards cannot state intrusion-upon-seclusion, so-called injunctive-relief, or NRS § 598.0923(3) claims against any defendant, and I dismiss those claims in their entirety. But because genuine disputes of material fact preclude summary judgment on Edwards's other statutory claims, I deny the remainder of the motion. I then deny the defendants' motion to dismiss as largely moot, and I decline to sanction Edwards's litigation conduct. I also overrule Edwards's objection to the magistrate judge's order as moot because the defendants did not re-notice his deposition. Finally, I refer the parties to a mandatory settlement conference with the magistrate judge.

**Discussion**

**I.     Motion for partial summary judgment [ECF No. 88]**

The defendants move for summary judgment on Tamez's NRS § 200.620 counterclaim against Edwards; Edwards's Nevada statutory, common-law, and injunctive-relief claims; and Edwards's TCPA claims against Juan and Elizabeth Martinez. The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or

---

[6] ECF Nos. 84, 93.
[7] ECF No. 101.

defenses.[8]  Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[9]  The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[10]  If the moving party satisfies its burden, the burden then shifts to the opposing party to present specific facts that show a genuine issue for trial.[11]  The court must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party.[12]

### A. Juan and Elizabeth Martinez's liability under the TCPA

The defendants move for partial summary judgment on Edwards's TCPA claim, arguing that Edwards cannot present evidence showing that Juan and Elizabeth Martinez should be held personally liable for Tamez's unsolicited calls.  The TCPA makes it unlawful for a person "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a cellular telephone service . . . or any service for which the called party is charged for the call."[13]  The plain language of the statute assigns civil liability to the party who "makes" the call.[14]  But the Ninth Circuit has affirmed "the existence of

---

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[9] *See id.* at 322 (citing Fed. R. Civ. P. 56(c)).
[10] *Id.* at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).
[11] Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Auvil v. CBS 60 Minutes,* 67 F.3d 816, 819 (9th Cir. 1995).
[12] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).
[13] 47 U.S.C. § 227(b)(1)(A)(iii).
[14] *Id.*

vicarious liability"[15] for those who maintain an agency relationship with the caller, and "a defendant is vicariously liable for violations of the TCPA where common law principals of agency would impose it."[16] "These various paths correspond with the bedrock theories of agency: actual authority, apparent authority, ratification, and employment (respondeat superior)."[17]

Edwards fails to present any evidence, disputed or otherwise, supporting TCPA liability for Juan or Elizabeth Martinez. He concedes that Juan and Elizabeth did not make the calls.[18] He also fails to present evidence that might support their vicarious liability under the TCPA. Instead, his opposition leans heavily on his own allegations about their conduct, asserting, without support, that they "had a 'wink-and-a-nudge' agreement" with Tamez.[19] Edwards also attaches multiple letters and complaints that he sent the company about its alleged TCPA violations, none of which show that the Martinezes authorized, ratified, or otherwise directed the calls.[20] And while he argues extensively that Century 21 employed Tamez and, thus, could be liable for his actions,[21] he presents no evidence that the Martinezes should be personally liable

---

[15] *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 (9th Cir. 2014).
[16] *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 449–50 (9th Cir. 2018).
[17] *Id.* at 449.
[18] ECF No. 93 at 7.
[19] *Id.*
[20] ECF Nos. 93-6 at 2; 93-7 at 3.
[21] ECF No. 93-1 (recording of Tamez's call, in which he introduces himself on behalf of Century 21).

4

for Century 21's business practices. So I find that there are no genuine disputes of fact about Juan and Elizabeth Martinez's liability under the TCPA, and I dismiss this claim against them.

B. **Nevada statutory claims**

Nevada's consumer-fraud statute, NRS § 41.600, permits aggrieved persons to sue for deceptive trade practices, as defined in §§ 598.0918 and 598.0923.[22] Section 598.0918(2) deems it a deceptive trade practice if, "during a solicitation by telephone," a person "repeatedly or continuously conducts the solicitation or presentation in a manner that is considered by a reasonable person to be annoying, abusive[,] or harassing."[23] And § 598.0923(3) provides that a person engages in a deceptive trade practice if, "in the course" of his "business or occupation," he "[v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services."[24] NRS §§ 598.0977 and 599B.300 give § 41.600 fierce teeth, permitting an elderly or disabled person—who "suffers damage or injury as a result of a deceptive trade practice" or "unlawful solicitation by telephone"—the ability to recover actual damages, punitive damages, and attorneys' fees.[25] The defendants seek summary judgment on each claim tethered to these statutes, arguing that (1) Edwards cannot make the threshold showing that Tamez's calls were abusive, harassing, or annoying, as required by § 598.0918; (2) a bare violation of the TCPA is insufficient to sustain a § 598.0923(3) claim; and (3) Edwards was not actually injured or

---

[22] Nev. Rev. Stat. § 41.600(e) ("An action may be brought by any person who is a victim of consumer fraud. As used in this section, 'consumer fraud' means: . . . [a] deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.").
[23] *Id.* § 598.0918(2).
[24] *Id.* § 598.0923(3).
[25] *Id.* § 598.0977.

5

damaged by Tamez's calls, thus foreclosing his ability to seek punitive or actual damages under §§ 599B.300 and 598.0977.

### 1. *NRS § 598.0918*

Genuine disputes of material fact preclude summary judgement on Edwards's NRS § 598.0918 claim. The parties do not identify, nor can I find, any controlling precedent addressing what conduct constitutes sufficiently annoying, harassing, or abusive solicitation under Nevada law to raise a triable issue of fact under this statute. But courts inside and outside this district generally assess actionable telephone harassment or annoyance by examining the frequency, number, and pattern of phone calls; the substance of the phone calls; and the place to which the calls are made.[26] In *McGowan v. Credit Management LP*, for example, a judge in this district held that 71 calls made almost daily over roughly three months sufficiently constituted annoying, harassing, and abusive conduct to overcome summary judgment.[27] And the court in *Toth v. Stephens and Michaels Associates, Inc.* reasoned that 15 calls over 33 days, with eight calls occurring in two days, had "the natural effect of harassing, oppressing, or abusing a debtor."[28] So too in *Kuhn v. Account Control Technology, Inc.*, in which a judge in this district

---

[26] *See, e.g.*, *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008) ("Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made."); *Crockett v. Rash Curtis & Assocs.*, 929 F. Supp. 2d 1030, 1032 (N.D. Cal. 2013) (reasoning that intent to harass "may be inferred from circumstantial evidence such as the nature, pattern, and frequency or debt[-]collection calls"); *Joseph v. J.J. Mac Intyre Cos., LLC*, 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002) ("Where there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls.").

[27] *McGowan v. Credit Mgmt. LP*, No. 2:14-cv-00759, 2015 WL 5682736, at *4 (D. Nev. Sept. 24, 2015).

[28] *Toth v. Stephens and Michaels Assocs., Inc.*, No. 2:13-cv-00372, 2014 WL 5687418, at *3 (D. Nev. Nov. 4, 2014).

6

found that placing just six calls to a debtor in the span of 24 minutes was sufficient to show annoying and harassing conduct.[29]

While Tamez's calls fall short of the number or pattern in *Kuhn*, *McGowan*, and *Toth*, I find that a reasonable jury could conclude that Tamez's conduct was annoying, harassing, or abusive. The parties agree that Tamez placed at least two phone calls in quick succession to Edwards's home landline and cellphone in the early afternoon on Thursday, January 17, 2019.[30] They also agree that Tamez recited roughly the same real-estate pitch each time.[31] And the defendants concede that Tamez continued to call Edwards, even after Edwards asked him to stop and to place him on the company's do-not-call list.[32] Edwards also disputes that only two calls were made—he maintains that Tamez called him four times and, in support, attaches a recording of two calls with Tamez, a bill listing two calls originating from his own phone number, and some sort of call log, which appears to indicate that Tamez called him four times.[33] Construing these disputed facts in Edwards's favor, I decline to enter summary judgment on his NRS § 598.0918 claim.

### 2. *NRS §§ 599B.300 and 598.0977*

I also find that Edwards has shown sufficient injury to sue under NRS §§ 598.0977 and 599B.300 because of the defendants' alleged TCPA violations. To clarify, these statutes are not independent causes of action; they are vehicles that permit an elderly or disabled person to

---

[29] *Kuhn v. Acct. Control Tech., Inc.*, 865 F. Supp. 1443, 1453 (D. Nev. 1994).

[30] ECF Nos. 88 at 4; 93 at 4.

[31] ECF No. 88 at 4–5; *see also* ECF No. 93-1.

[32] ECF No. 88 at 4–5.

[33] ECF No. 93-3 at 2. The defendants ask me in a footnote to disregard this evidence because it wasn't authenticated or produced, ECF No. 96 at 7, but I decline to do so at this juncture. The defendants may renew this request, with appropriate briefing, before trial.

7

recover "actual damages," "punitive damages," or "reasonable attorney's fees" should a defendant cause "damage or injury as a result of a deceptive trade practice." No Nevada court appears to have interpreted the phrase "damage or injury" or, as the defendants would have it, held that the statutes require a showing of "actual" damages. Keeping in mind that the "legislature says in a statute what it means and means in a statute what it says,"[34] my inquiry "begins with the statutory text" and "ends there as well if the text is unambiguous."[35]

The Nevada Legislature unambiguously declined to impose a limitation on actionable damage or injury in NRS §§ 598.0977 and 599B.300. Instead, it broadly provided a remedy for any injury or damage suffered by an elderly person as a result of a deceptive trade practice. And the Ninth Circuit has long held that TCPA violations warrant "either actual or statutory damages" because "the plaintiff has suffered a cognizable, personal injury."[36] Synthesizing these doctrines, at least one other court in this district has reasoned that Nevada's unfair competition laws permit "recovery of 'any' damages sustained" by deceptive trade practices, allowing "for the possibility of an absence of economic injury" and permitting recovery for "damages in the form of privacy violations and a disruption in the quiet use and enjoyment" of "cellular telephones."[37] I see no reason to deviate from that judge's reasoning. Thus, while Edwards has not presented evidence of actual damages, he has certainly provided evidence of injury caused by the defendants' alleged TCPA violations to survive summary judgment. So I

---

[34] *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992)) (internal quotation marks omitted).

[35] *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) (internal citations and quotation marks omitted).

[36] *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 804 (9th Cir. 2017).

[37] *Bauman v. Saxe*, No. 2:14-cv-01125, 2019 WL 591439, at *4 (D. Nev. Feb. 13, 2019).

8

find that Edwards may pursue these damages, and I leave it to the jury to determine whether he has been sufficiently injured to warrant an award.

### 3. *NRS § 598.0923(3)*

Edwards argues that the defendants' violation of the TCPA constitutes a deceptive trade practice under NRS § 598.0923(3). Section 598.0923(3) cabins deceptive trade practices to violations of federal or state law "relating to the sale or lease of goods or services."[38] Contrary to Edwards's assertions otherwise, the TCPA is not a federal or state law relating to the sale of goods; it regulates automated calls. Multiple courts have declined to permit § 598.0923(3) unfair-competition claims predicated on TCPA violations to proceed.[39] I find their reasoning persuasive and join them, so I grant summary judgment on Edwards's § 598.0923(3) claim.

## C. Intrusion-upon-seclusion claim

While Edwards has managed to show a triable issue of fact for his NRS § 598.0918 claim, I find that the undisputed evidence fails to sustain his intrusion-upon-seclusion claim as a matter of law. The tort of intrusion upon seclusion is "grounded in a plaintiff's objective expectation of privacy,"[40] and requires a plaintiff to prove (1) an intentional intrusion (physical or otherwise); (2) on the solitude or seclusion of another; (3) that would be highly offensive to a reasonable person.[41] "The question of what kinds of conduct will be regarded as a 'highly

---

[38] Nev. Rev. Stat. § 598.0923(3).

[39] *See, e.g., Bridge v. Credit One Fin.*, 294 F. Supp. 3d 1019, 1025 (D. Nev. 2018); *Bauman*, 2019 WL 591439, at *3.

[40] *Franchise Tax Bd. of State of Cal. v. Hyatt*, 407 P.3d 717, 734 (Nev. 2017), *rev'd and remanded on other grounds*, 139 S. Ct. 1485 (2019).

[41] *People for Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1279 (Nev. 1995), *overruled in part on other grounds by City of Las Vegas Downtown Redevelopment Agency v. Hecht*, 940 P.2d 134 (Nev. 1997).

9

offensive' intrusion is largely a matter of social conventions and expectations."[42] A "court considering whether a particular action is 'highly offensive' should consider the following factors: the degree of intrusion, the context, conduct[,] and circumstances surrounding the intrusion as well as the intruders motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded."[43] As I held in my prior dismissal order, Edwards has offered no facts indicating why Tamez's calls "would be anything more than moderately annoying."[44] After amendment and discovery, Edwards offers no new evidence or allegations about these calls that might render them "highly offensive." So I find that he has failed to make the threshold showing required for an intrusion-upon-seclusion claim, and I grant the defendants' motion for summary judgment for this cause of action.

### D. Injunctive-relief claim

Edwards also seeks injunctive relief, styling a request for that remedy as an independent cause of action in his complaint. It is well-settled that "injunctive relief," standing alone, is not a true cause of action.[45] As Edwards acknowledges, injunctive relief is, instead, a remedy.[46] So I

---

[42] *Id.* at 1281.

[43] *People for Ethical Treatment of Animals*, 895 P.2d at 1282.

[44] ECF No. 75 at 18.

[45] *See, e.g., Indian Homes Programs, LLC Series III v. Green Tree Servicing, LLC*, No. 2:15-CV-00026, 2015 WL 5132456, at *4 (D. Nev. Sept. 1, 2015); *U.S. Bank Nat'l Assoc. v. Saticoy Bay LLC*, No. 2:16-cv-01346, 2017 WL 277494, at *3 (D. Nev. Jan. 19, 2017); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346, 2012 WL 1279939, at *3 (D. Nev. Apr. 2012) ("[I]njunctive relief is a remedy, not an independent cause of action."); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

[46] ECF No. 93 at 23.

dismiss this so-called claim for injunctive relief, though I permit Edwards to pray for and seek that remedy if it is supported by some other cognizable claim.

### E. Tamez's NRS § 200.620 counterclaim

Edwards violated NRS § 200.620 by secretly recording his telephone calls with Tamez. NRS § 200.620 makes it "unlawful for any person to intercept or attempt to intercept any wire communication" absent certain emergency conditions.[47] In *Lane v. Allstate Insurance Co.*, the Nevada Supreme Court reasoned that NRS § 200.620 prohibits the recording of telephone calls unless both parties consent to the recording.[48] The *Lane* court noted that § 200.620 stands in direct contrast to NRS § 200.650, which prohibits "surreptitious intrusion upon *in-person*, private conversations by means of any listening device," unless "authorized to do so by *one* of the persons engaged in the conversation;" and the federal wiretap statute, which states that it "shall *not* be unlawful under this chapter . . . to intercept a wire . . . communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception."[49] Edwards concedes that he recorded the calls without

---

[47] Nev. Rev. Stat. § 200.620(1).

[48] *Lane v. Allstate Ins. Co.*, 969 P.2d 938, 941 (Nev. 1998); *see also Ditech Fin. LLC v. Buckles*, 401 P.3d 215, 216 (Nev. 2017) ("NRS [§] 200.620 prohibits a person from recording a telephone call unless both parties participating in the call consent to the recording.").

[49] *Lane*, 969 P.2d 938 at 940 (quoting Nev. Rev. Stat. § 200.650 an 18 USC § 2511(2)(d)) (internal quotation marks omitted) (emphasis added).

Tamez's prior consent.[50] So I grant the defendants' motion for summary judgment on this counterclaim in favor of Tamez.

## II. Motion to dismiss [ECF No. 82]

While the defendants' motion for summary judgment largely moots their motion to dismiss, they also ask me to exercise my discretion and strike Edwards's complaint, citing (1) his refusal to obey my prior dismissal order, (2) his failure to abide by Federal Rule of Civil Procedure 8's short-and-plain pleading requirement, and (3) his alleged violations of Rule 11. The Ninth Circuit has upheld a district court's decision to strike a pleading under these circumstances in only a few, exceptional cases. In *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, for example, the court upheld dismissal of a 733-page complaint, drawing upon reasoning that only someone with "superhuman patience, effort, and insight" could adequately respond to it.[51] And in *Hatch v. Reliance Insurance Co.*, the court affirmed dismissal of a "confusing and conclusory" complaint exceeding 70 pages.[52] I am sympathetic to the defendants' frustration, but Edwards's 38-page complaint does not meet the standard set out in *Hatch* or *Cafasso*; it adequately and fairly sets out his claims, albeit with unnecessary legal citations and footnotes. And while I take note of Edwards's litigation tactics and voluminous discovery requests, I do not see any conduct that necessarily violates this court's rules or the Federal Rules of Civil Procedure. So I deny the defendants' motion to dismiss and remind

---

[50] ECF No. 11 at 5 ("Plaintiff/Counter-Defendant admits that he recorded each of the four (4) the [sic] illegal and unsolicited telemarketing and solicitation telephone calls . . . .").

[51] *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting *Mendez v. Draham*, 182 F. Supp. 2d 430, 433 (D.N.J. 2002)) (internal quotation marks omitted).

[52] *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985).

Edwards that he must follow this court's orders.  His refusal to abide by them in the future will result in sanctions.

### III.     Objection to the magistrate's judge's order [ECF No. 101]

In her May 3, 2021, order, Magistrate Judge Elayna Youchah declined to sanction Edwards for failing to attend his deposition, in part because both parties failed to properly abide by the federal rules.[53]  And she exercised her discretion to control discovery by ordering Edwards to appear for a remote deposition or to submit a declaration to the court explaining why he could not.[54]  Edwards approves of the portion of the order declining to sanction him, but objects to having to file the declaration or attend his deposition, largely arguing that discovery in this matter has closed and that the declaration's filing deadline runs afoul of his deadline to object to the magistrate judge's order.[55]  The defendants argue that this objection is moot because they elected not to re-notice the deposition.[56]  Given that the basis for Edwards's objection to the magistrate judge's order has been mooted and Edwards was able to timely object to the magistrate judge's order and file his declaration, I overrule his objection.

### Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 82] is DENIED.**

IT IS FURTHER ORDERED that the defendants' motion for partial summary judgment **[ECF No. 88] is GRANTED IN PART:**  Edwards cannot proceed on his intrusion-upon-seclusion, so-called injunctive-relief, or NRS § 598.0923(3) claims against any defendant.

---

[53] ECF No. 98.
[54] *Id.* at 9.
[55] ECF No. 101.
[56] ECF No. 102.

13

Edwards also cannot proceed on his TCPA claim against Juan or Elizabeth Martinez.  And I grant summary judgment in favor of Tamez on his NRS § 200.620 counterclaim against Edwards.  The motion is **DENIED in all other respects.**

IT IS FURTHER ORDERED that Edwards's objection the magistrate judge's order **[ECF No. 101] is OVERRULED as moot.**

IT IS FURTHER ORDERED that **this case is REFERRED to the magistrate judge for a MANDATORY SETTLEMENT CONFERENCE.  The parties' obligation to file their joint pretrial order is STAYED until 10 days after that settlement conference.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 25, 2021