UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PAUL D. S. EDWARDS,

               Plaintiff,

v.

JUAN MARTINEZ, INC., et a.,

               Defendants.

Case No. 2:20-cv-00570-ART-EJY

JUDGE ANNE R. TRAUM'S
ORDER REGARDING TRIAL
IN CIVIL CASES

Table of Deadlines

| Activity | Paragraph | Due Date |
|---|---|---|
| Request Daily Transcripts | ¶ 9 | ASAP |
| Motions in Limine | ¶ 3 | December 13, 2022 |
| Response to Motions in Limine | ¶ 3 | December 27, 2022 |
| Exhibits to Counsel | ¶ 7 | January 24, 2023 |
| Exhibits to Court | ¶ 7 | January 31, 2023 |
| Witness Lists | ¶ 6 | January 31, 2023 |
| Jury Instructions | ¶ 10 | January 31, 2023 |
| Voir Dire Questions | ¶ 11 | January 31, 2023 |
| Statement of the Case | ¶ 12 | January 31, 2023 |
| Civil Trial Briefs | ¶ 13 | January 31, 2023 |
| Calendar Call | ¶ 4 | January 31, 2023 |
| Trial | ¶ 1 | February 7, 2023 |

**Courtroom Administrator: katie_sutherland@nvd.uscourts.gov**

1.    <u>Trial</u>. This case is scheduled for trial before the Honorable Anne R. Traum United States District Judge, in Las Vegas, Nevada, on the stacked calendar on Tuesday **February 7, 2023, at 9:30 a.m.**

2.    <u>Contact Person</u>. All questions and information regarding the trial calendar are to be directed to Katie Sutherland, Courtroom Administrator, via email at katie_sutherland@nvd.uscourts.gov.

3.    Motions in Limine.

    a. Motions in limine must be filed as one consolidated motion, as opposed to numerous separate motions.

    b. Motions in limine must be filed by December 13, 2022.

        i.  Motions filed after this established deadline will be considered only upon a showing of good cause.

        ii. Counsel are required to meet and confer on the issues raised in the motion in limine before filing the motion and must include a statement certifying compliance with this personal consultation requirement. LR 16-3(a).

    c. Responses to motions in limine are due on December 27, 2022, which is fourteen (14) days after the motion deadline.

4.    Calendar Call.

    a. The Court will hold a Calendar Call on January 31, 2023, at 11:00 a.m., which is the Tuesday of the week preceding the trial date.

    b. Counsel for all parties must appear via Zoom for Calendar Call. The individual parties will not be required to appear for Calendar Call unless the Court directs otherwise. Counsel and their clients will be excused from Calendar Call if, prior to the scheduled calendar call, settlement papers have been filed.

    c. The Court will address the schedule of the trial and any matters relating to witnesses or exhibits, and the Court may issue rulings on any motions regarding trial, such as motions in limine.

    d. After the Calendar Call, the Court will not grant a continuance to any party absent a showing of good cause.

5.   <u>Status Conferences</u>.

    a. The Court may conduct a status conference prior to the scheduled Calendar Call.

    b. Any party who wishes to request a pretrial status conference must notify the Courtroom Administrator no later than two weeks before Calendar Call.

    c. If the Court is satisfied during the status conference that the case is ready for trial, the Court may vacate the Calendar Call.

6.   <u>Witnesses</u>.

    a. Counsel must immediately subpoena all witnesses for the time and trial date as listed above. The subpoenas should contain a special instruction from counsel directing witnesses to contact counsel's office—not the Court—for further instructions prior to appearing for trial. Witnesses are not required to be present at the Calendar Call but must appear as subpoenaed.

    b. Counsel must file their witness lists by January 31, 2023, which is seven (7) days before the first date of trial.

7.   <u>Exhibits</u>.

    a. Counsel must serve opposing counsel with marked trial exhibits by January 24, 2023, which is fourteen (14) days before the trial date.

    b. Counsel must electronically file their complete exhibit lists containing all exhibits that are intended to be used during the trial by January 31, 2023, which is seven (7) calendar days before trial.

    c. Plaintiffs must use numerals 1 through 499 to number their exhibits, and defendants must use numerals 500 through 999. The exhibits are to be listed on a form provided by the Clerk's

Office, and they may be computer-generated if they conform to the requirements of the form that is provided by the Clerk.[1]

    d. The Court uses the Jury Electronic Recording System ("JERS"). On or before January 31, 2023, which is seven (7) calendar days before trial, the parties must provide the Courtroom Administrator with electronic media (e.g., CD, thumb drive, or hard drive) that contains images of all the exhibits counsel intend to use, in a format specified by the memorandum attached as exhibit 1 to this Order. Counsel should retain copies of their exhibits for use by the witness in the courtroom if needed. Counsel is encouraged to eliminate duplicate exhibits and stipulate to admissibility and authenticity of exhibits where practicable. LR 16-3(b)(8)(B).

8.    <u>Evidence Display Equipment</u>.

    a. Counsel may use the Court's evidence display equipment or their own display equipment.

    b. Counsel must contact the Courtroom Administrator if they wish to use evidence display equipment, either to reserve the Court's equipment and arrange for training to use the Court's equipment or to arrange a time and date to set up counsel's equipment prior to trial.

9.    <u>Expedited or Daily Transcripts</u>.

    a. Any party that will require expedited or daily transcripts shall notify **Donna Prather, Court Reporter** via email at **Donna_Prather@nvd.uscourts.gov** immediately upon receipt of

---

[1]Exhibit list forms can be found at https://www.nvd.uscourts.gov/. If Plaintiffs have greater than 500 exhibits, Defendants may begin numbering at 1000 or 2000.

this order. The court reporter will provide instructions with respect to expedited or daily transcripts.

b. Failure to timely notify the court reporter may result in an inability to provide expedited or daily transcripts.

10.  <u>Jury Instructions.</u>

a. On or before January 31, 2023, which is seven (7) calendar days before trial, counsel must provide in Microsoft Word format by email to Courtroom Administrator Katie Sutherland *one* document containing the parties' mutually acceptable jury instructions, disputed jury instructions, and proposed verdict forms.

b. Proposed jury instructions must include supporting authority, and for disputed instructions, a brief argument for each instruction as well as the opposing party's objections to the disputed instructions. Any modifications of instructions from statutory authority, the Ninth Circuit Manual of Model Jury Instructions, or any other model instructions, must specifically state the modification made to the original source and the authority and argument supporting the modification.

11.  <u>Voir Dire.</u>

a. At trial, the Court will conduct a preliminary examination of the jury panel. The initial voir dire examination by the Court will briefly describe the case to the panel, ask counsel to introduce themselves and any clients present in court, ask counsel to read the lists of witnesses to be called, and screen for hardship and familiarity with the case and witnesses. The Court will also ask questions that enable the parties to discover any basis for

challenge for cause and for the purpose of gaining knowledge to enable an intelligent exercise of peremptory challenges. The questions are asked of the entire panel, and any juror whose answer would be "yes" or "probably yes" is asked to raise their juror number. The Court and lawyers may make note of that juror's number for possible follow up questions by the Court.

b. Proposed voir dire questions must be submitted on or before January 31, 2023, which is seven (7) calendar days before trial, in Microsoft Word format to chambers by email to the Courtroom Administrator. Counsel should indicate which questions counsel requests the court to ask and which counsel reserves for attorney-led voir dire. The Court will share its voir dire script on the morning of trial so that counsel can see which questions are included in the Court's voir dire.

12. <u>Statement of the Case</u>.

a. On or before January 31, 2023, which is seven (7) calendar days before trial, counsel must jointly provide to Courtroom Administrator Katie Sutherland a brief joint statement of the case, in Microsoft Word format, no longer than one-half page, stating the nature of the claims and defenses which will be read to prospective jurors at the time of jury selection.

b. If the parties cannot agree on a joint statement, they must file a separate statement of the case explaining the areas of disagreement.

13. <u>Civil Trial Briefs</u>.

a. Each party shall submit a trial brief, not to exceed 15 pages, on or before January 31, 2023, which is seven (7) calendar days before the trial date.

b. A trial brief is most helpful to the Court when it summarizes the party's theory of the case, identifies key evidence, and provides summary briefing on any controlling issues of law.

14. <u>Trial Schedule</u>.

a. On Tuesday, November 1, 2022, trial will begin at 9:30 a.m. and end at 4:30 p.m.

b. On the remaining days, parties should plan to be available beginning at 8:00 a.m. each day of trial.

c. This standard trial schedule may be modified for good cause; however, requests should be submitted at Calendar Call or before the written trial schedule is issued to jurors.

15. <u>Trial Judge</u>. Although the cases that are on the trial stack are assigned to Judge Traum, the cases may proceed to trial before another Nevada district judge or a visiting district judge.

16. <u>Consent to Proceed Before a Magistrate Judge</u>.

a. Counsel and parties in civil actions are reminded of their right to consent to disposition before a United States Magistrate Judge pursuant to Title 28, Section 636(c)(2) of the United States Code. The right to proceed before a Magistrate Judge in a civil case includes those cases that will be tried before a jury as well as those cases to be tried before the Court sitting without a jury. Any appeal from a judgment in a proceeding before a Magistrate Judge must be taken directly to the United States Court of Appeals.

b. The option to proceed before a Magistrate Judge is available to the parties at the time an action is commenced. The Court may refuse to approve a consent if it appears to be motivated by an effort to delay the proceeding.

17.    <u>Sanctions</u>. Failure to comply with this order or any other of this Court—including a failure to comply with deadlines therein—may result in sanctions including, but not limited to: compensation for excess costs incurred due to an attorney's unreasonable and vexatious conduct; limiting or prohibiting voir dire; striking frivolous or improper papers, claims, defenses, or contentions; striking deposition testimony; per diem fines; awards of attorneys' fees; or dismissal with or without prejudice of a case or claims.

IT IS SO ORDERED.

DATED THIS 14th Day of October 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE



**OFFICE OF THE CLERK**

**LLOYD D. GEORGE U.S. COURTHOUSE
333 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
(702) 464-5400**

DEBRA K.KEMPI
CLERK OF COURT

CYNTHIA K. JENSEN
CHIEF DEPUTY, LAS VEGAS

JAKE HERB
CHIEF DEPUTY, RENO

JURY EVIDENCE RECORDING SYSTEM (JERS)

The United States District Court for the District of Nevada, Southern Division is implementing the JERS system that allows evidence admitted during trial to be viewed electronically by the jurors during their deliberation. JERS provides easy, access to evidence during the deliberations through the use of a touch screen monitor in the jury room.

Attorneys of record will be given an opportunity to review the exhibits at the conclusion of testimony and evidence. Court personnel, at the Judge's direction, will release exhibits to the jury as deliberations begin.

JERS has the ability to:

- Store all exhibits submitted prior to trial, and then designate just those admitted into evidence;
- Capture, through the courtroom's presentation equipment, exhibits that were not submitted prior to trial but are later admitted by the court;
- Print a list of exhibits, by exhibit number and description, that will be released to the deliberating jury; and
- Restrict how the jury may review the exhibit: Audio Only, Video Only, and Zoom Off (Zoom Off restricts the jury from enlarging an exhibit on the touch screen in the deliberation room).

**Submitting Exhibits**

Counsel shall submit all proposed exhibits on a DVD-R, CD, or USB Flash Drive (storage device) as directed by the court. The disc or drive shall be labeled with the title of the case and the name of the party for whom the exhibits are submitted. A hard copy of the party's exhibits list that includes the electronic file name for each exhibit shall be submitted with the storage device. Unless otherwise directed by the court, the storage device will not be returned to counsel. Parties shall be prepared to submit hard copies of any exhibits admitted during trial.

There are two ways for attorneys to submit exhibits:

Method one: each exhibit file should be clearly named as in the examples below, using this format: **exhibit number_exhibit description.file extension**, or, if an exhibit has sub-parts, **exhibit number-exhibit subpart_exhibit description.file extension**. All exhibits must be in the same folder or directory.

> For example:    1-a_photo of store from east view.jpg
>                  1-b_photo of store from west view.jpg
>                  2_camera footage.wmv
>                  3_contract.pdf

Method two: law firms using exhibit management software may submit (on a storage device) exhibits exported using an indexed filename method with a text delimited file naming the exhibits.  The text file must be named "Exhibits.txt" and each line must contain information using the this format: **exhibit number-optional subpart|exhibit description|exhibit file name**. The "exhibits.txt" file must be in the same folder or directory as all the exhibits.

> For example:    001-001|Photo of bank|GX001.pdf
>                  002-001|Camera footage|GX002.wmv

**Exhibit File Types**

JERS will accept electronic evidence only in the following formats as other types cannot be uploaded:

- Documents and Photographs: .bmp, .gif, .jpg, .pdf, .tif
- Video and Audio Recordings: .avi, .mpg, mp3, .wav, .wma, .wmv

**Each PDF file may not be larger than 12MB.  Hyphens and underscore characters must be used as shown in the examples above.

Questions regarding this system may be directed to Amber Freeman, Operations Manager at (702) 464-5425.