UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL D.S. EDWARDS,<br><br>                    Plaintiff,<br>      v.<br><br>JUAN MARTINEZ, INC.,<br>d/b/a CENTURY 21 AMERICANA,<br>f/d/b/a CENTURY 21 MARTINEZ &<br>ASSOCIATES,<br>and JUAN MARTINEZ, a/k/a JUAN A.<br>MARTINEZ, JR.,<br>a/k/a JUAN ANTONIO MAYEN,<br>and ELIZABETH MARTINEZ,<br>a/k/a ELIZABETH A. MARTINEZ,<br>and SERGIO BRANDON TAMEZ,<br>a/k/a SERGIO TAMEZ,<br>and DOES I-X, and ROE<br>CORPORATIONS XI-XX, et al.,<br><br>                    Defendants. | Case No. 2:20-cv-000570-ART-DJA<br><br>ORDER |

Before the Court is plaintiff Paul Edwards' motion for reconsideration (ECF No. 143) of the Court's January 10, 2023 order (ECF No. 141) denying Edwards' motion to dismiss (ECF No. 134) and motion to strike (ECF No. 136). Edwards declines to strike the pleadings argues that Defendants lack standing to bring their two counterclaims; (2) requests, in the alternative, findings necessary to certify for appeal two legal issues related to standing; and (3) seeks reconsideration of the Court's decision to permit Defendants to file a late Answer and Amended Answer. The Court grants the motion in part, finding that Defendants have standing to bring their counterclaims alleging surreptitious recording and abuse of process, but the Court reopens dispositive motions on the

1

abuse of process counterclaim, and declines to strike Defendants' Answer and Amended Answer except as noted.

## I. Background

On January 17, 2019, plaintiff Paul Edwards received several unprompted telephone calls from Sergio Tamez, a realtor speaking on behalf of Century 21 Americana, who wanted to discuss real-estate opportunities in Edwards' neighborhood. (ECF No. 80.) Uninterested in the offer, Edwards surreptitiously recorded the conversations and expressed incredulity that Tamez would cold-call him, given that he'd listed his phone number on the national and state Do Not Call Registries. Edwards filed this case on April 22, 2019, in the state district court in Clark County, Nevada. He later amended his complaint to add several parties who removed the case to this Court on March 23, 2020. (*See* ECF No. 3.) This Court dismissed those parties on December 10, 2020, with prejudice and ordered Edwards to amend his complaint consistent with its order. (ECF No. 75.) Edwards filed his second amended complaint on December 26, 2020. (ECF. No. 80.) Edwards sued Tamez, Century 21, and the company's owners, Juan and Elizabeth Martinez, for violating the Telephone Consumer Protection Act ("TCPA"), a number of Nevada statutes, and his privacy.

Defendants moved to dismiss Edwards's second amended complaint (ECF No. 82) and for partial summary judgment (ECF No. 88), arguing that Edwards cannot succeed as a matter of law on his TCPA claim against the Martinezes, he lacks evidence to prove his additional claims, his litigation conduct warrants sanctions, and he is liable under NRS 200.620 for surreptitiously recording Tamez's calls. Defendants also moved for case terminating sanctions. (ECF No. 90.) The Court found that no genuine disputes of material fact exist about Edwards' liability under NRS 200.620 or the Martinezes' lack of liability under the TCPA and granted Defendants' motion for partial summary judgment on those claims. (ECF No. 104). The Court also found that Edwards failed to state

claims for intrusion upon seclusion, injunctive relief, or under NRS 598.0923(3) against any defendant, and the Court dismissed those claims in their entirety. (*Id.*) The Court found that genuine disputes of material fact precluded summary judgment on Edwards' other statutory claims. (*Id.*) The Court denied Defendants' motion to dismiss as largely moot and declined to sanction Edwards' litigation conduct. (*Id.*) The Court took "note of Edwards's litigation tactics and voluminous discovery requests" but did "not see any conduct that necessarily violates this court's rules or the Federal Rules of Civil Procedure." (*Id.*)

Notably, Defendants did not move for summary judgment on their abuse of process counterclaim. (ECF No. 88.) Edwards also did not move to dismiss or for summary judgment on any of the counterclaims before entering into the Joint Pretrial Order. The Joint Pretrial Order, which was entered on October 6, 2022. (ECF No. 127), included the two counterclaims now at issue. On December 7 and 13, apparently following a meet and confer where Edwards complained about no Answer being filed, Defendants filed an Answer (ECF No. 130) and Amended Answer (ECF No. 131).

Edwards moved to dismiss (ECF No. 134) and to strike the Answers (ECF No. 136). In his motion to dismiss, Edwards argues that the Defendants lack standing to assert their counterclaim pertaining to Edwards' illegal recording in violation of NRS 200.260 and alludes to a standing defect with respect to the abuse of process counterclaim. (ECF No. 134). The Court denied his motions. (ECF No. 141.) In his motion for reconsideration (ECF No. 143), Edwards argues that Defendants lack standing to bring their abuse of process counterclaim. He also reiterates his arguments regarding the late filing of Defendants' Answer (ECF No. 130) and Amended Answer (ECF No. 131).

II.     **Motion for Reconsideration**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]"

so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

### A.   Motions to Strike

Federal Rule of Civil Procedure 12(f) governs motions to strike pleadings. That rule provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Federal Rules of Civil Procedure do not "provide a specific sanction for late filing of an answer." *McCabe v. Arave*, 827 F.2d 634, 641 n.5 (9th Cir. 1987). Any sanction would be imposed as part of a court's "inherent power." *Id.* at 640. Any exercise of sanctions under a court's inherent powers must first be preceded by a "specific finding of bad faith." *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986). Federal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme like in the present case, is not, by itself, a sufficient reason for granting a motion to strike. *See McCabe v. Arave*, 827 F.2d 634, 639-40 (9th Cir. 1987) (concluding that a district judge did not abuse his discretion by denying the plaintiffs' request that the defendants' defenses be stricken from an answer that plaintiffs received on the day of trial); *Beal v. U.S. Dept. of Agriculture*, 2012 WL 3113181, at *2 (E.D. Wash. Jul. 31, 2012) (declining to strike an answer, which was filed 14 months late, in light of "a judicial preference for deciding matters on their merits when possible"); *Estate of Hirata v. Ida*, 2011 WL 3290409, at *3 (D. Haw. June 14, 2011) (declining to strike an answer that was more than nine months late where defendants "demonstrated an intent to defend the case on the merits"). Taking into consideration that defendants have been actively prosecuting this action and in light of a strong judicial preference for resolving cases on their merits, the Court finds that the untimeliness of Defendants' answers does not, by itself, warrant striking Plaintiff's pleadings.

A defendant is not required to file a new answer to an amended complaint when the allegations in the amended complaint do not change the theory or scope of the case. *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020) (internal quotations omitted). Edwards filed a Second Amended Complaint (ECF No. 80) following the Court's order do so. (ECF No. 75.) Edwards does not argue that his Second Amended Complaint changed the theory or scope of the case. Defendants did not waive any previously raised counterclaims by failing to file an amended answer in a timely fashion as both counterclaims were asserted prior to removal. (ECF No. 1.) The Joint Pretrial Order included both counterclaims. (ECF No. 127.) Following the entry of the Joint Pretrial Order (ECF No. 127), apparently in response to Edwards complaining about the issue, Defendants filed an Answer and an Amended Answer (ECF Nos. 130; 131) tailored to the operative Second Amended Complaint (ECF No. 80).

Defendants should have moved this Court and demonstrated good cause before amending their original Answer and then amending it again. "The power to grant leave to amend . . . is entrusted to the discretion of the district court . . . ." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). "In the Ninth Circuit, a request for leave to amend made after the entry of a Rule 16 Scheduling Order is governed primarily by Rule 16(b)," and thus requires a showing of good cause. *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1192 (C.D. Cal. 2009); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4).

In this case, Defendants did not demonstrate good cause, but their actions also do not suggest bad faith. Even though the length of the delay was considerable, Edwards does not articulate any discernable impact these late filings had on the judicial proceedings nor does Edwards demonstrate how he is prejudiced by the late filings. The Court declines to strike the Answer and Amended Answer. The Amended Answer is the operative answer. Any statements

within the operative Amended Answer (ECF No. 131), that are inconsistent with the Joint Pretrial Order or otherwise prejudice Plaintiff can be disregarded. *See generally FRA S. p. A. v. Surg-O-Flex of Am., Inc.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976) ("Unless it is clear that the portion of the pleading has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendant, the [pleading] should remain intact."). From the Court's review, the Amended Answer may expand the scope of and change the nature of Defendants' abuse of process counterclaim as originally asserted in state court by asserting that Edwards violated the *Federal* Rules of Civil Procedure (as opposed to Nevada's rules).

The Court declines to strike the pleadings, but grants Plaintiff leave to request that the Court disregard any part of the Amended Answer that is in tension with the Joint Pretrial Order or otherwise prejudices Plaintiff.

### B. Article III Standing

Article III limits federal judicial power to "Cases" and "Controversies," U.S. Const. art. III, § 2, and standing to sue "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong," *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). To satisfy Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. A plaintiff establishes injury in fact, if he or she suffered "an invasion of a legally protected interest' that is 'concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id*. at 1548 (internal quotations omitted).

#### 1. Surreptitious Recording

Defendants have Article III standing to bring their counterclaim alleging illegal recording in violation of NRS 200.260. In *Spokeo*, the Court reiterated that "Article III standing requires a concrete injury even in the context of a statutory

violation," and that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 1549. In *Spokeo*, the plaintiff alleged violations of the Fair Credit Reporting Act ("FCRA") based on a website's publication of inaccurate consumer information. *Id*. at 1546. On appeal, the Ninth Circuit held that the relevant interests protected by the FCRA were sufficiently concrete and particularized to satisfy the injury-in-fact requirement. *Id*. at 1546. The Supreme Court vacated the judgment and remanded the case, holding that the standing analysis was incomplete because the Ninth Circuit had not distinguished between concreteness and particularization. *Id*. at 1550. Without determining whether the plaintiff had suffered an injury sufficient to confer standing to sue, the Court in *Spokeo* emphasized that a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*. at 1549. The Court confirmed that intangible harms a plaintiff alleges can satisfy the injury-in-fact requirement. *See id*. ("[W]e have confirmed in many of our previous cases that intangible injuries can nevertheless be concrete.").

A plaintiff's TCPA claim can allege an injury that is sufficiently concrete and particularized to satisfy the injury-in-fact requirement. *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042–43 (9th Cir. 2017). In *Van Patten,* the court reasoned that actions to remedy invasions of privacy, intrusion upon seclusion, and nuisance have long been heard by American courts, that the right of privacy is recognized by most states, and that in enacting the TCPA, Congress made specific findings that unrestricted telemarketing calls can be an intrusive invasion of privacy and are a nuisance. *Id*. The "TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent." *Id*. The court in *Van Patten* deferred "in part to Congress's judgment, because Congress is well positioned to identify intangible harms that meet

minimum Article III requirements." *Id.* It further recognized that Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right permits suit to vindicate that right. *Id.* In contrast to the text messages at issue in *Spokeo,* the telemarketing text messages at issue *in Van Patten* by their nature invaded the privacy and disturbed the solitude of their recipients. *Id.*

Applying the reasoning articulated in *Van Patten,* here the injury-in-fact requirement is satisfied. The surreptitious recording of a phone call by its nature invades reasonable expectations of privacy. *See Lane v. Allstate Ins. Co.*, 114 Nev. 1176, 1179 (1998) ("It seems apparent that the legislature believed that intrusion upon Nevadans' privacy by nonconsensual recording of telephone conversations was a greater intrusion than the recording of conversations in person.") The Court has Article III standing with respect to this counterclaim.

## 2.   Abuse of Process

Edwards argues that the Court lacks jurisdiction over Defendants' counterclaim alleging abuse of process. The Court rejects this argument, finds that it has jurisdiction over this counterclaim, and reopens dispositive motions with respect to this claim.

Edwards cannot show that the abuse of process counterclaim is so devoid of merit as to deprive the Court of jurisdiction. "It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or

otherwise completely devoid of merit as not to involve a federal controversy." *Id.* (internal quotations omitted).

As a preliminary matter, this Court has supplemental jurisdiction over the abuse of process counterclaim. Supplemental jurisdiction over state claims exists when a federal claim is sufficiently substantial to confer federal jurisdiction, and there is "a common nucleus of operative fact between the state and federal claims." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (citing *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991)); *see also* 28 U.S.C. § 1367.

The Court evaluates for jurisdictional purposes whether the abuse of process claim is so devoid of merit as to deprive this Court of supplemental jurisdiction over the claim. "[T]he elements of an abuse of process claim are: (1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002). "Liability for abuse of process . . . is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish." *InjuryLoans.com, LLC v. Buenrostro*, 2021 WL 1172956, at *6 (D. Nev. Mar. 26, 2021) (quoting Restatement (Second) of Torts § 682 cmt. a). It is well-settled that neither the filing of the complaint nor the allegations contained therein can support a viable claim for abuse of process. *See, e.g., Laxalt v. McClatchy*, 622 F.Supp. 737, 752 (D. Nev. 1985); *Buenrostro*, 2021 WL 1172956, at *7; *Fagin v. Doby George, LLC*, 2011 WL 3425632, at *3 (D. Nev. Aug. 3, 2011) ("the mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action.").

Defendants' counterclaim alleges that since filing of this lawsuit, Edwards has conducted this litigation with abusive measures and litigation tactics that are intended to harass Defendants and waste their time and resources. The abuse of process claim is a compulsory counterclaim. *See Pichoro v. Prudential*

*Insurance Company of America, Inc.*, 827 F.2d 1246, 1253 (9th Cir. 1987)(finding that an abuse of process claim is a compulsory counterclaim in the action which allegedly is abusive). Defendants claim that Edwards' actions have no legitimate legal purpose but are instead designed to induce and coerce the counterclaimants to settle by unreasonably driving up the costs of defending this lawsuit. Edwards' tactics allegedly include, but are not limited to, suing defendants without a legal basis, abusing the discovery process, and expanding the litigation to include claims against additional unrelated defendants that are neither required to be joined nor necessary to afford complete relief. (*See* ECF No. 131.)

Defendants' counterclaim is weak, at best, because they fail to allege an ulterior purpose, fail to allege specific facts plausibly indicating how Edwards willfully misused legal process, and do not indicate how the defendants remaining in this action were specifically injured by the alleged conduct. To establish ulterior motive, "the claimant must provide facts, rather than conjecture, showing that the party intended to use the legal process to further an ulterior purpose." *Land Baron Invs. Inc. v. Bonnie Springs Family Ltd.*, 356 P.3d 511, 519 (Nev. 2015); *see also Buenrostro*, 2021 WL 1172956, at *6 ("Put differently, an ulterior purpose is not alone sufficient; the claimant must allege facts plausibly indicating how the defendant willfully misused legal process to further the improper purpose."). Courts recognize that it is not improper for plaintiffs to maintain a lawsuit as a lever to obtain a settlement of a bona fide dispute. *See Rashidi v. Albright*, 818 F. Supp. 1354, 1359 (D. Nev. 1993).

While the Court is unable to find precedent that supports an abuse of process claim based on the kinds of allegations asserted in the counterclaim, it cannot say that this claim is so facially devoid of merit as to deprive the Court of jurisdiction.

The Court reopens dispositive motions with respect to this counterclaim and invites summary judgment briefing. Because such motions may require

modifications to the Joint Pretrial Order and the motions in limine filed by the parties, the Court will not rule on the motions in limine at this time and requests that the parties file motions for summary judgment on the abuse of process counterclaim within 30-days of this order. Following briefing the Court will enter a scheduling order regarding a possible new or amended joint pretrial order and possible new or amended motions in limine.

### III.     Certification to the Ninth Circuit

Plaintiff requests that in the alternative to reconsideration the Court "make the certification findings necessary, under 28 U.S.C. § 1292(b), for the Ninth Circuit Court of Appeals to consider the corresponding legal issues" (ECF No. 143) but does not otherwise provide points and authorities. Under the final judgment rule embodied in 28 U.S.C. § 1291, the courts of appeal have jurisdiction over "appeals from all final decisions of the district courts of the United States." Plaintiff invokes the narrow exception to the final judgment rule embodied in 28 U.S.C. § 1292(b), which provides: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." Plaintiff does not provide support for any of the three elements required for certification and his request is denied.

IT IS THEREFORE ORDERED THAT the motion for reconsideration (ECF No. 143) is granted in part and denied in part consistent with this Order.

IT IS FURTHER ORDERED THAT the parties shall file motions for summary judgment with respect to the abuse of process counterclaim within thirty (30) days of this Order. The parties may file responses and replies consistent with the Local Rules.

IT IS FURTHER ORDERED THAT the Court will not address the motions in limine filed by the parties (ECF Nos. 132, 133) at this time and will enter a scheduling order regarding the joint pretrial order and motions in limine in the event that the court determines that the abuse of process counterclaim can be resolved as a matter of law.

DATED THIS 7th Day of April 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE