UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL D.S. EDWARDS,<br><br>          Plaintiff,<br>v.<br><br>JUAN MARTINEZ, INC., *et al.*,<br><br>          Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:20-cv-00570-ART-DJA<br><br>ORDER DENYING MOTION TO CERTIFY ORDERS (ECF NOS. 141, 147, AND 155) FOR APPEAL AND MOTION TO STRIKE |

    This action concerns Plaintiff Paul D.S. Edwards's claims that Defendant Juan Martinez, Inc. and others twice spam-called him in violation of state and federal law and Defendants' counterclaims for abuse of process and surreptitious recording.

    Before the Court are (1) Mr. Edwards's Motion to certify certain orders by this Court for interlocutory appeal (ECF No. 158); (2) Defendants' Motion for Partial Summary Judgment on their abuse of process Counterclaim (ECF No. 159); and (3) Mr. Edwards's Motion to Strike Defendants' Motion for Partial Summary Judgment and Exhibits (ECF No. 161).  The Court denies Mr. Edwards's motion to certify (ECF No. 158) and motion to strike (ECF No. 161) and grants Mr. Edwards 21 days to respond to Defendants' Motion for Partial Summary Judgment (ECF No. 159).

**I. BACKGROUND**

    Mr. Edwards brought this case in state court in 2019, alleging violations of his privacy under state and federal law due to several unwanted and potentially illegal spam calls, and Defendants removed to this Court. (ECF No. 1-2 at 2.) Defendants alleged two counterclaims under state law: one for surreptitious

1

recording in violation of NRS 200.620 and one for abuse of process. (ECF No. 131.)

In its prior orders, the Court denied Mr. Edwards's motions to dismiss and strike Defendant's counterclaims (ECF Nos. 141, 147). In response to Mr. Edwards's motion for reconsideration (ECF No. 143), the Court held that Defendants had standing to bring their state law counterclaims, over which the Court had supplemental jurisdiction (ECF No. 147 at 8-9) and invited the parties to move for summary judgment on Defendants' abuse of process counterclaim (*Id.* at 10). Mr. Edwards then moved to recuse Judge Traum. (ECF No. 148.) The Court denied the motion for recusal and granted the parties an additional 30 days to file summary judgment motions on the abuse of process counterclaim. (ECF No. 155.)

Mr. Edwards then moved (ECF No. 158) to certify for interlocutory appeal the Court's orders on his motions to dismiss and strike (ECF No. 141), reconsider (ECF No. 147), and recuse (ECF No. 148), and Defendants filed a Motion for Partial Summary Judgment on their abuse of process counterclaim (ECF No. 159). Mr. Edwards moved to strike that motion (ECF No. 161) but has not otherwise opposed it.

**II.   DISCUSSION**

A. Motion to Certify

Mr. Edwards seeks certification on the following four questions relating to the courts prior orders (ECF Nos. 141, 147, and 155) on Mr. Edwards's motions to dismiss (ECF No. 134), to strike (ECF No. 136), for reconsideration (ECF No. 143), and for recusal (ECF No. 148): (1) whether Defendants established Article III standing as to their counterclaims; (2) whether they suffered any "concrete" and "particularized," and "actual or imminent" injury-in-fact; (3) whether they substantiated their abuse of process counterclaim against Mr. Edwards; and (4) whether Judge Traum is required to recuse herself from this case. (ECF No. 158

at 5.)

Interlocutory appeals of non-final judgments are authorized when "exceptional circumstances justify a departure from the [final judgment rule]. . . ." 28 U.S.C. § 1292(b). Under the final judgment rule, federal courts of appeal generally have jurisdiction only over "appeals from . . . final decisions of the district courts of the United States." *See* 28 U.S.C. § 1291. A district court will certify a non-final order for interlocutory appeal when three conditions are met: (1) "there [is] a controlling question of law"; (2) "there [are] substantial grounds for difference of opinion as to that question"; and (3) "an immediate resolution of that question may materially advance the ultimate termination of the litigation." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)). The party seeking interlocutory appeal bears the burden of showing that these three prongs are satisfied. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Mr. Edwards fails to show that there are legal issues justifying an interlocutory appeal.

Mr. Edwards's first and second questions concern the Court's conclusion that Defendants have standing to bring their counterclaims. Mr. Edwards has not shown that "there [are] substantial grounds for difference of opinion as to" the standard for Article III standing, including injury-in-fact. *ICTSI Oregon, Inc.* 22 F.4th at 1130. The Ninth Circuit has identified three circumstances where the law is sufficiently unclear to justify an interlocutory appeal: (1) the circuit courts are split and the Ninth Circuit has not yet spoken on the issue; (2) the issue involves complicated questions of foreign law; or (3) the issue presents a novel and difficult question of first impression. *Couch*, 611 F.3d at 633. To the extent that Mr. Edwards has raised controlling legal questions, he has pointed to no circuit splits, complicated issues of foreign law, or issues presenting a novel and difficult question of first impression.

1      Mr. Edwards's third question goes to whether Defendants have
2 substantiated their abuse of process counterclaim. Nevada recognizes an abuse
3 of process claim. *LaMantia v. Redisi*, 118 Nev. 27, 30 (2002). Mr. Edwards argues
4 that Defendants have not established the facts necessary to substantiate it. (*See*
5 ECF No. 158 at 18-21.) Mr. Edwards has failed to show that the abuse of process
6 claim involves a controlling question of law on which "there [are] substantial
7 grounds for difference of opinion" requiring an immediate appeal. *See ICTSI*
8 *Oregon, Inc.* 22 F.4th at 1130. Rather, this claim is the subject of Defendants'
9 pending Motion for Partial Summary Judgment, which Mr. Edwards has moved
10 to strike but not opposed. (ECF Nos. 159, 161.)

11      On his fourth question, with respect to recusal, Mr. Edwards also has failed
12 to show that issue involves a controlling question of law, on which "there [are]
13 substantial grounds for difference of opinion," requiring an immediate appeal.
14 *See ICTSI Oregon, Inc.*, 22 F.4th at 1130. The legal standard for recusal is not in
15 question here and the denial of a recusal motion is reviewed for abuse of
16 discretion. *See Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (discussing
17 recusal under 28 U.S.C. §§ 144 and 455).

18      Finally, Mr. Edwards has failed to show that immediate resolution of any
19 of these questions would materially advance the ultimate termination of this
20 litigation.

21      B. Motion to Strike

22      Mr. Edwards moves to strike Defendants' Motion for Partial Summary
23 Judgment and Exhibits under Fed. R. Civ. P. 12(f), Local Rule IA 10-1(d), and the
24 Court's "inherent power" to control its docket. Mr. Edwards' main concerns are
25 that Defendants filed their motion after the deadline set by the Court and their
26 exhibits do not comply with the Court's local rules. (ECF No. 161 at 4-5.)
27 Defendants concede that their motion was late-filed but argue that striking is not
28 an appropriate remedy because Rule 12(f) does not apply, the late-filing was due

4

to an excusable calendaring error, their exhibits are relevant to their Motion for Partial Summary Judgment, and any violations of the local rules do not prejudice Mr. Edwards. (ECF No. 163.) The Court declines to strike Defendants' motion and exhibits.

Rule 12(f) does not apply to Defendants' motion or exhibits because they are not pleadings. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (holding the trial court erred in striking plaintiff's motion to reconsider because it was not a pleading). Pleadings are defined by Rule 7(a), and motions are not included in that definition. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (3d ed. 2023) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions . . . are not subject to Rule 12(f).") Because Defendants' motion is not a pleading, Rule 12(f) does not apply.

Defendants concede that their motion was late-filed but argue that this was excusable error and striking it is not justified. Defendants' motion was due on Friday, June 23, 2023, and they filed it the next business day, on Monday, June 26, 2023. (ECF No. 161 at 2.) A party may only file a document past its deadline with the Court's permission, Fed. R. Civ. P. 6(b); LR 26-3, and, as Mr. Edwards s notes, the Court may strike any document that does not conform to the local or federal rules. *See* LR IA 10-1(d). But courts generally reserve their "inherent powers" to strike for the punishment of "abusive conduct." *Ready Transp., Inc. V. AAR Mfg.*, 627 F.3d 402, 404 (9th Cir. 2010). The Court declines to strike Defendants' Motion which was late-filed due an excusable calendaring error, not any abusive conduct. Similarly, the Court declines to strike Defendants' motion exhibits (ECF No. 159).

Finally, Mr. Edwards argues in his Motion to Strike that Defendants' have made several assertions in their Motion for Partial Summary Judgment that are not supported by the record. (ECF No. 161 at 8-10.) Such points are better

addressed in a response to Defendants' Motion.

## III. CONCLUSION

For the reasons stated, the Court denies Mr. Edwards's Motion to Certify (ECF 159) Orders 141, 147, and 155 for interlocutory appeal, denies Mr. Edwards's Motion to Strike, and grants Mr. Edwards 21 days to oppose Defendants' Motion for Partial Summary Judgment.

Dated this 9th day of November 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE