UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL D.S. EDWARDS,<br>        Plaintiff,<br> v.<br>JUAN MARTINEZ, INC., *et al.*,<br>        Defendants.| Case No. 2:20-cv-00570-ART-DJA<br><br>ORDER |
| SERGION BRANDON TAMEZ, *et al.*,<br>        Counter Claimants,<br> v.<br>PAUL D.S. EDWARDS,<br>        Counter Defendant. | |

   Before the Court are Defendants' motion for summary judgment (ECF No. 159), which requests adjudication of Defendants' abuse of process counter claim, and Plaintiff Paul D.S. Edwards's second motion to dismiss (ECF No. 173), which requests dismissal of Defendants' already-adjudicated wiretapping claim on jurisdictional grounds. For the reasons identified below, the Court denies both motions.

   Mr. Edwards brought this case in March of 2020 after Defendants, a real estate company and related individuals, allegedly made several unsolicited telemarketing calls to his number. Mr. Edwards originally asserted five causes of action. (ECF No. 1-1 at 37-48.) Decisions from this Court have since narrowed those to the following three claims: (1) violation of the Telephone Consumer Protection Act (TCPA), which prohibits the use of an "automatic telephone dialing system" or prerecorded voice message without the recipient's consent;[1] (2)

---

[1] Mr. Edwards brings this claim against Defendants Century 21 and Tamez only. All other claims are brought against all defendants.

1

violation of NRS 598.0918, which prohibits repeated solicitation that is "annoying, abusive or harassing"; and (3) violation of NRS 599B.300 and 598.0977, which provide for the collection of damages predicated on "deceptive trade practice[s]" and "unlawful solicitation by telephone." (*See* ECF No. 104 at 3-11.)

Defendants originally brought two counter claims against Mr. Edwards: one for violation of Nevada's wiretapping statute (NRS 200.620) and one for abuse of process. (ECF No. 83 at 6-8.) The Court has granted summary judgment in favor of Defendants on their wiretapping counterclaim. (ECF No. 104 at 11-12.)

Last year, the Court invited motions for summary judgment on Defendants' abuse of process counter claim. (ECF Nos. 147, 155.) Defendants filed a motion for summary judgment, arguing that Mr. Edwards's litigation tactics constitutes an abuse of the judicial process, as a matter of law. (ECF No. 159.)

Mr. Edwards did not file a cross motion for summary judgment, but he did file a motion to dismiss, in which he argues that Defendants lack standing to bring their already-adjudicated wiretapping claim. (ECF No. 173.)[2] Mr. Edwards does not argue that Defendants lack standing to bring their abuse of process claim.

The Court, in a previous order, considered most of the arguments now raised in Mr. Edwards's motion to dismiss and determined that Defendants had standing to bring both their wiretapping claim and their abuse of process claim. (ECF No. 147 at 6-11.) Mr. Edwards now raises the novel argument that the Court erred in performing *sua sponte* research on Defendants' standing rather than relying exclusively on each party's research and legal arguments. (ECF No. 173

---

[2] It appears that Mr. Edwards has the power to bring a post-adjudication challenge to Defendants' standing. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject –matter jurisdiction may be raised by a party . . . at any stage in the litigation, even after trial and the entry of judgment."). It is less clear that a motion to dismiss was the correct vehicle to do so. For the purposes of this order, the Court will assume that Mr. Edwards's motion is procedurally valid.

at 18-22.)

The Court addresses each motion below, beginning with Defendants' motion for summary judgment.

## I. MOTION FOR SUMMARY JUDGMENT

To prevail on a claim for abuse of process, a plaintiff must show "(1) an ulterior purpose by the party abusing the process other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Land Baron Inv. v. Bonnie Springs Family LP*, 356 P.3d 511, 519 (Nev. 2015).

At the summary judgment stage, Defendants bear the burden of presenting evidence that would entitle them to a directed verdict, if it went uncontroverted at trial. *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970). For the purposes of summary judgment, the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Defendants argue that Mr. Edwards has the "ulterior purpose" of coercing a settlement this case. (ECF No. 159 at 15). Coercive settlement can constitute an actionable ulterior purpose under Nevada law. *Bull v. McCuskey*, 615 P.2d 957, 960 (Nev. 1980) (upholding the jury's determination that Appellant had abused the judicial process by bringing a faulty malpractice claim with the ulterior purpose of coercing a settlement on his separate nuisance claim).

Defendants rest their "ulterior purpose" argument on a single piece of evidence: deposition testimony in another case, in which Mr. Edwards apparently stated that he "made a living by suing companies pursuant to the FDCPA, FCRA, and ECOA." (ECF No. 159 at 16.) This evidence, by itself, fails to conclusively

3

support a finding that Mr. Edwards has the ulterior purpose in this case of seeking a coercive settlement. *See Land Baron Inv.*, 356 P.3d at 519 ("[a] claimant must provide facts, rather than conjecture, showing that the party intended to use the legal process to further an ulterior purpose").

Defendants' citations to court orders describing questionable litigation tactics, if admissible, also fail to support a conclusive finding that Mr. Edwards has an illegitimate ulterior motive as a matter of law. (*See* ECF No. 159 at 12 (quoting three prior court orders describing Mr. Edwards's allegedly abusive tactics).) A reasonable juror could find that Mr. Edwards's actions in those other cases are irrelevant to his motive in this case.

Nor have Defendants raised facts sufficient to demonstrate that Mr. Edwards has willfully and improperly used the legal process to achieve his ulterior purpose. *Land Baron Inv.*, 356 P.3d at 519. Courts applying standards similar to Nevada's have held that, to support an abuse of process claim, the alleged act must be "so lacking in justification as to lose its legitimate function as a reasonably justifiable litigation procedure." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 308 (3rd Cir. 2003) (applying Pennsylvania law) (citing *Nienstedt v. Wetzel*, 651 P.2d 876, 882 (Ariz. App. 1982) (applying Arizona law)). The alleged acts must be "willful," and they must not be "proper in the regular conduct of the proceeding." *Land Baron Inv.*, 356 P.3d at 520.

Defendants point to three sets of actions which they claim constitute a willful abuse of process: (1) Mr. Edwards's filing of unnecessary motions and over-burdensome discovery requests; (2) his refusal to attend his scheduled deposition; and (3) his filing of an amended complaint that was too long, in alleged violation of a court order. (*But see* ECF No. 104 at 12-13 (holding that none of the above conduct warranted imposition of case terminating sanctions under Fed. R. Civ. P. 11); ECF No. 98 at 5 (holding that Mr. Edwards's refusal to attend his deposition did not warrant imposition of sanctions under rule 37(d) or the court's

4

inherent power to sanction discovery abuses).) Read in a light most favorable to Mr. Edwards, these facts do not invariably lead to the conclusion that Mr. Edwards abused the litigation process. A reasonable juror could find that Mr. Edwards's actions were within the proper scope of adversarial litigation practice. *Land Baron Inv.*, 356 P.3d at 520. Given the factual record before the Court, summary judgment in favor of Defendants is not appropriate.

## II. MOTION TO DISMISS

As for Mr. Edwards's motion to dismiss, the Court has already determined that it has jurisdiction over Defendants' wiretapping claim. (ECF No. 147 at 6-11; ECF No. 104 at 11-12.)

The Court previously found that Counter Claimant Sergio Tamez had experienced an injury that was both concrete and particularized because Mr. Edwards's surreptitious recording of his phone call invaded his reasonable expectation of privacy. (ECF No. 147 at 8); *see also Lane v. Allstate Ins. Co.*, 969 P.2d 938, 940 (Nev. 1998) (holding that the Nevada legislature believed the nonconsensual recording of phone calls to be a significant "intrusion upon Nevadans' privacy"); *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (holding that phone-based invasions of privacy can constitute injuries in fact sufficient to establish Article III standing). It is clear that Mr. Edwards's recording of Mr. Tamez was the cause of his injury, and that this Court had the capacity to redress that injury.

Mr. Edwards argues that the Court erred by conducting *sua sponte* research on the issue of Mr. Tamez's standing. But on jurisdictional issues such as standing, courts are required to conduct such research. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *see also Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010) (stating that standing is an

issue of subject matter jurisdiction).

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 159), and Plaintiff's second motion to dismiss (ECF No. 173) are both denied.

Dated this 3rd day of May 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE