UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL D.S. EDWARDS,<br><br>                                Plaintiff,<br>        v.<br><br>JUAN MARTINEZ, INC., *et al.*,<br><br>                                Defendants. | Case No. 2:20-cv-00570-ART-MDC<br><br>ORDER |
| SERGION BRANDON TAMEZ, *et al.*,<br><br>                        Counter Claimants,<br>        v.<br><br>PAUL D.S. EDWARDS,<br><br>                        Counter Defendant. | |

This case involves claims brought by Plaintiff Paul D.S. Edwards against Defendants, a real estate company and related individuals, involving unsolicited telemarketing calls. Before the Court are the parties' respective motions in limine: Defendants and Counterclaimants Juan Martinez, Inc. d/b/a Century 21 Americana ("Century 21") and Sergio Tamez's (collectively the "Century 21 Defendants") omnibus motion in limine (ECF No. 207), and Plaintiff/Counter-Defendant Paul D.S. Edwards's motion in limine. (ECF No. 206.) Also before the Court is Mr. Edwards's oral motion for a bench trial. (ECF No. 213.) For the reasons set forth below, the Court grants in part and denies in part Century 21 Defendants' Omnibus Motion in Limine and Mr. Edwards's Motion in Limine and denies Mr. Edward's oral Motion to Waive Jury Trial.

1

## I.    DISCUSSION

### A.    Remaining Claims

Decisions from this Court have narrowed the claims remaining for trial to the following: (1) violation of the Telephone Consumer Protection Act (TCPA); (2) violation of NRS 598.0918, which prohibits repeated solicitation that is "annoying, abusive or harassing." (ECF No. 179 at 1–2.) Mr. Edwards additionally seeks to prove violations of NRS 599B.300 and 598.0977, which provide for the collection of damages predicated on "deceptive trade practice[s]" and "unlawful solicitation by telephone." (*Id.*)

Century 21 Defendants also have a remaining counterclaim. The Court previously granted summary judgment on Century 21 Defendants' wiretapping counterclaim under NRS 200.620. (ECF No. 104 at 11–12.) Only damages remain to be decided at trial.

The Court previously held that, to prevail on his 47 U.S.C. § 227(b) claim, Mr. Edwards must prove that the Century 21 Defendants called him using an automatic telephone dialing system or an artificial or prerecorded voice without his prior consent. (ECF No. 104 at 3–4.) At oral argument, Century 21 Defendants contended that the recent Supreme Court case, *Facebook, Inc. v. Duguid,* 592 U.S. 395 (2021) establishes that their dialing system does not qualify as an "automatic telephone dialing system" under the TCPA. Mr. Edwards agreed that Century 21 Defendants did not use an automatic dialing system and has not alleged the use of an artificial or prerecorded voice. Thus, while Mr. Edwards has conceded that he cannot prove the elements required for a 47 U.S.C. § 227(b) claim, he may proceed on his claim under 47 U.S.C. § 227(c)(5).

**B.   Century 21 Defendants' Motion in Limine**

**1.   Previous Settlement Offers/Agreements**

Century 21 Defendants' motion in limine seeks to exclude evidence of any previous settlement offers or settlement agreements,[1] arguing that such evidence is inadmissible under Fed. R. Evid. 408, because Mr. Edwards is attempting to use it to establish liability. (ECF No. 207.) In response, Mr. Edwards contends that using the settlement documents to prove that Century 21 Defendants were "aware of Plaintiff, the TCPA, and those Rules and Regulations associated with the [Telephone Consumer Protection Act]" constitutes an exception to Fed R. Evid. 408. (ECF No. 211 at 6–8.) While Mr. Edwards can present or elicit other evidence showing that the Century 21 Defendants knew him and knowingly violated the TCPA, he cannot rely on settlement documents to establish those facts.

Fed. R. Evid. 408 prohibits the use of settlement documents to "prove or disprove the validity or amount of a disputed claim." FED. R. EVID. 408. The Court, however, "may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Id.*

Mr. Edwards has not demonstrated that his proposed use of the settlement documents falls within a recognized exception to Fed. R. Evid. 408. Moreover, Mr. Edwards conceded at oral argument that he seeks to use the settlement documents to establish that Century 21 Defendants called him knowingly or willfully, which goes to the validity of his claims. The Court thus finds that the documents are being offered to prove the validity of a disputed claim, and grants Century 21 Defendants' motion to exclude evidence of previous settlement offers and agreements.

---

[1] This includes a January 4, 2016, Settlement Demand Letter, a Settlement Agreement between Century 21 and Mr. Edwards, and a March 27, 2019, Settlement Demand Letter. (ECF No. 207.)

### 2.   Telephone Logs

Century 21 Defendants' motion in limine next moves to exclude Mr. Edwards's Cox Communications telephone records and Verizon telephone log as unauthenticated hearsay. (ECF No. 207 at 8–12, 19–22.) Mr. Edwards responds that these records fall under the business records exception to hearsay, and he can authenticate these records as a witness with knowledge. (ECF No. 211 at 9–12, 23–25.)

Hearsay is a statement "offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). Under 803(6), business records are admissible if: (1) "the record was made at or near the time by—or from information transmitted by, someone with knowledge;" (2) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling;" and (3) "making the record was a regular practice of that activity." FED. R. EVID. 803(6). To authenticate business records, the conditions set out in Fed. R. Evid. 803(6) must be "shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12)." *Id.*

These call logs, which are habitually downloaded and kept by Mr. Edwards over the last decade, as a regularly conducted activity, are a business record of Mr. Edwards, and thus fall under the business records exception to hearsay. (ECF No. 211 at 9–12, 23–25.) Because these records set forth the phone calls that Mr. Edwards has received, he can adequately authenticate that the call logs are made as business records by him. (*Id.*) However, Mr. Edwards has not established that the call logs have been authenticated by Cox Communications or Verizon, and so should not assert as much at trial. (*Id.*) The Court thus denies Century 21 Defendants' motion to exclude Mr. Edwards's Cox Communication and Verizon phone logs.

### 3. Automatic Telephone Dialing System, Service Agreement, Former Website, and Telemarketing Scripts

Century Defendants' motion in limine seeks to exclude several pieces of evidence under Fed. R. Evid. 401 and 403, including: (1) testimony or evidence that Mr. Tamez used an automatic telephone dialing system ("ATDS"); (2) the service and use agreement between Juan Martinez and Redx, LLC. ("Service Agreement"); (3) Juan Martinez's former website; and (4) Century 21 Americana's Script Book ("Script Book").

Fed. R. Evid. 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Fed. R. Evid. 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Both parties concede that Mr. Edwards is not asserting an ATDS claim, and Mr. Edwards contends that he is not seeking to introduce evidence of the "technical or legal aspects of an ATDS, or the law associated with the use of an ATDS." (ECF Nos. 207 at 13; 211 at 215.) Instead, Mr. Edwards argues that he wants to introduce information regarding autodialing to explain how the calls were made. (ECF No. 207 at 15.) At oral argument, Century 21 Defendants did not oppose Mr. Edwards discussing or asking foundational questions about autodialing to explain the process of making the call. The Court thus finds that Mr. Edwards's evidence that Century 21 Defendants used an autodialer is relevant and not prejudicial and denies Century 21 Defendants motion to exclude evidence regarding autodialing.

Century 21 Defendants argue that the Service Agreement is not relevant

because it "does not establish whether Century 21 [D]efendants called Mr. Edwards or not." (ECF No. 207 at 23.) In response, Mr. Edwards argues that the Service Agreement is manifestly relevant because it includes an agreement for Century 21 Defendants to comply with state and federal laws. (ECF No. 211 at 26.) This agreement, according to Mr. Edwards, evidences their knowledge of the TCPA and related rules and regulations. (*Id.*) The Court agrees and finds that the Service Agreement is relevant. Century 21 Defendants also attempt to exclude the Service Agreement under Fed. R. Evid. 403, but offer only a vague and conclusory argument on that point. (ECF N0. 207 at 24.) The Court thus denies Century 21 Defendants' motion to exclude the Service Agreement.

Century 21 Defendants next move to preclude use of Juan Martinez's former website, which displays staff information for Century 21 Americana. (ECF No. 207 at 24–25.) Mr. Edwards argues that the website demonstrates that Century 21 Defendants had knowledge of the TCPA because it represents that Elizabeth Martinez, co-owner and operation director of Century 21 Americana, hosted weekly compliance training sessions. (ECF No. 211 at 27–28.) The Court agrees that this information is relevant under Fed. R. Evid. 401 and thus denies Century 21 Defendants' motion to preclude use of the Juan Martinez's former website.

Century 21 Defendants last argue that use of Century 21 Americana's telemarketing script book ("Script Book") must be precluded because the Script Book cannot show that a violation of the TCPA claim occurred. (ECF No. 207 at 25–28.) Century 21 Defendants additionally argue for the Script Book's exclusion because it will "confuse the issues and mislead the jury by shifting the focus from the actual elements of a TCPA violation to the internal training materials of the Century 21 [D]efendants." (*Id.* at 28.) Mr. Edwards responds that the Script Book is relevant and probative for his state law claims. (ECF No. 211 at 28–29.) The Court agrees, as NRS 598.0918(2) defines the various ways that a telephone

solicitation may constitute a deceptive trade practice, and the Script Book can show whether Century 21 Defendants engaged in such deceptive trade practices. *See* NRS 598.0918(2). Century 21 Defendants' motion to preclude use of the Script Book is therefore denied.

### 4.    Opinions on TCPA

Century 21 Defendants next move to preclude Mr. Edwards from offering an opinion on the TCPA, including what it allows or prohibits. (ECF No. 207 at 15–17.) In response, Mr. Edwards seems to argue that he is an expert witness, or in the alternative, that he can offer opinions about the TCPA as a lay witness. (ECF No. 211 at 16–19.)

Fed. R. Evid. 701 provides that:

> [i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701.

Because Mr. Edwards has not disclosed himself as an expert witness under Fed. R. Evid. 702 as required by Fed. R. Civ. P 26(a)(2), he cannot present expert opinions at trial through his own testimony. FED. R. CIV. P. 26(a)(2). Mr. Edwards also is precluded from testifying about the TCPA as a lay witness under Fed. R. Evid. 701 because such testimony would be based on specialized or technical knowledge.

While the Court will not admit evidence or testimony regarding the meaning of the TCPA, the parties are free to argue about how the TCPA applies to the facts, which the jury will decide. Regarding the applicable law, the Court's instructions to the jury will control. The Court thus grants Century 21 Defendants' motion to exclude Mr. Edwards's testimony regarding the TCPA but allows Mr. Edwards to

make arguments concerning the TCPA.

### 5. Article III Standing

Century 21 Defendants argue that Mr. Edwards should be precluded from rearguing whether Century 21 Defendants have Article III standing for his wiretapping counterclaim. (ECF No. 207 at 17–18.) In response, Mr. Edwards again argues that Century 21 Defendants lack standing. (ECF No. 211 at 20–22.) Having previously ruled on this issue, the Court declines to revisit it. (*See* ECF Nos. 147, 179.)

"The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). The doctrine applies when the issue in question was "'decided explicitly or by necessary implication in [the] previous disposition.'" *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (quoting *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982)).

Here, the issue of whether Century 21 Defendants have standing to pursue the wiretapping counterclaim was previously adjudicated by this Court. (*See* ECF Nos. 147, 179.) The Court found that Mr. Tamez experienced an injury that was both concrete and particularized because Mr. Edwards's surreptitious recording of his phone call invaded his reasonable expectation of privacy. (ECF No. 147 at 8.) The Court is therefore foreclosed from re-considering the issue of Century 21 Defendants' standing to bring a wiretapping claim under the law of the case doctrine. Century 21 Defendants' motion to preclude Mr. Edwards from rearguing Article III standing is granted.

8

### C.    Paul D.S. Edwards's Motion in Limine

#### 1.    Motions to Exclude and/or Preclude Evidence

##### a.    Century 21 Defendants' Affirmative Defenses

Request 1[2] seeks to preclude Century 21 Defendants from asserting any affirmative defenses. (ECF No. 206 at 5–7.) In response, Century 21 Defendants contend that affirmative defenses contained in the joint pretrial order may be included at trial. (ECF No. 210 at 4–6.)

The Court agrees that Century 21 Defendants may present affirmative defenses that are legitimately included in the joint pretrial order. *See In re Hunt*, 238 F.3d 1098, 1101 (9th Cir. 2001) (finding that a pretrial order amends the pleadings); *999 v. C.I.T. Corp.*, 776 F.2d 866, 871 n.2 (9th Cir. 1985) (holding that an affirmative defense was not waived despite it being omitted from the pleadings, because it was included in the pretrial order). Century 21 Defendants clearly include the independent contractor doctrine and the Telemarketing Safe Harbor Rule in the joint pretrial order. (ECF No. 202 at 19.) The Court thus denies Mr. Edwards's motion as to those affirmative defenses.

Century 21 Defendants, however, do not clearly identify any additional affirmative defenses in the joint pretrial order, so the Court will grant Mr. Edwards's motion as to any other affirmative defenses.

##### b.    Mr. Edwards's Previous and Current Litigation, Settlements, Claims, and Financial Condition

Requests 2–9 and 12–14 argue that evidence regarding Mr. Edward's legal activities outside of this case, his financial condition, and reasons for bringing this lawsuit are irrelevant to the current litigation and prejudicial to Mr. Edwards. (ECF No. 206 at 6–13, 15–17.) The Court agrees that such evidence has minimal relevance to the instant litigation, and instead seems to revive Century 21

---

[2] Mr. Edwards's motion in limine numbers each request, and the Court will refer to the requests by their assigned numbers. (*Id.*)

Defendants' previously dismissed abuse of process counterclaim. (*See* ECF No. 179 at 3–5.) The Court also finds that any probative value of this evidence is "substantially outweighed by the danger of unfair prejudice," as it would take the focus away from the instant litigation. FED. R. EVID. 403. These requests, however, are exceedingly broad. Because Mr. Edwards has not provided sufficient specificity as to the evidence he seeks to deem inadmissible via these arguments, the Court will defer ruling on this matter until specific evidence or testimony is presented.

### c.    Damages Evidence

Request 10 contains a vague argument to preclude Century 21 Defendants from presenting evidence, arguments, and testimony regarding "any amount of statutory damages, actual damages, punitive damages, exemplary damages, and settlement offers, and if Plaintiff suffered actual damages." (ECF No. 206 at 13.) Evidence of damages is relevant to this trial, as evidenced by the amended joint pretrial order (ECF No. 202), so the Court denies this motion. Because evidence of settlement offers, however, is prohibited by Fed. R. Evid. 408, the Court will grant Mr. Edwards's motion as to settlement offers.

### d.    Number of Telephone Calls

Mr. Edward's eleventh request seeks to exclude statements or suggestions that Mr. Tamez only made two calls to Mr. Edwards. (ECF No. 206 at 14.) In response, Century 21 Defendants argue that the number of calls is "one of the primary issues identified in the joint pretrial order" making it patently relevant and admissible. (ECF No. 210 at 7–8.) The Court agrees and holds that because Mr. Edwards has not made any argument as to how this evidence is inadmissible, his motion to exclude such evidence is denied.

### e.   Evidence Not Based on Personal Knowledge

Mr. Edwards, in Request 27, seeks to generally preclude Century 21 Defendants, witnesses, and Century 21 Defendants' attorneys from introducing any evidence that is not based on a witness's personal knowledge. (ECF No. 206 at 28.) Century 21 Defendants do not oppose this request and have confirmed that they will not attempt to call any undisclosed witness, introduce undisclosed evidence, or elicit testimony outside of Fed. R. Evid. 602's personal knowledge requirement. (ECF No. 210 at 4.) The Court thus grants Mr. Edwards's motion on this point.

### 2.   Motions to Include Evidence

#### a.   All Exhibits

Request 15 asserts that 57 exhibits should be admitted. (ECF No. 206 at 17–18.) This contention is accompanied by only a bare citation to Fed. R. Evid. 401. (*Id.*) Mr. Edwards does not specifically address any of the pieces of evidence other than Exhibits 49–57. (*Id.*) As explained below, the Court denies Mr. Edwards's motion to include Exhibits 49–57.

As of the date of this order, the parties have shared their exhibits with each other. (*See* ECF No. 205.) Provided that each exhibit is relevant, these exhibits will be admitted for trial absent a specific objection regarding their admissibility.

#### b.   NRS 200.620 and 200.650

Requests 15, 22, and 28[3] all pertain to Mr. Edwards's argument that NRS 200.650, not NRS 200.620 is the law governing the wiretapping counterclaim. (ECF No. 206 at 17–18, 23–24, 28–30.) The Nevada Supreme Court explicitly held that NRS 200.620 prohibits the recording of telephone calls unless both parties consent to the recording. *Ditech Fin. LLC v. Buckles*, 401 P.3d 215, 217 (Nev. 2017). NRS 200.650, on the other hand, prohibits "surreptitious intrusion upon

---

[3] Two separate requests are numbered 27 in Mr. Edwards's Motion in Limine, so the Court refers to the second request as Request 28. (ECF No. 28.)

in-person, private conversations by means of any listening device." *Lane v. Allstate Ins. Co.*, 969 P.2d 938, 940 (Nev. 1998).

Additionally, the Court already determined in its summary judgment order that NRS 200.620 governs the wiretapping counterclaim, and that Mr. Edwards violated the law "by secretly recording his telephone calls with [Mr.] Tamez." (ECF No. 104 at 11.) The Court thus denies Requests 22 and 28, finding that the law of the case as to NRS 200.620 and 200.650 was previously established. The Court also denies Mr. Edwards's fifteenth request to the extent it attempts to introduce Exhibits 49–57, which pertain to his NRS 200.620 and 200.650 arguments.

### c.    Calling Methods, Programs, and Training

Requests 16–19 move to introduce questions about the methods and programs used to make the phone calls at issue, as well as the training of Century 21 Defendants and their Realtor/Realtor associates on the methods and programs. (ECF No. 206 at 18–21.) Mr. Edwards has demonstrated that evidence about these methods, programs, and training would be relevant, and therefore admissible. (*Id.*) Mr. Edwards also moves to include questions about the Script Book and the Service Agreement in Requests 20–21. (*Id.* at 21–23.) Above, the Court found that the Script Book and Service Agreement are admissible.

Mr. Edwards, however, generally seeks to include questions about this evidence. (*Id.* at 18–23.) The Court will defer ruling on whether these questions are permissible until presented with specific questions or testimony.

### d.    Previous Interaction

Request 23 seeks to introduce evidence about a previous interaction, from 2015–16, between Mr. Edwards and Century 21 Defendants. (ECF No. 206 at 24.) Century 21 Defendants argue that Mr. Edwards is attempting to "introduce evidence concerning a previous settlement that Century 21 [Defendants] paid to Mr. Edwards for an alleged prior TCPA violation" in a different case. (ECF No. 210 at 11–12.) Pursuant to Fed. R. Evid. 408, the Court will not admit "conduct or []

statement[s] made during compromise negotiations about [a] claim." FED. R. EVID. 408. However, because it is unclear whether the previous interaction involves a settlement agreement or offer, the Court will defer ruling on this request at this juncture.

### e.    Call Logs

In Requests 24–26, Mr. Edwards seeks to include his personal telephone log, as well as telephone logs from Cox Communications and Verizon. (ECF No. 206 at 25–28.) As explained above, Mr. Edwards can introduce those logs as evidence of his own records. The Court, however, will constrain Mr. Edwards from asserting that these logs represent the business records of Cox Communications or Verizon unless further authentication is presented.

## II.    Mr. Edwards's Motion to Waive Jury Trial

By oral motion, Mr. Edwards seeks to withdraw his demand for a jury trial and instead proceed with a bench trial. (ECF No. 213.) In the alternative, he contends that Century 21 Defendants are not entitled to a jury trial for their wiretapping counterclaim because they failed to properly demand one. (ECF No. 214.) Century 21 Defendants argue that once a proper demand for a jury trial is made, it may only be withdrawn if all parties consent. (ECF No. 212.)

Fed. R. Civ. P. 38 "has been interpreted as incorporating a right of reasonable reliance on the jury demand of another party." *California Scents v. Surco Prods., Inc.*, 406 F.3d 1102, 1106 (9th Cir. 2005) (citations omitted). "Thus, 'once one party files such a [jury] demand other parties are entitled to rely on that demand for the issues it covers, and need not file their own demands.'" *Id.* (quoting *Fuller v. City of Oakland*, 47 F.3d 1522, 1531 (9th Cir. 1995)). "A proper demand may be withdrawn only if the parties consent." FED. R. CIV. P. 38(d). When counterclaims "embrace[] the same 'issues'" as a complaint, a counterclaimant can reasonably rely on the plaintiff's jury demand and is "not required to make its own jury demand." *California Scents*, 406 F.3d at 1108.

Here, Century 21 Defendants do not consent to the withdrawal of the jury trial demand as to Mr. Edwards's claims. (ECF No. 212.) Thus, it cannot be withdrawn. The Court therefore denies Mr. Edward's motion for a bench trial on his claims.

When Century 21 Defendants filed the counterclaim, Mr. Edwards had an active, general jury demand. (*See* ECF No. 1-5.) Additionally, Century 21 Defendants' wiretapping counterclaim and Mr. Edwards's TCPA and state law claims are based on the same phone calls. Because there is a "substantial factual overlap underpinning the parties' respective claims," the Court concludes that the claims and counterclaims are "directed . . . to the same issues." *California Scents*, 406 F.3d at 1109. The Court thus finds that Century 21 Defendants' reliance on Mr. Edwards's jury demand, to preserve their own right to a jury trial on the counterclaim, was reasonable. Century 21 Defendants are therefore entitled to a jury trial on the wiretapping counterclaim.

## III.   CONCLUSION

IT IS THEREFORE ORDERED that Century 21 Defendants' Omnibus Motion in Limine (ECF No. 207) is GRANTED IN PART and DENIED IN PART in accordance with this order.

IT IS FURTHER ORDERED that Mr. Edwards's Motion in Limine (ECF No. 206) is GRANTED IN PART and DENIED IN PART in accordance with this order.

IT IS FURTHER ORDERED that Mr. Edwards's Motion to Waive Jury Trial is DENIED. (ECF No. 213.)

DATED THIS 28th day of January 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE